## quinn emanuel  trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S INTERNET ADDRESS
**williamburck@quinnemanuel.com**

July 1, 2014

Honorable Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Peck:

We are counsel to Plaintiff Rio Tinto plc ("Rio Tinto"), and write pursuant to Local Civil Rule 37.2 to respectfully request a pre-motion conference regarding Rio Tinto's proposed motion under Federal Rule of Civil Procedure 37(a)(3)(A) and (B) to compel Defendants Vale S.A., Benjamin Steinmetz, BSG Resources Limited, and Mahmoud Thiam (collectively, the "Defendants") to comply with Judge Berman's order by (1) making the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) ("Initial Disclosures"), and (2) responding to Rio Tinto's discovery requests on or before August 4, 2014.

### I.    Judge Berman Ordered that Discovery Begin on June 9, 2014

Judge Berman held an initial pre-trial conference on June 9, 2014. At the conference, Judge Berman directed the parties to commence discovery immediately. *See* 6/9/2014 Tr. at 4:23–24 (THE COURT: "So, discovery, no problem. It can start, if you haven't already, you can start with discovery."). Consistent with that instruction, the Court issued a case management plan that states that it "is also a Rule 16 and Rule 26(f) scheduling order as required by the Federal Rules of Civil Procedure," and sets a deadline to complete discovery by November 28, 2014. *See* Dkt. No. 35 (the "Case Management Plan").

In accordance with Judge Berman's order, Rio Tinto served its Initial Disclosures on June 23, 2014 – 14 days after the June 9 conference. *See* Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order…"). Rio Tinto also served document requests and interrogatories on the Defendants on July 1, 2014, for which responses are due on August 4, 2014. To date, the Defendants have refused to serve their Initial Disclosures and have affirmatively stated

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

that they will not respond to the discovery Rio Tinto has served by August 4th. The parties have met and conferred and exchanged correspondence on these issues, but to no avail. Given the tight discovery schedule ordered by Judge Berman, Rio Tinto has no choice but to seek leave to file a motion to compel.

## II. Defendants Have Refused to Serve Initial Disclosures or Agree to Respond to Written Discovery By August 4

Defendants' position is that no Rule 26(f) conference has occurred, and therefore initial disclosures are not due and discovery may not be served. Defendants' position ignores both the Case Management Plan and Judge Berman's statements. Importantly, Rule 26(f)(1) specifically contemplates that the timing of any Rule 26(f) conference is subject to the Court's discretion. As noted above, Judge Berman explicitly ordered discovery to proceed at the June 9 conference and his case management order clearly states that it is "a Rule 16 and Rule 26(f) scheduling order as required by the Federal Rules of Civil Procedure."

The Defendants' position also ignores the fact that many of the issues contemplated by Rule 26(f)(2) were in fact addressed at the June 9 conference. For example:

- As per the Case Management Plan, a Rule 16 conference has already occurred and the parties already have a Rule 26(f) scheduling order, *see* Dkt. No. 35, which provides a deadline for discovery;

- At the June 9 conference, the parties discussed (1) the nature and basis of their claims and defenses, and (2) Rio Tinto advised the Court that while settlement might be possible as to some defendants, it had not been discussed with others. The Court then set a deadline of December 1, 2014 to update on the status of settlement discussions.

Thus, it appears that the Defendants' real complaint is that the parties have not yet discussed a Rule 26(f)(3) discovery plan. But Rule 26(f)(3) specifically contemplates that initial disclosures can be served before a discovery plan is negotiated. *See* Fed. R. Civ. P. 26(f)(3)(A) ("…including a statement of when initial disclosures *were made* or will be made"). And the parties already have agreed on a date – July 9 – to negotiate the discovery plan. None of these discussions about a discovery plan, however, provide Defendants any basis to ignore Judge Berman's order to proceed with discovery now.

Notably, some defendants appear to have agreed with Rio Tinto that Initial Disclosures are due. On June 22, 2014, the day before the Initial Disclosures were due, Defendants Steinmetz and BSGR contacted Rio Tinto regarding their timing and requested an extension. After a phone call, Steinmetz and BSGR sent Rio Tinto a proposed stipulation extending the time to make Initial Disclosures. After requesting this extension, these defendants then completely reversed course and adopted Vale's incorrect position that the Initial Disclosures were not due.

## III. The Defendants Have Rejected Rio Tinto's Offers of Compromise and Their Proposals are Unworkable Under the Schedule Ordered by Judge Berman

Rio Tinto has offered numerous compromises to Defendants during the meet and confer process, including pushing the due date for Initial Disclosures back as far as July 16 (in return for

2

Defendants agreeing to respond to the discovery requests by July 30).  And when Defendants insisted they were not able to meet and confer on the remaining parts of the discovery plan until July 9, Rio Tinto reluctantly agreed to that date provided that the parties agree to dates for rolling document productions and additional discovery milestones.  Indeed, Rio Tinto has been firm that its real concern is that discovery proceed in a timely fashion given Judge Berman's November cut-off for discovery.

Defendants have countered Rio Tinto's proposals with an effective stay of discovery, proposing that July 23 be the first date that the parties are permitted (but not required) to serve document requests, with responses to be made in accordance with the Federal Rules of Civil Procedure.  Defendants' proposal to hold off on discovery until July 23 is unworkable in a discovery period that is slated to end this November.  If Defendants have their way, Rio Tinto would not be permitted to serve their discovery requests until July 23 – *six weeks* after Judge Berman's initial conference, and at which point *twenty-five percent* of the discovery period will be behind us.  Further, Defendants' position would mean that Defendants submit their responses to discovery at the end of August, leaving only three months to complete document discovery and depositions.  This is patently unreasonable and unfairly prejudicial to Rio Tinto in light of the current discovery deadlines.

In the meet and confer process, Defendants have improperly pointed to Judge Berman's statement about a good faith extension of the discovery deadline to mean that the November 28 discovery cut-off is merely a "tentative" date that will be readily adjusted.  Rio Tinto, however, understands Judge Berman to be requiring the parties to work hard to meet the November 28 deadline, and only seek an extension if the parties are not able to meet it despite our best efforts.

Because these defendants are actively impeding Rio Tinto's ability to commence discovery in a timely fashion, Rio Tinto respectfully requests a pre-motion conference regarding Rio Tinto's proposed motion to compel (1) Defendants to serve Initial Disclosures and seek costs as contemplated by Federal Rule of Civil Procedure 37(a)(3)(A),[1] and (2) seek an order requiring these defendants to respond to Rio Tinto's written discovery requests by August 4, 2014.

Respectfully submitted,


/s/ William A. Burck
William A. Burck

---

[1] Federal Rule of Civil Procedure 37(a) states, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions," Fed. R. Civ. P. 37(a)(3)(A), which sanctions include "the movant's reasonable expenses incurred in making the motion, including attorney's fees" and which, absent an exception, the Court "must" award, Fed. R. Civ. P. 37(a)(5)(A).

3