**Mishcon de Reya**
NEW YORK LLP

750 7th Avenue - 26th floor
New York, NY 10019

www.mishconnewyork.com

July 8, 2014

Direct Tel:   212-612-3265
Direct Fax:  212-612-3297
E-mail:       Vincent.Filardo@Mishcon.com

**By ECF**

Hon. Andrew J. Peck
United States Magistrate Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Rio Tinto plc v. Vale, S.A., et al.*,
        Civ. Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

This Firm serves as counsel to defendants Benjamin Steinmetz and BSG Resources Limited ("BSGR") (together, "Defendants") in the above-captioned action ("Action").

We write in response to plaintiff Rio Tinto plc's July 1, 2014 letter request ("Letter") for a pre-motion conference seeking leave to file a motion pursuant to Federal Rules of Civil Procedure ("Rules," and each a "Rule") 37(a)(3)(A) and (B) to compel responses to plaintiff's (i) First Set of Document Requests to Benjamin Steinmetz and First Set of Document Requests to BSG Resources Limited (together, "Document Requests"), and (ii) First Set of Interrogatories to Benjamin Steinmetz and First Set of Interrogatories to BSG Resources Limited (together, "Interrogatories," and collectively with the Document Requests, "Discovery Demands"). We further write pursuant to Part 2.A. of the Court's Individual Practices and Local Rule 37.2 to request a pre-motion conference to seek leave to file a motion pursuant to Rule 26(c) for a protective order staying all discovery propounded by plaintiff upon Defendants until the Court resolves Defendants' anticipated motion to dismiss ("Dismissal Motion").[1]

---

[1] Defendants understand plaintiff's Letter to concern only the commencement of discovery. In the event plaintiff seeks to compel the substance of its Discovery Demands, that relief is premature. Even if plaintiff's Discovery Demands were timely served -- they were not -- Defendants' time to respond and object to them would be August 4, 2014. If plaintiff's motion is considered to address substantive issues, Defendants reserve their right to address them in their motion.

Legal1us.211307.7
Switchboard: +1 212 612 3270        New York:  Mishcon de Reya New York LLP      A list of partners is available for
Main Fax: +1 212 612 3297           London:    Mishcon de Reya Solicitors        inspection at the above address

Mishcon de Reya
NEW YORK LLP

As discussed below, the discovery plaintiff seeks is entirely inappropriate because (i) there has not been a Rule 26(f) conference and the parties have not conferred as required under the Rule, and (ii) Defendants should not be required to provide initial disclosures or engage in any discovery until the Court resolves their anticipated Dismissal Motion.

### A. Initial Disclosures Are Not Yet Due And Discovery May Not Commence Because A Rule 26(f) Conference Has Not Occurred.

Pursuant to Rule 26(a)(1)(C), initial disclosures are not due until fourteen (14) days after the parties' Rule 26(f) conference. Moreover, a party may not seek discovery from any source until the parties to the case have conferred as required by Rule 26(f). *See* FED. R. CIV. P. 26(d)(1). Contrary to plaintiff's assertion, the initial conference before Judge Berman on June 9, 2014 ("Conference") was not and could not have been a Rule 26(f) conference.

A Rule 26(f) conference is conducted by and between the parties and intended to result in a jointly proposed discovery plan submitted to the Court. *See* FED. R. CIV. P. 26(f)(2) (requiring attorneys of record and all unrepresented parties that have appeared in the case to "attempt[] in good faith to agree on the proposed discovery plan" and to "submit[] to the court within 14 days after the conference a written report outlining the plan"). The Conference with Judge Berman concerned the status of service of process on all defendants to the Action -- neither the elements of a discovery plan nor the scope and limitations of discovery were discussed by the parties or the Court. Indeed, Judge Berman made the purpose of the Conference very clear:

> the point of today's conference is to find out where you [the parties] are and where we're going and in what kind of reasonable timeframe. I did get an updated letter, I think on Friday, indicating that one or two more people had been served, but I don't exactly know where the heart of the case is in terms of service, whether you have the principal defendants or whether the people who are not served are likely to be served and whether they are needed or necessary for the action, etc.

June 9, 2014 Tr. at 2:2-10. The transcript of the Conference reveals that the only discussion related to discovery was the Court's setting of a "tentative discovery schedule which is obviously subject to . . . good faith adjustment." *Id.* at 6:24-7:1. Importantly, there was no discussion of any issues relating to the scope and limitation of discovery, the development of a discovery plan, or any other necessary element of Rule 26(f) that would enable discovery to commence. *See* FED. R. CIV. P. 26(f)(2). Notwithstanding the Court's subsequent form order of June 9, given the requirements of Rule 26(f) and the context of the Conference, plaintiff's assertion that the Conference should be deemed to act as or supersede a Rule 26(f) conference is unsound, and puts form well-over substance.

Despite the positions plaintiff now takes in its Letter, the parties have already agreed to confer on July 9, 2014, pursuant to and as required under Rule 26(f), at which conference any

defendant will have an opportunity to object or renew their objections to the commencement and scope of discovery, including service of initial disclosures.[2] Until that conference takes place, Defendants respectfully submit that the time for serving initial disclosures and substantive discovery under the Rules has not commenced, and thus plaintiff's proposed motion to compel is premature.

### B. Defendants Should Not Be Required To Provide Initial Disclosures Or Engage In Any Discovery Until The Court Resolves Defendants' Anticipated Dismissal Motion.

The parties have already discussed Defendants' intention to move to dismiss the Complaint. Defendants anticipate their dispositive Dismissal Motion will include grounds for lack of personal jurisdiction under Rule 12(b)(2), failure to state a claim under Rule 12(b)(6), and *forum non conveniens*. Given the paucity of valid and truthful jurisdictional (as well as substantive) allegations in the Complaint, plaintiff has failed to allege even a *prima facie* case for personal jurisdiction against Defendants. Similarly, the Complaint fails to meet even the most rudimentary pleading standards, failing to properly state any viable claims. Moreover, plaintiff's claims conferring federal jurisdiction over the Action are time barred. Requiring Defendants to engage in what will surely be time and cost intensive international discovery to support insufficiently pled claims for relief -- without first resolving Defendants' Dismissal Motion -- imposes an unnecessary and undue burden and expense on them.

Rule 26(c)(1)(A) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure or discovery." In this District, courts consider three factors when deciding whether to enter a protective order restricting or staying discovery: (i) the breadth of discovery sought, (ii) the burden of responding to the discovery, and (iii) the strength of an anticipated or pending dispositive motion. *See Picture Patents, LLC v. Terra Holdings LLC*, N0. 07 CIV. 5465 JGK/HBP, 2008 WL 5099947, *2-*3 (S.D.N.Y. Dec. 3, 2008) (granting stay in multi-defendant action in light of discovery disputes and because discovery would be consuming, burdensome, and expensive); *Niv v. Hilton Hotels Corp.*, No. 06 CIV. 7839 (PKL), 2007 WL 510113, *1 (S.D.N.Y. Feb. 15, 2007) (granting motion limiting discovery in advance of filing of motion to dismiss); *Rivera v. Heyman*, 96 CIV. 4489 (PKL), 1997 WL 86394, *1 (S.D.N.Y. Feb. 27, 1997) (granting stay in advance of filing of motion to dismiss and stating "given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."); *Anti-Monopoly,*

---

[2] All defendants explicitly reserved their rights and objections when they agreed to have a conference on July 9. *See* June 30, 2014 e-mail from Joaquin Terceno, Esq. to Eric Lyttle, Esq. ("we do not interpret [plaintiff's] proposal to require any defendant in the context of agreeing on a schedule to forgo from asserting any rights or arguments such defendant would otherwise have in response to a discovery request. Among other things, and not by way of exclusion, various defendants intend to object to any discovery and intend to seek a stay or protective order, as they deem necessary. We therefore would agree to this schedule without prejudice to any defendant making any objection and/or motions at the appropriate time as permitted by law.").

Mishcon de Reya
NEW YORK LLP

*Inc. v. Hasbro, Inc.*, 94CIV.2120(LMM)(AJP), 1996 WL 101277, *3-*4 (S.D.N.Y. Mar. 7, 1996) (Peck, M.J.) (granting stay where (i) plaintiff had served extensive discovery requests that would be moot if motion to dismiss granted, (ii) stay would not prejudice plaintiff, and (iii) motion to dismiss had substantial grounds).

Here, all three factors support the issuance of a protective order staying all discovery sought from Defendants until their Dismissal Motion is resolved.

First, the discovery sought by plaintiff is extremely broad, encompassing information spread out over three (3) continents and dating back nearly ten (10) years. For example, included in the forty-two (42) document requests plaintiff served on Mr. Steinmetz and the forty-three (43) document requests served on BSGR are:

- All Documents and Communications relating to (a) Your interest in acquiring Simandou; (b) the value of Simandou; (c) the quality of iron ore from Simandou; (d) market assessments of Simandou; and (e) Your efforts to acquire Simandou or a portion thereof. (Steinmetz Request No. 2; BSGR Request No. 2);

- All Documents and Communications by, between, or among any of the Defendants relating to the matters alleged in the Complaint. (Steinmetz Request No. 3; BSGR Request No. 3);

- All Documents and Communications relating to any internal or external communication regarding Simandou among You, representatives, agents, consultants, and/or any third parties, concerning (a) any Defendant; (b) Rio Tinto; (c) Ibrahima Toure, (d) Moussa Dadis Camara, (e) Lansana Conte; (f) Pentler Holdings; (g) Matinda and Co. Limited; and/or (h) any official, director, officer, employee, agent, or representative of the Government of Guinea, its departments, agencies, or instrumentalities. (Steinmetz Request No. 8; BSGR Request No. 8);

- All Documents and Communications by or between You or any BSGR director, officer, employee, representative, agent, or consultant, prepared, collected, reviewed, or considered in the course of considering, evaluating, negotiating, or performing due diligence on a joint venture, partnership, investment agreement, or other arrangement with Vale or any other person or entity regarding Simandou. (Steinmetz Request No. 11; BSGR Request No. 11);

- All Documents and Communications concerning Your efforts to obtain a mining concession, exploration permit, or any other interest or license in connection with Simandou and/or the Zogota Project. (Steinmetz Request No. 20; BSGR Request No. 20); and

- All Documents and Communications concerning the Transguinean Railway or data, studies, and plans for a transguinean [sic] railway prepared, provided to, or received

Legal1us.211307.7    4

by You or any BSGR director, officer, employee, representative, agent, or consultant. (Steinmetz Request No. 25; BSGR Request No. 25).

Second, the burden upon Defendants to respond to the Discovery Demands will be tremendous. BSGR and Mr. Steinmetz are not located in the United States. Mr. Steinmetz is a citizen of Geneva, Switzerland, and BSGR is a Guernsey, Channel Islands entity. Indeed, to Defendants' knowledge, virtually all of the other appearing defendants are foreign nationals or entities -- as is plaintiff. Minimal discovery will take place in the United States. The requested discovery certainly will necessitate activity in multiple nations around the world. At bottom, the scope of discovery required by plaintiff's Discovery Demands presents significant logistical challenges that will only exacerbate what will already be an extremely burdensome and costly effort given the scope and breadth of the discovery served to date.

Finally, Defendants' Dismissal Motion will be a strong one with substantial grounds. Plaintiff's Complaint fails to allege even a *prima facie* showing of personal jurisdiction against BSGR, and the jurisdictional allegations (and nearly all of the substantive allegations) against Mr. Steinmetz are factually incorrect, inaccurate, and often demonstrably false. For example, the Complaint vaguely alleges that:

- Mr. Steinmetz "conducts and transacts business and personal affairs in New York," Complaint at ¶ 18, without offering any details or support;

- Mr. Steinmetz "maintains a residence or business address at 580 Fifth Avenue, Apartment 417, New York, New York and at 781 Fifth Avenue, Apartment 791, New York, New York." *Id.* However, the tenant rosters of these buildings do not support these allegations, and 781 Fifth Avenue *does not even have an Apartment 791*; and

- There are no allegations that BSGR is located in New York, does business in New York, or committed any tortious acts that had an effect in New York.

Personal jurisdiction cannot be premised on such sparse, conclusory allegations -- even if true (which they are not). Indeed, both Your Honor and Judge Berman have routinely dismissed complaints where plaintiffs have failed to make a *prima facie* case for jurisdiction, as plaintiff has failed to do here. *See Eastboro Foundation Charitable Trust v. Penzer*, 950 F. Supp. 2d 648 (S.D.N.Y. 2013) (Peck, M.J.) (granting 12(b)(2) motion where complaint failed to make *prima facie* showing of personal jurisdiction -- lack of contacts with New York precluded general jurisdiction and single meeting in New York insufficient to confer jurisdiction under long-arm statute); *Felske v. Hirschmann*, No. 10 Civ. 8899 RMB, 2012 WL 716632 (S.D.N.Y. Mar. 1, 2012) (Berman, J.) (granting 12(b)(2) motion where complaint failed to make *prima facie* showing of personal jurisdiction); *Brooks v. Von Lenthe*, No. 05 Civ. 3655 RMB AJP, 2006 WL 177146 (S.D.N.Y. Jan. 24, 2006) (Berman, J.) (adopting Magistrate Peck's Report and Recommendation and granting 12(b)(2) motion where plaintiff failed to make out *prima facie* case of personal jurisdiction -- plaintiff failed to show that defendants transacted business in New

Mishcon de Reya
NEW YORK LLP

York, committed tortious acts in New York, committed tortious acts that had an effect in New York, or owned, used, or possessed real property in New York).

Moreover, the RICO claims -- as to all defendants -- are time barred. RICO claims are subject to a 4-year statute of limitations. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012) (affirming dismissal of untimely RICO claim where it was brought outside of four-year statute of limitations period). A civil RICO claim accrues when the plaintiff discovers or should have discovered its injury. *See id.* at 148-49 (noting that courts in the Second Circuit apply a discovery accrual rule to RICO claims). As alleged in the Complaint, plaintiff was certainly on inquiry notice of its claimed injury in December 2008 when the Guinean government announced that its interest in Simandou Blocks 1 and 2 would be rescinded. *See* Complaint at ¶ 92. Nevertheless, plaintiff did not commence its action until on or about April 30, 2014 -- well after the 4-year limitations period had expired.

The Dismissal Motion will also have other strong grounds for dismissal pursuant to Rule 12(b)(6). Among its pleading insufficiencies, the Complaint attempts to support a substantive RICO violation with sparse allegations of a single scheme targeting a single victim. Courts in the Second Circuit have routinely dismissed such claims. *See Gross v. Waywell*, 628 F. Supp. 2d 475, 494 (S.D.N.Y. 2009) (noting that "courts in this Circuit have held repeatedly that allegations of RICO violations involving . . . solely mail and wire fraud or little other variety in the predicate acts, a limited number of participants or victims, a discrete scheme with a narrow purpose or a single property -- as opposed to complex, multi-faceted schemes -- are generally insufficient" to state "a plausible RICO claim"); *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 257 (S.D.N.Y. 2002) (Berman, J.) (dismissing RICO claim based on single fraudulent scheme directed at limited number of victims). Further, the Complaint fails to plead its fraud-based predicate acts and claims with requisite particularly as required by the Rules, again necessitating dismissal. *See* FED. R. CIV. P. 9(b); *see also Anwar v. Fairfield Greenwich Ltd.*, 286 F.R.D. 258, 260 (S.D.N.Y. 2012) (dismissing fraud claim where allegations failed to satisfy Rule 9(b) requirements); *Gerstenfeld v. Nitsberg*, 190 F.R.D. 127, 132-33 (S.D.N.Y. 1999) (adopting Report and Recommendation of Magistrate Judge Peck, dismissing RICO claims where fraud-based predicate acts failed to satisfy requirements of Rule 9(b)).

For all of the foregoing reasons, Defendants respectfully submit that (i) plaintiff's request for a pre-motion conference seeking leave to file a motion to compel should be denied, and (ii) Defendants' request for a pre-motion conference seeking leave to file a motion for a protective order staying all discovery against them should be granted.

Respectfully submitted,

Vincent Filardo, Jr.

cc: All Counsel of Record (by ECF)