**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

July 10, 2014

Honorable Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Peck:

We are counsel to Plaintiff Rio Tinto plc ("Rio Tinto"). We write in response to Defendants' requests for a pre-motion conference regarding their anticipated motions for a protective order staying discovery until the Court resolves Defendants' anticipated motions to dismiss. Judge Berman has already considered this very issue and nonetheless ordered that discovery proceed. Moreover, as discussed below, Defendants' purported reasons for a stay are wholly without merit. Therefore, Rio Tinto respectfully requests that Defendants' requests for a pre-motion conference for a protective order to stay discovery be denied.

I.   **JUDGE BERMAN ORDERED DISCOVERY TO PROCEED EVEN THOUGH HE KNEW THAT DEFENDANTS PLANNED TO FILE MOTIONS TO DISMISS**

At the June 9 conference, upon learning of Defendants' intentions to file motions to dismiss, Judge Berman stated "You've mentioned already motion practice, I don't really like to do motion practice until everybody is under the tent [*i.e.*, has been served], particularly a motion to dismiss. *So, discovery, no problem. It can start, if you haven't already, you can start with discovery*." Hr'g Tr. 4:20–24 (emphasis added).[1] Moreover, after counsel for Rio Tinto stated a tentative briefing schedule for the motion to dismiss, Judge Berman further responded, "I'm going to set a tentative discovery schedule which is obviously subject to, since there's so many parties here, to good faith

---

[1] The hearing transcript is attached as an appendix to this letter.

adjustment of November 28, 2014." Hr'g Tr. 6:21–7:1.[2] Thus, Judge Berman was aware that Defendants intended to file motions to dismiss and nonetheless ordered discovery to proceed immediately, and set a discovery cut-off date of November 28, 2014.

## II. A STAY OF DISCOVERY IS NOT WARRANTED

Defendants' letters fundamentally misrepresent the facts alleged in the complaint and the nature of the claims asserted against the Defendants. Each of these purported bases for a protective order are without merit.

*The Discovery Sought by Rio Tinto.* The discovery sought by Rio Tinto is tied to Simandou, and Simandou-related issues, and is entirely appropriate for a case of this magnitude. The Defendants' complaints about the breadth of the discovery sought by Rio Tinto are belied by the fact that Defendants themselves proposed during a recent meet and confer that documents back to 1997 are relevant, and Defendant Vale's own statement in its July 9 letter that it will be "required" to serve discovery requests of a similar breadth. The Defendants' burden concerns are instead alleviated by a reasonable extension to the discovery schedule that the parties are jointly considering, rather than a full-blown stop.

*Rio Tinto will be Prejudiced by a Stay.* As Defendants note in their letters, anticipated discovery in this case is not insubstantial, *see* Dkt Nos. 56, 57. Therefore, any delay in commencing discovery could hamper the Parties' abilities to work toward substantially complying with the court-ordered discovery deadline, or any reasonable extensions of it.

*The Merits of Defendants' Motions to Dismiss.* All parties will have a chance to brief their motions to dismiss so we won't belabor the points here, but suffice to say that Defendants' motions to dismiss have no merit.

1. **Forum non conveniens.** Many of the key actions and activities the Defendants took in furtherance of the RICO scheme occurred in New York. Indeed, the Court need look no further than paragraph 142 of Rio Tinto's complaint, Dkt. No. 2, which enumerates at least eight distinct facts evidencing the Defendants' use of the United States, including New York, to advance and conceal its conspiracy. The domestic nature – and more importantly, the choice of venue in the Southern District of New York – is only further enhanced by the investigations and prosecution of certain defendants currently being conducted by the United States Attorneys' Office for the Southern District of New York. In addition, Defendant Vale is one of the largest issuers of ADRs on the New York Stock Exchange; Defendant Thiam lives in New York; and Defendants Toure and Cilins both reside in the United States. Finally, Rio Tinto has not alleged a breach of the confidentiality agreement with Vale so the forum selection clause in that agreement is irrelevant.

---

[2] At no time during the June 9 conference did counsel for Defendants object to, or even raise a concern regarding, Judge Berman's proposed discovery schedule or statement to "start with discovery," despite counsel for Defendant Vale S.A. specifically raising concerns regarding expected difficulties with filing the anticipated motion to dismiss. Hr'g Tr. 10:13-24.

2

2. **Statute of Limitations.** Rio Tinto's claims are timely. At a minimum, settled case law is clear that any statute of limitations is tolled where, as here, Defendants fraudulently concealed their conspiracy. *See N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 279-80 (S.D.N.Y. 2013) (tolling civil RICO claim where defendants engaged in fraudulent concealment). In fact, the United States Attorneys' Office for the Southern District of New York has already secured a guilty plea from Defendant Cilins – who was acting on behalf of the other Defendants – for his efforts as recently as 2013 to cover up the scheme.

3. **Failure to State a Claim.** Defendants Vale, Steinmetz and BSGR mischaracterize Rio Tinto's complaint as involving "sparse" allegations of a single scheme. To the contrary, Rio Tinto's 50-page, 208-paragraph complaint provides a detailed account of a complicated scheme of bribery, fraud, concealment, exploitation of confidential information, and obstruction, perpetrated by numerous co-conspirators and effected over the course of several years through numerous affirmative acts in New York and the United States. Those allegations state a RICO claim, among others, under Second Circuit and New York law.

4. **Personal Jurisdiction.** Defendants Steinmetz and BSGR's plan to argue a lack of personal jurisdiction is fruitless. It ignores the allegations that they purposefully availed themselves of this jurisdiction by sending agents and co-conspirators into New York and the United States to commit tortious acts in furtherance of the RICO conspiracy.

Rio Tinto is complying with Judge Berman's unambiguous order to "start with discovery." Evidently unsatisfied with Judge Berman's expedited discovery schedule, Defendants now seek to impede it entirely, recycling the same issues that Judge Berman already considered and rejected. The Court should not entertain this transparent attempt at further delay.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle