**Mishcon de Reya**
NEW YORK LLP

750 7th Avenue - 26th floor
New York, NY 10019

www.mishconnewyork.com

July 15, 2014

Direct Tel:  212-612-3265
Direct Fax:  212-612-3297
E-mail:      Vincent.Filardo@Mishcon.com

**By ECF**
Hon. Richard M. Berman, U.S.D.J.
United States District Court
for the Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007-1312

Re: *Rio Tinto plc v. Vale, S.A., et al.*, Civ. Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Berman:

This Firm represents defendants Benjamin Steinmetz and BSG Resources Limited ("BSGR") (collectively, "Defendants") in the above-captioned action ("Action"). We write to request a pre-motion conference regarding Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (6) on grounds of personal jurisdiction, for failure to state a claim, because the claims are time-barred, and pursuant to the *forum non conveniens* doctrine ("Dismissal Motion").

A.  **The Complaint Fails To Establish Personal Jurisdiction Over Defendants.**

As discussed in Defendants' July 15, 2014 pre-motion letter seeking leave to file, pursuant to Fed. R. Civ. P. 26(c), a motion for a protective order staying all discovery, the Court lacks personal jurisdiction over Defendants because they do not reside here, they do not conduct or transact business here, and they do not have any assets here. The Complaint fails to even allege *prima facie*, a sufficient basis for establishing personal jurisdiction over BSGR. Moreover, despite plaintiff's flimsy attempt to allege a *prima facie* basis for establishing personal jurisdiction over Mr. Steinmetz -- where none actually exists -- the Dismissal Motion will conclusively rebut these meager allegations, including his purported ownership and use of real property in New York. Mr. Steinmetz is a resident of Switzerland and Israel, he does not reside in New York, and he is not a United States citizen. BSGR is a Channel Islands (U.K.) corporation, has its principal place of business in Guernsey, and has no presence in New York or the United States. We are confident that this Court will ultimately find plaintiff's allegations

Legal1us.212988.4
Switchboard: +1 212 612 3270          New York:  Mishcon de Reya New York LLP       A list of partners is available for
Main Fax: +1 212 612 3297             London:    Mishcon de Reya Solicitors         inspection at the above address

of personal jurisdiction against Defendants here are as insufficient as those in other actions Your Honor has previously dismissed. *See Felske v. Hirschmann*, No. 10 Civ. 8899 RMB, 2012 WL 716632 (S.D.N.Y. Mar. 1, 2012) (Berman, J.).

**B.    The Complaint Fails To State A Claim Under Rule 12(b)(6).**

The Complaint fails to sufficiently state claims under 18 U.S.C. § 1962(c) (RICO) and § 1962(d) (RICO conspiracy), and for common law fraud for several reasons. First, the Complaint fails to allege at least two predicate acts committed by each defendant, as required by 18 U.S.C. § 1961(5). Moreover, where, as here, RICO claims are premised on mail or wire fraud, they must be "particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Crawford v. Friedman*, No. 13-2514, slip op. at 24 (2d Cir. July 11, 2014) (citation omitted). Second, plaintiff alleges multiple acts of mail fraud, but does so only in support of a single fraudulent scheme -- the alleged theft of its Simandou mining rights. *See* Compl. at ¶ 135. Allegations of a single scheme targeting a single victim, cannot constitute the necessary pattern of racketeering required by Section 1962(c). *See Crawford* at 24; *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 257 (S.D.N.Y. 2002) (Berman, J.) (dismissing RICO claim based on single fraudulent scheme directed at limited number of victims). Third, the Complaint fails to allege RICO causation, because the earliest predicate act any defendant is alleged to have committed occurred in January 2009 -- one month *after* plaintiff concedes it lost its mining rights. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006) (no causation where injury could have been suffered "for any number of reasons unconnected to the asserted pattern" of unlawful conduct).

Finally, all the causes of action alleged in the Complaint are impermissibly asserted against "the Defendants" as a group, without any differentiation -- plainly insufficient to satisfy the notice requirements of Rule 8. *See Atuahane v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (Rule 8 requirements could not be met by complaint that "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"). The Complaint's fraud-based claims not only fail to satisfy Rule 8, but fall far short of Rule 9(b)'s heightened pleading requirement for fraud.

Mishcon de Reya
NEW YORK LLP

*See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *7 (S.D.N.Y. Mar. 15, 2004) ("Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b).").

C. **The Complaint Is Time-Barred.**

RICO claims are subject to a 4-year statute of limitations and accrue when plaintiff discovers or should have discovered its injury. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148-149 (2d Cir. 2012). Here, plaintiff concedes that it knew of its claimed injury -- the loss of its Simandou mining interest -- by December 9, 2008. *See* Compl. at ¶ 92. Nevertheless, plaintiff did not commence the Action until on or about April 30, 2014, nearly 17 months after the 4-year limitations period had expired. Plaintiff's RICO claims are plainly time-barred.

D. **The Complaint Should Be Dismissed Pursuant to the Doctrine of *Forum Non Conveniens*.**

The central allegations of the Complaint concern (i) plaintiff's mining rights in Simandou, Guinea, and (ii) a purported scheme to steal those rights by defendants who are located in Brazil, the Channel Islands, and Switzerland (among other jurisdictions). The injury alleged occurred in the United Kingdom where plaintiff is located. Moreover, nearly all of the witnesses and documents are located outside New York -- in foreign countries. As the Second Circuit has ruled, even where there are minimal connections to New York -- here there are none -- dismissal on *forum non conveniens* grounds is proper. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 129 (2d Cir. 1987) (dismissal appropriate where contract at issue related to activities in the Philippines, witnesses and evidence were mostly located there, and one of the primary parties had minimal contacts with the United States).

For all the foregoing reasons, Defendants respectfully request that the Court grant their request for a pre-motion conference seeking leave to file a motion to dismiss the Complaint in this Action.

Respectfully submitted,

Vincent Filardo, Jr.

cc: All Counsel of Record (by ECF)