

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

July 15, 2014

**VIA ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:  <u>Rio Tinto plc v. Vale S.A., et al.</u>, No. 14-cv-3042 (RMB) (AJP)

Dear Judge Berman:

We represent defendant Mahmoud Thiam in this action. In accordance with Rule 2.A of Your Honor's Individual Practices, we request a pre-motion conference in advance of Thiam's anticipated motion to dismiss the Complaint in this action pursuant to Fed. R. Civ. P. 12(b)(6).[1]

    I.      Background

Plaintiff Rio Tinto plc ("Rio Tinto") alleges RICO and common law fraud claims against multiple defendants, arising from Rio Tinto's loss of rights to the Simandou mine ("Simandou") in Guinea. The Complaint contends that defendant BSG Resources Ltd. ("BSGR") (said to be controlled by defendant Benjamin Steinmetz) and defendant Vale S.A. ("Vale") conspired to "misappropriate" Rio Tinto's rights to Simandou. Thiam's supposed participation in this alleged conspiracy is barely pled and wholly unsubstantiated. Rio Tinto says that in June 2010, while Thiam was Guinea's Minister of Mines, Thiam received a $200 million bribe from Steinmetz "for facilitating the signing and announcement of BSGR's exploration license over Rio Tinto's Simandou Blocks 1 and 2 in February 2009." Compl. ¶ 108. Rio Tinto pleads this inflammatory allegation, bereft of supporting

---

[1] We also acknowledge the pre-motion conference letters filed today by defendant Vale S.A. (dkt. no. 63) and defendants Benjamin Steinmetz and BSG Resources Ltd. (dkt. no. 64), and Thiam joins in certain arguments set forth in those letters, as specified *infra*.

BOSTON   LONDON   NEW YORK   WASHINGTON, DC

Hon. Richard M. Berman
July 15, 2014
Page 2

facts, "on information and belief."[2] In a vain effort to bolster the charge, Rio Tinto then alleges that Thiam bought two properties in New York for $5.25 million, implying, but nowhere stating, that Thiam paid with bribe money.

    II.    <u>Plaintiff's First Cause of Action Fails To Plead A RICO Claim</u>

To plead a RICO claim, a plaintiff must make a three part showing: (i) a violation of the RICO statute (18 U.S.C. § 1962); (ii) an injury to business or property; and (iii) that the injury was caused by the alleged violation. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008).

As to the first element, a plaintiff must establish that the defendant engaged in two predicate acts of "racketeering activity." 18 U.S.C. § 1961(5). Here, Rio Tinto alleges that Thiam violated the Foreign Corrupt Practices Act (15 U.S.C. §§ 78dd-1, *et seq.*) ("FCPA") and the Money Laundering Control Act (18 U.S.C. § 1956). Compl. ¶¶ 157-59 & 174(c). But both alleged violations arise from a single act—the supposed $200 million bribe. "It is not proper under RICO to charge two predicate acts where on[e] action violates two statutes." *Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2012 WL 5868395, at *4 (S.D.N.Y. Nov. 19, 2012) (citation omitted), *aff'd*, 2014 WL 1282290 (2d Cir. Apr. 1, 2014).[3] Additionally, Rio Tinto's allegation of the bribery, conditioned on two layers of "information and belief," fails to satisfy Fed. R. Civ. P. 8(a) because it is not "grounded in a good-faith basis in fact." *See, e.g., Kajoshaj v. New York City Dep't of Educ.*, 543 Fed. App'x 11, 16 (2d Cir. 2013).

As to the third element, the Complaint fails to demonstrate that Thiam's alleged misconduct proximately caused Rio Tinto's injury. *See Holmes v. Secs. Investor Protection Corp.*, 503 U.S. 258, 268-69 (1992) (RICO plaintiffs must show both "but for" causation and proximate cause). The

---

[2] Indeed, Rio Tinto is so wary of their serious charge that they double layer the "information and belief." Rio Tinto headlines the Complaint's "Factual Allegations" at roman numeral IV (p. 11) but conditions *all* their subsequent fact allegations "upon information and belief." Apparently, however, even that provides inadequate "distance" for Rio Tinto from the allegation against Thiam; when they (barely) plead the $200 million bribe, they add another protective layer of "information and belief" for good measure. *See* Compl. ¶¶ 108 & 157.

[3] Further, even if Thiam had received the bribe—which he did not—the FCPA does not address the receipt of a bribe. *See* 15 U.S.C. §§ 78dd-1(a) & 78dd-2(a).

Hon. Richard M. Berman
July 15, 2014
Page 3

Complaint admits *sub silentio* that Thiam could not possibly have been the cause of Rio Tinto's alleged injury: the Guinean government rescinded Rio Tinto's rights in the mining concession and awarded the exploration rights in the concession to BSGR by no later than December 2008 (Compl. ¶ 92), but Thiam did not begin as Guinea's Minister of Mines until January 2009 (Compl. ¶ 26).[4]

### III.   The Remaining Causes of Action Fail To Differentiate Among Defendants

Rio Tinto's second through fifth causes of action are asserted against "the Defendants," without differentiation. This widely condemned form of "all-in" pleading makes it impossible for Thiam to discern the specific conduct he is alleged to have committed. *See Atuahane v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (Rule 8 not satisfied where complaint "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"). Moreover, Rio Tinto's remaining causes of action, alleging fraud claims, fall woefully short of Rule 9(b)'s pleading standard. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *7 (S.D.N.Y. Mar. 15, 1994) ("Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b).").[5]

We are available at the Court's convenience for a pre-motion conference.

Respectfully submitted,

/s/

Paul E. Summit
Direct line: (617) 338-2488
psummit@sandw.com

cc:   All Counsel of Record (by email)

---

[4] Thiam also adopts the arguments set forth by Steinmetz, BSGR and Vale that: (i) Rio Tinto's RICO claims are barred by the four-year statute of limitations; and (ii) Rio Tinto's Complaint is insufficient to state a plausible RICO claim because it alleges only a single scheme targeting a single victim. *See* dkt. nos. 63 & 64.

[5] Thiam respectfully reserves the right to move for dismissal on additional grounds as well.