

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

July 15, 2014

**VIA ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *Rio Tinto plc v. Vale S.A., et al.*, No. 14-cv-3042 (RMB) (AJP)

Dear Judge Berman:

    We represent defendant Mahmoud Thiam in this action. In accordance with Rule 2.A of Your Honor's Individual Practices, we request a pre-motion conference in advance of Thiam's anticipated motion for a protective order staying discovery, pursuant to Fed. R. Civ. P. 26(c), pending resolution of his motion to dismiss.[1] We also incorporate by reference the arguments set forth in our separate letter to the Court, also filed today, requesting a pre-motion conference in advance of Thiam's motion to dismiss (the "Dismissal Motion Letter") (dkt. no. 66).

    Courts in this district consider three factors when deciding whether to enter a protective order staying discovery pending the resolution of an anticipated dispositive motion: (i) the breadth of discovery sought; (ii) the burden of responding to discovery; and (ii) the strength of the anticipated dispositive motion. *See e.g. Picture Patents, LLC v. Terra Holdings LLC*, No. 07 Civ. 5465 (JGK) (HBP), 2008 WL 5099947, at **2-3 (S.D.N.Y. Dec. 3, 2008); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510013, at **1-2 (S.D.N.Y. Feb. 15, 2007). Additionally, courts consider whether the non-moving party will be unfairly prejudiced by a stay of discovery. *See, e.g., Anti-*

---

[1] This letter shall also serve as Thiam's appeal from the oral ruling by Magistrate Judge Peck, issued during the parties' July 10, 2014 scheduling conference and prior to the parties' submission of any briefing, which denied "at this time" Thiam's request for a stay of discovery.

BOSTON    LONDON    NEW YORK    WASHINGTON, DC

Hon. Richard M. Berman
July 15, 2014
Page 2

*Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at **2-3 (S.D.N.Y. Mar. 7, 1996).

All of these factors clearly support a stay of discovery as to Thiam.  First, the discovery sought by Rio Tinto from Thiam spans almost ten years, involves witnesses and documents from around the world, and requires translation of multiple languages.  Second, responding to this far-reaching international discovery will require enormous expenditures of time and money, imposing a particularly onerous burden on Thiam, an individual.  Third, as set forth in the Dismissal Motion Letter, Thiam has abundant and powerful grounds for his anticipated motion to dismiss, which (we submit) will be dispositive of all claims asserted against him.  *See, e.g., Niv*, 2007 WL 510013, at *1 (granting motion to limit discovery because defendants' anticipated motion to dismiss "appear[ed] not to be unfounded in the law" and had potential to dispose of entire case).

Finally, Rio Tinto will not be prejudiced by a stay pending a decision on Thiam's motion to dismiss, since Rio Tinto's claims are not time-sensitive but instead relate to an alleged injury that occurred in 2008.  Moreover, the proposed stay will last for only a short time, and will not cause unreasonable delay.  *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (finding stay of discovery pending motion to dismiss would not prejudice plaintiffs because Court would decide motion "expeditiously").[2]

We further note that defendants Benjamin Steinmetz and BSG Resources, Ltd. ("BSGR") have also requested leave to seek a stay of discovery pending their motions to dismiss (*see* dkt. nos. 64 & 65), and defendant Vale S.A. ("Vale") has filed a letter concerning an anticipated motion to dismiss (*see* dkt. no. 63).  If the Court is inclined to grant a stay of discovery as to any of these defendants, then

---

[2] Indeed, as this Court has explained, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Spencer Trask*, 206 F.R.D. at 368 (quotation omitted).

Hon. Richard M. Berman
July 15, 2014
Page 3

a stay of discovery as to Thiam as well is clearly required. As set forth in the Dismissal Motion Letter, the allegations as to Steinmetz, BSGR and Vale are central to this case. Allowing discovery to proceed without any one of them participating would result in duplication of effort and unnecessary litigation costs, and would be unfair to the remaining defendants. *See, e.g., Volmar Distribs., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 41-42 (S.D.N.Y. 1993) (granting complete stay of discovery to avoid potential of duplicative depositions); *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *14 (S.D.N.Y. Jan. 26, 1993) (reasoning that it would be "unfair and prejudicial" to defendants to require them to continue with discovery without first having opportunity to depose central figure in case).

We are available at the Court's convenience for a pre-motion conference.

Respectfully submitted,

/s/

Paul E. Summit
Direct line: (617) 338-2488
psummit@sandw.com

cc: All Counsel of Record (by email)