# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

**MEMO ENDORSED**

Plaintiff may respond by letter (3 page, double spaced) by 7/24/14. A conference will be held on this matter on 7/28/14 @ 12:00 pm.

SO ORDERED: July 17, 2014
Date: 7/17/14
Richard A. Berman
Richard M. Berman, U.S.D.J.

**By ECF**

Hon. Richard M. Berman, U.S.D.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Berman:

Pursuant to Your Honor's July 16 Order (Dk. No. 68), we write jointly on behalf of all appearing defendants to request a pre-motion conference on defendants' anticipated motions to dismiss the complaint for lack of personal jurisdiction, *forum non conveniens*, failure to state a claim, and because it is time-barred on its face. Defendants will also seek a stay of discovery pending a decision on their motion to dismiss.

*Personal Jurisdiction.* The Court lacks personal jurisdiction over Benjamin Steinmetz (who resides in Switzerland and Israel and is not a U.S. citizen or resident), BSG Resources Limited ("BSGR") (a Channel Islands corporation with its principal place of business in Guernsey and no presence in the U.S.), and the two VBG[1] defendants (a Channel Islands company and a Guinean company with principal places of business in Guernsey and Guinea, respectively, and neither with a presence or business in the U.S.). *See Felske v. Hirschmann*, No. 10 Civ. 8899 (RMB), 2012 WL 716632 (S.D.N.Y. Mar. 1, 2012) (Berman, J.). Neither Mr. Steinmetz, BSGR, nor VBG conducts or transacts business in the U.S.

*Forum Non Conveniens.* Plaintiff (a U.K. company) alleges that Vale (a Brazil company)

---

[1] Defendants BSG Resources (Guinea) Ltd. and BSG Resources Guinée SARL (collectively "VBG"). Because the complaint erroneously conflates four entities into the catch-all "BSGR" and defines them differently in paragraphs 4 and 23, VBG will move in the alternative for a more definite statement under Rule 12(e).

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/2014

misappropriated its confidential information contrary to the terms of a "Confidentiality Deed" and "Data Room Access Agreement" between the parties and gave that information to BSGR (a Guernsey company) to use in obtaining a Guinean mining concession. The Confidentiality Deed and the Data Room Access Agreement provide for exclusive jurisdiction in England and Brazil, requiring dismissal on *forum non conveniens* grounds. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579-80 (2013). Plaintiff's assertion that it does not allege a breach *per se* of these contracts misses the point, because the forum selection clause in the Deed broadly covers "any proceedings arising out of or in connection with this Deed." *See In re Herald, Primeo, & Thema Sec. Litig.*, No. 09 Civ. 289 (RMB), 2011 WL 5928952, at *12 (S.D.N.Y. Nov. 29, 2011) (dismissing RICO suit that suggested "forum shopping by foreign plaintiffs"), *aff'd* 540 F. App'x 19 (2d Cir. 2013). Assuming there were personal jurisdiction, dismissal would also be appropriate to the remaining defendants, because the allegations concern a purported foreign scheme to steal a U.K. company's rights in Guinea by defendants in Brazil, the Channel Islands, Switzerland, and Guinea and nearly all of the witnesses and documents are located abroad. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 129 (2d Cir. 1987).[2]

*Failure To State A Claim.* The complaint alleges that a RICO enterprise was formed in December 2008 (Compl. ¶ 86), that its "ultimate objective" was to wrest the Simandou concession from Rio Tinto (*id.* ¶ 147), and that the scheme "was successful" and "quickly proved effective" that same month, when the Guinean government rescinded Rio Tinto's rights and assigned them to BSGR (*id.* ¶¶ 92, 150). This alleges "only a serious, but discrete and relatively short-lived scheme to defraud [less than] a handful of victims," which does not satisfy RICO. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 186 (2d Cir. 2008). The complaint also fails to plead two predicate RICO acts by each defendant. Vale allegedly obtained Rio Tinto's confidential information under false pretenses and provided that information to BSGR contrary to the terms of the Confidentiality Deed (Compl. ¶ 7), but breach of contract is not a RICO predicate act and "cannot be transmogrified into a RICO claim" by the allegation that Vale "misrepresented" its intentions when entering into the contract. *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, No. 12 Civ. 8205, 2013 WL 3943267, at *9 (S.D.N.Y. July 31, 2013). As to Thiam, Rio Tinto pleads on "information and belief" that as Minister of Mines he received a $200 million bribe from Steinmetz for helping BSGR obtain the mining concession, allegedly in violation of the FCPA and MLCA. (Compl. ¶¶ 108, 157-59, 174(c).) But both alleged violations arise from the

---

[2] Litigation over certain of the events in the complaint has already been initiated in the U.K., including between Vale and BSGR.

single alleged bribe, and "[i]t is not proper under RICO to charge two predicate acts where on[e] action violates two statutes." *Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2012 WL 5868395, at *4 (S.D.N.Y. Nov. 19, 2012) (citation omitted), *aff'd*, 2014 WL 1282290 (2d Cir. Apr. 1, 2014). There is likewise no RICO causation because the earliest alleged predicate act by Vale occurred in January 2009 – one month after Rio Tinto lost its concession rights. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006). The causes of action alleged in the complaint are asserted against "the Defendants" as a group, without differentiation, failing to satisfy the requirements of Rule 8, *see Atuahane v. City of Hartford*, 10 Fed. App'x 33,34 (2d Cir. 2001), and Rio Tinto's fraud allegations fall short of Rule 9(b)'s particularity requirement, *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *7 (S.D.N.Y. Mar. 15, 1994).[3]

*Statute Of Limitations.* The RICO statute of limitations is four years from the discovery of the alleged injury. *Rotella v. Wood*, 528 U.S. 549, 553 (2000). Rio Tinto concedes that it knew of its alleged injury – the loss of its Simandou concession – by December 9, 2008, and its claims are therefore time-barred. (Compl. ¶ 92.)

*Discovery Stay.* Defendants also request a stay of discovery until the Court resolves the motions. This is a complex, multi-party RICO case with multiple foreign defendants, many of which contest personal jurisdiction. Given the breadth of the discovery sought, the burden of responding to international discovery (which would require extensive translations), the lack of prejudice to Rio Tinto, the fact the litigation belongs elsewhere, and the strength of defendants' motions, the Court should stay discovery pending resolution of those motions. *See, e.g., Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *3-4 (S.D.N.Y. Mar. 7, 1996). Defendants, other than Vale, further request an interim stay of all discovery (including as to initial disclosures) until the Court decides their stay motion.[4]

Respectfully submitted,

By: /s/ Lewis J. Liman
Lewis J. Liman

cc: All Counsel of Record (by ECF)

---

[3] Rio Tinto cannot cure its defects by pleading conspiracy *Crawford v. Friedman*, No. 13-2514, slip op. at 25 (2d Cir. July 11, 2014). The conclusory "information and belief" allegations also fail *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[4] Vale and Mr. Thiam do not contest personal jurisdiction. Vale does not object to limited discovery, such as initial disclosures, but reserves its rights to move for a stay with its motion to dismiss papers when the record is more fully developed.

3