**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

July 24, 2014

Hon. Richard M. Berman
United States District Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

**Re:** *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Berman:

We write in response to Defendants' joint pre-motion letter of July 17, 2014.

***Discovery Should Proceed.*** On June 9, 2014, this Court ordered discovery to proceed, and did so fully apprised that Defendants intended to move to dismiss.[1] Not one Defendant objected or raised the need for a discovery stay at that time. On July 10, 2014, Magistrate Judge Peck denied Defendants' belated request for a stay and explicitly rejected their arguments that this Court had not already ruled on the issue:

> Not only having read the transcript of his argument . . . I called Judge Berman to discuss the matter with him and he believes he has decided it.[2]

Defendants do not even attempt to argue that Magistrate Judge Peck's ruling was clearly erroneous or contrary to law. *See Bd. of Trs. S. Cal. IBEW-NECA v. Bank of N.Y. Mellon Corp.*, 2011 WL 1118718 (S.D.N.Y. Mar. 24, 2011) (Berman, J.). Nor could they because – as Magistrate Judge Peck himself noted – it was entirely consistent with this Court's previous mandate. In any event, there is nothing new in Defendants' July 17 letter that warrants a third bite at the apple. Defendants advance the same arguments that were before Judge Peck, and continue to rely upon motions to

---

[1] *See* Dkt. No. 38, (6/9/2014 Hr'g Tr.) at 4:20–24.
[2] *See* Dkt. No. 71, (7/10/2014 Hr'g Tr.) at 2:19–3:1.

dismiss that, as explained below, are fatally flawed.[3]

***Forum non conveniens.***  The confidentiality deed does not contain an "exclusive jurisdiction" clause as Defendants claim, but rather a "*non-exclusive* jurisdiction" clause, applicable only to "disputes which may arise out of or in connection with th[e] Confidentiality] Deed."  Rio Tinto has not claimed for breach of the confidentiality deed, nor do its claims relate to or arise out of it.  Indeed, none of the alleged RICO violations rely upon the breach of – or even the existence of – the confidentiality deed.  The RICO claim instead is based on Defendants' misdeeds in furtherance of their RICO conspiracy that have nothing to do with the confidentiality deed.  For example, the confidentiality deed does not address Vale's misappropriation of Rio Tinto's information, its misconduct in feigning interest in pursuing a deal with Rio Tinto in order to maintain access to that information, its double-dealing with Defendants Steinmetz and BSGR to use that information, or any of the other wrongful acts undertaken by the conspiracy including bribery, mail and wire fraud, money laundering, obstruction of justice, witness tampering, and violations of the Travel Act.

As to minimum contacts with New York, the complaint alleges numerous facts evidencing the Defendants' use of the United States, including New York, to advance and conceal its conspiracy.  The domestic nature of Defendants' scheme – and the propriety of this district as the venue for this case – is further confirmed by the United States Attorney's Office for the Southern District of New York's ongoing investigations and prosecution of certain defendants in connection with the very same scheme.  In addition, Defendant Vale is one of the largest issuers of ADRs on the New York Stock Exchange; Defendant Thiam lives in New York; and Defendants Touré and Cilins both reside in the United States.

***Statute of Limitations.***  Rio Tinto's claims are timely.  At a minimum, settled case law is clear that any statute of limitations is tolled where, as here, Defendants fraudulently concealed their conspiracy.  *See N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 279–

---

[3]  Rio Tinto respectfully refers the Court to its previous letter in response to Defendants' request for stay for a more fulsome discussion of why a stay is not warranted here.  *See* Dkt. No. 60.

80 (S.D.N.Y. 2013) (tolling civil RICO claim where defendants engaged in fraudulent concealment). In fact, DOJ has already secured a guilty plea from Defendant Cilins – who was acting on behalf of the other Defendants – for his efforts to destroy evidence and conceal the scheme as recently as 2013.

*Failure to State a Claim.* Rio Tinto's 50-page, 208-paragraph complaint provides a detailed account of a complicated scheme of bribery, fraud, concealment, exploitation of confidential information, and obstruction, perpetrated by numerous co-conspirators and effected over the course of several years through numerous affirmative acts in New York and the United States.[4] Those allegations state a RICO claim, among others, under Second Circuit and New York law.

*Personal Jurisdiction.* Defendants Steinmetz, VBG, and BSGR's plan to argue a lack of personal jurisdiction ignores the allegations that they purposefully availed themselves of this jurisdiction by sending agents and co-conspirators into New York and the United States to commit tortious acts in furtherance of the RICO conspiracy.

******

Should the Court allow Defendants to file a motion to dismiss, a single motion by all Defendants is appropriate. Defendants' pre-motion letter confirms that all Defendants will move on similar, if not identical, grounds, and the Defendants already have shown an ability to coordinate in order to try to stall discovery and align their substantive positions in prior pre-motion letters. In light of the proposed briefing schedule already submitted to the Court (Dkt. Nos. 47 and 48), and in consultation with this Court's Individual Practices, Rio Tinto respectfully requests that the Court order Rio Tinto's Amended Complaint, if any, be filed on or before August 29, 2014.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

---

[4] Defendants claim that Rio Tinto has not sufficiently plead predicate acts or sufficient allegations as to certain Defendants. This argument ignores the well-established rule that a conspirator's actions may be attributed to all members of the conspiracy. *See, e.g., Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1074 (2d Cir. 1977).