E7SSTINC

 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  RIO TINTO,

 4              Plaintiff,

 5         v.                           14 Civ. 3042 (RMB)

 6  VALE, S.A., et al.,

 7              Defendants.

 8  ------------------------------x
                                    New York, N.Y.
 9                                  July 28, 2014
                                    12:10 p.m.
10
    Before:
11
                    HON. RICHARD M. BERMAN,
12
                                        District Judge
13
                          APPEARANCES
14
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
15       Attorneys for Plaintiff
    BY:  MICHAEL JOHN LYLE
16       ERIC C. LYTTLE
         MICHAEL B. CARLINSKY
17
    CLEARY GOTTLEIB STEEN & HAMILTON, LLP
18       Attorneys for Defendant Vale, S.A.
    BY:  LEWIS J. LIMAN
19       JONATHAN I. BLACKMAN

20  SULLIVAN & WORCESTER, LLP
         Attorneys for Defendant Mahmond Thiam
21  BY:  PAUL SUMMIT
         KAREN ABRAVANEL
22

23

24

25

APPEARANCES
(CONTINUED)


MISHCON DE REYA NEW YORK, LLP
    Attorneys for Defendant Steinmetz & BSG Resources
BY:  VINCENT FILARDO, JR.
     ELIZABETH ROTENBERG-SCHWARTZ
     KAVITHA SIVASHANKER

MARTIN J. AUERBACH
    Attorney for Defendant VBG - Vale BSGR

E7SSTINC

1          (Case called)

2          THE COURT:  A couple of things to talk about.  My

3     suggestion is that we start first with the motion to dismiss

4     and get that resolved timingwise.  You probably know, or maybe

5     you don't, that I am anticipating that that would be a joint

6     motion.  That takes just a little more time for you to get it

7     all together, certainly, if you want to make sure that each

8     defendant gets its say and its day in court, but it is just

9     more convenient for me.  Sometimes these motions would overlap,

10    in any event.  It usually entails someone being designated as

11    the drafter, with input from everybody else, however you

12    organize that, is what I would like you to do.  In that motion

13    goes whatever arguments you have.  I know there was an earlier

14    schedule.

15         Mr. Liman, are you going to take the lead as to when

16    this motion will be filed?

17         MR. LIMAN:  Your Honor, I'll take the lead for Vale.

18    I think, on some items, I can speak on behalf of the group, but

19    not on behalf of all of them.

20         There are actually two motions, two separate motions,

21    that we propose making.

22         THE COURT:  I know about that.

23         MR. LIMAN:  One is the 12(b)(6) motion.

24         THE COURT:  Right.

25         MR. LIMAN:  There is, independent of that, not

E7SSTINC

1    pursuant to 12(b)(6), a motion that Vale would make on the

2    basis of *forum non conveniens*.

3            THE COURT:  Right.

4            MR. LIMAN:  That is a preliminary motion.  It has been

5    described by the Supreme Court as a separate motion than the

6    12(b)(6) motion.

7            THE COURT:  I am not saying it is not, but it goes

8    into one submission.  That is what I am looking for.

9            I am not going to disregard it or not rule on it.  I

10   wouldn't do a whole seriatim of a bunch of applications.

11           That can be the first one, you lead off with that and

12   say that this is not the right forum for this case, because we

13   have forum selection clauses which are exclusive or

14   nonexclusive, as some might argue.

15           MR. LIMAN:  Your Honor, I hear your Honor.  If I could

16   be heard just for a moment with respect to that.

17           It is our position, as I think your Honor may know,

18   that this dispute doesn't belong in this court.

19           THE COURT:  Right, I do.

20           MR. LIMAN:  The plaintiffs have been pushing discovery

21   and a number of other items that would be a waste of judicial

22   resources if they proceed in this court.  It is our view, with

23   respect to that, that we would, with respect to *forum non*

24   *conveniens*, be able to get our papers on file in two weeks,

25   just with respect to that issue.  If the Court could resolve

E7SSTINC

*forum non conveniens* without the need to do any work with
respect to an amended complaint, motions to dismiss with
respect to RICO, or any of those other items.

    THE COURT:  Right.

    MR. LIMAN:  The matter is straightforward, the Supreme
Court has been emphatic, and the contract is clear.

    THE COURT:  The Supreme Court is emphatic that this
case doesn't belong here?

    MR. LIMAN:  No.  The Supreme Court is emphatic that,
if there is a forum selection cause --

    THE COURT:  No, I get it.  Is it exclusive or
nonexclusive?

    MR. LIMAN:  It is exclusive, your Honor.

    THE COURT:  It says it is not.

    MR. LIMAN:  It provides for there to be jurisdiction
in two locations.

    THE COURT:  What does it say exactly?

    MR. LIMAN:  Your Honor, what it says is that -- this
is Clause 20 under governing law and jurisdiction, it provides
that --

    THE COURT:  What does it say?

    MR. LIMAN:  Clause A says:  Each of the parties agrees
that the courts of England are to have nonexclusive
jurisdiction to settle any disputes which may arise out of or
in connection with this deed; and that, accordingly, any

1    proceedings arising out of or in connection with this deed --

2    and here is the important language -- the matter shall be

3    brought in such courts.

4            Clause C --

5            THE COURT:  I don't understand the difference between

6    nonexclusive and shall.

7            MR. LIMAN:  That is what I will explain.

8            Clause C says:  Notwithstanding the provisions of

9    Subclause B of this Clause 20 -- that is, notwithstanding the

10   provision that disputes shall be brought in England -- the

11   parties recognize that the Brazilian courts may be the

12   appropriate forum for the enforcement of some of the provisions

13   of this deed.

14           Then it goes on to describe those.  Your Honor, we

15   would support our application with the opinion of a U.K.

16   lawyer, former judge, on the interpretation of this clause,

17   which is governed by U.K. law.  That opinion will set forth

18   what logic would suggest also, when you have a plaintiff who is

19   a U.K. company and a defendant which is a Brazilian company,

20   that the purpose of the clause and the language is that actions

21   shall be brought in the U.K., Rio Tinto's home court, with the

22   limited exception that, for certain actions, they can be

23   brought in Brazilian courts, Vale's home court.

24           In fact, your Honor, the argument with respect to

25   whether this is exclusive or nonexclusive didn't even find a

E7SSTINC

1    place in Rio Tinto's submission to Judge Peck with respect to

2    this issue.  Before Judge Peck, their only argument was that

3    their claim here did not constitute a claim arising out of the

4    confidentiality deed.  That is just, as Judge Peck himself

5    recognized at page 10 of that transcript, is just wrong.

6              THE COURT:  You are saying the case could only be

7    brought in either England or Brazil?

8              MR. LIMAN:  That is exactly right, your Honor.

9              Your Honor, that issue is an issue that is discrete.

10   It can be resolved early on.  It can be resolved through the

11   submission of expert affidavits.  If it is resolved, the

12   plaintiffs are talking about filing an amended complaint and

13   lots of discovery.  It can be resolved right now and the

14   parties can get on with that dispute, where it belongs, in the

15   United Kingdom.

16             THE COURT:  Let's hear from the plaintiff.

17             MR. LYLE:  Your Honor, Michael Lyle on behalf of Rio

18   Tinto.

19             Your Honor, we could not disagree more with the

20   characterization of what our claim is about.  As the Court

21   points out, the governing provision that Mr. Liman refers to is

22   a nonexclusive jurisdiction.

23             THE COURT:  Well, he is saying that is nonexclusive

24   and the only exclusion is Brazil.  That is his interpretation.

25             MR. LYLE:  We have a different view, your Honor.

E7SSTINC

1          THE COURT:  What view would that be?

2          MR. LYLE:  That the claim, in this instance, can be

3     brought in the United States because the allegations that we

4     have raised do not arise out of and are not in connection with

5     the deed.  Our claim is a RICO conspiracy.  None of the other

6     parties to this litigation are parties even to this

7     confidentiality deed.  What we have is a RICO conspiracy.

8          THE COURT:  We are the only people that have RICO.  I

9     know everybody wants to be here, because you get attorney's

10    fees and all of that, but that doesn't mean, just because you

11    can fashion a RICO claim, that you can take a claim that

12    otherwise belongs somewhere else and bring it here just because

13    you call it RICO.

14         MR. LYLE:  Well, understood, your Honor.  The gravamen

15    of our complaint relates to a conspiracy among multiple

16    parties, multiple defendants, over a multiyear period of time.

17    It is not a breach of contract action.  This confidentiality

18    deed relates to the handling of confidential information

19    between Vale and Rio as part of negotiations.

20         Our claim stems from Vale's, BSGR's, and Ben

21    Steinmetz' and other defendants' conspiracy under a RICO claim.

22    They are not the same.  Our allegations are not arising out of

23    or in connection with this confidentiality deed, which is why

24    we are here in the United States.

25         THE COURT:  I forget, did you amend in this case?

1          MR. LYLE:  We have not.

2          THE COURT:  Are you going to?

3          MR. LYLE:  Yes, we are.

4          THE COURT:  When are you going to do that?

5          MR. LYLE:  Whenever the Court orders.  We have not

6     gotten to that point.  We could be prepared to amend by

7     August 29.

8          THE COURT:  Well, please, it is the whole point of the

9     amendment.  I am going to allow you to amend pretty soon.

10    Then, whatever motion or application they bring, if they were

11    to prevail, is with prejudice.  There won't be any more

12    amendments after that.  Do you understand?

13         MR. LYLE:  Understood, your Honor.

14         THE COURT:  Why don't you do that, as the first order

15    of business.  How soon can you do that, two weeks?

16         MR. LYLE:  We would propose slightly longer, your

17    Honor.  By the end of August.

18         THE COURT:  Why would you need that long?  All these

19    issues have been on the table for months now.  You know what

20    amendments you would make at that point now, though.

21         MR. LYLE:  We do, your Honor.  We have learned

22    additional information that came out of one of the sentencing

23    hearings that we would like to investigate further relating

24    to --

25         THE COURT:  Why don't we say you have until August 15

1    to amend.  The upshot of that will be, as I say, that any

2    application that comes after that, if it is successful, that is

3    with prejudice.  Do you understand that?

4              MR. LYLE:  Yes, your Honor.

5              THE COURT:  Then, Mr. Liman, why don't you take two

6    weeks after that and look over his amended motion, his amended

7    complaint.  He might convince you that this, for some reason,

8    should stay here.  Then you can submit your *forum non*

9    *conveniens* application.  You can do that by letter motion.

10             It is a pretty simple dispute, from what I hear.  I

11   don't know what the resolution of it is, but as you describe it

12   and as plaintiff poses it, it sounds pretty simple to

13   understand.  You can have an attachment affidavit, whatever you

14   want, by letter.

15             MR. LIMAN:  Thank you.

16             THE COURT:  You would then go by September 1.  How is

17   that?

18             MR. LIMAN:  That would be fine, your Honor.

19             Actually, your Honor, September 1 is Labor Day.  If we

20   can have until the 2nd, that would be appreciated.

21             THE COURT:  Sure.  Why don't you take until the 3rd.

22             MR. LIMAN:  Thank you, your Honor.

23             THE COURT:  Then, counsel, just to respond to his

24   letter motion, it can also be by letter, and if you have an

25   affidavit, you can attach that too.  When would you like to

1  respond to that?

2         MR. LYLE:  If we can have two weeks after that, your

3  Honor.

4         THE COURT:  Sure.  That would be September 17.

5         MR. LYLE:  Thank you, your Honor.

6         THE COURT:  Do you think you need a reply?

7         MR. LIMAN:  Your Honor, if we can have one week for a

8  reply, that would be great.

9         THE COURT:  Would that be the 24th?

10         MR. LIMAN:  Thank you, your Honor.

11         THE COURT:  I am happy to do that on submission,

12  unless there is something more complicated than that, I'll be

13  happy to call you in for a brief oral argument.

14         MR. FILARDO:  Your Honor, may I be heard on this issue

15  as well?

16         THE COURT:  Yes.

17         MR. FILARDO:  Vincent Filardo from Mishcon New York.

18  We represent BSG Resources Limited and Benjamin Steinmetz.

19         THE COURT:  Yes.

20         MR. FILARDO:  We have spoken to counsel for Defendant

21  Vale.  We discussed also making this motion jointly with Vale.

22  We are not parties to this exclusive jurisdiction, but we do

23  feel strongly that our argument on the general grounds, the

24  balance of that, the public and private factor of the location

25  of the documents, that those are strong arguments to be made

1    and appropriate to be made at this time, as well.

2              THE COURT:  Sure.  They all go into this one letter,

3    and whoever drafts it is up to you all, but you should confer

4    with each other and make sure that it has a strong argument.

5              MR. FILARDO:  We are happy to proceed on the same

6    briefing schedule, your Honor, as stated.

7              MR. LYLE:  Your Honor, on behalf of the plaintiff, may

8    we request the right to reserve on oral argument, if we would

9    like to come back to the Court to request oral argument?

10             THE COURT:  Sure.  Usually, it would be very brief.

11   You let me know if you want a couple minutes.

12             MR. LYLE:  Thank you, your Honor.

13             THE COURT:  I am not going to issue a stay, in the

14   meantime, as to discovery.  I know you have been before Judge

15   Peck, and we discussed it once earlier.  Whatever discovery

16   happens in that time, I am sure it can be useful either in

17   Brazil or the United Kingdom.  I am not imposing a stay at this

18   time.

19             MR. LIMAN:  Your Honor, what I would like to ask the

20   Court for leave with respect to, is to allow us to make a

21   motion in front of Judge Peck, if it is appropriate?  Let me

22   lay it out.

23             THE COURT:  Motion as to discovery?

24             MR. LIMAN:  As to discovery.

25             THE COURT:  If he will take it, it is up to him.  I am

1    not going to direct it.  I am not going to set a schedule for

2    it.  You can go back to him and tell him what has happened,

3    bring him the transcript from today, and argue whatever you

4    want to argue, and the plaintiff will argue whatever they want

5    to argue.

6         MR. LIMAN:  Your Honor, the reason why I raise it is

7    that there have been extensive document requests addressed to

8    the parties.  We are making progress with respect to some items

9    of discovery.  Others, we believe a stay would be appropriate.

10   We would like to ask Judge Peck to consider that issue *de novo*,

11   have him decide it based on facts and what it presents.

12        THE COURT:  Sure.  You can present it.  That is up to

13   him whether he is going to hear it, what form and all that,

14   sure.

15        MR. FILARDO:  May I raise a point of consequence to

16   the context of discovery?

17        THE COURT:  Yes.

18        MR. FILARDO:  Our clients are foreign defendants and

19   they have strong personal jurisdiction issues, as the Court is

20   aware.  There is jurisprudence in this district, and any other

21   circuits, that suggests strongly that where broad-based

22   merits-based discovery is going to go forward without first

23   determining jurisdiction, personal jurisdiction over a foreign

24   defendant, that it is not appropriate to conduct that discovery

25   under the federal rules.  That, instead, if the Hague

E7SSTINC

1    Convention were to apply, it should be conducted that way.

2              I think that be would a point of issue between us and

3    plaintiff that needs to be decided by the Court.  Obviously,

4    that raises some issues as to whether or not and if we would be

5    actually engaging in substantive discovery, other than putting

6    in written objections.  I wanted the Court to be aware of that,

7    because it is an issue that could further --

8              THE COURT:  You can discuss whatever you would like

9    with Judge Peck.  Just so it is clear, I have not imposed a

10   stay of discovery in the case.  Indeed, I was looking at the

11   case management plan, not that I think you will all finish with

12   discovery by the date that is set there, but there is no stay

13   from me.  Whatever you want to argue to Judge Peck, you are

14   free to do that.

15             MR. FILARDO:  Understood, your Honor.

16             THE COURT:  Great.

17             MR. LIMAN:  Your Honor, with respect to the time to

18   answer, motions to dismiss, shall we set a schedule now?

19             THE COURT:  We will hold that aside.  As you point

20   out, you think you have got a show-stopper on the basis of this

21   motion.  We will see if you do or if you don't, and then we

22   will catch up on the rest.

23             MR. LIMAN:  I assume our time is not running with

24   respect to an answer or motion?

25             THE COURT:  That's correct.  Anything further from the

E7SSTINC

1    plaintiffs?

2              MR. LYLE:  Nothing further from the plaintiffs.

3              THE COURT:  Anybody else?  Nice to see you all.

4              MR. LYLE:  Thank you, your Honor.

5              MR. LIMAN:  Thank you.

6              MR. FILARDO:  Thank you.

7                             – – –

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25