```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF NEW YORK
                ------------------------------x

                RIO TINTO PLC,

                              Plaintiff,

                         v.                        14 Civ. 3042 (RMB)

                VALE, S.A., et al.,
                                                   Conference
                              Defendants.

                ------------------------------x
                                                   New York, N.Y.
                                                   September 8, 2014
                                                   2:00 p.m.

                Before:

                         HON. ANDREW J. PECK

                                                   Magistrate Judge



                         APPEARANCES


                QUINN EMANUEL URQUHART & SULLIVAN LLP
                     Attorneys for Plaintiffs
                BY:  ERIC C. LYTTLE
                     MICHAEL J. LYLE


                CLEARY GOTTLIEB STEEN & HAMILTON LLP
                     Attorneys for Defendant Vale
                BY:  LEWIS J. LIMAN
                     JONATHAN I. BLACKMAN


                MISHCON DE REYA NEW YORK LLP
                     Attorneys for Defendants BSG Resources and Steinmetz
                BY:  ELIZABETH ROTENBERG-SCHWARTZ
                     KAVITHA SIVASHANKER
                     VINCENT FILARDO
```

            APPEARANCES


MARTIN J. AUERBACH
     Attorney for Defendants BSGR Guinea Ltd. BVI and BSG
     Resources Guinee SARL


SHER TREMONTE LLP
     Attorneys for Defendants BSGR Guinea Ltd. BVI and BSG
     Resources Guinee SARL
BY:  MICHAEL TREMONTE


SULLIVAN & WORCESTER LLP
     Attorneys for Defendant Thiam
BY:  PAUL E. SUMMIT

1          (Case called)

2          THE COURT: I didn't get any letters in advance from
3    any of you, which I take it is a good sign. Mr. Liman is
4    trying to stand first. Go ahead.

5          MR. LIMAN: Your Honor, I can give you a report on
6    where things stand. The bottom line, after having talked to
7    the plaintiffs, is that we don't at this moment have any issues
8    for your Honor's consideration.

9          If you recall, we were last before your Honor on July
10   29th. At that point the Court set a number of deadlines. It
11   ordered the parties by August 11th to make a joint submission
12   of the proposed protective order and ESI protocol. Plaintiff
13   was to serve its jurisdiction requests on Steinmetz and BSGR by
14   August 5, with responses and objections due September 3rd.
15   Defendants were to serve responses and objections to Rio Tinto
16   discovery requests by December 3rd, same thing for forum non
17   conveniens motion, and the parties were to begin to meet and
18   confer.

19         The bottom line is the parties have done as the Court
20   directed, and we continue to make good progress. We submitted,
21   as your Honor is aware, a proposed protective order and ESI
22   protocol on August 11th. The Court so ordered that on August
23   12th after ruling on the parties' disagreements.

24         On August 5th Rio Tinto served defendants Steinmetz
25   and BSGR with jurisdictional discovery requests. Rio Tinto

1  filed its amended complaint on August 15th.  The defendants
2  filed their motion on forum non conveniens grounds last
3  Wednesday.  We provided a courtesy copy to your Honor of that
4  filing.
5       THE COURT:  I got it.
6       MR. LIMAN:  The same day each defendant that had been
7  served with a discovery request served their responses and
8  objections.  In addition, defendants BSGR and Steinmetz served
9  amended initial disclosures.  Notably, these amended initial
10 disclosures identified 83 witnesses, not one of whom is inside
11 the United States.  Each party has identified the burden of the
12 discovery requests and can speak to that.
13      With respect to Vale, we indicated our preliminary
14 view that just a couple of the discovery requests would entail
15 search and review of ESI, including many millions of emails
16 from seven offices in four countries, not one of which was in
17 the United States and one of which was in China.  Other
18 defendants have similar burdens, which they can address if your
19 Honor was interested.
20      THE COURT:  I always have academic interest.  But
21 realistic interest is after there has been a meet-and-confer
22 and the parties are fully ready to get rulings on the issues.
23 Merely telling me it is burdensome in advance, by the time we
24 get to the next hearing, at which you will have had your
25 meetings and conferrings, etc., we will have to go through

1  either all of it again or the parties will have narrowed
2  things.
3      Again, if any side thinks they have gone through the
4  meet-and-confer and is ready to tee issues up, I've got the
5  time to deal with it. If not, I understand there may be
6  issues, but it is incumbent under the rules for the parties to
7  work things out as much as they can and then be ready the deal
8  with me.
9      MR. LIMAN: To that end, your Honor, we would note
10 that Vale, but not any of the other defendants yet, has served
11 document requests and interrogatories directed at Rio at this
12 point. Those are answerable by October 3. We will tell your
13 Honor that we served those requests out of an abundance of
14 caution given the fact that your Honor has not yet stayed
15 discovery.
16     It is our view that discovery should be stayed in this
17 action. We didn't want to be put between a rock and a hard
18 place, giving up our rights to discovery, but we also don't
19 intend by serving that discovery to be suggesting in any way a
20 view that discovery is appropriate under U.S. law. It would be
21 our view at the appropriate time, which may be soon, to seek
22 the Court's assistance with respect to a stay.
23     Finally, with respect to that, we have begun the
24 process of meeting and conferring with plaintiffs. We had a
25 meet-and-confer late last week, and we are trying to schedule

1  meet-and-confers.

2  THE COURT: Thank you. Since we started on the
3  defense table, let me hear from the other defendants, and then
4  we will flip over to the plaintiffs' table. Anyone have
5  anything to add or anything else? If you are going to just say
6  me too or Mr. Liman got it correct in terms of chronology, you
7  can do this so you get credit on the transcript. Silence will
8  be assumed as agreeing, at least on the defense side of the
9  table.

10  MR. FILARDO: Good afternoon, your Honor. Vincent
11  Filardo of Mishcon de Reya New York for defendants BSG
12  Resources Limited and Benjamin Steinmetz. In short, we do
13  agree with the recitation of what has occurred to date that Mr.
14  Liman has provided.

15  When we were last before your Honor, we did discuss a
16  briefing schedule in short for a stay and that when we returned
17  today we would discuss that further. That is something that we
18  are interested in taking up today with your Honor.

19  THE COURT: Is that based on the personal jurisdiction
20  question or something else?

21  MR. FILARDO: It is based currently on the strength of
22  our pending forum non conveniens motion along with the burden
23  to respond and the fact that for BSG Resources and Benjamin
24  Steinmetz, we are currently subject only to limited
25  jurisdictional discovery.

While we believe that discovery in this matter should be stayed, and much of it would be irrelevant even on the merits if the forum non conveniens motion were granted, it certainly would be irrelevant with respect to our client, considering that we are not contesting jurisdiction in England, which is the alternative forum that we propose. Certainly, any discussion that was produced or searched for and worked on with respect to jurisdiction in New York would be totally irrelevant if the forum non conveniens motion were granted.

THE COURT: Thank you.

MR. FILARDO: Thank you, your Honor.

MR. SUMMIT: If I may, your Honor. Paul Summit of Sullivan & Worcester, nice to see you again, for Mahmoud Thiam, the only individual who has appeared in this matter. We do not have a jurisdictional objection here but have joined in the forum non conveniens motion. We believe it is an extremely strong motion, and we believe it is timely to brief the issue of a stay of discovery. We would join in a request for a briefing schedule on the stay of discovery.

THE COURT: Fine. And on plaintiffs' side?

MR. LYLE: Good afternoon, your Honor. Michael Lyle on behalf of the plaintiff Rio Tinto along with my colleague Eric Lyttle. The only thing I would add with respect to where we stand, your Honor, is that our response to the motion for dismissal on forum non conveniens grounds is due on September

1  17th.  We will be filing a response to the motion, including a
2  declaration from our own expert, also a former lawyer, as it
3  relates to English law for purposes of the Court's
4  consideration on the motion.
5      Your Honor, we have a completely different view of the
6  forum non conveniens from the defendants' view, as you may
7  imagine.  We intend to lay out the basis for that in our
8  written submission.  Before we take up the issue of any stay
9  with respect to discovery, we would request an opportunity the
10 have the Court have the benefit of having reviewed not only
11 their submission but our response to their submission to the
12 extent you are going to use that as a basis for considering any
13 motion to stay discovery.
14     The other thing we would add is that we have had an
15 initial meet-and-confer discussion with Mr. Liman.  He is
16 correct, we have made progress.  We expect that we will
17 continue to make progress.  We will need to discuss responses
18 from the other defendants as well, and we will be engaging in
19 that going forward.  If we have any issues that we aren't able
20 to resolve independently, we will of course come to your Honor
21 for assistance in resolving those sues.
22     THE COURT:  All right.  After your papers on the 17th,
23 when is the defendants' reply brief?
24     MR. FILARDO:  September 24th, I believe, your Honor.
25     THE COURT:  I don't know what schedule you had in

1  mind. I suspect that Mr. Lyle is correct that I will be in a
2  better position to rule on the motion after it's fully briefed,
3  certainly even better after Judge Berman has decided the
4  motion. If that is the principal grounds of your motion, if
5  you lose, then obviously that takes care of that. I know there
6  is also the forthcoming one of these days a motion to dismiss
7  substantively, but that is further down the road.
8      What is it you all had in mind? As you can hear, I'm
9  inclined to say it should not be briefed until after at least
10  September 17th, if not the 24th.
11      MR. LIMAN: May we confer for a moment?
12      THE COURT: Sure.
13      (Pause)
14      MR. LIMAN: We have had a lot of back and forth, your
15  Honor. Subject to your Honor's approval, of course, we would
16  like to make the motion ten days after September 24th.
17  September 24th is the date by which the motion will be fully
18  submitted. And it will be ten calendar days.
19      THE COURT: That hits a weekend. That would be on
20  October 6th.
21      MR. LIMAN: Thank you.
22      THE COURT: Response time?
23      MR. LYLE: Your Honor, if we may, perhaps it would
24  make sense for us to have the briefing completed and then
25  appear before your Honor at a status conference for purposes of

1  determining whether you want to take up any such motion to stay
2  after you have had everything, as opposed to entering a
3  briefing schedule on the motion that may not, in your Honor's
4  view --

5  THE COURT: One, as you all know, while we judges can
6  impose pre-motion conference requirements, the circuit is quite
7  clear we can't technically stop anyone from filing a motion.
8  But we don't have to deal with the motion for ages.

9  If we were to do that, and we have some Jewish
10 holidays hitting right around there, if the motion is going to
11 get briefed or made by the 6th, I would have to see the parties
12 shortly after the 24th, which because of Rosh Hashanah probably
13 means Monday the 29th or as soon thereafter as you are all
14 available.

15 I have no problem giving you a conference date for
16 Monday morning the 29th if you want to do that, with the
17 expectation that I would possibly allow the motion to go
18 forward on the 6th, depending. Mr. Liman, what are your
19 thoughts?

20 MR. LIMAN: Your Honor, I think we have seen your
21 Honor enough on this issue. Your Honor has expressed your
22 views in terms of what you expect. I think the most productive
23 use of all the lawyers' time would be to have the meet-and-
24 confers and then to make the motion on October 6th.

25 THE COURT: All right. Let's put it this way. After

1    I read the op papers, if I decide there is no need for the
2    motion or that I would suggest to the plaintiff not opposing
3    the motion, which are the two flips of that, at least for a
4    temporary stay, I can always do that by calling you in or
5    otherwise dealing with it.
6              Assuming the motion gets made October 6th, what is
7    your pleasure, Mr. Lyle, on the time?  Traditional two weeks,
8    more or less?
9              MR. LYLE:  Two weeks would be fine.
10             THE COURT:  October 20.  Reply October 27.
11             MR. LIMAN:  Sure.
12             THE COURT:  OK.  Is there anything in the forthcoming
13   motion to stay or the planned opposition to a motion that
14   hasn't been made yet but you all know what you are going to say
15   that in any way needs discovery?  I think the answer is no, but
16   I don't want to get in a circular thing where there are some
17   facts alleged in the motion for a stay and the plaintiff says,
18   we contest that or we don't know anything about it and want to
19   explore it.
20             MR. FILARDO:  No, your Honor, we don't believe there
21   would be anything on the motion to stay.
22             THE COURT:  On the plaintiffs' side, Mr. Lyle?
23             MR. LYLE:  At this time, your Honor, we don't foresee
24   that.  If we see the motion and something comes up, we would
25   reserve our rights to seek relief with your Honor.

1    THE COURT: All right. Since one of the things I do
2 like to do, even though money seems no object to anybody in
3 this case, is save the clients some money. I think you have
4 heard enough from the defense as to what their grounds for the
5 motion are going to be, which is that they think they've got a
6 very good either forum non related motion or on the merits.
7 I'm not going to look kindly on you letting them spend their
8 time putting the arguments they have already made to Judge
9 Berman and me into another pretty little package with a bow and
10 then say let's hold the whole thing off because.
11    As to the discovery matters, discovery is not stayed
12 until the motion is made and granted, if it is going to be
13 granted. What do you want to do about the next discovery slash
14 status conference? In other words, when do you think you will
15 have finished your meet-and-confer, since you are ostensibly on
16 a November 28th cutoff date from Judge Berman? As I said
17 before, I recognize that that date has no reality behind it.
18 Nevertheless, sooner rather than later to get things keyed up.
19    MR. LIMAN: Your Honor, we thought maybe four weeks
20 from today.
21    MR. LYLE: For the plaintiff, your Honor, that seems
22 reasonable to us as well.
23    THE COURT: Tuesday, October 7, at 2 o'clock. Does
24 that work for everyone?
25    MR. LIMAN: That would be fine, your Honor.

1                    MR. LYLE:  Thank you, your Honor.

2                    MR. FILARDO:  Thank you, your Honor.

3                    THE COURT:  Give me a hopefully joint agenda letter
4     two business days in advance.  The 7th is a Tuesday, so Friday
5     the prior week an agenda letter with your disputes.  You can
6     skip the attachments and just bring them with you, but just
7     enough so I know what you are doing.  If you think the
8     attachments will be helpful, fine, but keep the thickness to a
9     minimum.

10                   Anything else?

11                   MR. LIMAN:  No, your Honor, thank you.

12                   MR. LYLE:  Nothing for the plaintiff.

13                   THE COURT:  Usual drill.  You all will make your
14    respective arrangements with the court reporter.

15                   Just one other question.  I have an appearance card
16    here from Michael Tremonte.

17                   MR. TREMONTE:  Yes, your Honor.

18                   THE COURT:  Who are you and who do you represent?  I
19    don't have you on my sheet.

20                   MR. TREMONTE:  The names are so long that I wrote them
21    down, your Honor.  It is the two defendants that have long
22    names with a/k/a's.

23                   MR. AUERBACH:  He is my co-counsel.

24                   THE COURT:  That's good.  Thank you all.

25                   (Adjourned)