# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc<br><br>Plaintiff,<br><br>v.<br><br>Vale, S.A., Beny Steinmetz, BSG Resources Limited, VBG—VALE BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,<br><br>Defendants. | Civil Action No. 1:14-CV-03042-RMB-MHD |

## Exhibits to the Declaration of Lord Leonard Hoffmann

| | |
|---|---|
| **1.** | Civil Procedure Rules, Practice Direction 6B |
| **2.** | Sea Trade Maritime Corporation v Hellenic Mutual War Risks Association (Bermuda) Ltd ('The Athena No 2') [2007] 1 Lloyd's Rep 280 |
| **3.** | Mercury Communications Ltd v Communication Telesystems International [1999] 2 All ER (Comm) 33, 41 |
| **4.** | Amtec International Ltd v Biotec USA Inc [2006] EWHC 47 (Comm) |
| **5.** | Union Discount Co Ltd v Zoller [2002] 1 WLR 1517 |
| **6.** | *"In Honour of the Moribund 'Shall'"* (2014) 35 Statute Law Review v-vi |
| **7.** | R v Davis (1947) 75 CLR 409 |

| | |
|---|---|
| **8.** | Stroud's Judicial Dictionary of Words and Phrases (8th edn 2012) Volume 3 at pp. 2710-2714 |
| **9.** | Fiona Trust and Holding Corp v Privalov [2007] Bus LR 1719 |
| **10.** | Donohue v Armco Inc [2002] 1 Lloyd's Rep 425 |
| **11.** | UBS v HSH Nordbank [2009] 2 Lloyd's Rep 272 |

# CIVIL PROCEDURE

## Volume 1

The Civil Procedure Rules and Practice Directions contained in this volume are up-to-date generally to April 6, 2014 (please see Service Information).

For further updates, see http://www.sweetandmaxwell.co.uk/whitebook. Please enter the following password to log in to the Updating Service:

WB2014

We welcome feedback from subscribers. Please email: whitebook@sweetandmaxwell.co.uk.

The preface to the 2014 White Book (a guide to the civil justice reforms) by Lord Justice Jackson can be found on page ix.



SWEET & MAXWELL   THOMSON REUTERS

## PRACTICE DIRECTION 6B—SERVICE OUT OF THE JURISDICTION

6BPD.1     *This Practice Direction supplements CPR Part 6*

### Scope of this Practice Direction

**1.1** This Practice Direction supplements Section IV (service of the claim form and other documents out of the jurisdiction) of Part 6. (Practice Direction 6A contains relevant provisions supplementing rule 6.40 in relation to the method of service on a party in Scotland or Northern Ireland.)

### Service out of the jurisdiction where permission of the court is not required

6BPD.2   **2.1** Where rule 6.34 applies, the claimant must file practice form N510 when filing the claim form.

### Service out of the jurisdiction where permission is required

6BPD.3   **3.1** The claimant may serve a claim form out of the jurisdiction with the permission of the court under rule 6.36 where—

*General grounds*

(1) A claim is made for a remedy against a person domiciled within the jurisdiction.

(2) A claim is made for an injunction (<sup>GL</sup>) ordering the defendant to do or refrain from doing an act within the jurisdiction.

(3) A claim is made against a person ("the defendant") on whom the claim form has been or will be served (otherwise than in reliance on this paragraph) and—

  (a) there is between the claimant and the defendant a real issue which it is reasonable for the court to try; and

  (b) the claimant wishes to serve the claim form on another person who is a necessary or proper party to that claim.

(4) A claim is an additional claim under Part 20 and the person to be served is a necessary or proper party to the claim or additional claim.

*Claims for interim remedies*

(5) A claim is made for an interim remedy under section 25(1) of the Civil Jurisdiction and Judgments Act 1982.

*Claims in relation to contracts*

(6) A claim is made in respect of a contract where the contract—

  (a) was made within the jurisdiction;

  (b) was made by or through an agent trading or residing within the jurisdiction;

  (c) is governed by English law; or

  (d) contains a term to the effect that the court shall have jurisdiction to determine any claim in respect of the contract.

(7) A claim is made in respect of a breach of contract committed within the jurisdiction.

346

(8) A claim is made for a declaration that no contract exists where, if the contract was found to exist, it would comply with the conditions set out in paragraph (6).

*Claims in tort*
(9) A claim is made in tort where—
   (a) damage was sustained within the jurisdiction; or
   (b) the damage sustained resulted from an act committed within the jurisdiction.

*Enforcement*
(10) A claim is made to enforce any judgment or arbitral award.

*Claims about property within the jurisdiction*
(11) The whole subject matter of a claim relates to property located within the jurisdiction.

*Claims about trusts etc.*
(12) A claim is made for any remedy which might be obtained in proceedings to execute the trusts of a written instrument where—
   (a) the trusts ought to be executed according to English law; and
   (b) the person on whom the claim form is to be served is a trustee of the trusts.
(13) A claim is made for any remedy which might be obtained in proceedings for the administration of the estate of a person who died domiciled within the jurisdiction.
(14) A probate claim or a claim for the rectification of a will.
(15) A claim is made for a remedy against the defendant as constructive trustee where the defendant's alleged liability arises out of acts committed within the jurisdiction.
(16) A claim is made for restitution where the defendant's alleged liability arises out of acts committed within the jurisdiction.

*Claims by HM Revenue and Customs*
(17) A claim is made by the Commissioners for H.M. Revenue and Customs relating to duties or taxes against a defendant not domiciled in Scotland or Northern Ireland.

*Claim for costs order in favour of or against third parties*
(18) A claim is made by a party to proceedings for an order that the court exercise its power under section 51 of the Senior Courts Act 1981 to make a costs order in favour of or against a person who is not a party to those proceedings.
(Rule 46.2 sets out the procedure where the court is considering whether to exercise its discretion to make a costs order in favour of or against a non-party.)

*Admiralty claims*
(19) A claim is—

(a) in the nature of salvage and any part of the services took place within the jurisdiction; or
(b) to enforce a claim under section 153, 154, 175 or 176A of the Merchant Shipping Act 1995.

*Claims under various enactments*
(20) A claim is made—
(a) under an enactment which allows proceedings to be brought and those proceedings are not covered by any of the other grounds referred to in this paragraph; or
(b) under the Directive of the Council of the European Communities dated 15 March 1976 No.76/308/EEC, where service is to be effected in a Member State of the European Union.

**Documents to be filed under rule 6.43(2)(c)**
6BPD.4  4.1 A party must provide the following documents for each party to be served out of the jurisdiction—
(1) a copy of the particulars of claim if not already contained in or served with the claim form and any other relevant documents;
(2) a duplicate of the claim form, a duplicate of the particulars of claim (if not already contained in or served with the claim form), copies of any documents accompanying the claim form and copies of any other relevant documents;
(3) forms for responding to the claim; and
(4) any translation required under rule 6.45 in duplicate.

4.2 Some countries require legalisation of the document to be served and some require a formal letter of request which must be signed by the Senior Master. Any queries on this should be addressed to the Foreign Process Section (Room E02) at the Royal Courts of Justice.

**Service in a Commonwealth State or British overseas territory**
6BPD.5  5.1 The judicial authorities of certain Commonwealth States which are not a party to the Hague Convention require service to be in accordance with rule 6.42(1)(b)(i) and not 6.42(3). A list of such countries can be obtained from the Foreign Process Section (Room E02) at the Royal Courts of Justice.

5.2 The list of British overseas territories is contained in Schedule 6 to the British Nationality Act 1981. For ease of reference, these are—
(a) Anguilla;
(b) Bermuda;
(c) British Antarctic Territory;
(d) British Indian Ocean Territory;
(e) British Virgin Islands;
(f) Cayman Islands;
(g) Falkland Islands;
(h) Gibraltar;
(i) Montserrat;