# EXHIBIT 5

A                                    Court of Appeal

## *Union Discount Co Ltd *v* Zoller and others (Union Cal Ltd, Part 20 defendant)

### [2001] EWCA Civ 1755

B   2001 Oct 24;                        Lord Phillips of Worth Matravers MR,
        Nov 21                              Schiemann and May LJJ

*Damages — Costs of proceedings — Foreign proceedings — Claim for money owed under contract containing exclusive English jurisdiction clause — Proceedings in New York brought by defendant struck out for lack of jurisdiction — Claimant not entitled to claim costs in New York court — Whether claimant entitled to*
C   *recover costs of New York application in English court as damages for breach of contract*

The claimants brought an action for sums owed under a contract containing an exclusive English jurisdiction clause. The defendants brought proceedings in New York which, on the claimants' application, were struck out on the ground that the English courts had exclusive jurisdiction over the dispute. No application for costs
D   was made in New York since the costs of the strike-out application would not have been awarded by a New York court. The claimants' claim to recover the costs of the New York application in the English proceedings was struck out as disclosing no cause of action.
   On appeal by the claimants—
   *Held*, allowing the appeal, that costs incurred in foreign proceedings, even if irrecoverable under the procedural rules of the foreign court, could be recovered as
E   damages in separate proceedings between the same parties in England where the party seeking to recover had a separate cause of action; that the bringing of New York proceedings by the defendants constituted a breach of contract which resulted in damages which were prima facie recoverable; that the action to recover the costs of the New York proceeding should not have been struck out unless there were policy reasons preventing the recovery of those damages; that there were no policy reasons for allowing one party to a contract to escape from liability for the damages which he
F   had caused to the other by attempting to sue in a country where a different costs regime prevailed; that the public interest did not require that the claimants be deprived of their reasonable expenses in litigating in a jurisdiction which the defendants had chosen in breach of an exclusive jurisdiction clause; and that, accordingly, the claimants were entitled to recover as damages the costs they had reasonably expended on the strike-out proceedings in New York (*post*, paras 31, 34, 38–39).
   *Berry v British Transport Commission* [1962] 1 QB 306, CA applied.
G   *Jack L Israel Ltd v Ocean Dynamic Lines SA* [1982] 2 Lloyd's Rep 88 distinguished.
   Decision of Judge Peter Heppel QC sitting as a judge of the Queen's Bench Division reversed.

The following cases are referred to in the judgment of the court:
*Berry v British Transport Commission* [1962] 1 QB 306; [1961] 3 WLR 450; [1961]
H    3 All ER 65, CA
*Donohue v Armco Inc* [2000] 1 Lloyd's Rep 579, CA
*Henderson v Henderson* (1843) 3 Hare 100
*Israel (Jack L) Ltd v Ocean Dynamic Lines SA* [1982] 2 Lloyd's Rep 88
*Lonrho plc v Fayed (No 5)* [1993] 1 WLR 1489; [1994] 1 All ER 188, CA
*Walshaw v Brighouse Corpn* [1899] 2 QB 286, CA

A   36   Suppose, for instance, that the costs rules in Australia were broadly the same as those which apply here. Suppose an attempt to litigate there in breach of an exclusive jurisdiction clause which nominated England. Assume successful proceedings there to strike out the Australian litigation. Assume that costs are awarded to the successful defendant but he only recovers two-thirds of those costs although the remainder was reasonably incurred. That defendant then sues here asking to be awarded the remaining third as damages for breach of the exclusive jurisdiction clause. Would our public policy prevent him from recovering?

37   Or suppose an arbitration clause which nominates arbitration in England. One of the parties sues in the High Court. The other obtains a stay and a court order for costs which does not fully recompense him for his costs reasonably incurred.

38   We prefer to leave such cases for the future. The present case concerns someone who in breach of an exclusive jurisdiction clause litigates in a jurisdiction which, save exceptionally, does not award costs in strike-out proceedings. Hence, no costs are asked for by the party who successfully applied for the strike-out. It would have been pointless to do so. In such a case, on the assumption that to bring suit in the foreign jurisdiction amounts to a breach of contract, we consider that justice requires that he should recover the damages which he has suffered by reason of the breach. Those damages will be what he has reasonably expended on the strike-out proceedings. The situation appears to us to be akin to malicious prosecution and the same rule as that established in *Berry's* case [1962] 1 QB 306 should prevail.

39   This appeal is allowed.

> *Appeal allowed with costs to be forwarded forthwith for detailed assessment.*
> *Leave to appeal refused.*
> *Order in relation to assessment and costs to be stayed pending petition to House of Lords, and if petition granted until hearing of appeal, conditional upon £20,000 being paid into court within 28 days.*

Solicitors: Denton Wilde Sapte; Harkavys.

SLD