# EXHIBIT 7

[HIGH COURT OF AUSTRALIA.]

## IN RE DAVIS.

### ON APPEAL FROM THE SUPREME COURT OF NEW SOUTH WALES.



*Legal Practitioners—Barrister—Admission—Criminal offence prior thereto—Non-disclosure to Barristers Admission Board—Jurisdiction of Court over barristers—Disbarring—" Shall "—Legal Practitioners Act 1898-1936 (N.S.W.) (No. 22 of 1898—No. 10 of 1936), ss. 9, 10.*

H. C. OF A.
1947.

SYDNEY,
Dec. 5, 15.

Latham C.J.,
Starke, Dixon,
McTiernan and
Williams JJ.

The appellant, having been approved for admission as a barrister by the Barristers Admission Board was in 1946 admitted as a barrister by the Supreme Court of New South Wales. In 1947 that Court disbarred the appellant on the ground that in 1935 he had pleaded guilty to an indictment for breaking, entering and stealing and that he had failed to disclose this fact to the Court or to the Board or to the persons from whom he obtained certificates of good fame and character.

*Held* (i) by *Starke, Dixon, McTiernan* and *Williams* JJ. (*Latham* C.J. dissenting), that the Supreme Court is not bound by s. 10 of the *Legal Practitioners Act* 1898-1936 (N.S.W.) to admit to the Bar a candidate who is approved by the Board,

(ii) by the whole Court, that the power of the Supreme Court to disbar may be exercised upon a ground that is antecedent to the admission of a barrister or the determination of the Board to approve him as a fit and proper person,

(iii) that the Supreme Court rightly held that the appellant was not a fit and proper person to be a barrister.

Decision of the Supreme Court of New South Wales (Full Court): *In re Davis*, (1947) 48 S.R. (N.S.W.) 33; 64 W.N. (N.S.W.) 226, affirmed.

APPEAL from the Supreme Court of New South Wales.

The Prothonotary of the Supreme Court of New South Wales reported to that Court that in the year 1946 Sydney Samuel Wilton

---

* Section 10 of the *Legal Practitioners Act* 1898-1936 (N.S.W.) provides: " Every candidate whom the Board shall approve as a fit and proper person to be made a barrister shall be admitted as a barrister by the Court on any day appointed for that purpose."

H. C. of A.
1947.
In re
Davis.

Starke J.

The argument is that the Board's approval of the appellant as a fit and proper person to be a barrister was conclusive of his right to be admitted and of the duty of the Court to admit him as a barrister.

But the word " shall " does not always impose an absolute and imperative duty to do or omit the act prescribed. The word is facultative : it confers a faculty or power. And, as Earl *Cairns*, L.C. said in *Julius* v. *Lord Bishop of Oxford* (1) in relation to the expression, " it shall be lawful," " there may be something in the nature of the thing empowered to be done, something in the object for which it is to be done, something in the conditions under which it is to be done, something in the title of the person or persons for whose benefit the power is to be exercised, which may couple the power with a duty, and make it the duty of the person in whom the power is reposed, to exercise that power when called upon to do so." Apart from the word " shall " there is nothing in the *Legal Practitioners Act* which suggests an imperative and absolute duty upon the Court to exercise its authority to admit persons as barristers. Indeed the interposition of the Court would be merely ministerial if it were under an absolute duty to admit a person as a barrister upon approval of the Board. And the Court would be without jurisdiction to refuse admission to any person approved by the Board though information was before it that such person, though unknown to the Board, was a lunatic or a thief or otherwise disreputable or unfit to belong to the profession of a barrister.

In my opinion however, the faculty or power is reposed in the Court in the public interest. It must have the approval of the Board but upon the Court is placed, in the end, the duty and the responsibility of admitting persons as barristers. The Court has power in reserve, seldom required, having regard to the functions of the Board, but still necessary, as this case well illustrates.

The provision of s. 23 of the *Interpretation Act of* 1897 of New South Wales requires notice. It provides that wherever in an Act a power is conferred on any officer or person by the word " may," such a word shall mean that the power may be exercised, or not, at discretion ; but where the word " shall " confers the power, such word shall mean that the power must be exercised. The words " any officer or person " are not very appropriate as applied to courts of law though no doubt the Commonwealth Court of Conciliation and Arbitration and its judges have for the purposes of s. 75 (v.) of the Constitution been regarded as officers of the Commonwealth. The application, however, of the section depends on the

(1) (1880) 5 App. Cas. 214, at pp. 222-223.