**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

September 30, 2014

Hon. Richard M. Berman
United States District Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re:   *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Berman:

      This letter is respectfully submitted on behalf of Plaintiff, Rio Tinto plc, in connection with the above captioned matter.  We are writing to seek leave to file a sur-reply in opposition to the Defendants' joint motion to dismiss on the grounds of *forum non conveniens*.

      Defendants' joint reply brief attaches a third declaration from Defendant Vale's English law expert, Lord Collins of Mapesbury.  In his new declaration, Lord Collins offers for the first time new legal opinions regarding European Union (EU) law which were not addressed in either of his prior declarations.  Specifically, Lord Collins opines for the first time that, under EU law, "[o]nce a court has been seised on the basis of a jurisdiction clause (whether exclusive or non-exclusive), there is no basis for a refusal by that court to exercise jurisdiction on *forum conveniens* grounds even in favour of the courts of a non-Member State".[1]  September 24, 2014 Declaration from Lord Collins at ¶ 29.

      Rio Tinto disputes that Lord Collins is correct in his statement of the law and respectfully requests an opportunity to briefly respond to and rebut these new opinions through a short sur-reply and a declaration from its English law expert, Lord Hoffmann.  Rio Tinto seeks leave of the Court to file a sur-reply of no more than three (3) pages and a short declaration from Lord Hoffmann, no later than Friday, October 3, 2014.

---

[1] Lord Collins bases this contention on Article 23 of the Brussels I Regulation.  *See* Collins Decl. ¶ 29.  While Lord Collins referred to Brussels I in his first declaration, he did so only in the context of its presumption of exclusivity, and his opinion that any such presumption did not "assist" in this case.  *See* July 29, 2014 Declaration from Lord Collins at ¶¶ 54-55.  He offered no opinion in his prior declarations on the effect of Brussels I on the *forum non conveniens* waiver in the jurisdictional clause.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

cc:  All Counsel of Record (by ECF)