**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

September 30, 2014

Hon. Richard M. Berman
United States District Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re:     *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Berman:

This letter is submitted on behalf of Plaintiff, Rio Tinto plc, in further support of its request for leave to file a sur-reply in opposition to the Defendants' joint motion to dismiss on the grounds of *forum non conveniens*.

In its letter in opposition to Rio Tinto's request for leave, Vale accuses Rio Tinto of seeking a "second bite at the apple." *See* Dkt. 92.  Not so.  Rio Tinto seeks only to correct misstatements of European Union law made (for the first time on reply) by Vale's expert, Lord Collins of Mapesbury. Vale also faults Lord Hoffmann for not including a discussion of the issue in his first declaration. But Lord Hoffmann could not have anticipated that Lord Collins would misstate European Union law in a way that now necessitates an additional response to correct the record.

In his third declaration, Lord Collins incorrectly relies on the Brussels I Regulation to state that "[o]nce a court has been seised on the basis of a jurisdiction clause (whether exclusive or non-exclusive), there is <u>no basis</u> for a refusal by that court to exercise jurisdiction on *forum conveniens* grounds even in favour of the courts of a non-Member State".  September 24, 2014 Declaration from Lord Collins at ¶ 29 (emphasis added).  In fact, where a Member-state court has jurisdiction over a matter by virtue of a jurisdiction clause contained in a contractual agreement, the question of whether the Brussels I Regulation forecloses the court's ability to stay proceedings on grounds of *forum non conveniens* remains unsettled.  If granted leave by the Court to file an additional, short declaration, Lord Hoffmann will show that European judicial decisions have not reached a consensus as to whether *forum non conveniens* objections are available in the context of jurisdiction conferred by agreement.  In light of this uncertainty, Lord Hoffmann's reading of Clause 20 of the Confidentiality Deed – that the clause is focused *not* on conferring exclusive jurisdiction, but rather on ensuring that England is an available jurisdiction free from *forum non conveniens* objections, with

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

the sole exception pertaining to Brazilian courts – makes perfect sense. It would have been entirely reasonable for parties who wished to exclude the possibility of a *forum non conveniens* stay to deal with the matter by express agreement, rather than by relying on the unsettled effect of the Brussels I Regulation.

Given that this motion may turn, in part, on questions of European law, the Court should have a full and accurate picture of that law. Thus, Rio Tinto respectfully requests that it be granted a sur-reply.

Respectfully submitted,


/s/ Michael J. Lyle
Michael J. Lyle

cc: All Counsel of Record (by ECF)