## quinn emanuel trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

October 3, 2014

Hon. Richard M. Berman
United States District Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re:   *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Berman:

This sur-reply letter is respectfully submitted on behalf of Rio Tinto plc in opposition to the Moving Defendants' joint motion to dismiss on grounds of *forum non conveniens*.

Rio Tinto's opposition provided a logical and straightforward reading that gives effect to every word of Clause 20, without any need to assume that the parties erred in drafting the agreement. Indeed, in reading Clause 20, Rio Tinto and its expert, Lord Hoffmann, did exactly what Vale's own expert, Lord Collins, admits must be done under English law: give meaning to "the natural and ordinary meaning of the words of the contract." Collins Decl. 7/29/2014 ¶ 21. It is, therefore, improper to conclude – as Lord Collins repeatedly does – that use of the term "non-exclusive" means something was "carelessly inserted" in or "mistakenly not deleted" from the contract.[1] When all the words of Clause 20 are given their natural and ordinary meaning, Clause 20 provides for non-exclusive jurisdiction and permits suit in this Court.

In giving the plain language of the contract its "natural and ordinary meaning," Lord

---

[1] Incredibly, Vale's reply continues to hide from the Court the unavoidable fact that its expert's entire analysis is premised on the idea that the parties used the word "non-exclusive" by mistake. Vale's reply did not even take on this aspect of Rio Tinto's opposition, instead conclusorily labeling this argument a "straw man." Reply at 2 n.2. Vale is just wrong. Lord Collins unquestionably dismisses the use of the term "non-exclusive" by assuming it was left in by mistake. In addition to the *four times* Lord Collins refers to this alleged mistake in his first Declaration (*see* Collins 7/29/2014 Decl. ¶ 10; ¶ 62; ¶ 64; ¶ 94), he again refers to a mistake twice in his new Declaration. *See* Collins 9/24/2014 Decl. ¶ 5 ( "'non-exclusive' was *carelessly inserted* . . . or *mistakenly not deleted*") (emphasis added); ¶ 10 ("… retention or insertion of the expression 'non-exclusive' was the result of *careless drafting* . . .") (emphasis added). Vale's attempts to sweep this crucial issue under the rug should not be permitted.

Hoffmann explained that Clause 20 is focused, not on conferring exclusive jurisdiction to English courts (it says just the opposite), but rather on ensuring England would be an available jurisdiction, free from *forum non conveniens* objections with the sole exception pertaining to Brazilian courts.  *See* Hoffmann 9/10/2014 Decl. ¶¶ 13-22.  Vale and Lord Collins attempt to attack this by arguing that Clause 20's explicit *forum non conveniens* waiver is "irrelevant," *see* Collins 9/24/2014 Decl. ¶ 17, yet again arguing for exclusive jurisdiction by reading the parties' express words out of the contract.  But this argument also relies on a misstatement of law.

In his third declaration, Lord Collins incorrectly relies on Article 23 of the Brussels I Regulation ("Brussels I") to state that "[o]nce a court has been seised on the basis of a jurisdiction clause (whether exclusive or non-exclusive), there is no basis for a refusal by that court to exercise jurisdiction on *forum conveniens* grounds even in favour of the courts of a non-Member State."  Collins 9/24/2014 Decl. ¶ 29.  While this may be the case where an English court has jurisdiction over a defendant pursuant to Article 2 of Brussels I (not applicable here because Vale is not domiciled in the European Union), the question of whether Article 23 of Brussels I (jurisdiction as a result of a jurisdictional clause in a contract) forecloses the court's ability to stay proceedings on grounds of *forum non conveniens* remains unsettled.  Hoffmann 10/3/2014 Decl. ¶¶ 8-10 (attached as Ex. A).  Indeed, the issue is the subject of ongoing debate and European courts have not reached any consensus as to whether *forum non conveniens* objections are available in the context of jurisdiction conferred by Article 23.  *Id.* ¶¶ 9-10.  In light of this uncertainty, Lord Hoffmann's reading of Clause 20 – that the clause is focused *not* on conferring exclusive jurisdiction, but rather on ensuring that no party can raise a *forum non conveniens* objection in England, with the sole exception pertaining to Brazilian courts – makes perfect sense.  *Id.* ¶ 11.  It would have been entirely reasonable for parties who wished to exclude

2

the possibility of a *forum non conveniens* stay to deal with the matter by express agreement, rather than by relying on the uncertain effect of Article 23 of the Brussels I Regulation.  *Id.*[2]

Finally, Vale's reply offers nothing to explain how "non-exclusive" can somehow mean "exclusive," other than its argument that "shall" is mandatory.[3]  Reply at 2.  But, Vale's own expert openly acknowledges that "*even in contracts it may be possible for the natural meaning of 'shall' to be displaced to mean 'may'*[.]"  Collins 9/24/2014 Decl. ¶ 36 (emphasis added).

Vale is asking this Court to conclude either that (1) when in the presence of the word "shall," the term non-exclusive means exclusive, or that (2) the parties said non-exclusive, but made a "drafting error" and meant exclusive.  Both of these theories ignore well-established rules of contract interpretation under English law and are irreconcilable with the interpretation set forth by Lord Hoffmann – an interpretation that neither renders the word "non-exclusive" meaningless nor assumes a mistake by the parties – which gives effect to the language used by the parties in a rational and straightforward manner.  Vale's motion should be denied.[4]

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

cc:  All Counsel of Record (by ECF)

---

[2]  Vale's other "neutrality" contention that, at common law, *forum non conveniens* applies to both exclusive and non-exclusive jurisdiction clauses likewise does not advance their argument.  Even assuming "neutrality," Vale's expert still must first conclude that the use of "non-exclusive" was a mistake and non-exclusive jurisdiction was commercially pointless in order to arrive at his opinion.  Hoffmann 10/3/2014 Decl. ¶ 4.

[3]  Vale falsely asserts that "Rio Tinto's expert admits that the 'the use of the word 'shall' in sub clause (b) . . . suggests an imperative obligation to sue in England.'"  Reply at 2.  Yet, Lord Hoffmann clearly states that consistent with basic principles of contract interpretation, Clause 20 of the Deed should be construed in "the context in which it is used," and that the word "shall" is "notoriously ambiguous."  Hoffman 9/17/2014 Decl. ¶ 20.  Even worse, Vale turns a blind eye to Lord Hoffman's statement that:  "If 'shall' is construed to mean that the English courts are to have exclusive jurisdiction, this would be not merely a case of the parties saying one thing in one place and something different in another. It would be subscribing to a contradiction of Alice in Wonderland proportions."  *Id.* at ¶ 21.  This is just one example of how Vale's reply egregiously mischaracterizes Lord Hoffmann's Declaration.

[4]  Although this sur-reply only addresses new issues raised in Vale's reply, Rio Tinto reiterates that the Moving Defendants' entire motion to dismiss should be denied, as explained in its opposition.  *See* Dkt. No. 88.