# Exhibit 2

2013 WL 5336287                                                                                          Page 1
[2013] EWHC 2994 (QB) Official Transcript [2013] EWHC 2994 (QB) Official Transcript

© 2014 Sweet & Maxwell

**Cuccolini SRL v Elcan Industries Inc**

**Queen's Bench Division**

**08 October 2013**

**Case Analysis**

**Where Reported**    [2013] EWHC 2994 (QB);  Official Transcript;

**Case Digest**

**Subject:** Civil procedure

**Keywords:** Stay of proceedings, Forum non conveniens, Distribution agreements, Disputing the court's jurisdiction, Jurisdiction clauses, Service out of jurisdiction

**Catchphrases:** Service out of jurisdiction, Disputing the court's jurisdiction, Setting aside service of proceedings, Forum non conveniens grounds

**Abstract:** The applicant (E), a New York company, applied for an order setting aside the service of proceedings on it by the respondent Italian company (C), and for a declaration that the English courts should not exercise jurisdiction over it.

C, a manufacturer of vibrating screening machines, had entered into an agreement with E, appointing E as the sole distributor of its machines in the United States and to be a non-exclusive distributor in Canada. Clause 14.2 of the agreement provided for termination by either party if the other repeatedly breached any of the terms of the agreement. A governing law clause stated that the agreement and any dispute or claim arising out of it or in connection with it should be governed by and construed in accordance with the laws of England and Wales. C terminated the contract under cl.14.2 and issued proceedings alleging multiple and repeated breaches of the agreement and applied for permission to serve the claim form on E outside the jurisdiction. A master granted permission. Before the proceedings were served on it in the US, E issued proceedings in New York alleging conspiracy between C and two third parties to replace E as C's distributor. The issues were whether (i) if the court had a discretion to stay the proceedings, E had satisfied the requirements to persuade the court to do so; (ii) C had given full and frank disclosure to the master and, if not, whether his order should be set aside and jurisdiction declined for that reason.

E submitted that (1) the parties could not have had disputes involving two additional parties in their reasonable contemplation at the time of making the contract; (2) on making its application for permission to serve out of the jurisdiction, C should have disclosed that it contemplated that proceedings might be brought in another jurisdiction, and that the jurisdiction of the English courts might be challenged.

A New York company failed in its challenge of a master's decision to grant permission for an Italian

company to serve proceedings on it, out of the jurisdiction, in relation to a dispute over a distributorship agreement, which contained a jurisdiction clause conferring jurisdiction on the English courts.

Application refused. (1) Although in exercise of its discretion, the court was entitled to have regard to all the circumstances of the case, the general rule was that the parties would be held to their contractual choice of English jurisdiction unless there were overwhelming, or at least very strong reasons for departing from that rule. Such overwhelming or very strong reasons did not include factors of convenience that were foreseeable at the time the contract was entered into, save in exceptional circumstances involving the interests of justice. The defendant had to point to some factor which it could not have foreseen at the time the contract was concluded, Antec International Ltd v Biosafety USA Inc [2006] EWHC 47 (Comm) applied. E was applying the wrong test when referring to what the parties actually foresaw or had in contemplation at the time of making the agreement. The correct test involved asking what was foreseeable, not what was actually foreseen. Although it was true that at the moment when the contract was concluded, neither party was thinking about the disputes that followed or might have followed, it could not be said that they were unforeseeable. What was foreseeable had to be looked at in the context of the factual background. In the instant case an Italian company and a New York company were entering into an agreement for distributorship of the Italian company's products in the US, which made provision for termination on various grounds. It was foreseeable that an acrimonious termination might lead to disputes involving third parties and the making of allegations of conspiracy of the type that were being made by E in the New York proceedings against C and the third parties. Even if E had shown that the actual dispute involving the third parties was unforeseeable, it did not amount to a very strong or overwhelming reason sufficient to justify a stay of proceedings, (see paras 18, 30-32 of judgment). (2) It was common ground that an applicant for permission to serve out of the jurisdiction had to make full and fair disclosure of the facts material to the application. However, it was also well-established that the requirements of the duty of full disclosure depended on the context, Konamaneni v Rolls Royce Industrial Power (India) Ltd [2002] 1 W.L.R. 1269 applied. Facts would only be regarded as material to an application if the effect of their omission was such as to mislead the court in a respect that was material to the application that was being considered, MRG (Japan) Ltd v Engelhard Metals Japan Ltd [2003] EWHC 3418 (Comm), [2004] 1 Lloyd's Rep. 731 applied. E's submissions were unsustainable because (a) if it had been C's perception that issuing the English proceedings before proceedings were issued elsewhere would gain it an advantage in the context of a *forum non conveniens* dispute, that perception would have been mistaken. Accordingly, it could not have influenced the master's decision whether to give permission to serve out and was immaterial; (b) the fact that the proceedings were "issued for declaratory relief only" did not mean that the proceedings were insubstantial, vexatious or improper; (c) the mere fact that C might have contemplated that proceedings might be brought by E in another jurisdiction did not mean there were "pending or prospective" proceedings within the meaning in Ophthalmic Innovations International (UK) Ltd v Ophthalmic Innovations International Inc [2004] EWHC 2948 (Ch), [2005] I.L.Pr. 10, *Ophthalmic* considered (paras 37-42).

Application refused

**Judges:** Stuart-Smith, J.

**Counsel:**    For I :the applicant: Alexander Milner For I :the respondent: Robert Howe QC, Tom Cleaver

**Solicitors:**    For I :the applicant: Osborne Clarke For I :the respondent: Mishcon De Reya

**Appellate History**

[2013] EWHC 2994 (QB) Official Transcript [2013] EWHC 2994 (QB) Official Transcript

## Related Cases

### Significant Cases Cited

**applying**
**Antec International Ltd v Biosafety USA Inc**
[2006] EWHC 47 (Comm); Official Transcript
QBD (Comm)

**applying**
**MRG (Japan) Ltd v Engelhard Metals Japan Ltd**
[2003] EWHC 3418 (Comm); [2004] 1 Lloyd's Rep. 731; Official Transcript
QBD (Comm)

**applying**
**Konamaneni v Rolls Royce Industrial Power (India) Ltd**
[2002] 1 W.L.R. 1269; [2002] 1 All E.R. 979; [2002] 1 All E.R. (Comm) 532; [2003] B.C.C. 790; [2002] 1 B.C.L.C. 336; [2002] I.L.Pr. 40; Times, January 31, 2002; Official Transcript
Ch D

**considering**
**Ophthalmic Innovations International (UK) Ltd v Ophthalmic Innovations International Inc**
[2004] EWHC 2948 (Ch); [2005] I.L.Pr. 10; Official Transcript
Ch D

**Taunton-Collins v Cromie**
[1964] 1 W.L.R. 633; [1964] 2 All E.R. 332; (1964) 108 S.J. 277
CA

**Citi-March Ltd v Neptune Orient Lines Ltd**
[1996] 1 W.L.R. 1367; [1996] 2 All E.R. 545; [1997] 1 Lloyd's Rep. 72
QBD (Comm)

**Mercury Communications Ltd v Communication Telesystems International**
[1999] 2 All E.R. (Comm) 33; [1999] Masons C.L.R. 358; Official Transcript
QBD (Comm)

**Bouygues Offshore SA v Caspian Shipping Co**
[1998] 2 Lloyd's Rep. 461; [1998] C.L.C. 1526; Times, August 7, 1998
CA (Civ Div)

**Akai Pty Ltd v People's Insurance Co Ltd**
[1998] 1 Lloyd's Rep. 90; [1997] C.L.C. 1508; [1999] I.L.Pr. 24
QBD (Comm)

**BAS Capital Funding Corp v Medfinco Ltd**
[2003] EWHC 1798 (Ch); [2004] 1 Lloyd's Rep. 652; [2004] I.L.Pr. 16; Official Transcript
Ch D

[2013] EWHC 2994 (QB) Official Transcript [2013] EWHC 2994 (QB) Official Transcript

**Evans Marshall & Co v Bertola SA (No.1)**
[1973] 1 W.L.R. 349; [1973] 1 All E.R. 992; [1973] 1 Lloyd's Rep. 453; (1972) 117 S.J. 225
CA (Civ Div)

**Owusu v Jackson (t/a Villa Holidays Bal Inn Villas) (C-281/02)**
[2005] Q.B. 801; [2005] 2 W.L.R. 942; [2005] 2 All E.R. (Comm) 577; [2005] 1 Lloyd's Rep. 452; [2005] E.C.R. I-1383; [2005] 1 C.L.C. 246; [2005] I.L.Pr. 25; Times, March 9, 2005
ECJ

**BP Exploration Co (Libya) Ltd v Hunt (No.1)**
[1976] 1 W.L.R. 788; [1976] 3 All E.R. 879; [1976] 1 Lloyd's Rep. 471; (1976) 120 S.J. 469
QBD (Comm)

**Standard Steamship Owners Protection and Indemnity Association Ltd v Gann**
[1992] 2 Lloyd's Rep. 528; Financial Times, June 19, 1992
QBD (Comm)

**JKN v JCN (Divorce: Forum)**
[2010] EWHC 843 (Fam); [2011] 1 F.L.R. 826; [2011] 2 F.C.R. 33; [2010] Fam. Law 796; Official Transcript
Fam Div

**Mahavir Minerals Ltd v Cho Yang Shipping Co Ltd (The MC Pearl)**
[1997] 1 Lloyd's Rep. 566; [1997] C.L.C. 794
QBD (Admlty)

**UBS AG v HSH Nordbank AG**
[2009] EWCA Civ 585; [2010] 1 All E.R. (Comm) 727; [2009] 2 Lloyd's Rep. 272; [2009] 1 C.L.C. 934; Official Transcript
CA (Civ Div)

**Donohue v Armco Inc**
[2001] UKHL 64; [2002] 1 All E.R. 749; [2002] 1 All E.R. (Comm) 97; [2002] 1 Lloyd's Rep. 425; [2002] C.L.C. 440; Official Transcript
HL

**S&W Berisford Plc v New Hampshire Insurance Co Ltd**
[1990] 2 Q.B. 631; [1990] 3 W.L.R. 688; [1990] 2 All E.R. 321; [1990] 1 Lloyd's Rep. 454; [1990] I.L.Pr. 118
QBD (Comm)

### Cases Citing This Case

### Legislation cited

Civil Procedure Rules 1998 (SI 1998/3132) r.6.36

### Journal Articles

### Books

© 2014 Thomson Reuters.

[2013] EWHC 2994 (QB) Official Transcript [2013] EWHC 2994 (QB) Official Transcript

**Dicey, Morris & Collins 15th Ed. First Cumulative Supplement**
Chapter: Chapter 12 - Forum Non Conveniens, Lis Alibi Pendens, Antisuit Injunctions and Jurisdiction Agreements
Documents: Section 1 - Forum Non Conveniens, Anti-Suit Injunctions and Lis Alibi Pendens

**White Book 2014**
Chapter: Section A - Civil Procedure Rules 1998 and Practice Directions
Documents: Rule 6.37 Application for permission to serve the claim form out of the jurisdiction

**Zuckerman on Civil Procedure: Principles of Practice 3rd Ed.**
Chapter: Chapter 5 - Service
Documents: Service Out of the Jurisdiction

END OF DOCUMENT

© 2014 Thomson Reuters.