# Exhibit 5

# JURISDICTION AND ARBITRATION AGREEMENTS AND THEIR ENFORCEMENT

*Second Edition*

*By*

David Joseph Q.C.

*BA (Pembroke College, Cambridge) of
Middle Temple and Lincoln's Inn,
One of Her Majesty's Counsel*

SWEET & MAXWELL  THOMSON REUTERS

(as opposed to the absence of an arbitration agreement). In *R. Durtnell and Sons v The Secretary of State for Trade and Industry*[115] the court considered that it had a discretion to refuse to appoint an arbitrator if the court was persuaded that the resulting tribunal would not be impartial or would not for some other reason lead to a fair resolution of the dispute. The court also considered that, if an applicant delayed for an unreasonable period of time in seeking the appointment of an arbitrator, this could lead in an appropriate circumstance to the court refusing to accede to the application. In that case, however, the applicant had delayed for five years and the application was not rejected. In *The Lapad*[116] the court rejected the submission that the court ought to appoint an arbitrator unless the equivalent grounds of s.9(4) of the Arbitration Act 1996 had been made out. The court concluded that the discretion to constitute the tribunal ought normally to be exercised unless the court was satisfied that the arbitral process could not lead to a just resolution of the dispute.

The existence of parallel proceedings (even if not brought in breach of contract) will not be considered a strong reason not to keep parties to their arbitration agreement. The same applies to enforcement by means of an anti-suit injunction.[117] Therefore, in *The Lapad* the court proceeded to exercise its discretion and appoint an arbitrator, notwithstanding the fact that criminal proceedings had already been commenced in Spain and would probably run their full course and that the defendant would probably seek a civil remedy in the course of those proceedings, therefore leading to the possibility of parallel proceedings and inconsistent findings. Likewise in *The Hari Bhum (No.2)*, the strong possibility of conflict between the judgment in the courts of Finland and an arbitration award was not good reason to prevent the applicant from relying upon the rights and obligations created by the arbitration agreement.[118] Finally, as Mr Justice Moore Bick observed and indeed as was accepted by counsel for the defendant, *forum non conveniens* had no relevance to the enforcement of an arbitration agreement or the constitution of the tribunal.[119]   9.40

---

[115] [2001] 1 Lloyd's Rep. 275, H.H.J. Toulmin CMG, Q.C.
[116] Above at [25].
[117] See Ch.12.
[118] *The Hari Bhum (No.2)* (above) at [35]–[37].
[119] Above at [28].