# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

<u>By ECF</u>

October 6, 2014

Hon. Richard M. Berman
United States District Court
For the Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re: <u>*Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)</u>

Dear Judge Berman:

      Defendant Vale respectfully requests that Your Honor strike Rio Tinto's submission of October 3, 2014 (Dkt. No. 96) or disregard such portions of the submission as exceed Your Honor's order of October 1, 2014 (Dkt. No. 94).

      Rio Tinto requested, and Your Honor granted, leave to submit a short sur-reply ostensibly directed to the limited issue of the law being "unsettled" as to "whether the Brussels I Regulation forecloses the [English] court's ability to stay proceedings on grounds of *forum non conveniens* . . . in the context of jurisdiction conferred by agreement" (Dkt. No. 93), an issue Rio Tinto claimed it had not had the opportunity to address in its opposition brief.  (*See* Dkt. Nos. 91, 93).[1]  The issue is largely irrelevant.  Vale agrees that the second sentence of Clause 20(b), which addresses *forum non conveniens* waivers, has meaning and effect; it has that meaning and effect regardless whether the jurisdiction conferred on England and Brazil is mandatory.  The question in this case is whether the *first* sentence of Clause 20(b) and Clause 20(b) *as a whole*, which say that a claim "shall" be brought in England and set forth a single exception that a claim may also be brought in Brazil, is mandatory and requires claims to be brought either in (a) England or (b) Brazil.  The answer to that question is yes.

      Instead, Rio Tinto used the occasion of Lord Hoffmann's reply opinion as a thin pretext to attempt to resurrect the straw man that Vale is claiming that jurisdiction is exclusive in England.  It is not.  Clause 20(b) provides for two jurisdictions, each of which has non-exclusive

---

[1] Lord Collins had opined that while the issue remained unsettled, Article 23 of the Brussels I Regulation would preclude application of *forum non conveniens*. (Collins Reply, dated Sept. 24, 2014, ¶¶ 26-34).

Hon. Richard M. Berman, p. 2                                                            October 6, 2014

jurisdiction vis-à-vis each other: England and Brazil. Rio Tinto's submission still fails to give meaning to the word "shall," to give meaning to all the words of Clause 20(b), or to explain why – if the parties intended courts throughout the world to have jurisdiction notwithstanding the mandatory jurisdiction conferred in the first sentence – they would have singled out Brazil and only Brazil in the second sentence.

                                                                    Respectfully submitted,

                                                                    By: _____
                                                                          Lewis J. Liman

cc: All Counsel of Record (by ECF)