# Exhibit I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc, <br><br> Plaintiff, <br><br> v. <br><br> Vale S.A., Benjamin Steinmetz, BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, Frederic Cilins, Michael Noy, Avraham Lev Ran, Mamadie Touré, and Mahmoud Thiam, <br><br> Defendants. | Civil Action No. 14-cv-3042 (RMB) <br><br> **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BSG RESOURCES LIMITED** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Rio Tinto plc hereby requests that Defendant BSG Resources Limited answer the following interrogatories under oath by July 30, 2014:

## DEFINITIONS

1. "Any," "any," and "each" shall be construed as encompassing any and all."

2. "BSGR" includes BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing.

3. "Complaint" refers to the complaint filed in this matter, *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB).

4. "Concerning" means relating to, referring to, describing, evincing, or constituting.

1

5. "Concession" refers to the mining concession awarded to Rio Tinto in Decree No. 2006/041/PRG/SGG on March 30, 2006 by the Government of Guinea, and includes what is known as Blocks 1, 2, 3 and/or 4.

6. "CTRTCM" refers to Comité Technique de Revue des Titres et Conventions Miniers, the Technical Committee of the Government of Guinea in charge of reviewing mining titles and contracts in Guinea.

7. "Defendant" includes Vale S.A., Benjamin Steinmetz, BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, Frederic Cilins, Michael Noy, Avraham Lev Ran, Mamadie Touré, and Mahmoud Thiam.

8. "Identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

9. "Including" means "included but not limited to" and "including without limitation."

10. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11. "Relating to" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

12. "Rio Tinto" includes Plaintiff Rio Tinto plc and its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

13. "Rio Tinto Data Room" refers to the controlled access computer database established in November 2008 to facilitate Vale's due diligence process in connection with a potential joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding the Simandou Project or a potential acquisition of some or all of Rio Tinto's Simandou Concession. "Data Room Materials" includes every Document that could be accessed in the Rio Tinto Data Room.

14. "Simandou" refers to the Simandou Range in the Nzérékoré Region of southeastern Guinea, and includes the Concession.

15. "Steinmetz" refers to Defendant Benjamin "Beny" Steinmetz and any employee, agent, representative, or consultant of Defendant Benjamin "Beny" Steinmetz.

16. "Vale" includes Defendant Vale S.A. and its its officers, directors, employees, partners, corporate parent, subsidiaries, agent, representative consultant or affiliates.

17. "Vale-BSGR Transaction" refers to the transaction announced on April 30, 2010 whereby Vale acquired a stake to develop Blocks 1 and 2 of Simandou.

18. "VBG" refers to Defendants Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, and BSGR Guinea Ltd. BVI, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing.

19. "You," "Your," and "BSGR" shall include BSGR, as well as its officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants or affiliates.

20. "Zogota Project" refers to the four exploration permits awarded to BSGR covering a total surface area of 2,047 square kilometers in the Beyla, Macenta, N'Zérékoreé and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A2006/023/DIGM/CPDM under Ministerial Order No. A2006/706/MMG/SGG of February 6, 2006, and the base agreement dated December 16, 2009 granted on the "Zogota" zone, covering a total surface area of 1,024 square kilometers in the Beyla, Macenta, N'Zérékoreé and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A 2010/171/DIGM/CPDM under the March 19, 2010 Presidential Decree No. D2010/024/PRG/CNDD/SGG.

## INSTRUCTIONS

1. These Interrogatories shall be deemed continuing, and any information that is presently unavailable but which becomes available to defendants up to the conclusion of the proceedings herein must be produced in a supplemental response in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Unless otherwise stated in a specific interrogatory, these Interrogatories seek responsive information from the period January 1, 2005 to the present.

3. If information responsive to any Interrogatory is contained in a document, please produce any such document or provide information sufficient to identify any such document, including Bates number where applicable.

4. If any Interrogatory cannot be answered in full after exercising good-faith diligence to secure the information to do so, please so state and answer the Interrogatory to the extent possible, specifying any inability to answer each such Interrogatory and stating whether information or knowledge is available concerning the unanswered portion of the Interrogatory.

5. If any Interrogatory, or any portion thereof, is not answered by reason of a claim of privilege, work product or other grounds of non-response, a list is to be furnished at the time the answers to the Interrogatories are provided, identifying each of the particular Interrogatories thereof that are not answered and stating with specificity the privilege, or other ground for non-response, claimed.

6. The singular includes the plural and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation." As used herein, the past tense shall include the present tense and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 1.:

Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any role or otherwise participated in considering, evaluating, negotiating, or performing due diligence on a joint venture, partnership, investment agreement, transaction, or other arrangement with Vale or any other person or entity regarding Simandou.

### INTERROGATORY NO. 2.:

Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any oral or written communications or other interactions with any other Defendants or their officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants or affiliates regarding Simandou, the Zogota Project, and/or the Vale-BSGR Transaction.

### INTERROGATORY NO. 3.:

For every Person identified in response to Interrogatory No. 2., state which Defendant the communication or interaction was with, the number of communications or interactions, and the approximate date of each.

### INTERROGATORY NO. 4.:

Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any oral or written communications, or had any role in preparing communications, with any current or former official, director, employee, agent, or representative

6

any other governmental entity investigating how BSGR, Steinmetz, and/or Vale obtained title to Blocks 1 and 2 of Simandou and the Zogota Project, including the United Kingdom's Serious Fraud Office, the U.S.'s Department of Justice or Securities and Exchange Commission, France, and Switzerland.

**INTERROGATORY NO. 5.:**

Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any oral or written communications with, had any role in preparing communications with, or had any contact with Ibrahima Touré, Mamadie Touré, Mahmoud Thiam, Moussa Dadis Camara, Lansana Conté, Pentler Holdings, Matinda and Co. Limited, or any current or former official, director, officer, employee, agent, or representative of the Government of Guinea (including the CTRTCM), its departments, agencies, or instrumentalities relating to Simandou, the Zogota Project, or BSGR's or Steinmetz's efforts to obtain mining rights at Simandou.

**INTERROGATORY NO. 6.:**

For every Person identified in response to Interrogatory No. 5., state which individual listed in Interrogatory No. 5 or current or former official, director, employee, agent, or representative of the Government of Guinea (including the CTRTCM), its departments, agencies or instrumentalities the communication or interaction was with, the number of communications or interactions, and the approximate date of each.

**INTERROGATORY NO. 7.:**

Indentify and describe any meetings involving You and any current or former official, director, employee, agent, or representative of the Government of Guinea, its departments,

agencies, or instrumentalities, including the CTRTCM, related to Simandou and/or the Zogota Project, and for each such meeting or communication, provide the date and location of the meeting as well as all participants.

**INTERROGATORY NO. 8.:**

Identify and describe any meetings involving You and any current or former official, director, employee, agent, or representative of Vale related to Simandou and/or the Vale-BSGR Transaction, and for each such meeting or communication, provide the date and location of the meeting as well as all participants.

**INTERROGATORY NO. 9.:**

Identify and describe all third parties including consultants, investigators, due diligence counselors, financial analysts, experts, geologists, and/or lawyers, with whom You consulted, had oral or written communications or interactions with relating to Simandou; Rio Tinto's Concession; the Vale-BSGR Transaction; interactions and dealings with the Government of Guinea relating to Simandou, the Zogota Project, and/or the Vale-BSGR Transaction; and/or interactions and dealings with any Defendants relating to Simandou, the Zogota Project, and/or the Vale-BSGR Transaction.

**INTERROGATORY NO. 10:**

Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, with knowledge relating to the matters alleged in the Complaint.

| | | |
|---|---|---|
| Dated: | Washington, D.C.<br>June 30, 2014 | QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP |

*[signature: Eric C. Lyttle / nmm]*

William A. Burck
Michael J. Lyle
Eric C. Lyttle
Stephen M. Hauss
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
williamburck@quinnemanuel.com
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
stephenhauss@quinnemanuel.com

*Attorneys for Rio Tinto plc*