# Exhibit N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc, <br><br> Plaintiff, <br><br> v. <br><br> Vale S.A., Benjamin Steinmetz, BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, Frederic Cilins, Michael Noy, Avraham Lev Ran, Mamadie Touré, and Mahmoud Thiam, <br><br> Defendants. | Civil Action No. 14-cv-3042 (RMB) <br><br><br> **PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY REQUESTS TO BSG RESOURCES LIMITED** |

Pursuant to Federal Rule of Civil Procedure 34(b), Plaintiff Rio Tinto plc demands that Defendant BSG Resources Limited produce the following articles, documents, or things for inspection and copying on or before September 3, 2014 at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 777 6th Street NW, 11th Floor, Washington, D.C. 20001, United States. The documents requested for discovery and inspection are to be produced according to the definitions and instructions herein.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.      "Any," "any," and "each" shall be construed as encompassing any and all.

2.      "BSGR" includes BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing.

1

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "Concerning" means relating to, referring to, describing, evincing, or constituting.

5.      "Concession" refers to the mining concession awarded to Rio Tinto in Decree No. 2006/041/PRG/SGG on March 30, 2006 by the Government of Guinea, and includes what is known as Blocks 1, 2, 3 and/or 4.

6.      "CTRTCM" refers to Comité Technique de Revue des Titres et Conventions Miniers, the Technical Committee of the Government of Guinea in charge of reviewing mining titles and contracts in Guinea.

7.      "Defendant" includes Vale S.A., Benjamin Steinmetz, BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, Frederic Cilins, Michael Noy, Avraham Lev Ran, Mamadie Touré, and Mahmoud Thiam.

8.      "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9.      "Including" means "including but not limited to" and "including without limitation."

10.     "Lawsuit" means the litigation referred to in the above caption, Civil Action No. 14-cv-3042 (RMB) in the United States District Court for the Southern District of New York.

11.     "Onyx Financial Advisors" refers to Onyx Financial Advisors UK Limited and its officers, directors, employees, partners, corporate parent, subsidiaries, agent, representative, consultant, or affiliates.

12.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "Relating to" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

14.     "Rio Tinto" includes Plaintiff Rio Tinto plc and its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

15.     "Rio Tinto Data Room" refers to the controlled-access computer database established in November 2008 to facilitate Vale's due diligence process in connection with a potential joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding Simandou or a potential acquisition of some or all of Rio Tinto's Concession. "Data Room Materials" includes every Document that could be accessed in the Rio Tinto Data Room.

16.     "Simandou" refers to the Simandou Range in the Nzérékoré Region of southeastern Guinea, and includes the Concession.

17.     "Steinmetz" refers to Defendant Benjamin "Beny" Steinmetz and any employee, agent, representative, or consultant of Defendant Benjamin "Beny" Steinmetz.

3

18.     "Vale" includes Defendant Vale S.A. and its officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants, or affiliates.

19.     "Vale-BSGR Transaction" refers to the transaction announced on April 30, 2010 whereby Vale acquired a stake to develop Blocks 1 and 2 of Simandou.

20.     "VBG" refers to Defendants Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, and BSGR Guinea Ltd. BVI, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing.

21.     "You" and "Your" includes BSG Resources Limited and its, officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants, independent contractors or affiliates.

22.     "Zogota Project" refers to the four exploration permits awarded to BSGR covering a total surface area of 2,047 square kilometers in the Beyla, Macenta, N'Zérékoreé and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A2006/023/DIGM/CPDM under Ministerial Order No. A2006/706/MMG/SGG of February 6, 2006, and the base agreement dated December 16,2009 granted on the "Zogota" zone, covering a total surface area of 1,024 square kilometers in the Beyla, Macenta, N'Zérékoreé and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A 2010/171/DIGM/CPDM under the March 19, 2010 Presidential Decree No. D2010/024/PRG/CNDD/SGG.

4

## INSTRUCTIONS

1.      Unless otherwise indicated, the documents requested in this Notice include all documents in Your possession, custody, or control.  Without limiting the meaning of the terms "possession, custody, or control" as used in the preceding sentence, a document is in Your possession, custody, or control if You have actual possession or custody of the document, or the right to obtain the document or a copy thereof upon demand from one or more of Your employees, representatives, agents, independent contractors, consultants, attorneys, accountants, auditors, or any other person or public or private entity that has actual physical possession.

2.      Unless otherwise stated in a specific request, these requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period January 1, 2008 to the present.

3.      If you object to any of these document requests, state in writing with specificity the grounds of your objection.  Any such objection must comply with Fed. R. Civ. P. 34.  If you object to a particular portion of any document request, you shall respond to any other portions of such document request as to which there is no objection and state with specificity the grounds of the objection.

4.      If you withhold any Communication, Document or part thereof that is responsive to any of these document requests on grounds of attorney-client privilege, attorney work-product doctrine or any other privilege, doctrine or basis whatsoever, state in writing with specificity:

         a.      the date of the Document or Communication;

         b.      the type, title and subject matter of the Document or Communication sufficient to assess whether the assertion of privilege is valid;

         c.      the name of the Person or Persons who prepared or signed the Document or engaged in the Communication;

5

      d.     the names and positions of any recipients of the Document or Communication;

      e.     each Person now in possession of the original or a copy of the Document or Communication;

      f.     the particular privilege, doctrine, or other basis for withholding the Document or Communication; and

      g.     the grounds for applying such privilege, doctrine or other basis to the Document or Communication withheld.

5.     With respect to the documents produced, You shall produce them as they are kept in the usual course of business.

6.     Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact, or pursuant to an agreement with Rio Tinto on the form of production of ESI.

7.     Documents shall be produced on a rolling basis as they become available.

8.     Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

9.     File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

10.     Pursuant to Fed. R. Civ. P. 34, you must produce entire documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

6

11.     A document with handwritten, typewritten or other recorded notes, editing marks, or other revisions is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy or copies of any document if there is no actual original.

12.     The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

13.     If you cannot respond fully to a document request after exercising due diligence to secure the information requested, or do not have information responsive to any part of a document request, you must so state and describe in full your efforts to obtain the information requested, and respond to the document request to the fullest extent possible.  If a qualified response to a document request must be given, you shall respond to the document request as directly and fully as possible and state fully the reason that such qualification is necessary.

14.     If Your response to a particular request is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

15.     If the identity of documents responding to a document request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information

requested is not in your possession, but is known or believed to be in the possession of another Person, then identify that Person and state the basis of your belief or knowledge that the requested information is in such Person's possession.

16. These document requests shall be deemed continuing, so as to require further and supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. All responses to the document requests shall comply fully in all respects with the requirements of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1.

All Documents and Communications relating to the physical presence of You and/or Your officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants, independent contractors or affiliates in the United States, including but not limited, to any offices maintained in the United States, the presence and activities of any general or limited-purpose agent who is resident or operates in the United States, and/or any travel (regardless of duration or purpose) of the Defendants and/or its employees in the United States.

### REQUEST NO. 2.

All Documents and Communications relating to any and all of Your assets in the United States, including but not limited to, bank accounts, real property and personal property of any type (including but not limited to inventory), whether held individually or jointly.

### REQUEST NO. 3.

All Documents and Communications relating to any and all corporate affiliates (including subsidiaries, parents, branch offices or associated firms) of Yours based in the United States.

**REQUEST NO. 4.**

All Documents and Communications concerning Your ownership interests in any corporation, partnership or any other entity in the United States.

**REQUEST NO. 5.**

All Documents and Communications concerning Your claim that the Court lacks personal jurisdiction over You.

**REQUEST NO. 6.**

All Documents and Communications concerning Your knowledge of, involvement in, or participation in Vale's negotiations with Rio Tinto in the United States alleged in the Complaint.

**REQUEST NO. 7.**

All Documents and Communications concerning Your knowledge of, involvement in, or participation in any of the Defendants' activities in the United States alleged in the Complaint.

**REQUEST NO. 8.**

All Documents and Communications concerning Your commercial or business activities in the United States, Your personal activities in the United States, and/or Your internet activities in the United States.

**REQUEST NO. 9.**

All Documents and Communications relating to any communication regarding Simandou between You or Your directors, officers, employees, representatives, agents, independent contractors or consultants, including Steinmetz, and persons residing, working, or otherwise sited in the United States, including but not limited to any Defendant, or any officer, director, employee, agent, or representative of any Defendant.

**REQUEST NO. 10.**

All Documents and Communications concerning any BSGR director, officer, employee, representative, agent, independent contractors or consultant, including Steinmetz, traveling to or from the United States relating to Simandou or in connection with the consideration, evaluation, negotiation, or execution of the Vale-BSGR Transaction, including but not limited to any itineraries, records or receipts in connection with the same.

**REQUEST NO. 11.**

All Documents and Communications concerning Your receipt of information contained in the Rio Tinto Data Room from Vale or any other Defendant.

**REQUEST NO. 12.**

All Documents and Communications concerning the transfer of money or anything of value between Vale and BSGR in connection with the Vale-BSGR Transaction, including the origin and destination of wire transfers, cash payments, and any other payments originating in, made from, made to, or otherwise through the United States.

**REQUEST NO. 13.**

All Documents and Communications concerning any payments, gifts, gratuities, or anything else of value, including the origin and destination of wire transfers, cash payments, and any other payments originating in, made from, made to, or otherwise through the United States, made by any BSGR director, officer, employee, representative, agent, independent contractor or consultant, including Steinmetz, to (a) any Defendant; (b) Ibrahima Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler Holdings; (f) Matinda and Co. Limited.; (g) any official, director, officer, employee, agent, or representative of the Government of Guinea, its departments, agencies, or instrumentalities; (h) Ibrahima Kassory Fofana; and/or (i) IF Global,

LLC.

**REQUEST NO. 14.**

All Documents and Communications relating to any transfer of any gifts or anything else of value, including the origin and destination of wire transfers, cash payments, and any other payments originating in, made from, made to, or otherwise through the United States between any Defendant and (a) any other Defendant; (b) Ibrahima Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler Holdings; (f) Nysco Management Corporation; (g) The Beny Steinmetz Group; (h) Onyx Financial Advisors; (i) Matinda and Co. Limited; (j) Marc Struik; (k) Yossie Tchelet; (l) Dag Cramer; (m) Sandra Merloni-Horemans; (n) David Trafford; (o) Asher Avidan; (p) Patrick Saada; (q) Ibrahima Kassory Fofana; and/or (r) IF Global, LLC.

**REQUEST NO. 15.**

All Documents and Communications related to any real estate, including office space, owned, leased, rented, or otherwise used by BSGR or its directors, officers, employees, representatives, agents, independent contractors or consultants, including Steinmetz in the United States.

**REQUEST NO. 16.**

All Documents and Communications concerning Your knowledge of, control of, involvement in, and/or participation in Defendant Cilins' activities in the United States, including the activities alleged in the Complaint.

**REQUEST NO. 17.**

All Documents and Communications concerning Defendant Cilins' contacts in the United States with Defendant Touré, and/or Matinda and Co. Limited, or any director, officer, employee, agent, or representative of the same.

11

**REQUEST NO. 18.**

All Documents and Communications concerning travel to the United States relating to Simandou and/or the Vale-BSGR Transaction by Steinmetz or any other BSGR director, officer, employee, representative, agent, independent contractor or consultant, including but not limited to any itineraries, records or receipts in connection with the same.

**REQUEST NO. 19.**

All Documents and Communications concerning or exchanged with the U.S. Government, including the Department of Justice, the Securities and Exchange Commission, or Internal Revenue Service, relating to Simandou, the Vale-BSGR Transaction, and/or the Zogota Project, with the exception of any confidential grand jury materials

**REQUEST NO. 20.**

All Documents and Communications relating to any contracts, leases, or other agreements between You and any U.S. Companies.

**REQUEST NO. 21.**

All employment, agent, consulting, or other agreements between You and any other Defendant, including but not limited to Defendants Cilins, Noy, Touré, and Lev Ran.

**REQUEST NO. 22.**

All Documents and Communications identifying Your corporate organization and structure, including but not limited to any corporate organization charts identifying all subsidiaries and any employees, agents, consultants, or representatives working for such subsidiaries.

**REQUEST NO. 23.**

All Documents and Communications sufficient to identify the number and identity of any

BSGR executives who reside, part-time or full-time, in the United States.

**REQUEST NO. 24.**

All Documents and Communications relating to consulting work performed by  Ibrahima

Kassory Fofana and/or IF Global, LLC, relating to Simandou, the Vale-BSGR Transaction,

and/or the Zogota Project

**INTERROGATORY NO. 1.**

Identify all persons with knowledge of the topics or issues in the document requests, and

the specific request they are knowledgeable about.

Dated:      Washington, D.C.                    QUINN EMANUEL URQUHART
                August 5, 2014                         & SULLIVAN, LLP

                                                                    *Eric C. Lyttle /aram*

                                                                    William A. Burck
                                                                    Michael J. Lyle
                                                                    Eric C. Lyttle
                                                                    Stephen M. Hauss
                                                                    777 6th Street, NW, 11th Floor
                                                                    Washington, D.C. 20001
                                                                    Telephone: (202) 538-8000
                                                                    Facsimile: (202) 538-8100
                                                                    williamburck@quinnemanuel.com
                                                                    mikelyle@quinnemanuel.com
                                                                    ericlyttle@quinnemanuel.com
                                                                    stephenhauss@quinnemanuel.com

                                                                    *Attorneys for Rio Tinto plc*

13