# Exhibit P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc,<br><br>          Plaintiff,<br><br>    -against-<br><br>Vale S.A., Benjamin Steinmetz, BSG<br>Resources Limited, VBG–Vale BSGR Limited<br>aka BSG Resources (Guinea) Ltd. aka<br>BSG Resources Guinée Ltd, BSG Resources<br>Guinée SARL aka BSG Resources (Guinea)<br>SARL aka VBG-Vale BSGR, Frederic Cilins,<br>Mamadie Touré, and Mahmoud Thiam,<br><br>        Defendants. | 14 Civ. 3042 (RMB) |

## DEFENDANT VALE, S.A.'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Vale, S.A. ("Vale") responds pursuant to Rules 26 and 34 of the

Federal Rules of Civil Procedure to Rio Tinto plc's ("Plaintiff" or "Rio Tinto") First Request for

Production of Documents, dated June 30, 2014 (the "Document Requests" or "Requests"), as

follows:

## GENERAL OBJECTIONS

Each of Vale's responses is subject to the following General Objections, and each

such General Objection is incorporated by reference in Vale's response to each individual

request as if fully set forth therein.

1.      Vale objects to all definitions, instructions, and requests that purport to

impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure

and the Local Civil Rules of the United States District Court for the Southern and Eastern

Districts of New York, or that exceed the scope of the Case Management Order, Dkt. No. 35, or

any other applicable order entered by the Court.

      2.     Vale objects to each document request to the extent it seeks information,

documents, or electronically stored information ("ESI") that are not relevant to any party's

claims or defenses or that, if relevant, are neither admissible nor calculated to lead to the

discovery of admissible evidence.  After preliminary investigation, Vale estimates that Rio

Tinto's requests, with respect only to the 29 individuals identified in Vale's Interrogatory

Response Nos. 1 and 4, would require the collection and processing of approximately 1.7 million

emails, files, and other documents, comprising 1.3 terabytes of data, from 7 Vale offices in 4

countries.  Collection and processing of data from at least 60 Vale individuals who Rio Tinto has

indicated as having had access to the Data Room in Paragraph 66 of its Amended Complaint and

who are listed in Vale's Interrogatory Response No. 3 would substantially increase these

volumes.  The large volume of available ESI necessarily means that Rio Tinto's requests would

capture a significant number of documents that are irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence.

      3.     Vale objects to each document request to the extent it is vague,

ambiguous, overbroad in time and scope, unduly burdensome, harassing, or oppressive.  The

large volume of available ESI based on preliminary investigation described in General Objection

No. 2 necessarily means that Rio Tinto's requests are overbroad in time and scope and unduly

burdensome.

      4.     Except as set forth in the final sentence of this General Objection, Vale

objects to each document request to the extent it calls for the production of documents or ESI

from "January 1, 2005 to the present," as set forth in Instruction 2 of the Requests.  All such

document requests are overbroad in time and scope, unduly burdensome, and seek documents that are beyond the scope of the allegations in the Complaint and that are neither material nor necessary to the prosecution or defense of this action.  Subject to the General Objections and the Specific Responses and Objections herein, Vale will produce, at a time and place to be agreed upon by counsel for Plaintiff and counsel for Vale, responsive documents for the period between May 1, 2008 and April 30, 2014, except as otherwise provided in the Specific Responses and Objections set forth below.  With respect to requests for documents concerning Vale's interest in acquiring "Simandou North," as alleged in Paragraph 27 of Rio Tinto's Amended Complaint, Vale will construe the time period to include documents for the period between January 1, 2005 and December 31, 2006.

      5.     Vale objects to each document request to the extent it demands the production of "all" or "any" documents on requested subjects, because such requests are overbroad in time and scope, unduly burdensome, and improper.  The large volume of available ESI based on a preliminary investigation described in General Objection No. 2 necessarily means that Rio Tinto's requests are overbroad in time and scope and unduly burdensome.  A statement by Vale that it will produce documents in response to a particular document request means that Vale will conduct a reasonable search for documents responsive to the particular document request, subject to Vale's General and Specific Objections, and will produce any responsive non-privileged, non-cumulative and non-duplicative documents that it finds, subject to withholding on other grounds specified herein.

      6.     Vale objects to each document request to the extent it calls for the production of documents or ESI that are not in the possession, custody or control of Vale.  Vale will only produce documents that are within its possession, custody or control.

7.     Vale objects to each document request to the extent it calls for the production of documents, materials or ESI already in the possession of Rio Tinto or otherwise available from public sources, or documents that are on file with the Court.  Such a request is beyond the scope of permissible discovery, would impose an undue burden on Vale, and is an attempt to require Vale to prepare Rio Tinto's case.  Such information, documents, and ESI are as available to Rio Tinto as they are to Vale.  Vale will not produce documents already in the possession of Rio Tinto or otherwise available from public sources, or documents that are on file with the Court.

8.     Vale objects to each document request to the extent it seeks information, documents, or ESI that are protected from disclosure by the attorney-client privilege, the work product doctrine, a joint defense or common interest privilege, any other applicable privilege or immunity from discovery, or whose disclosure is prohibited by any law, regulation or order.

9.     Vale objects to each document request to the extent it seeks any trade secrets or any proprietary or non-public information of a commercially, financially, or personally sensitive nature.  Vale will produce any such non-privileged, relevant and responsive documents and ESI subject to the terms and conditions of the Stipulated Protective Order, Dkt. No. 81, and ESI Protocol, Dkt. No. 82, executed by the parties and approved by the Court.

10.     Vale objects to each document request, definition, and instruction contained in the Document Requests to the extent that any such document request, definition, or instruction contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events and pleadings underlying this action.  The production of any information shall not constitute Vale's agreement with or acquiescence to any such description.

11.     Vale objects to the definition of "Concession" to the extent that definition erroneously implies that half of the Concession – mainly the portion covering Blocks 1 and 2 – was not revoked from Rio Tinto by the Government of Guinea in December 2010.

12.     Vale objects to the definition of "Defendant" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In its letter of June 27, 2014, Plaintiff admitted that BSGR Guinea Ltd. BVI has been dissolved and stated that it was prepared to move forward without serving Mr. Avraham Lev Ran.  Plaintiff's Amended Complaint no longer includes claims against BSGR Guinea Ltd. BVI, Michael Noy, or Mr. Lev Ran.  Nevertheless, each of these entities is still included in Plaintiff's definition of "Defendant" and Vale thus objects to any Request to the extent it seeks information related to such individuals by identifying them as a "Defendant."  Vale will construe the term "Defendant" as used in the Requests not to include BSGR Guinea Ltd. BVI, Michael Noy, or Mr. Lev Ran.

13.     Vale objects to the definition of "VBG" as inaccurate and misleading. The definition erroneously implies that VBG and BSG Resources (Guinea), BSG Resources Guinée Ltd., BSG Resources Guinée SARL, BSG Resources (Guinea) SARL, and BSGR Guinea Ltd. BVI are interchangeable when in fact VBG is a wholly distinct joint venture entered into between Vale and BSGR by agreement announced April 30, 2010, and VBG should not be equated with any BSGR entity.

14.     Vale objects to each document request to the extent it seeks the production of ESI from sources that are not reasonably accessible because of undue burden or cost.

15.     Without waiving any General or Specific Objections, Vale will produce all ESI in the forms specified in the ESI Protocol, Dkt. No. 82, executed by the parties and approved by the Court.

## RESERVATION OF RIGHTS

1.      To the extent that Vale produces documents or ESI in response to the Document Requests, it does so without conceding the admissibility, materiality, or relevance of any such documents or ESI, or of any other substantive responses to the Document Requests.

2.      Vale reserves all objections to the use of these responses and of any documents or ESI it produces.  Vale may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the court.

3.      Vale reserves the right to amend, supplement or withdraw its responses and objections to the Document Requests.

4.      Insofar as the intentional production of any document or ESI by Vale pursuant to the Document Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document or ESI only.  Any inadvertent production of any document or ESI shall be subject to Section X of the Stipulated Protective Order, Dkt. No. 81, executed by the parties and approved by the Court.

5.      Vale reserves the right to redact from the documents it produces any confidential research, development, commercial, financial, trade secret, or personally sensitive information not relevant to the subject matter of this litigation.

## SPECIFIC RESPONSES AND OBJECTIONS

Vale incorporates by reference the foregoing General Objections in each of the following specific responses and objections as if fully set forth therein.  To the extent specific objections appear in the response to a particular request, they so appear because they are particularly applicable to that specific request; this is not to be construed as a waiver or limitation of any General Objection applicable to such request.

**Document Request No. 1**

All Documents and Communications relating to (a) Your interest in acquiring Simandou; (b) the value of Simandou; (c) the quality of iron ore from Simandou; (d) market assessments of Simandou; and (e) Your efforts to acquire Simandou or a portion thereof.

**Response to Document Request No. 1**

In addition to the General Objections, Vale specifically objects to this Request because it is overbroad in time and scope and unduly burdensome and seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.  Specifically, the Request purports to seek information covering a broad range of activities, engaged in by a large number of people, over more than a 10-year time period that is of no relevance to the Complaint.  Vale also objects to this Request on the ground that the phrases "interest in"  and "efforts to acquire" render it vague and ambiguous. Vale further specifically objects to this Request to the extent it seeks trade secrets or proprietary or non-public information of a commercially, financially, or personally sensitive nature.  Vale objects to parts (c) and (d) of this request to the extent they seek publicly available documents or ESI that are as readily available to Plaintiff as to Vale or are already in Plaintiff's possession. Vale objects to this Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing General and Specific Objections, Vale will meet and confer with Rio Tinto regarding the reasonable production of non-privileged documents, if any, regarding its interest, if any, in acquiring Simandou North in 2005 or 2006, its negotiations with Rio Tinto over the potential acquisition of an interest in Simandou dated between May 1, 2008 and June 30, 2009, and its negotiations with BSGR over its joint venture over Simandou Blocks 1 and 2 dated between July 1, 2009 and April 30, 2010.

**Document Request No. 2**

All Documents and Communications by, between, or among any of the Defendants relating to the matters alleged in the Complaint.

**Response to Document Request No. 2**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome, without identifying any specific matters

alleged in the Complaint.  Vale further specifically objects to the definition of "Defendant" and

the reference to "matters alleged in the Complaint" as vague and ambiguous.  Vale objects to this

Request because it seeks documents or ESI protected by the attorney-client privilege and/or the

attorney work product doctrine.  Subject to and without waiving the foregoing General

Objections and Specific Objections, Vale will produce non-privileged documents and

communications by, between, and among Vale and Defendants, if any, regarding Vale's interest

in Simandou, its negotiations with BSGR over its joint venture over Simandou Blocks 1 and 2

dated between July 1, 2009 and April 30, 2010, its documents and communications related to any

payments to any other Defendant prior to April 30, 2010, and submissions to be made in

response to the Government of Guinea's investigation dated between October 30, 2012 and

March 30, 2014.

**Document Request No. 3**

All Documents and Communications concerning a potential joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding its Concession, or a potential acquisition of some or all of Rio Tinto's Concession.

**Response to Document Request No. 3**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome.  Vale objects to this Request because

"potential acquisition of some or all of Rio Tinto's Concession" is vague and ambiguous.  Vale

objects to this Request because it is cumulative and duplicative of Document Request No. 1.

Vale therefore incorporates its objections and responses to Document Request No. 1.  Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale specifically objects to this Request because it seeks documents already in the possession, custody, or control of Plaintiff.  Vale specifically objects to this Request to the extent it implies that the Concession belonged entirely to Rio Tinto during the period at issue in the Complaint because such implication is erroneous.  Vale objects to this Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing General and Specific Objections, Vale will produce non-privileged documents, if any, concerning a potential joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding the Concession, or a potential acquisition of some or all of the Concession from Rio Tinto that are dated between May 1, 2008 and June 30, 2009.

## Document Request No. 4

All Documents and Communications prepared, collected, reviewed, or considered in the course of evaluating Rio Tinto's Concession or negotiating an arrangement or transaction with Rio Tinto regarding the Concession.

## Response to Document Request No. 4

In addition to the General Objections, Vale specifically objects to this Request because it is overbroad in time and scope and unduly burdensome and because "Rio Tinto's Concession," "prepared" or "considered" as well as "an arrangement or transaction with Rio Tinto regarding the Concession" are vague and ambiguous.  Rio Tinto itself contends that more than 60 individuals may have accessed the Rio Tinto Data Room over a period of seven months in order to review and negotiate a potential transaction with Rio Tinto regarding the Concession.  Vale specifically objects to this Request because it seeks information that is not relevant to any party's

9

claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the

discovery of admissible evidence.  Vale objects to this Request because it is cumulative and

duplicative of Requests Nos. 1 and 3.  Vale therefore incorporates its objections and responses to

Requests Nos. 1 and 3.  Vale also specifically objects to this Request to the extent it implies that

the Concession belonged entirely to Rio Tinto during the period at issue in the Complaint

because such implication is erroneous.  Vale further objects to this Request because it seeks

documents already in the possession, custody, or control of Plaintiff.  Vale objects to this

Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or

the attorney work product doctrine.  Subject to and without waiving the foregoing General and

Specific Objections, Vale will meet and confer regarding the reasonable production of non-

privileged documents, if any, regarding its negotiations with Rio Tinto concerning a potential

joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding

the Concession, or a potential acquisition of some or all of the Concession from Rio Tinto that

are dated between May 1, 2008 and June 30, 2009.

**Document Request No. 5**

All Documents and Communications concerning internal and external communications
discussing, summarizing, or otherwise concerning the Documents reviewed in evaluating Rio
Tinto's Concession or negotiating an arrangement or transaction with Rio Tinto regarding the
Concession.

**Response to Document Request No. 5**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope, and unduly burdensome, including by referring to "Rio Tinto's

Concession" and to "internal and external communications" "otherwise concerning" Documents

reviewed during the negotiations.  Vale objects to this Request because it is cumulative and

duplicative of Requests Nos. 1, 3, and 4.  Vale therefore incorporates its objections and

responses to Requests Nos. 1, 3, and 4.  Vale specifically objects to this Request because it seeks

information that is not relevant to any party's claims or defenses, or that, if relevant, is neither

admissible nor calculated to lead to the discovery of admissible evidence.  Vale also specifically

objects to this Request to the extent it implies that the Concession belonged entirely to Rio Tinto

during the period at issue in the Complaint because such implication is erroneous.  Vale objects

to this Request to the extent it seeks documents or ESI protected by the attorney-client privilege

and/or the attorney work product doctrine.  Subject to and without waiving the foregoing General

and Specific Objections, Vale will meet and confer regarding the reasonable production of non-

privileged documents, if any, regarding its negotiations with Rio Tinto concerning a potential

joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding

the Concession, or a potential acquisition of some or all of the Concession from Rio Tinto that

are dated between May 1, 2008 and June 30, 2009.

**Document Request No. 6**

All Documents and Communications concerning the preparation for and attendance at meetings
or discussions with Rio Tinto regarding the Concession, including travel to New York and
Guinea to evaluate the Concession, or negotiate an arrangement or transaction with Rio Tinto
regarding the Concession, and any related correspondence.

**Response to Document Request No. 6**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome because any related "travel" is irrelevant to

Rio Tinto's claims.  Vale objects to this Request because "the preparation for and attendance at

meetings or discussions" as well as "negotiate an arrangement or transaction" is vague and

ambiguous.  Vale objects to this Request to the extent it is cumulative and duplicative of

Requests Nos. 1 and 3 through 5.  Vale therefore incorporates its objections and responses to

Requests Nos. 1 and 3 through 5.  Vale specifically objects to this Request because it seeks

information that is not relevant to any party's claims or defenses, or that, if relevant, is neither

admissible nor calculated to lead to the discovery of admissible evidence.  Vale objects to this

Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or

the attorney work product doctrine.  Subject to and without waiving the foregoing General and

Specific Objections, Vale will meet and confer regarding a reasonable production of non-

privileged documents, if any, regarding its negotiations with Rio Tinto concerning a potential

joint venture, partnership, investment agreement, or other arrangement with Rio Tinto regarding

the Concession, or a potential acquisition of some or all of the Concession from Rio Tinto that

are dated between May 1, 2008 and June 30, 2009.

**Document Request No. 7**
All Documents and Communications concerning Your views, opinions, analyses, and
conclusions regarding the validity of Rio Tinto's Concession.

**Response to Document Request No. 7**
In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome.  Vale objects to this Request because

"views, opinions, analyses, and conclusions" as well as "the validity of Rio Tinto's Concession"

are vague and ambiguous.  Vale objects to this Request to the extent it is cumulative and

duplicative of Requests Nos. 1 and 3 through 6.  Vale therefore incorporates its objections and

responses to Requests Nos. 1 and 3 through 6.  Vale specifically objects to this Request because

it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is

neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale also

specifically objects to this Request to the extent it implies that the Concession belonged entirely

to Rio Tinto during the period at issue in the Complaint because such an implication is

erroneous.  Vale objects to this Request because it seeks documents or ESI protected by the

attorney-client privilege and/or the attorney work product doctrine.  Subject to and without

waiving the foregoing General and Specific Objections, Vale will meet and confer regarding the

reasonable  production of non-privileged documents, if any, regarding Vale's assessment of

whether Rio Tinto's Concession was still valid after the Government of Guinea revoked that

Concession in December 2008 and whether it still had any claim to that Concession in the

context of its negotiations with BSGR over the joint venture dated between May 1, 2008 and

April 30, 2010.

**Document Request No. 8**

All Documents and Communications prepared, collected, reviewed, or considered in the course of determining the price You offered to pay for Rio Tinto's Concession prior to gaining access to the Rio Tinto Data Room.

**Response to Document Request No. 8**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome, since it would cover, among other things,

any general market information and any other research Vale may have gathered, generated or

considered over ten years to assess the value of Simandou unrelated to its negotiations with Rio

Tinto or BSGR.  Vale objects to this Request because it is cumulative and duplicative of

Requests Nos. 1 and 3 through 7.  Vale therefore incorporates its objections and responses to

Requests Nos. 1 and 3 through 7.  Vale specifically objects to this Request because it seeks

information that is not relevant to any party's claims or defenses, or that, if relevant, is neither

admissible nor calculated to lead to the discovery of admissible evidence.  Vale specifically

objects to this Request to the extent it seeks trade secrets or proprietary or non-public

information of a commercially, financially, or personally sensitive nature.  Vale also objects to

the language "for Rio Tinto's Concession," "prepared," "collected" and "considered" as being

vague and ambiguous.  Vale objects to this Request to the extent it seeks documents or ESI

protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to

and without waiving the foregoing General and Specific Objections, Vale will produce non-

privileged documents, if any, regarding the price it offered to pay Rio Tinto for its interest in

Simandou prior to gaining access to the Rio Tinto Data Room.

## Document Request No. 9

All Documents and Communications concerning the decision to cease negotiating the joint
venture, partnership, investment agreement, or other arrangement regarding Rio Tinto's
Concession.

## Response to Document Request No. 9

In addition to the General Objections, specifically objects to this Request because it is overbroad

in time and scope and unduly burdensome.  Vale objects to this Request because it is cumulative

and duplicative of Requests Nos. 1, 3, and 4.  Vale therefore incorporates its objections and

responses to Requests Nos. 1, 3, and 4.  Vale specifically objects to this Request because it seeks

information that is not relevant to any party's claims or defenses, or that, if relevant, is neither

admissible nor calculated to lead to the discovery of admissible evidence.  Vale also specifically

objects to this Request to the extent it implies that the Concession belonged entirely to Rio Tinto

during the period at issue in the Complaint because such implication is erroneous.  Vale also

objects to this Request to the extent it implies that the decision to cease negotiations was made

by Vale rather than Rio Tinto because such implication is erroneous.  Vale further objects to this

Request because it seeks documents already in the possession, custody, or control of Plaintiff.

Vale also objects to the language "regarding Rio Tinto's Concession" as being vague and

ambiguous.  Vale objects to this Request to the extent it seeks documents or ESI protected by the

attorney-client privilege and/or the attorney work product doctrine.  Subject to and without

waiving the foregoing General and Specific Objections, Vale will meet and confer regarding

reasonable production of non-privileged documents, if any, regarding the decision by Rio Tinto

to cease negotiating any joint venture, partnership, investment agreement, or other arrangement

regarding Rio Tinto's Concession.

14

**Document Request No. 10**

All Documents and Communications concerning any meetings or discussions with Rio Tinto regarding Rio Tinto's Concession.

**Response to Document Request No. 10**

In addition to the General Objections, Vale specifically objects to this Request because it is overbroad in time and scope and unduly burdensome, including because it could include a large number of meetings or other informal discussions that spanned ongoing negotiations over nearly a year.  Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 1, 3, 5, and 6.  Vale therefore incorporates its objections and responses to Requests Nos. 1, 3, 5, and 6.  Vale also specifically objects to this Request to the extent it implies that the Concession belonged entirely to Rio Tinto during the period at issue in the Complaint because such implication is erroneous.  Vale also objects to the language "regarding Rio Tinto's Concession" as being vague and ambiguous.  Vale objects to this Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing General and Specific Objections, Vale will meet and confer regarding a reasonable production of non-privileged documents, if any, regarding meetings held between Rio Tinto and Vale in New York as specifically referenced in the Amended Complaint from November 2008 until June 2009.

**Document Request No. 11**

All Documents and Communications between You and any Defendant regarding Rio Tinto's Concession.

**Response to Document Request No. 11**

In addition to the General Objections, Vale specifically objects to this Request because it is overbroad in time and scope and unduly burdensome, including because it does not limit in any way the subject of such communication beyond "Rio Tinto's Concession."   Vale objects to the extent this Request implies that the Concession belonged entirely to Rio Tinto during the period

15

at issue in the Complaint because that implication is erroneous.  Vale specifically objects to this

Request because it seeks information that is not relevant to any party's claims or defenses, or

that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible

evidence.  Vale further objects that the definition of "Defendant" and the phrase "regarding Rio

Tinto's Concession" are both vague and ambiguous.  Vale objects to this Request to the extent it

seeks documents or ESI protected by the attorney-client privilege and/or the attorney work

product doctrine.  Subject to and without waiving the foregoing General and Specific Objections,

Vale will meet and confer regarding a reasonable production of non-privileged documents, if

any, regarding Documents and Communications between Vale and other Defendants regarding

the Concession prior to the Government of Guinea's decision to revoke that Concession in

December 2008.

## Document Request No. 12

All Documents and Communications concerning the materials, information, documents, and
other data You reviewed in the Rio Tinto Data Room, including, Documents concerning:
geology, mining, transport, modeling and mapping, resource estimates, exploration data, suitable
mining methods, drilling operations, processing, logistics, the Transguinean Railway, any
Guinean passenger rail, the usage of railways and ports in Liberia, and/or the confidential nature
of the Data Room Materials.

## Response to Document Request No. 12

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome because Plaintiff already knows the

materials, information, documents and other data that Vale reviewed in the Rio Tinto Data Room

and because the request for all documents and communications concerning all materials,

information documents and other data Vale reviewed in the Rio Tinto Data Room is overly

broad.  Vale objects to this Request to the extent it is cumulative and duplicative of Requests

Nos. 1, 3, 4, and 6.  Vale therefore incorporates its objections and responses to Requests Nos. 1,

3, 4, and 6.  Vale further objects to this Request because it seeks documents already in the

16

possession, custody, or control of Plaintiff.  Vale objects to this Request to the extent it seeks

documents or ESI protected by the attorney-client privilege and/or the attorney work product

doctrine.  Subject to and without waiving the foregoing General and Specific Objections, Vale

will meet and confer regarding the reasonable production of non-privileged documents, if any,

that are responsive to a Request for specific information or documents that Rio Tinto alleges

Vale used or divulged contrary to the terms of the Confidentiality Deed.

**Document Request No. 13**

All Documents and Communications concerning any Communication regarding Simandou
between Your directors, officers, employees, representatives, agents, or consultants and (a) any
Defendant; (b) Ibrahaim Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler
Holdings; (f) Nysco Management Corporation; (g) The Beny Steinmetz Group; (h) Onyx
Financial Advisors; (i) Matinda and Co. Limited; (j) Marc Struik; (k) Yossie Tchelet; (l) Dag
Cramer; (m) Sandra Merloni-Horemans; (n) David Trafford; (o) Asher Avidan; and/or (p)
Patrick Saada.

**Response to Document Request No. 13**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope, and unduly burdensome.  Vale would have had numerous

communications with, among others, BSGR after the two signed the Vale-BSGR Agreement and

there would be numerous documents that concern communications between, *inter alia*, Vale and

BSGR after that date.  The Request is therefore overly broad and burdensome and calls for

information not relevant to any claim or defense.  Vale objects to this Request because it is

cumulative and duplicative of Request No. 11.  Vale therefore incorporates its objections and

responses to Request No. 11.  Vale also specifically objects to the definition of "Defendant" and

to "representatives, agents, or consultants" as vague and ambiguous.  Vale objects to this

Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or

the attorney work product doctrine.  Subject to and without waiving the foregoing General and

Specific Objections, Vale will meet and confer regarding the reasonable production of non-

17

privileged documents, if any, regarding its negotiations with BSGR regarding a joint venture

concerning Simandou Blocks 1 and 2 from May 1, 2008 until April 30, 2010 (which covers the

time period of both its negotiations with Rio Tinto, and its later negotiations with BSGR

concerning Simandou).

## Document Request No. 14

All Documents and Communications concerning any internal or external Communication among Your directors, officers, employees, representatives, agents, consultants, and/or any third party, relating to Simandou and concerning (a) any Defendant; (b) Ibrahaim Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler Holdings; (f) Nysco Management Corporation; (g) The Beny Steinmetz Group; (h) Onyx Financial Advisors; (i) Matinda and Co. Limited; (j) Marc Struik; (k) Yossie Tchelet; (l) Dag Cramer; (m) Sandra Merloni-Horemans; (n) David Trafford; (o) Asher Avidan; and/or (p) Patrick Saada.

## Response to Document Request No. 14

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope, vague and ambiguous, and unduly burdensome.  Vale objects to

this Request because it is cumulative and duplicative of Requests Nos. 11 and 13.  Vale therefore

incorporates its objections and responses to Requests Nos. 11 and 13.  Vale specifically objects

to this Request because it seeks information that is not relevant to any party's claims or defenses,

or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible

evidence.  Vale also specifically objects to the definition of "Defendant" and to "representatives,

agents, or consultants" as vague and ambiguous.  Vale objects to this Request to the extent it

seeks documents or ESI protected by the attorney-client privilege and/or the attorney work

product doctrine.  Subject to and without waiving the foregoing General and Specific Objections,

Vale will meet and confer regarding the reasonable production of non-privileged documents, if

any, regarding its negotiations with BSGR regarding a joint venture concerning Simandou

Blocks 1 and 2 from May 1, 2008 until April 30, 2010.

18

**Document Request No. 15**

All Documents and Communications concerning any transfer of any gifts or anything else of value, including the origin and destination of wire transfers, cash payments, and any other payments, between You and (a) any Defendant; (b) Ibrahaim Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler Holdings; (f) Nysco Management Corporation; (g) The Beny Steinmetz Group; (h) Onyx Financial Advisors; (i) Matinda and Co. Limited; (j) Marc Struik; (k) Yossie Tchelet; (l) Dag Cramer; (m) Sandra Merloni-Horemans; (n) David Trafford; (o) Asher Avidan; and/or (p) Patrick Saada.

**Response to Document Request No. 15**

In addition to the General Objections, Vale specifically objects to this Request because it is overbroad in time and scope, and unduly burdensome.  Vale objects to this Request to the extent it is cumulative and duplicative of Requests Nos. 11, 13, and 14.  Vale therefore incorporates its objections and responses to Requests Nos. 11, 13, and 14.  Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale also specifically objects to the definition of "Defendant" as vague and ambiguous and to this Request on the ground that the phrase "any transfer of any gifts or anything else of value" renders it vague and ambiguous.  Vale objects to this Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing Specific and General Objections, Vale will produce non-privileged documents, if any, regarding the payment of consideration to any individual Defendant, any other individual listed in this Request, Pentler Holdings, Nysco Management Corporation, Onyx Financial Advisors, and/or Matinda and Co. Limited.

**Document Request No. 16**

All Documents and Communications concerning any transfer of any gifts or anything else of value, including the origin and destination of wire transfers, cash payments, and any other payments, between any Defendant and (a) any Defendant; (b) Ibrahaim Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler Holdings; (f) Nysco Management Corporation; (g) The

Beny Steinmetz Group; (h) Onyx Financial Advisors; (i) Matinda and Co. Limited; (j) Marc Struik; (k) Yossie Tchelet; (l) Dag Cramer; (m) Sandra Merloni-Horemans; (n) David Trafford; (o) Asher Avidan; and/or (p) Patrick Saada.

**Response to Document Request No. 16**

In addition to the General Objections, Vale specifically objects to this Request because it is overbroad in time and scope and unduly burdensome.  Vale objects to this Request to the extent it is cumulative and duplicative of Request No. 15.  Vale therefore incorporates its objections and responses to Request No. 15.  Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale also specifically objects to the definition of "Defendant" as vague and ambiguous and to this Request on the ground that the phrase "any transfer of any gifts or anything else of value" renders it vague and ambiguous.  Vale objects to this Request to the extent it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing Specific and General Objections, Vale will produce non-privileged documents, if any, regarding the payment of consideration to any individual Defendant, any other individual listed in this Request, Pentler Holdings, Nysco Management Corporation, Onyx Financial Advisors, and/or Matinda and Co. Limited.

**Document Request No. 17**

All Documents and Communications discussing information, statements, allegations or rumors of bribery and/or corruption by BSGR and/or Steinmetz.

**Response to Document Request No. 17**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale also specifically objects to the definition of "allegations or rumors of bribery" as vague and ambiguous.  Vale specifically objects to this Request because it seeks information that is not

20

relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated

to lead to the discovery of admissible evidence.  Vale objects to this Request because it seeks

documents or ESI protected by the attorney-client privilege and/or the attorney work product

doctrine.  Subject to and without waiving the foregoing Specific and General Objections, Vale

will produce non-privileged documents, if any, regarding any payments or bribes alleged by Rio

Tinto to have been made by BSGR or Steinmetz prior to Vale entering into its joint venture with

BSGR on April 30, 2010.

**Document Request No. 18**

All Documents and Communications concerning BSGR's and Steinmetz's interest in, or desire
to gain an interest in, Rio Tinto's Concession.

**Response to Document Request No. 18**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome.  Vale specifically objects to this Request

because it seeks information that is not relevant to any party's claims or defenses, or that, if

relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.

Vale also objects to this Request on the ground that the phrases "interest in" and "Rio Tinto's

Concession" render it vague and ambiguous.  Subject to and without waiving the foregoing

General and Specific Objections, Vale will meet and confer regarding the reasonable production

of non-privileged documents, if any, responsive to this Request dated between May 1, 2008 and

June 30, 2009.

**Document Request No. 19**

All Documents and Communications concerning information, statements, allegations or rumors
that Steinmetz and/or BSGR was looking for a partner to invest in and help develop Blocks 1 and
2 of Simandou.

**Response to Document Request No. 19**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome, including by

seeking information related to Steinmetz's or BSGR's potential partners in Simandou other than

Vale.  Vale also specifically objects to the definition of "allegations or rumors of bribery" as

vague and ambiguous.  Vale specifically objects to this Request because it seeks information that

is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

foregoing General and Specific Objections, Vale will meet and confer regarding a reasonable

production of non-privileged documents, if any, regarding its negotiations with BSGR

concerning its joint venture over Simandou Blocks 1 and 2 dated between May 1, 2008 and April

30, 2010.

**Document Request No. 20**

All Documents and Communications You prepared, collected, reviewed, or considered in the
course of considering, evaluating, negotiating, and performing due diligence on a joint venture,
partnership, investment agreement, or other arrangement with BSGR, Steinmetz, or both,
regarding Simandou.

**Response to Document Request No. 20**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope, and unduly burdensome, seeking information Vale may have

obtained in its due diligence on a joint venture that is entirely unrelated to Rio Tinto's claims in

this case.  Vale also specifically objects to this Request because "prepared," "collected," and

"considered" are vague and ambiguous.  Vale specifically objects to this Request because it

seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is

neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale objects to

this Request to the extent it seeks documents or ESI protected by the attorney-client privilege

22

and/or the attorney work product doctrine.  Subject to and without waiving the foregoing General

and Specific Objections, Vale will produce non-privileged documents, if any, regarding its

negotiations with BSGR concerning its joint venture over Simandou Blocks 1 and 2 dated

between May 1, 2008 and April 30, 2010.

**Document Request No. 21**

All Documents and Communications concerning internal and external communications
discussing, summarizing, or otherwise concerning the Documents reviewed in the course, of
considering, evaluating, negotiating, and performing due diligence on a joint venture,
partnership, investment agreement, or other arrangement with BSGR, Steinmetz, or both,
regarding Simandou.

**Response to Document Request No. 21**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope, and unduly burdensome, including by referring to "internal and

external communications" "otherwise concerning" all Documents Vale reviewed, summarized or

discussed in its due diligence on a joint venture with BSGR that is entirely unrelated to Rio

Tinto's claims in this case.  Vale objects to this Request because it is cumulative and duplicative

of Request No. 20.  Vale therefore incorporates its objections and responses to Request No. 20.

Vale specifically objects to this Request because it seeks information that is not relevant to any

party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the

discovery of admissible evidence.  Vale specifically objects to this Request to the extent it seeks

trade secrets or proprietary or non-public information of a commercially, financially, or

personally sensitive nature.  Vale objects to this Request to the extent it seeks documents or ESI

protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to

and without waiving the foregoing General and Specific Objections, Vale will meet and confer

regarding the particular Documents or category of Documents that Rio Tinto claims Vale

reviewed or considered.

**Document Request No. 22**

All Documents and Communications concerning any due diligence conducted by Cleary Gottlieb Steen & Hamilton LLP in connection with the Vale-BSGR Transaction.

**Response to Document Request No. 22**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope, and unduly burdensome. Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Vale objects to this Request because it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing Specific and General Objections, Vale states that it has no documents responsive to this Request in its custody, possession or control, because Cleary Gottlieb Steen & Hamilton was not engaged to conduct due diligence on behalf of Vale in connection with the Vale-BSGR Transaction.

**Document Request No. 23**

All Documents and Communications concerning any due diligence conducted by Clifford Chance LLP in connection with the Vale-BSGR Transaction.

**Response to Document Request No. 23**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope, and unduly burdensome, seeking information Vale may have obtained in its due diligence on a joint venture that is entirely unrelated to Rio Tinto's claims that Vale obtained information from Rio Tinto and provided it to BSGR in furtherance of a RICO enterprise. Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Vale objects to this Request because it seeks documents or ESI protected by the attorney-client privilege and/or

24

the attorney work product doctrine.  Vale objects to this Request because it is cumulative and

duplicative of Requests Nos. 20 and 21.  Vale therefore incorporates its objections and responses

to Requests Nos. 20 and 21.  Subject to and without waiving the foregoing General and Specific

Objections, Vale will produce non-privileged documents, if any, that are responsive to this

Request.

**Document Request No. 24**

All Documents and Communications concerning any due diligence conducted by Nardello & Co.
in connection with the Vale-BSGR Transaction.

**Response to Document Request No. 24**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale specifically

objects to this Request because it seeks information that is not relevant to any party's claims or

defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of

admissible evidence.  Vale objects to this Request because it seeks documents or ESI protected

by the attorney-client privilege and/or the attorney work product doctrine.  Vale objects to this

Request because it is cumulative and duplicative of Requests Nos. 20 and 21.  Vale therefore

incorporates its objections and responses to Requests Nos. 20 and 21.  Subject to and without

waiving the foregoing General and Specific Objections, Vale will produce non-privileged

documents, if any, that are responsive to this Request.

**Document Request No. 25**

All Documents and Communications concerning any due diligence conducted by any third
parties in connection with the Vale-BSGR Transaction.

**Response to Document Request No. 25**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome, including by

failing to identify any such third parties.  Vale specifically objects to this Request because it

seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is

neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale further

objects to this Request because it seeks documents or ESI in the possession of third parties and

not in Vale's possession, custody, or control.  Vale objects to this Request because it seeks

documents or ESI protected by the attorney-client privilege and/or the attorney work product

doctrine. Subject to and without waiving the foregoing General and Specific Objections, Vale

will produce non-privileged documents, if any, that are responsive to this Request.

**Document Request No. 26**

All Documents and Communications concerning Your anti-corruption policies, training, and
procedures, and any efforts to comply with any of the foregoing regarding Simandou.

**Response to Document Request No. 26**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale specifically

objects to this Request because it seeks information that is not relevant to any party's claims or

defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of

admissible evidence, specifically since Rio Tinto's Amended Complaint does not allege that

Vale engaged in any corruption regarding Simandou. Vale objects to this Request to the extent it

seeks documents or ESI protected by the attorney-client privilege and/or the attorney work

product doctrine.  Vale also objects to this Request on the ground that the phrase "regarding

Simandou" renders it vague and ambiguous.  In light of the foregoing Specific and General

Objections, Vale will not produce documents responsive to this Request.

**Document Request No. 27**

All Documents and Communications concerning a purported lawsuit being brought in the High
Court of London against Rio Tinto, George Soros and Global Witness relating to Simandou, as
reported on June 1, 2014 by The Sunday Times.

**Response to Document Request No. 27**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope, and unduly burdensome, including because Vale is not a party to

this purported lawsuit.  Vale specifically objects to this Request because it seeks information that

is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor

calculated to lead to the discovery of admissible evidence.  Vale further objects to this Request to

the extent it seeks publicly available documents or ESI, which are as readily available to Plaintiff

as to Vale, and Vale otherwise states it has no such documents.  In light of the foregoing Specific

and General Objections, Vale will not produce documents responsive to this Request.

**Document Request No. 28**

All Documents and Communications concerning the preparation for and attendance at meetings
or discussions involving You and BSGR, Steinmetz, or both, regarding Simandou, and any
related correspondence.

**Response to Document Request No. 28**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome, including by failing to identify any such

specific meetings.  Vale also objects to this Request because "the preparation for and attendance

at meetings or discussions" is vague and ambiguous.  Vale objects to this Request because it is

cumulative and duplicative of Requests Nos. 1, 20, and 21.  Vale therefore incorporates its

objections and responses to Requests Nos. 1, 20, and 21.  Vale specifically objects to this

Request because it seeks information that is not relevant to any party's claims or defenses, or

that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible

evidence.  Vale objects to this Request to the extent it seeks documents or ESI protected by the

attorney-client privilege and/or the attorney work product doctrine.  Vale specifically objects to

this Request to the extent it seeks trade secrets or proprietary or non-public information of a

commercially, financially, or personally sensitive nature. Subject to and without waiving the foregoing General and Specific Objections, Vale will meet and confer regarding the reasonable production of non-privileged documents regarding its negotiations with BSGR concerning its joint venture over Simandou Blocks 1 and 2 dated between May 1, 2008 and April 30, 2010.

## Document Request No. 29

All Documents and Communications prepared in connection with the execution of the Vale-BSGR Transaction.

## Response to Document Request No. 29

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope and unduly burdensome, since it would cover any documents or drafts ever prepared in the context of the Vale-BSGR Transaction. Vale objects to this Request because "prepared in connection with the execution" is vague and ambiguous. Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 1, 20, 21, and 28. Vale therefore incorporates its objections and responses to Requests Nos. 1, 20, 21, and 28. Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Vale objects to this Request because it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing General and Specific Objections, Vale will produce executed copies of the Shareholders' Agreement and Framework Agreement executed in connection with the Vale-BSGR Transaction.

## Document Request No. 30

All Documents and Communications concerning the retention of and/or termination of Clifford Chance LLP, Cleary Gottlieb Steen & Hamilton LLP, and/or Nardello &. Co. in the Vale-BSGR Transaction.

**Response to Document Request No. 30**

In addition to the General Objections, Vale specifically objects to this Request because it is

cumulative and duplicative of Requests Nos. 22 through 24.  Vale therefore incorporates its

objections and responses to Requests Nos. 22 through 24.  Vale specifically objects to this

Request because it seeks information that is not relevant to any party's claims or defenses, or

that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible

evidence.  Vale also objects on the ground that Vale did not retain or terminate Nardello & Co.

Vale objects to this Request because it seeks documents or ESI protected by the attorney-client

privilege and/or the attorney work product doctrine.  In light of the foregoing Specific and

General Objections, Vale will not produce documents responsive to this Request.

**Document Request No. 31**

All Documents and Communications concerning travel in connection with the consideration,
evaluation, negotiation, or execution of the Vale-BSGR Transaction, including any itineraries,
records or receipts in connection to the same.

**Response to Document Request No. 31**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome.  Vale specifically objects to this Request

because it seeks information that is not relevant to any party's claims or defenses, or that, if

relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.

Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 20, 21, 28,

and 29.  Vale therefore incorporates its objections and responses to Requests Nos. 20, 21, 28, and

29.  In light of the foregoing Specific and General Objections, Vale will not produce documents

responsive to this Request.

**Document Request No. 32**

All Documents and Communications concerning travel in connection with the consideration,
evaluation, or negotiation of a potential joint venture, partnership, investment agreement, or

29

other arrangement with Rio Tinto regarding its Concession, or a potential acquisition of some or all of Rio Tinto's Concession, including any itineraries, records or receipts in connection to the same.

**Response to Document Request No. 32**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale also specifically objects to this Request to the extent it implies that the Concession belonged entirely to Rio Tinto during the period at issue in the Complaint because such implication is erroneous.  Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 3 and 10.  Vale therefore incorporates its objections and responses to Requests Nos. 3 and 10.  In light of the foregoing Specific and General Objections, Vale will not produce documents responsive to this Request.

**Document Request No. 33**

All Documents and Communications shared with BSGR, Steinmetz, or both, taken from, based on, derived from, or relating to any Document in the Rio Tinto Data Room.

**Response to Document Request No. 33**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous and overbroad in time and scope.  Vale also objects to this Request on the ground that the phrases "shared with," "based on," "derived from," and "relating to" render this Request overly broad in scope and unduly burdensome.  Subject to and without waiving the foregoing Specific and General Objections, Vale will meet and confer regarding the reasonable production of non-privileged documents, if any, responsive to this Request dated between November 24, 2008 and June 30, 2009.

**Document Request No. 34**

All Documents and Communications concerning Your consideration of whether to share documents from the Rio Tinto Data Room with BSGR and/or Steinmetz.

**Response to Document Request No. 34**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous and overbroad in time and scope.  Vale also objects to this Request on the

ground that the phrases "Your consideration." "documents from the Rio Tinto Data Room" and

"to share" render it vague and ambiguous.  Subject to and without waiving the foregoing Specific

and General Objections, Vale will meet and confer regarding a reasonable production of non-

privileged documents, if any, responsive to this Request dated between November 24, 2008 and

June 30, 2009.

**Document Request No. 35**

All Documents and Communications concerning what You shared with BSGR and/or Steinmetz from the Rio Tinto Data Room.

**Response to Document Request No. 35**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous and overbroad in time and scope.   Vale also objects to this Request on the

ground that the phrases "shared with," "from the Rio Tinto Data Room"  render it vague and

ambiguous.  Subject to and without waiving the foregoing Specific and General Objections, Vale

will meet and confer regarding the reasonable production of non-privileged documents, if any,

limited to Documents shared with BSGR dated between November 24, 2008 and June 30, 2009.

**Document Request No. 36**

All Documents and Communications concerning the transfer of money between Vale and BSGR in connection with the Vale-BSGR Transaction, including the origin and destination of wire transfers, cash payments, and any other payments.

**Response to Document Request No. 36**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope and unduly burdensome.  Vale objects to this

31

Request because it is cumulative and duplicative of Request No. 29.  Vale therefore incorporates

its objections and response to Request No. 29.  Vale specifically objects to this Request because

it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is

neither admissible nor calculated to lead to the discovery of admissible evidence.  In light of the

foregoing Specific and General Objections, Vale will not produce documents responsive to this

Request.

## Document Request No. 37

All Documents and Communications concerning Fabio Barbosa's involvement with Simandou,
the Vale-BSGR Transaction, and the circumstances under which he resigned from Vale.

## Response to Document Request No. 37

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale specifically

objects to this Request because it seeks information that is not relevant to any party's claims or

defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of

admissible evidence.  Vale objects to this Request to the extent it seeks documents or ESI

protected by the attorney-client privilege and/or the attorney work product doctrine.  In light of

the foregoing Specific and General Objections, Vale will not produce documents responsive to

this Request.

## Document Request No. 38

All Documents and Communications concerning Roger Agnelli's departure from Vale that
mentions Simandou, the Vale-BSGR Transaction, BSGR, or Steinmetz.

## Response to Document Request No. 38

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale specifically

objects to this Request because it seeks information that is not relevant to any party's claims or

defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of

admissible evidence.  Vale objects to this Request to the extent it seeks documents or ESI

protected by the attorney-client privilege and/or the attorney work product doctrine.  In light of

the foregoing Specific and General Objections, Vale will not produce documents responsive to

this Request.

### Document Request No. 39

All Documents and Communications concerning whether BSGR's rights to Blocks 1 and 2 might
be subject to rescission or annulment.

### Response to Document Request No. 39

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale specifically

objects to this Request because it seeks information that is not relevant to any party's claims or

defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of

admissible evidence.  Vale objects to this Request to the extent it seeks documents or ESI

protected by the attorney-client privilege and/or the attorney work product doctrine.  In light of

the foregoing Specific and General Objections, Vale will not produce documents responsive to

this Request.

### Document Request No. 40

All Documents and Communications concerning the Vale Day presentation Vale made regarding
Simandou on October 18, 2010, including drafts and supporting documentation for the
presentation, and transcripts from the meeting.

### Response to Document Request No. 40

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome.  Vale objects to this Request because it

seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is

neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale further

objects to this Request because it seeks publicly available documents or ESI, which are as readily

available to Plaintiff as to Vale, and to the extent those documents already in the possession,

custody, or control of Plaintiff.  Vale further specifically objects to this Request to the extent it

seeks trade secrets or proprietary or non-public information of a commercially, financially, or

personally sensitive nature.  Subject to and without waiving the foregoing Specific and General

Objections, Vale will produce non-privileged, non-public documents, if any, responsive to this

Request.

### Document Request No. 41

All Documents and Communications concerning or exchanged with any governmental entity including the Government of Guinea (and the CTRTCM), the United Kingdom's Serious Fraud Office, the U.S.'s Department of Justice, Securities and Exchange Commission, or Internal Revenue Service, France, and Switzerland regarding Simandou and the Vale-BSGR Transaction.

### Response to Document Request No. 41

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope and unduly burdensome, including in the use

of the phrase "any governmental entity," the Internal Revenue Service, and by seeking any

information regarding Simandou without limitation to time or any specific area.  Vale objects to

this Request because it seeks to reveal information that is protected from disclosure by

governmental secrecy rules and privileges covering communications with governmental entities.

Vale specifically objects to this Request because it seeks information that is not relevant to any

party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the

discovery of admissible evidence.  Vale objects to this Request to the extent it seeks documents

or ESI protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Vale will produce

non-privileged Documents it exchanged with the Government of Guinea (and the CTRTCM), the

United Kingdom's Serious Fraud Office, the U.S.'s Department of Justice, Securities and

Exchange Commission, regarding allegations of corruption by BSGR with respect to Simandou.

34

**Document Request No. 42**

All Documents and Communications concerning Simandou and the Vale-BSGR Transaction provided or produced to any governmental entity, including the Government of Guinea (and the CTRTCM), the United Kingdom's Serious Fraud Office, the U.S.'s Department of Justice, Securities and Exchange Commission, or Internal Revenue Service, France, and Switzerland.

**Response to Document Request No. 42**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope, and unduly burdensome, including in the use of the phrase "any governmental entity," the Internal Revenue Service, and by seeking any information "concerning Simandou" without limitation to time or any specific area. Vale objects to this Request because it is cumulative and duplicative of Request No. 41. Vale therefore incorporates its objections and responses to Request No. 41. Vale specifically objects to this Request because it seeks to reveal information that is protected from disclosure by governmental secrecy rules and privileges covering communications with governmental entities. Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Vale objects to this Request because it seeks documents or ESI protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing General and Specific Objections, Vale will produce non-privileged Documents concerning Simandou and the Vale-BSGR Transaction it exchanged with the Government of Guinea (and the CTRTCM), the United Kingdom's Serious Fraud Office, the U.S.'s Department of Justice, Securities and Exchange Commission regarding allegations of bribery and corruption by BSGR with respect to Simandou.

**Document Request No. 43**

All Documents and Communications exchanged between and among any Vale director, officer, employee, representative, agent, or consultant, or between any of the foregoing and any third party, regarding the destruction of documents relating to (a) any Defendant; (b) Simandou; (e)

the Zogota Project; (d) the Vale-BSGR Transaction; (e) the Government of Guinea (and the CTRTCM), its departments, agencies or instrumentalities; (f) any official, director, employee, agent, or representative of the Government of Guinea, its departments, agencies, or instrumentalities; (g) Rio Tinto; (h) Pentler Holdings; (i) Nysco Management Corporation; (j) The Betty Steinmetz Group; (k) Onyx Financial. Group; and/or (I) Matinda and Co. Limited.

**Response to Document Request No. 43**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope, and unduly burdensome.  Vale specifically

objects to this Request because it seeks information that is not relevant to any party's claims or

defenses, including that any request related to the Zogota Project is not relevant to any party's

claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the

discovery of admissible evidence.  Vale specifically objects to the definition of "Defendants,"

the reference to "representative, agents, or consultants," and "the destruction of documents" as

vague and ambiguous.  Subject to and without waiving the foregoing Specific and General

Objections, Vale will produce non-privileged documents, if any, regarding its document

retention policies.


**Document Request No. 44**

All Documents and Communications relating to Simandou concerning geological data, studies, analyses, plans, or other documentation prepared, provided to or received by You.

**Response to Document Request No. 44**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope and unduly burdensome and vague and ambiguous, including in its

use of the terms "other documentation" and by seeking information Vale may have received over

a period of ten years related to Simandou from neither Rio Tinto nor BSGR.  Vale objects to this

Request because it is cumulative and duplicative of Requests Nos. 1, 3, 4, and 20.  Vale therefore

incorporates its objections and response to Requests Nos. 1, 3, 4, and 20.  Vale specifically

objects to this Request because it seeks information that is not relevant to any party's claims or

defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of

admissible evidence.  Vale specifically objects to this Request to the extent it seeks trade secrets

or proprietary or non-public information of a commercially, financially, or personally sensitive

nature.  Vale further objects to this Request because it seeks documents already in the

possession, custody, or control of Plaintiff.  Subject to and without waiving the foregoing

General and Specific Objections, Vale will meet and confer regarding the reasonable production

of non-privileged documents, if any, regarding any geological data, studies, analyses, plans it

received from Rio Tinto that it shared with BSGR and/or Steinmetz.

**Document Request No. 45**

All Documents and Communications concerning mining data and studies relating to Simandou prepared, provided to or received by You.

**Response to Document Request No. 45**

In addition to the General Objections, Vale specifically objects to this Request because it is

overbroad in time and scope, unduly burdensome and vague and ambiguous, including by

seeking information Vale may have received over a period of ten years related to Simandou from

neither Rio Tinto nor BSGR.  Vale objects to this Request because it is cumulative and

duplicative of Requests Nos. 1, 3, 4, 20, and 44.  Vale therefore incorporates its objections and

responses to Requests Nos. 1, 3, 4, 20, and 44.  Vale specifically objects to this Request because

it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is

neither admissible nor calculated to lead to the discovery of admissible evidence.  Vale

specifically objects to this Request to the extent it seeks trade secrets or proprietary or non-public

information of a commercially, financially, or personally sensitive nature.  Vale further objects to

this Request because it seeks documents already in the possession, custody, or control of

Plaintiff.  Subject to and without waiving the foregoing General and Specific Objections, Vale

will meet and confer regarding the reasonable production of non-privileged documents, if any,

37

regarding any mining data and studies relating to Simandou it received from Rio Tinto that it shared with BSGR and/or Steinmetz.

**Document Request No. 46**

All Documents and Communications concerning rail transportation that relate to Simandou prepared, provided to or received by You.

**Response to Document Request No. 46**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope and unduly burdensome, including by seeking information Vale may have received over a period of ten years related to Simandou from neither Rio Tinto nor BSGR. Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 1, 3, 4, and 20. Vale therefore incorporates its objections and responses to Requests Nos. 1, 3, 4, and 20. Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Vale specifically objects to this Request to the extent it seeks trade secrets or proprietary or non-public information of a commercially, financially, or personally sensitive nature. Vale further objects to this Request because it seeks documents already in the possession, custody, or control of Plaintiff. Subject to and without waiving the foregoing General and Specific Objections, Vale will meet and confer regarding the reasonable production of non-privileged documents, if any, regarding any rail transportation plans it received from Rio Tinto that it shared with BSGR and/or Steinmetz.

**Document Request No. 47**

All Documents and Communications concerning port data and studies relating to Simandou prepared, provided to or received by You.

**Response to Document Request No. 47**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope and unduly burdensome, including by

seeking information Vale may have received over a period of ten years related to Simandou.

Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 1, 4, 20,

and 46.  Vale therefore incorporates its objections and responses to Requests Nos. 1, 4, 20, and

46.  Vale specifically objects to this Request because it seeks information that is not relevant to

any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to

the discovery of admissible evidence.  Vale specifically objects to this Request to the extent it

seeks trade secrets or proprietary or non-public information of a commercially, financially, or

personally sensitive nature.  Vale further objects to this Request because it seeks documents

already in the possession, custody, or control of Plaintiff.  Subject to and without waiving the

foregoing General and Specific Objections, Vale will meet and confer regarding the reasonable

production of non-privileged documents, if any, regarding any port data and studies relating to

Simandou it received from Rio Tinto that it shared with BSGR and/or Steinmetz.

**Document Request No. 48**

All Documents and Communications concerning the Transguinean Railway or data, studies, and
plans for a Transguinean railway prepared, provided to or received by You.

**Response to Document Request No. 48**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope and unduly burdensome, including by

seeking information Vale may have received over a period of ten years related to Simandou.

Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 1, 3, 4, 20,

and 46.  Vale therefore incorporates its objections and responses to Requests Nos. 1, 3, 4, 20, and

46.  Vale specifically objects to this Request because it seeks information that is not relevant to

39

any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to

the discovery of admissible evidence.  Vale specifically objects to this Request to the extent it

seeks trade secrets or proprietary or non-public information of a commercially, financially, or

personally sensitive nature.  Vale further objects to this Request because it seeks documents

already in the possession, custody, or control of Plaintiff.  Subject to and without waiving the

foregoing General and Specific Objections, Vale will meet and confer regarding the reasonable

production of non-privileged documents, if any, regarding any Transguinean Railway data,

studies or plans it received from Rio Tinto that it shared with BSGR and/or Steinmetz.

**Document Request No. 49**

All Documents and Communications concerning a passenger railway or data, studies, and plans
for a passenger railway relating to Simandou prepared, provided to or received by You.

**Response to Document Request No. 49**

In addition to the General Objections, Vale specifically objects to this Request because it is

vague and ambiguous, overbroad in time and scope and unduly burdensome, including by

seeking information Vale may have received over a period of ten years related to Simandou.

Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 1, 3, 4, 20,

and 46.  Vale therefore incorporates its objections and responses to Requests Nos. 1, 3, 4, 20, and

46.  Vale specifically objects to this Request because it seeks information that is not relevant to

any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to

the discovery of admissible evidence.  Vale specifically objects to this Request to the extent it

seeks trade secrets or proprietary or non-public information of a commercially, financially, or

personally sensitive nature.  Vale further objects to this Request because it seeks documents

already in the possession, custody, or control of Plaintiff.  Subject to and without waiving the

foregoing General and Specific Objections, Vale will meet and confer regarding the reasonable

production of non-privileged documents, if any, regarding any passenger railway or data, studies, and plans it received from Rio Tinto that it shared with BSGR and/or Steinmetz.

**Document Request No. 50**

All Documents and Communications concerning data, studies, and plans regarding using ports in Liberia in connection with Simandou prepared, provided to or received by You.

**Response to Document Request No. 50**

In addition to the General Objections, Vale specifically objects to this Request because it is vague and ambiguous, overbroad in time and scope and unduly burdensome, including by seeking information Vale may have received over a period of ten years related to Simandou. Vale objects to this Request because it is cumulative and duplicative of Requests Nos. 1, 3, 4, 20, and 47. Vale therefore incorporates its objections and responses to Requests Nos. 1, 3, 4, 20, and 47. Vale specifically objects to this Request because it seeks information that is not relevant to any party's claims or defenses, or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Vale specifically objects to this Request to the extent it seeks trade secrets or proprietary or non-public information of a commercially, financially, or personally sensitive nature. Vale further objects to this Request because it seeks documents already in the possession, custody, or control of Plaintiff. Subject to and without waiving the foregoing General and Specific Objections, Vale will meet and confer regarding the reasonable production of non-privileged documents, if any, regarding any data, studies, and plans regarding using ports in Liberia in connection with Simandou it received from Rio Tinto that it shared with BSGR and/or Steinmetz.

Dated: New York, New York
        September 3, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____

     Lewis Liman
     (lliman@cgsh.com)

One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for Defendant Vale, S.A.*

42