# Exhibit Q

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc,<br><br>               Plaintiff,<br><br>    -against-<br><br>Vale S.A., Benjamin Steinmetz, BSG<br>Resources Limited, VBG–Vale BSGR Limited<br>aka BSG Resources (Guinea) Ltd. aka<br>BSG Resources Guinée Ltd, BSG Resources<br>Guinée SARL aka BSG Resources (Guinea)<br>SARL aka VBG-Vale BSGR, Frederic Cilins,<br>Mamadie Touré, and Mahmoud Thiam,<br><br>               Defendants. | 14 Civ. 3042 (RMB) |

**DEFENDANT VALE S.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Vale

S.A. ("Vale"), by its undersigned attorneys, hereby responds and objects to Rio Tinto plc's

("Plaintiff" or "Rio Tinto") First Set of Interrogatories to Vale, dated June 30, 2014 (the

"Interrogatories" and each specific interrogatory an "Interrogatory") as follows:

**RESERVATION OF RIGHTS**

       1.     To the extent that Vale responds to any of the Interrogatories it does so without

conceding the materiality, admissibility or relevance of any such responses.

       2.     Vale reserves all objections to the use of these responses.  All such objections

may be interposed by Vale at the time of trial or as otherwise required by the rules or order of the

Court.

       3.     Vale reserves the right to amend, supplement or withdraw its responses and

objections to the Interrogatories.

4.      Vale does not intend to waive any privilege or right by virtue of these responses. Insofar as a response by Vale may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular response only.

5.      To the extent that Vale responds to any of the Interrogatories, it does so without waiving:

     a.   its right to assert any affirmative defense;

     b.   all objections as to competency, relevancy, materiality and/or admissibility;

     c.   all rights to object on any ground to the use of any of the responses herein, or documents produced in connection herewith, in any subsequent proceedings, including the trial of this action or any other action;

     d.   all objections as to vagueness or ambiguity; and

     e.   all rights to object on any ground to any further interrogatories, document requests or other discovery requests involving or related to the Interrogatories.

6.      Counsel to Vale will be available to meet and confer with respect to Vale's responses and objections to the Interrogatories, should counsel to Plaintiff wish to do so.

## GENERAL OBJECTIONS

Each of Vale's responses and objections to the Interrogatories is subject to the following objections (the "General Objections"):

1.      Vale objects to each and every definition, instruction and request contained in the Interrogatories to the extent such definition, instruction or request purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of New York (the "Local Rules").

2.      Vale objects to each and every request, definition and instruction contained in the Interrogatories to the extent any such request, definition or instruction contains inaccurate,

incomplete or misleading descriptions of the facts, persons, relationships, events and pleadings underlying this action.  The production of any information shall not constitute Vale's agreement with or acquiescence to any such description.

3.      Vale objects to each and every one of the Interrogatories to the extent it seeks information that is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence, as required by Fed. R. Civ. P. 26 and 33.

4.      Vale objects to each and every one of the Interrogatories to the extent that it is vague, ambiguous or unclear in identifying the information requested.

5.      Vale objects to each and every one of the Interrogatories to the extent it is overbroad, onerous and unduly burdensome and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26 and 33.

6.      Vale objects to each and every one of the Interrogatories to the extent it purports to seek information already in Plaintiff's possession, or otherwise available to Plaintiff.

7.      Vale objects to each and every one of the Interrogatories to the extent it purports to seek information or documents not presently in the possession, custody or control of Vale, but in the possession of third parties or separate legal entities.

8.      Vale objects to each and every one of the Interrogatories to the extent it seeks information or documents more easily obtainable by deposition or by production of documents.

9.      Vale objects to each and every one of the Interrogatories to the extent it seeks cumulative or duplicative information.

10.     Vale objects to each and every one of the Interrogatories to the extent it calls for the disclosure of information and/or production of documents protected from disclosure by the

attorney-client privilege, the work-product doctrine, the common interest or joint defense privileges, the self-evaluation or critical analysis privilege, rules governing privacy or confidentiality or any other applicable privilege, law or rule.  The inadvertent production or disclosure of any privileged or otherwise protected information or document shall not be deemed or construed to constitute a waiver of any claim or privilege or other protection as to such information or document, all of which are expressly reserved.  Vale further reserves the right to demand the destruction of any such information or the return of all copies of any such document inadvertently produced in response to the Interrogatory.

11.     Vale objects to each and every one of the Interrogatories to the extent that it seeks to obtain information beyond that permitted by Rule 33.3 of the Local Rules at this stage of the proceedings.  At this stage of the proceedings, Vale will only provide the information required to be provided under Rule 33.3 of the Local Rules.

12.     Vale objects to each of the Interrogatories to the extent it is premature and requires a full response concerning a subject matter as to which discovery is not complete.

13.     Nothing contained in any response and/or production of information by Vale shall be deemed or construed in any way to be an adoption, admission or agreement by Vale of or to any such definition or term used by Plaintiff in the Interrogatories, or the materiality, admissibility or relevance thereof.

14.     Nothing contained in any response and/or production of information by Vale shall be deemed or construed in any way to be an admission, concession or waiver by Vale as to the validity of any claim or defense asserted by Vale.

15.     An objection to any particular Interrogatory should not be construed to indicate that information or documents responsive to that Interrogatory actually exist.  Similarly, an

undertaking to produce information or documents pursuant to any particular Interrogatory shall not be construed to indicate that any such information or documents exist.

16.     Vale objects to each and every one of the Interrogatories to the extent that it seeks information or the production of documents whose disclosure would otherwise be prohibited by applicable law, rule, regulation or contractual obligation.

17.     Vale objects to the definition of "Concession" on the ground that this definition is vague and ambiguous in identifying to which part of the Concession it refers and erroneously implies that half the Concession – namely the portion covering Blocks 1 and 2 – was not revoked from Rio Tinto by the Government of Guinea in December 2008.

18.     Vale objects to the definition of "Defendant" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In its letter of June 27, 2014, Plaintiff admitted that BSGR Guinea Ltd. BVI has been dissolved and stated that it was prepared to move forward without serving Mr. Lev Ran.  Plaintiff's Amended Complaint no longer includes claims against BSGR Guinea Ltd. BVI, Michael Noy, or Mr. Lev Ran.  Nevertheless, each of these entities is included in Plaintiff's definition of "Defendant" and Vale thus objects to any Request to the extent it seeks information related to such individuals by identifying them as a "Defendant."  Vale will construe the term "Defendant" not to include BSGR Guinea Ltd. BVI, Michael Noy, or Mr. Lev Ran.

19.     Vale objects to the definition of "VBG" as inaccurate and misleading.  The definition erroneously implies that VBG and BSG Resources (Guinea), BSG Resources Guinée Ltd., BSG Resources Guinée SARL, BSG Resources (Guinea) SARL, and BSGR Guinea Ltd. BVI  are interchangeable when in fact VBG is a wholly distinct joint venture entered into

between Vale and BSGR by agreement dated April 30, 2010, and VBG should not be equated with any BSGR entity.

20.     Vale objects to each and every Interrogatory that requests information or documents without reference to a time frame or outside of the time period potentially relevant to the allegations against Vale in the Complaint.  In responding to the Interrogatories, Vale will restrict its responses to the time period from May 1, 2008 to April 30, 2010, unless otherwise indicated.  However, nothing contained in any response and/or production of information by Vale shall be deemed or construed in any way to be an admission, concession or waiver by Vale as to the relevance of this time period.

21.     In responding to the Interrogatories, Vale has conducted a reasonable search of readily accessible records.  Any Interrogatories that seek to require Vale to go beyond such a search are overly broad and unduly burdensome.

22.     The failure of Vale to make a Specific Objection to a particular, individual request contained in the Interrogatories is not, and shall not be construed as, an admission regarding the existence of information that might be responsive to the particular request.  Likewise, any statement herein that Vale will respond to an individual request contained in the Interrogatories does not mean that there exists information that might be responsive to the particular request, but instead reflects the intention of Vale, subject to its objections, to conduct a reasonable search for the information sought in that request.

These General Objections are incorporated into the Responses and Specific Objections to each Interrogatory, even if they are not restated therein.

## RESPONSES AND SPECIFIC OBJECTIONS

In addition to the foregoing General Objections that are incorporated into each and every Response set forth below, Vale makes the following Responses and Specific Objections to the Interrogatories:

**INTERROGATORY NO. 1:**  Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any oral or written communications with Rio Tinto regarding Simandou.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and ambiguous and (ii) overbroad and unduly burdensome.  Vale specifically objects to this Interrogatory on the ground that the phrases "every Person," "regarding Simandou" and "acting on Your Behalf" render it unduly burdensome, vague and ambiguous.  In addition, Vale specifically objects to this Interrogatory as seeking information already in Plaintiff's possession, or otherwise available to Plaintiff.  Such a request is beyond the scope of permissible discovery, would impose an undue burden on Vale, and is an attempt to require Vale to prepare Rio Tinto's case.  Subject to and without waiving the foregoing General and Specific Objections, on information and belief, Vale responds that, to the best of its current knowledge, the following individuals may have communicated with Rio Tinto regarding Simandou from May 1, 2008 to June 30, 2009 (which covers the beginning and ending months of the period when Vale was engaged in any negotiations with Rio Tinto that, at a point in time, involved a possible acquisition of an interest in any part of the Concession):

1. Eduardo Etchart,

2. Pedro Rodrigues,

3. Leonardo Harris,

4. Fabio Masotti,

5.  Edson Ribeiro,

6.  José Carlos Martins,

7.  Lucio Cavalli,

8.  José André de Castro Alves,

9.  Roger Agnelli,

10. Eduardo Ledsham,

11. Marco Monteiro,

12. Keith Martin,

13. Cleary Gottlieb Steen & Hamilton LLP.

**INTERROGATORY NO. 2:**  Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, with knowledge relating to the matters alleged in the Complaint.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous and (ii) overbroad and unduly burdensome.  Vale specifically objects to this

Interrogatory on the ground that the phrases "every Person," "acting on Your Behalf" and "the

matters alleged in the Complaint" render it unduly burdensome, vague and ambiguous.

Such a request is beyond the scope of permissible discovery, would impose an undue burden on

Vale, and is an attempt to require Vale to prepare Rio Tinto's case.  Accordingly, Vale will not

respond to this Interrogatory.

**INTERROGATORY NO. 3:**  Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had access to, accessed, received, or was provided with documents from the Rio Tinto Data Room or any Data Room Materials, and from whom they were provided.

8

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and ambiguous and (ii) overbroad and unduly burdensome.  Vale specifically objects to this Interrogatory on the ground that the phrases "every Person," "acting on Your behalf," "had access to, accessed, received, or was provided with," "documents from the Rio Tinto Data Room" and "Data Room Materials" render it unduly burdensome, vague and ambiguous.  In addition, Vale specifically objects to this Interrogatory as seeking information already in Plaintiff's possession, or otherwise available to Plaintiff.  Vale also objects on the basis that this Interrogatory purports to impose obligations beyond those required or permitted by Rule 33.3(a) of the Local Rules.  Subject to and without waiving the foregoing General and Specific Objections, on information and belief, Vale responds that, to the best of its current knowledge, the following individuals may have had access to the Rio Tinto Data Room between November 24, 2008 and June 30, 2009:

1. Pedro Rodrigues,

2. Leonardo Harris,

3. Carla Tarre,

4. Keith Martin,

5. Patricia Mantovani,

6. Marcio Senne,

7. Eduardo Ledsham,

8. Edson Ribeiro,

9. Natalia Streltsova,

10. Fabio Masotti,

11. Tracey Kerr,

12. Paulo Roberto Noguiera,

13. José André de Castro Alves,

14. Celeste Queiroz,

15. Eduardo Etchart,

16. Marco Monteiro,

17. Alyson Rajao,

18. Fernando Greco,

19. Paulo Varela,

20. Joao Batista Reis,

21. Jorge Carvalho,

22. Lucio Cavalli,

23. Marcelo Vidigal,

24. Jose Ronaldo,

25. Ruben Fernandes,

26. Francisco Cisne,

27. Clarice Alves,

28. Afonso Carvalho,

29. Fernandes Fabio,

30. Andre Vilhena,

31. Rinaldo Nardi,

32. Marcio Maia,

33. Jean Louis Geyr,

34. Rodrigo Recart,

35. Sandro Januzzi,

36. Kiara Machado,

37. Rosana Taboas,

38. Benjamin Moro,

39. Andreia Tardin,

40. Cicero Lima,

41. Marcelo Macedo,

42. Andre Abreu,

43. Luiz Claudio Castro,

44. Romero Justino,

45. Bruno Perrota,

46. Jorge Fernandes,

47. Wanda Alves,

48. Guilherme Brega,

49. Carla Albano,

50. Vera Elias,

51. Marcus Severini,

52. Carlos Mota,

53. Luiz Eduardo Freitas,

54. Pedro Gutemberg,

55. Eduardo Pfiffer,

56. Adriana Barbosa,

57. Jose Alberto Penedo,

58. Camilla Reis,

59. Karin Kern,

60. Felipe Seabra,

61. Larissa Lima,

62. Rogerio Teixeira Santos,

63. Luciana Ferreira,

64. Leonardo Harris,

65. Deutsche Bank,

66. Ernst & Young,

67. Cleary Gottlieb Steen & Hamilton LLP.

**INTERROGATORY NO. 4:**  Identify every Person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any oral or written communications or other interactions with any other Defendants or their officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants or affiliates regarding Simandou, the Zogota Project, and/or the Vale-BSGR Transaction.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous, particularly as to the use of the terms "acting on Your behalf" and "other

interactions"; (ii) overbroad and unduly burdensome, including as to the definition of

"Defendant," and use of the term "every Person"; and (iii) not reasonably calculated to lead to

the discovery of admissible evidence, including that any request related to the Zogota Project is

not relevant to any party's claims or defenses.  Vale specifically objects to this Interrogatory on

the ground that the phrase "regarding Simandou" renders it unduly burdensome, vague and

ambiguous.  Subject to and without waiving the foregoing General and Specific Objections, on

information and belief, Vale responds that, to the best of its current knowledge, at no time did it

communicate with Frederic Cilins or Mamadie Touré regarding Simandou and/or the Vale-BSGR Transaction.  To the best of its current knowledge, Vale also responds that the following individuals who were employed or retained by Vale may have communicated with BSGR and/or Steinmetz regarding Simandou and/or the Vale-BSGR Transaction from December 1, 2009 until April 30, 2010:

1. Joao Mendes,

2. Cinthya Catalao,

3. Stephen Potter,

4. Alex Monteiro,

5. Paulo Bergman,

6. Marco Barcellos,

7. Eduardo Ledsham,

8. José André de Castro Alves,

9. Roger Agnelli,

10. Lucio Cavalli,

11. José Carlos Martins,

12. Pedro Rodrigues,

13. Fabio Spina,

14. Daniela Chimisso,

15. Peter Brady,

16. Rodrigo Almeida,

17. Eduardo Etchart,

18. Jose Ronaldo,

19. Larissa Lima,

20. Luciano Souza Castro,

21. Luiz Confucio,

22. Tatiana Teixera,

23. Gustavo Selayzim,

24. Thiago Fontaine,

25. Clifford Chance, and

26. Webber Wentzel.

**INTERROGATORY NO. 5:**  For every person identified in response to Interrogatory No. 4, state which Defendant the communication or interaction was with, the number of communications or interactions, and the approximate date of each.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous, particularly as to the use of the term "interactions"; (ii) overbroad and unduly

burdensome, including as to the definition of "Defendant" and use of the term "every Person";

and (iii) not reasonably calculated to lead to the discovery of admissible evidence.  Vale also

objects on the basis that this Interrogatory purports to impose obligations beyond those required

or permitted by Rule 33.3(a) of the Local Rules.  Accordingly, Vale will not respond to this

Interrogatory.

**INTERROGATORY NO. 6:**  Identify every person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any role or otherwise participated in considering, evaluating, negotiating, or performing due diligence on a joint venture, partnership, investment agreement, transaction, or other arrangement with BSGR, Steinmetz, or Rio Tinto, regarding Simandou, the Zogota Project, and/or the Vale-BSGR Transaction.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous; (ii) overbroad and unduly burdensome; and (iii) not reasonably calculated to lead to

14

the discovery of admissible evidence, including that any request related to the Zogota Project is

not relevant to any party's claims or defenses.  Vale specifically objects to this Interrogatory on

the ground that the phrases "acting on Your behalf," "any role," "otherwise participated," "every

person" and "regarding Simandou" render it unduly burdensome, vague and ambiguous.  Vale

further specifically objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege and/or the attorney work product doctrine.  Vale further objects to this

Interrogatory to the extent it seeks information that is cumulative and duplicative of the

information sought in Interrogatories Nos. 1 and 4.  Subject to and without waiving the foregoing

General and Specific Objections, Vale responds that the following entities were retained by Vale

in the context of negotiations BSGR and/or Steinmetz regarding Simandou and/or the Vale-

BSGR Transaction from December 1, 2009 until April 30, 2010:

1.  Clifford Chance,

2.  Webber Wentzel, and

3.  Ernst & Young.

**INTERROGATORY NO. 7:**  Identify every person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any oral or written communications, or had any role in preparing communications, with any current or former official, director, employee, agent, or representative of the Government of Guinea (including the CTRTCM), its departments, agencies, or instrumentalities regarding Simandou and/or the Vale-BSGR Transaction.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous and (ii) overbroad and unduly burdensome.  Vale specifically objects to this

Interrogatory on the ground that the phrases "acting on Your behalf," "every person," "any role

in preparing communications," and "regarding Simandou" render it unduly burdensome, vague

and ambiguous.  Pursuant to Fed. R. Civ. P. 33(d), Vale directs Plaintiff to its Responses to

Plaintiff's Document Request Nos. 41 and 42.

**INTERROGATORY NO. 8:**  For every person identified in response to Interrogatory No. 7., state which current or former official, director, employee, agent, or representative of the Government of Guinea (including the CTRTCM), its departments, agencies or instrumentalities the communication or interaction was with, the number of communications or interactions, and the approximate date of each.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous, particularly as to the use of the term "interaction"; (ii) overbroad and unduly

burdensome, including as to the use of the term "every Person"; and (iii) not reasonably

calculated to lead to the discovery of admissible evidence.  Vale also objects on the basis that

this Interrogatory purports to impose obligations beyond those required or permitted by Rule

33.3(a) of the Local Rules.  Accordingly, Vale will not respond to this Interrogatory.

**INTERROGATORY NO. 9:**  Identify every person, including every current or former director, officer, employee, representative, agent, or consultant, employed by You, retained by You, or acting on Your behalf, who had any oral or written communications, or had any role in preparing or receiving communications, with any current or former official, director, employee, agent, or representative any other governmental entity investigating how BSGR, Steinmetz, and/or Vale obtained title to Blocks 1 and 2 of Simandou and the Zogota Project, including the United Kingdom's Serious Fraud Office, the U.S.'s Department of Justice or Securities and Exchange Commission, France, and Switzerland.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous; (ii) overbroad and unduly burdensome; and (iii) not reasonably calculated to lead to

the discovery of admissible evidence, including that any request related to the Zogota Project is

not relevant to any party's claims or defenses.  Vale specifically objects to this Interrogatory on

the ground that the phrases "acting on Your behalf," "every person," and "any role in preparing

or receiving communications," renders it unduly burdensome, vague and ambiguous.  Vale also

objects to this Interrogatory because it seeks to reveal information that is protected from

16

disclosure by governmental secrecy rules and privileges covering communications with

governmental entities.  Subject to and without waiving the foregoing General and Specific

Objections, and to the best of its knowledge, Vale states that it did not communicate with law

enforcement officials of any nationality who were investigating how BSGR or Steinmetz

obtained title to Blocks 1 and 2 of Simandou and the Zogota Project from May 1, 2008 to April

30, 2010.  With respect to any communications after April 30, 2010, pursuant to Fed. R. Civ. P.

33(d), Vale directs Plaintiff to its Responses to Plaintiff's Document Request Nos. 41 and 42.

**INTERROGATORY NO. 10:**  Identify and describe any meetings involving You and any
current or former official, director, employee, agent, or representative of the Government of
Guinea, its departments, agencies, or instrumentalities, including the CTRTCM related to
Simandou, and for each such meeting or communication, provide the date and location of the
meeting as well as all participants.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous; (ii) overbroad and unduly burdensome; and (iii) not reasonably calculated to lead to

the discovery of admissible evidence.  Vale specifically objects to this Interrogatory on the

ground that the phrases "any meetings," "involving You," and  "related to Simandou" render it

unduly burdensome, vague and ambiguous.  Vale further objects to this Interrogatory to the

extent it seeks information that is cumulative and duplicative of the information sought in

Interrogatory No. 7.  Vale therefore incorporates its objections and responses to Interrogatory

No. 7.  Vale also objects on the basis that this Interrogatory purports to impose obligations

beyond those required or permitted by Rule 33.3(a) of the Local Rules.  Accordingly, Vale will

not respond to this Interrogatory.

**INTERROGATORY NO. 11:**  Identify and describe any meetings involving You and
Steinmetz and/or any current or former official, director, employee, agent, or representative of
BSGR related to Simandou and for each such meeting or communication, provide the date and
location of the meeting as well as all participants.

17

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous; (ii) overbroad and unduly burdensome; and (iii) not reasonably calculated to lead to

the discovery of admissible evidence.  Vale specifically objects to this Interrogatory on the

ground that the phrases "any meetings," "involving You," and "related to Simandou" renders it

unduly burdensome, vague and ambiguous.  Vale further objects to this Interrogatory to the

extent it seeks information that is cumulative and duplicative of the information sought in

Interrogatories Nos. 4 and 5.  Vale therefore incorporates its objections and responses to

Interrogatory Nos. 4 and 5.  Vale also objects on the basis that this Interrogatory purports to

impose obligations beyond those required or permitted by Rule 33.3(a) of the Local Rules.

Accordingly, Vale will not respond to this Interrogatory.

**INTERROGATORY NO. 12:**  Identify and describe all third parties including consultants,
investigators, due diligence counselors, financial analysts, experts, geologists, and/or lawyers,
with whom You consulted, had oral or written communications or interactions with relating to
Simandou; Rio Tinto's Concession; the Vale-BSGR Transaction; interactions and dealings with
the Government of Guinea relating to Simandou, the Zogota Project, and/or the Vale-BSGR
Transaction; and/or interactions and dealings with any Defendants relating to Simandou, the
Zogota Project, and/or the Vale-BSGR Transaction.

**RESPONSE:**  Vale specifically objects to this Interrogatory to the extent it is (i) vague and

ambiguous; (ii) overbroad and unduly burdensome, including as to the definition of "Defendant";

and (iii) not reasonably calculated to lead to the discovery of admissible evidence, including that

any request related to the Zogota Project is not relevant to any party's claims or defenses.  Vale

specifically objects to this Interrogatory on the ground that the phrases "all third parties,"

"interactions," "interactions and dealings" and "relating to Simandou" render it unduly

burdensome, vague and ambiguous.  In addition, Vale specifically objects to this Interrogatory to

the extent that the phrase "Rio Tinto's Concession" erroneously implies that the Concession

belonged to Rio Tinto during the entire time period at issue.  Vale further objects to this

Interrogatory to the extent it seeks information that is cumulative and duplicative of the

information sought in Interrogatories Nos. 1, 3, 4 and 6.  Vale therefore incorporates its

objections and responses to Interrogatory Nos. 1, 3, 4 and 6.  Subject to and without waiving the

foregoing General and Specific Objections, on information and belief, Vale responds that, to the

best of its current knowledge, it consulted, communicated or interacted with the following

investigators, due diligence counselors, financial analysts, and/or lawyers in relation to

Simandou:

1. Clifford Chance,

2. Deutsche Bank,

3. Ernst & Young,

4. Nardello & Co.,

5. Webber Wentzel, and

6. Cleary Gottlieb Steen & Hamilton LLP.


Dated: New York, New York
       September 3, 2014

                                        CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                        By: _____
                                            Lewis Liman
                                            (lliman@cgsh.com)


                                        One Liberty Plaza
                                        New York, New York  10006
                                        T: 212-225-2000
                                        F: 212-225-3999

                                        *Attorneys for Defendant Vale, S.A.*