# Exhibit R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

Rio Tinto plc,                                :
                                              :
                           Plaintiff,         :   Civil Action No. 14-cv-3042 (RMB) (AJP)
                                              :
            v.                                :
                                              :
                                              :
Vale S.A., Benjamin Steinmetz, BSG            :
Resources Limited, VBG-Vale BSGR              :
Limited aka BSG Resources (Guinea) Ltd.       :
aka BSG Resources Guinée Ltd, BSG             :
Resources Guinée SARL aka BSG                 :
Resources (Guinea) SARL aka VBG-Vale          :
BSGR, Frederic Cilins, Mamadie Touré,         :
and Mahmoud Thiam,                            :
                                              :
                           Defendants.        :
                                              :
------------------------------------------------------------x

## DEFENDANT BSG RESOURCES LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY REQUESTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (each a "Federal Rule" and collectively the "Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant BSG Resources Limited ("BSGR"), by and through its counsel Mishcon de Reya New York LLP, hereby responds to Plaintiff Rio Tinto plc's ("Plaintiff") First Set of Jurisdictional Discovery Requests to BSG Resources Limited, dated August 5, 2014, as follows:

## GENERAL OBJECTIONS

The following General Objections apply to each Definition, Instruction, jurisdictional discovery request (each a "Request," and collectively "Requests") and the single interrogatory propounded with the Requests ("Interrogatory" and together with the Requests, "Discovery

Requests"), and shall have the same force and effect as if fully set forth in the response to each Request and the Interrogatory.

1.     BSGR objects to the over-breadth of the Discovery Requests insofar as they are an impermissible fishing expedition, fail to identify the documents sought with reasonable particularity, and are not appropriately limited to jurisdictional discovery. Plaintiff's attempt to expand the scope of these Discovery Requests is contrary to the Federal Rules, Local Rules, and Magistrate Judge Andrew J. Peck's July 29, 2014 Order ("Order") directing it to limit the Discovery Requests to "jurisdictional related discovery requests." (July 29, 2014 Hr'g Tr. 27:10-22).

2.     BSGR makes these responses to the Discovery Requests without waiving, or intending to waive, any defenses and/or objections to the Court's jurisdiction over it in this action. BSGR expressly asserts its intention to, and reserves all rights to, object to the Court's jurisdiction over it under Federal Rule 12(b)(2) and any other appropriate grounds.

3.     BSGR objects to the Discovery Requests to the extent that they purport to impose burdens, duties, or obligations on it that exceed the scope of reasonable and permissible discovery or that exceed the boundaries of the Federal Rules, the Local Rules, any applicable ruling of this Court, or any applicable privacy laws or blocking statutes of any foreign countries implicated by the Discovery Requests.

4.     BSGR objects to the Discovery Requests to the extent that they seek communications, information, identification of documents, or any other discovery (a) protected from disclosure by the attorney-client privilege, (b) protected from disclosure by the work-product doctrine, (c) prepared in anticipation of litigation or for trial or that reflects the mental impressions, conclusions, opinions, or legal theories of its attorneys, (d) protected from disclosure

by any other applicable law, privilege, protection, or immunity, and (e) that exceeds the limits of permissible discovery set forth by the Federal Rules and Local Rules.

5.      BSGR's inadvertent production or disclosure of any material protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection or immunity is not intended to be and shall not be a waiver of (i) such privilege and/or protection in whole or in part or (ii) the right to object to any use of such document or of the information contained therein in this or any other proceeding.

6.      BSGR objects to the Discovery Requests to the extent that they seek information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. BSGR reserves the right to redact material that is irrelevant and/or non-responsive from any document otherwise to be produced.

7.      BSGR objects to the Discovery Requests to the extent that they are overly broad and unduly burdensome.  Plaintiff has made no apparent attempt to narrow the Discovery Requests, seeking *inter alia* (i) documents relating to broad category subject matters without further specificity, (ii) cumulative documents, and (iii) documents that are irrelevant to the jurisdictional issues framed by the pleadings in this action and unlikely to lead to the discovery of relevant jurisdictional evidence.  The search for and review of responsive documents to the Discovery Requests would require the processing of at least 20.6 terabytes of data and would necessitate the review of several million records in multiple languages.

8.      BSGR objects to the Discovery Requests to the extent that they are vague, ambiguous, complex, or confusing and/or not specified with reasonable particularity, and to the extent that they contain erroneous and/or contentious factual allegations or legal assertions.

9.      BSGR objects to the Discovery Requests to the extent that the requested documents and information is not reasonably accessible by BSGR.  The burden and expense of accessing, reviewing, and producing such information may outweigh its possible relevance.

10.     BSGR objects to the Discovery Requests to the extent that they assume facts that do not exist and the occurrence of events that did not occur.  Any response of BSGR to a Request or the Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request or the Interrogatory is accurate.  The fact that BSGR has responded to a particular Request or the Interrogatory shall not be interpreted as implying that responsive documents exist or that BSGR acknowledges the appropriateness of the Request or the Interrogatory.

11.     BSGR objects to the Discovery Requests to the extent that they are duplicative and cumulative of other Discovery Requests.

12.     BSGR objects to the Discovery Requests to the extent that they call for the disclosure of information which is publicly available or as equally available to Plaintiff as to BSGR.

13.     BSGR objects to the Discovery Requests to the extent that they seek information not within BSGR's possession, custody, or control, or which cannot be found in the course of a reasonable search.

14.     BSGR objects to the Discovery Requests to the extent that they purport to require the identification and description of documents no longer in existence.

15.     BSGR objects to the Discovery Requests to the extent that they seek commercially sensitive, confidential, or proprietary information.  BSGR further objects to the extent that the Discovery Requests seek confidential or proprietary information of third-parties, which may be

subject to non-disclosure or confidentiality agreements with BSGR. Subject to these objections, BSGR will provide such confidential information in accordance with the terms of the Stipulated Protective Order entered by the Court in this action on August 12, 2014 (Docket No. 81), but only to the extent it can do so consistent with its obligations to any such third-parties.

16.     BSGR objects to the Discovery Requests to the extent that they call for a legal conclusion. Any response by BSGR shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiff's Discovery Requests, Definitions, or Instructions.

17.     BSGR objects to the Discovery Requests to the extent that they refer to the undefined term the "Complaint." For purposes of these responses, BSGR assumes the term "Complaint" to mean Plaintiff's Amended Complaint, filed on August 15, 2014 (Docket No. 83).

18.     BSGR objects to the definition of "BSGR" insofar as it purports to include "BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing" on the grounds that it is vague and ambiguous, overly broad, and calls for the production of privileged materials. BSGR further objects to the definition of "BSGR" insofar as it includes entities that are no longer defendants in this action.

19.     BSGR objects to the definition of "Defendant" insofar as it includes individuals and entities that are no longer defendants in this action.

20.     BSGR objects to the definition of "Onyx Financial Advisors" insofar as it purports to include that entity's "agent, representative, consultant, or affiliates" on the grounds that it is vague and ambiguous, overly broad, and calls for the production of privileged materials.

21.     BSGR objects to the definition of "Steinmetz" insofar as it purports to include "any employee, agent, representative, or consultant of Defendant Benjamin 'Beny' Steinmetz" on the grounds that it is vague and ambiguous, overly broad, purports to obligate BSGR to produce documents or information outside of its possession, custody or control, and calls for the production of privileged materials.  BSGR will produce documents only in the entity's possession, custody, or control.

22.     BSGR objects to the definition of "VBG" because it includes "Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, and BSGR Guinea Ltd. BVI, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing" and therefore is vague and ambiguous, is overly broad, and calls for the production of privileged materials.  BSGR further objects to the definition of "VBG" insofar as it includes entities that are no longer defendants in this action.

23.     BSGR objects to the definition of "You" and "Your" insofar as it purports to include "officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants, independent contractors or affiliates" of BSGR on the grounds that it is vague and ambiguous, overly broad, purports to obligate BSGR to produce documents or information outside of its possession, custody or control, and calls for the production of privileged materials.  BSGR will produce documents only in the entity's possession, custody, or control.

24.     BSGR objects to the definition of "Zogota Project" insofar as it includes information that is factually incorrect.

25.     BSGR objects to Instruction No. 1 insofar as it defines BSGR's "possession, custody, or control" as including "the right to obtain the document or a copy thereof upon demand

from one or more of Your employees, representatives, agents, independent contractors, consultants, attorneys, accountants, auditors, or any other person or public or private entity that has actual physical possession" on the grounds that it is vague and ambiguous, overly broad, purports to obligate BSGR to produce documents or information outside of its possession, custody or control, and calls for the production of privileged materials. BSGR will produce documents only in the entity's possession, custody, or control.

26. BSGR objects to the time period identified in Instruction No. 2 as overly broad and unduly burdensome. BSGR further objects to the time period identified in Instruction No. 2 because it exceeds the scope of the limited jurisdictional discovery permitted by the Order.

27. Each and every General Objection shall be deemed to be incorporated in full into each of the specific responses set forth below. From time to time, a specific response may repeat a General Objection for emphasis or another reason. The omission or inclusion of any General Objection in any specific response to any Request and the Interrogatory is not intended to be and shall not be construed as a waiver of or limitation on any General Objection or specific objection made herein or that may be asserted at another date.

28. BSGR makes these responses to the Discovery Requests without waiving, or intending to waive, but on the contrary, preserving and intending to preserve: the right to object on (a) the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of any documents or information for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action; and (b) all grounds, at any time, to other requests for production, interrogatories, or other discovery procedures involving or relating to the subject matter of a Request or the Interrogatory to which BSGR has responded herein.

29.     BSGR's investigation and search in connection with the Discovery Requests is ongoing. Any and all responses to them are therefore based solely on information presently known to BSGR, and BSGR reserves its right to conduct further discovery and investigation and to use at trial or any other proceeding evidence of any subsequently discovered facts, documents, or information. BSGR further reserves the right to supplement and amend its responses and objections, if necessary, to reflect additional information.

30.     BSGR is prepared to discuss any of the objections herein or to attempt to narrow the Discovery Requests so that they would not be objectionable.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

**All Documents and Communications relating to the physical presence of You and/or Your officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants, independent contractors or affiliates in the United States, including but not limited, to any offices maintained in the United States, the presence and activities of any general or limited-purpose agent who is resident or operates in the United States, and/or any travel (regardless of duration or purpose) of the Defendants and/or its employees in the United States.**

### RESPONSE TO REQUEST NO. 1:

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to this Request insofar as it seeks documents and information that have no connection or nexus to New York, and thus exceeds the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged

documents, if any, that are responsive to this Request, and which are in its possession, custody, or

control.

## REQUEST NO. 2:

**All Documents and Communications relating to any and all of Your assets in the
United States, including but not limited to, bank accounts, real property and personal
property of any type (including but not limited to inventory), whether held
individually or jointly.**

## RESPONSE TO REQUEST NO. 2:

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity.  BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other

Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.  BSGR further objects to this Request insofar as it seeks documents and information

that have no connection or nexus to New York, and thus exceeds the scope of the limited

jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged

documents, if any, that are responsive to this Request, and which are in its possession, custody, or

control.

## REQUEST NO. 3:

**All Documents and Communications relating to any and all corporate affiliates
(including subsidiaries, parents, branch offices or associated firms) of Yours based in
the United States.**

**RESPONSE TO REQUEST NO. 3:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

**REQUEST NO. 4:**

> **All Documents and Communications concerning Your ownership interests in any corporation, partnership or any other entity in the United States.**

**RESPONSE TO REQUEST NO. 4:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to this Request insofar as it seeks documents and information that have no connection or nexus to New York, and thus exceeds the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged documents, if any, that are responsive to this Request, and which are in its possession, custody, or control.

**REQUEST NO. 5:**

**All Documents and Communications concerning Your claim that the Court lacks personal jurisdiction over You.**

**RESPONSE TO REQUEST NO. 5:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to this Request insofar as it attempts to shift the burden of establishing jurisdiction from Plaintiff to BSGR.

Subject to and without waiving these objections, BSGR is prepared to discuss this Request with Plaintiff in an attempt to appropriately narrow it so that it would not be objectionable.

**REQUEST NO. 6:**

**All Documents and Communications concerning Your knowledge of, involvement in, or participation in Vale's negotiations with Rio Tinto in the United States alleged in the Complaint.**

**RESPONSE TO REQUEST NO. 6:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, and calls for the disclosure of information which is as equally available to Plaintiff as to BSGR.

BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 7:

**All Documents and Communications concerning Your knowledge of, involvement in, or participation in any of the Defendants' activities in the United States alleged in the Complaint.**

## RESPONSE TO REQUEST NO. 7:

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 8:

**All Documents and Communications concerning Your commercial or business activities in the United States, Your personal activities in the United States, and/or Your internet activities in the United States.**

**RESPONSE TO REQUEST NO. 8:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to this Request insofar as it seeks documents and information that have no connection or nexus to New York, and thus exceeds the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged documents, if any, that are responsive to this Request, and which are in its possession, custody, or control.

**REQUEST NO. 9:**

**All Documents and Communications relating to any communication regarding Simandou between You or Your directors, officers, employees, representatives, agents, independent contractors or consultants, including Steinmetz, and persons residing, working, or otherwise sited in the United States, including but not limited to any Defendant, or any officer, director, employee, agent, or representative of any Defendant.**

**RESPONSE TO REQUEST NO. 9:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.

BSGR further objects to this Request because it seeks documents and information outside

the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 10:

**All Documents and Communications concerning any BSGR director, officer,
employee, representative, agent, independent contractors or consultant, including
Steinmetz, traveling to or from the United States relating to Simandou or in
connection with the consideration, evaluation, negotiation, or execution of the Vale-
BSGR Transaction, including but not limited to any itineraries, records or receipts in
connection with the same.**

## RESPONSE TO REQUEST NO. 10:

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity. BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other

Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.

BSGR further objects to this Request because it seeks documents and information outside

the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 11:

**All Documents and Communications concerning Your receipt of information
contained in the Rio Tinto Data Room from Vale or any other Defendant.**

**RESPONSE TO REQUEST NO. 11:**

      In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity.  BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

      BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

**REQUEST NO. 12:**

      **All Documents and Communications concerning the transfer of money or anything of value between Vale and BSGR in connection with the Vale-BSGR Transaction, including the origin and destination of wire transfers, cash payments, and any other payments originating in, made from, made to, or otherwise through the United States.**

**RESPONSE TO REQUEST NO. 12:**

      In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity.  BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  BSGR further objects to this Request because it seeks documents and information that

have no connection or nexus to the United States and New York, and thus exceeds the scope of

the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged

documents, if any, that are responsive to this Request, and which are in its possession, custody, or

control.

## REQUEST NO. 13:

**All Documents and Communications concerning any payments, gifts, gratuities, or anything else of value, including the origin and destination of wire transfers, cash payments, and any other payments originating in, made from, made to, or otherwise through the United States, made by any BSGR director, officer, employee, representative, agent, independent contractor or consultant, including Steinmetz, to (a) any Defendant; (b) Ibrahima Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler Holdings; (f) Matinda and Co. Limited; (g) any official, director, officer, employee, agent, or representative of the Government of Guinea, its departments, agencies, or instrumentalities; (h) Ibrahima Kassory Fofana; and/or (i) IF Global, LLC.**

## RESPONSE TO REQUEST NO. 13:

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity.  BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other

Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.  BSGR further objects to this Request insofar as it seeks documents and information

that have no connection or nexus to the United States and New York, and thus exceeds the scope

of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged documents, if any, that are responsive to this Request, and which are in its possession, custody, or control.

## REQUEST NO. 14:

**All Documents and Communications relating to any transfer of any gifts or anything else of value, including the origin and destination of wire transfers, cash payments, and any other payments originating in, made from, made to, or otherwise through the United States between any Defendant and (a) any other Defendant; (b) Ibrahima Touré; (c) Moussa Dadis Camara; (d) Lansana Conté; (e) Pentler Holdings; (f) Nysco Management Corporation; (g) The Beny Steinmetz Group; (h) Onyx Financial Advisors; (i) Matinda and Co. Limited; (j) Marc Struik; (k) Yossie Tchelet; (l) Dag Cramer; (m) Sandra Merloni-Horemans; (n) David Trafford; (o) Asher Avidan; (p) Patrick Saada; (q) Ibrahima Kassory Fofana; and/or (r) IF Global, LLC.**

## RESPONSE TO REQUEST NO. 14:

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to this Request insofar as it seeks documents and information that have no connection or nexus to the United States and New York, and thus exceeds the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged documents, if any, that are responsive to this Request, and which are in its possession, custody, or control.

**REQUEST NO. 15:**

All Documents and Communications related to any real estate, including office space, owned, leased, rented, or otherwise used by BSGR or its directors, officers, employees, representatives, agents, independent contractors or consultants, including Steinmetz in the United States.

**RESPONSE TO REQUEST NO. 15:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity.  BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  BSGR further objects to this Request insofar as it seeks documents and information relating to real estate owned or used by agents, consultants, independent contractors, or representatives of BSGR on the grounds that it purports to obligate BSGR to require the production of documents or information outside of its possession, custody or control, and calls for the production of privileged materials.  BSGR further objects to this Request insofar as it seeks documents and information that have no connection or nexus to New York, and thus exceeds the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged documents, if any, that are responsive to this Request, and which are in its possession, custody, or control.

**REQUEST NO. 16:**

All Documents and Communications concerning Your knowledge of, control of, involvement in, and/or participation in Defendant Cilins' activities in the United States, including the activities alleged in the Complaint.

## RESPONSE TO REQUEST NO. 16:

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 17:

**All Documents and Communications concerning Defendant Cilins' contacts in the United States with Defendant Touré, and/or Matinda and Co. Limited, or any director, officer, employee, agent, or representative of the same.**

## RESPONSE TO REQUEST NO. 17:

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 18:

**All Documents and Communications concerning travel to the United States relating to Simandou and/or the Vale-BSGR Transaction by Steinmetz or any BSGR director, officer, employee, representative, agent, independent contractor or consultant, including but not limited to any itineraries, records or receipts in connection with the same.**

## RESPONSE TO REQUEST NO. 18:

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity.  BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other

Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.  BSGR further objects to this Request to the extent that it requires the production of

documents or information outside of its possession, custody or control.

BSGR further objects to this Request because it seeks documents and information outside

the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 19:

**All Documents and Communications concerning or exchanged with the U.S. Government, including the Department of Justice, the Securities and Exchange Commission, or Internal Revenue Service, relating to Simandou, the Vale-BSGR Transaction, and/or the Zogota Project, with the exception of any confidential grand jury materials.**

## RESPONSE TO REQUEST NO. 19:

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity.  BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other

Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity. BSGR further objects to this Request to the extent that it requires the production of

documents or information outside of its possession, custody or control.

BSGR further objects to this Request because it seeks documents and information outside

the scope of the limited jurisdictional discovery permitted by the Order.

## REQUEST NO. 20:

**All Documents and Communications relating to any contracts, leases, or other agreements between You and any U.S. Companies.**

## RESPONSE TO REQUEST NO. 20:

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity. BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other

Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity. BSGR further objects to this Request insofar as it seeks documents and information

that have no connection or nexus to New York, and thus exceeds the scope of the limited

jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged

documents, if any, that are responsive to this Request, and which are in its possession, custody, or

control.

**REQUEST NO. 21:**

> **All employment, agent, consulting, or other agreements between You and any other Defendant, including but not limited to Defendants Cilins, Noy, Touré, and Lev Ran.**

**RESPONSE TO REQUEST NO. 21:**

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity. BSGR further objects to this Request to the extent it is not

reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other

Requests and therefore unduly burdensome, and seeks documents or information protected by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity. BSGR further objects to this Request because Messrs. Noy and Lev Ran are no longer

defendants in this action. BSGR further objects to this Request insofar as it seeks documents and

information that have no connection or nexus to the United States and New York, and thus

exceeds the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged

documents, if any, that are responsive to this Request, and which are in its possession, custody, or

control.

**REQUEST NO. 22:**

> **All Documents and Communications identifying Your corporate organization and structure, including but not limited to any corporate organization charts identifying all subsidiaries and any employees, agents, consultants, or representatives working for such subsidiaries.**

**RESPONSE TO REQUEST NO. 22:**

In addition to and including the foregoing General Objections, BSGR objects to this

Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought

with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

**REQUEST NO. 23:**

**All Documents and Communications sufficient to identify the number and identity of any BSGR executives who reside, part-time or full-time, in the United States.**

**RESPONSE TO REQUEST NO. 23:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, purports to obligate BSGR to require the production of documents or information outside of its possession, custody or control, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to this Request insofar as it seeks documents and information that have no connection or nexus to New York, and thus exceeds the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR will produce non-privileged documents, if any, that are responsive to this Request, and which are in its possession, custody, or control.

**REQUEST NO. 24:**

> **All Documents and Communications relating to consulting work performed by Ibrahima Kassory Fofana and/or IF Global, LLC, relating to Simandou, the Vale-BSGR Transaction, and/or the Zogota Project.**

**RESPONSE TO REQUEST NO. 24:**

In addition to and including the foregoing General Objections, BSGR objects to this Request because it is overbroad, vague, and ambiguous and fails to identify the documents sought with reasonable particularity. BSGR further objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative of other Requests and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to this Request to the extent that it requires the production of documents or information outside of its possession, custody or control.

BSGR further objects to this Request because it seeks documents and information outside the scope of the limited jurisdictional discovery permitted by the Order.

**INTERROGATORY NO. 1:**

> **Identify all persons with knowledge of the topics or issues in the document requests, and the specific request they are knowledgeable about.**

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to and including the foregoing General Objections, BSGR objects to this Interrogatory because it is overbroad, vague, and ambiguous and fails to identify the information sought with reasonable particularity. BSGR further objects to this Interrogatory to the extent it is not reasonably calculated to lead to the discovery of admissible evidence and therefore unduly burdensome, and seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. BSGR further objects to

this Interrogatory to the extent that it violates Local Rule 33.3, and insofar as it seeks information

outside the scope of the limited jurisdictional discovery permitted by the Order.

Subject to and without waiving these objections, BSGR refers Plaintiff to Defendants

Benjamin Steinmetz's and BSG Resources Limited's Amended Initial Disclosures Pursuant To

Fed. R. Civ. P. 26(a)(1), dated September 3, 2014, and the disclosures therein concerning

person(s) with knowledge of documents and information concerning the alleged bases for the

Court's jurisdiction over it.


Dated: September 3, 2014                    MISHCON DE REYA NEW YORK LLP


                                            By: _____
                                               Robert Gold
                                               Vincent Filardo, Jr.
                                               Elizabeth M. Rotenberg-Schwartz
                                               Kavitha S. Sivashanker

                                               750 Seventh Avenue, 26th Floor
                                               New York, New York 10019
                                               Tel: (212) 612-3270
                                               Fax: (212) 612-3297
                                               robert.gold@mishcon.com
                                               vincent.filardo@mishcon.com
                                               elizabeth.rotenberg-schwartz@mishcon.com
                                               kavitha.sivashanker@mishcon.com

                                               *Attorneys for Defendant BSG Resources Limited*

## CERTIFICATE OF SERVICE

I, Kavitha S. Sivashanker, hereby certify that a true and correct copy of Defendant BSG

Resources Limited's Responses and Objections to Plaintiff's First Set of Jurisdictional Discovery

Requests was served upon the following attorneys of record by Electronic Mail on September 3,

2014:

William A. Burck
Eric C. Lyttle
Michael J. Lyle
Stephen M. Hauss
Quinn Emanuel Urquhart & Sullivan, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
williamburck@quinnemanuel.com
ericlyttle@quinnemanuel.com
mikelyle@quinnemanuel.com
stephenhauss@quinnemanuel.com

Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
michaelcarlinksky@quinnemanuel.com
*Counsel for Plaintiff Rio Tinto plc*

Jonathan I. Blackman
Lewis J. Liman
Boaz S. Morag
Joaquin P. Terceno, III
Matthew M. Karlan
Esti T. Tambay
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
jblackman@cgsh.com
lliman@cgsh.com
bmorag@cgsh.com
jterceno@cgsh.com
mkarlan@cgsh.com
etambay@cgsh.com
*Counsel for Defendant Vale, S.A.*

Paul E. Summit
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
psummit@sandw.com

Karen E. Abravanel
Sullivan & Worcester LLP
1633 Broadway, 32nd Floor
New York, NY 10019
kabravanel@sandw.com
*Counsel for Defendant Mahmoud Thiam*

Martin J. Auerbach, Esq.
Law Offices of Martin J. Auerbach, Esq
1185 Avenue of the Americas, 31st Floor
New York, NY 10036
auerbach@mjaesq.com
*Counsel for Defendants BSG Resources (Guinea)*
*Ltd. aka BSG Resources Guinée Ltd, and BSG*
*Resources Guinée SARL aka BSG Resources*
*(Guinea) SARL aka VBG-Vale BSGR Guinea*

Kavitha S. Sivashanker