```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
RIO TINTO PLC,
                Plaintiff,

         v.                                 14-cv-3042 (AJP)

VALE, S.A., et al.,
                Defendants.
------------------------------x
                                            New York, N.Y.
                                            October 7, 2014
                                            2:20 p.m.

Before:
                    HON. ANDREW J. PECK
                                            Magistrate Judge

                         APPEARANCES

QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Attorneys for Plaintiff
BY:  MICHAEL J. LYLE, ESQ.
     ERIC C. LYTTLE, ESQ.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
     Attorneys for Defendant Vale, S.A.
BY:  LEWIS J. LIMAN, ESQ.

MISHCON DE REYA NEW YORK, LLP
     Attorneys for Defendants BSG Resources Limited
     and Benjamin Steinmetz
BY:  VINCENT FILARDO, ESQ.
     ELIZABETH ROTENBERG-SCHWARTZ, ESQ.
     KAVITHA S. SIVASHANKER, ESQ.

LAW OFFICES OF MARTIN J. AUERBACH, ESQ.
     Attorneys for Defendants BSG Resources (Guinea) Ltd.,
     BSGR Guinea Ltd. BVI, BSG Resources Guinee SARL,
     Frederic Cilins, Michael Noy, Avraham Lev Ran,
     and Mamadie Toure
BY:  MARTIN J. AUERBACH, ESQ.

SULLIVAN & WORCESTER LLP
     Attorneys for Defendant Mahmoud Thiam
BY:  PAUL E. SUMMIT, ESQ.
     KAREN E. ABRAVANEL, ESQ.
```

1           (In open court)

2           THE COURT:  On the record.

3           I got a status report letter from Mr. Lyle yesterday,
4  or within the last day or two anyway.  On the one hand, I am
5  happy to hear that you are all continuing to negotiate in good
6  faith.  I am a little worried that things are going slower than
7  I would like.  And I don't know if I would need to give you a
8  deadline that says, unless the stay motion -- which I saw came
9  in last night but I haven't looked at it yet, and obviously
10 there hasn't been a response, etc.  I hope that everyone is
11 moving as promptly as they can and are not dragging feet in
12 order to keep discovery going slowly while the Court decides
13 whether to stay it.

14          With that, it doesn't sound like you have any disputes
15 that you want me to deal with per se, but let me hear from you.
16 Mr. Lyle, you can start and we'll see what everyone has to say.

17          MR. LYLE:  Thank you, your Honor.  As the Court has
18 noted, we are making progress as we indicated in our letter.
19 We do have a number of issues which we also identified that
20 could come to a head.  We think it's going to be within the
21 next period of -- the next round, probably after we've had a
22 discussion further with both -- with each of the defendants.
23 Mr. Lyle has been handling those negotiations with Mr. Liman
24 and others on the defense side.

25          And with respect to the idea of a date, we think it

1    might make some sense, your Honor, so that we can keep moving
2    forward with discovery, we do think that there are topics
3    which, as we indicated in our letter, such as agreed-on search
4    terms, identification of custodians, and the topics that we've
5    referenced in our joint letter that we submitted, those things
6    can begin relatively soon.  We are still talking about that,
7    but if I had to guess, my sense is, based on what I'm hearing
8    from Mr. Lyle, we may need to turn to you for assistance on
9    that.  So a date in the short term might be a good idea from
10   our perspective to keep things moving along.
11            THE COURT:  All right.  We'll see what short-term
12   dates are available and what exactly you mean by "the short
13   term."  But on the defense side, Mr. Liman?
14            MR. LIMAN:  Your Honor, I agree with much of what
15   Mr. Lyle has said.  Just to give your Honor a sense of where we
16   stand, we completed our first set of meet-and-confers with the
17   plaintiff yesterday.  Where things stand is we focused on the
18   scope of the document requests.  We do anticipate there will be
19   some disagreements.  There are some areas where the plaintiffs
20   owe us some information to narrow the request.  There are some
21   areas where we owe them a proposal.  After that is completed,
22   what we anticipate doing is meting and conferring with respect
23   to custodians where that can be done and having a discussion
24   either about predictive coding or search terms and what search
25   terms should be used.

1        So we're making progress.

2        THE COURT: On most of the documents -- because I know
3   one of the complaints, or one of the concerns, was how far back
4   some of this goes -- is whatever is going to be produced likely
5   to be electronically stored or is there a great deal of paper,
6   or don't you know yet?

7        MR. LIMAN: I don't know the answer to that, your
8   Honor. And I think some of that probably depends upon the
9   narrowing of the scope of the request. I think it is fair to
10  say that, regardless of where the majority of the documents
11  lie, it will be a substantial quantity of documents that will
12  be electronic.

13       THE COURT: All right. Just because, even if you scan
14  paper documents in, predictive coding probably will not work
15  nearly as well on the scanned documents, which will therefore
16  be lacking a lot of metadata, as it would if we're dealing
17  largely with ESI. It may be you have to use different methods
18  for the type of material. But OK.

19       All right. Other defense counsel has anything to add?

20       MR. FILARDO: Your Honor, we're in the process of
21  responding in writing to the letter that we just received on
22  October 1st from plaintiff. We're still in the early process
23  of the meet and confer, hoping to get to an agreement on what
24  the proper scope will be for jurisdictional discovery. I think
25  we have a disagreement as to that issue.

1              THE COURT:  Well, sooner rather than later.

2              MR. FILARDO:  Yes.  So we're hoping to resolve it out

3     the Court's intervention.

4              THE COURT:  OK.  So when do you think it makes sense

5     to come back?  On the one hand, you're much better off working

6     things out to the extent you can, particularly -- and I do

7     throw this out; I'm sure you would have thought of it on your

8     own -- and that is doing stages of discovery.  So if you are

9     able to agree that X is within the scope but you disagree as to

10    whether one should go back to do Y as well, get X going and

11    worry about Y later.  And I will certainly give a longer

12    discovery period when we finally get to put a real date on

13    this.  If you are doing that amicably in an effort to save

14    time, money, etc., then it keeps us from going too slowly.

15             So with all of that, why don't the two of you talk for

16    a minute on a date idea.  My schedule is incredibly tight in

17    the October, November period, but I can always squeeze you in

18    at some ungodly hour of the morning or something.  Talk for a

19    minute amongst the three of you.  Or four, whoever.  And then

20    tell me what you want and we'll see what works.

21             MR. LYLE:  Thank you, your Honor.

22             (Counsel confer)

23             MR. LYLE:  Thank you, your Honor.  We just conferred,

24    as the Court requested.  We think some time the week of

25    November 3rd, if that's convenient for your Honor, we could be

Case 1:14-cv-03042-RMB-AJP   Document 104   Filed 10/17/14   Page 6 of 7   6
EA7ARIOCps

1  available.

2  THE COURT:  OK.  We could do it Monday the 3rd or, if
3  you want to do it the -- Halloween the 31st, the Friday before,
4  I could work you in there.  Rest of the week of November 3rd is
5  the Sedona conference meeting where I will be instead of here.
6  So if Monday the 3rd works for you in the morning.

7  MR. LYLE:  If the afternoon is available.  If not, OK.
8  We can be here.

9  THE COURT:  OK.  9:30 on the 3rd.  November 3 at 9:30.
10  To the extent that means you have to fly up the night before, I
11  apologize, but I'll be flying out.

12  MR. LYLE:  We'll stop here for a night in New York,
13  your Honor, happily.  Thank you.

14  MR. LIMAN:  Your Honor, would you like the same joint
15  submission on a Thursday, at the end of the day?

16  THE COURT:  Yes.  That would be great.

17  And think about -- I don't think you need it yet, but
18  particularly on e-discovery issues, think about whether you
19  want a special master to serve as more of a mediator.  If it's
20  disputes and you want a ruling, I can handle that.  If you
21  think that your negotiations would be improved when you get
22  into ESI nitty-gritty by having somebody who speaks
23  computerese, so to speak, helping you all out, then if you all
24  can agree on somebody that's fine.  If not, if you want me to
25  suggest somebody who can do that.  If you think you can do all

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    it on your own -- I know a lot of the firms have in-house,
2    either at the client or at the law firm, e-discovery
3    specialists.  But make sure whatever deals you cut are smart
4    ones.  And if you want help in that, obviously you have to pay
5    for that sort of help, but it is available.
6             All right.  See you on the 3rd.
7             MR. LIMAN:  Thank you, your Honor.
8             MR. LYLE:  Thank you, your Honor.
9                                 o0o