# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
Rio Tinto plc,

               Plaintiff,        Civil Action No. 14-cv-3042 (RMB) (AJP)

   v.

Vale S.A., Benjamin Steinmetz, BSG
Resources Limited, BSG Resources
(Guinea) Ltd. aka BSG Resources Guinée
Ltd, BSGR Guinea Ltd. BVI, BSG
Resources Guinée SARL aka BSG
Resources (Guinea) SARL aka VBG-Vale
BSGR Guinea, Frederic Cilins, Michael
Noy, Avraham Lev Ran, Mamadie Touré,
and Mahmoud Thiam,

               Defendants.
---------------------------------------------------------------x

## DEFENDANTS BENJAMIN STEINMETZ'S AND BSG RESOURCES LIMITED'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1), defendants Benjamin Steinmetz and BSG Resources Limited ("BSGR") (collectively, "Defendants"), by and through their undersigned counsel, Mishcon de Reya New York LLP, hereby provide the following initial disclosures. Defendants make these initial disclosures based upon information obtained to date and reasonably available to them at this time, and subject to, and without waiver of, the limitations and objections as to these disclosures set forth herein. Defendants expressly reserve all rights to modify, amend, or otherwise supplement these initial disclosures set forth below in light of additional investigation, discovery, information, and developments in this case. By making these initial disclosures, Defendants do not represent that they are identifying every witness, document, or tangible thing possibly relevant to this lawsuit. Rather, Defendants' initial disclosures represent a good faith effort to identify information they reasonably believe are

required by FRCP 26(a)(1), subject to, and without waiver of, the limitations and objections as to these disclosures set forth herein.

Defendants' initial disclosures are made without, in any way, waiving: (1) the right to object to any discovery requests or to the admissibility of any evidence on the grounds of attorney-client privilege, the attorney work product doctrine, other applicable privileges or protections, competency, relevance, materiality, prejudice, hearsay, or any other proper ground in this action or in any other action; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any proceeding in this action or in any other action; or (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these initial disclosures in any proceeding in this action or in any other action. All such objections and grounds are reserved and may be interposed at trial.

Defendants' initial disclosures further are made without, in any way, waiving any defenses and/or objections to the Court's jurisdiction over them in this action. Defendants expressly provide their intention to, and reserve all rights to, object to the Court's jurisdiction over them under FRCP 12(b)(2) and any other appropriate grounds.

Defendants' investigation also remains ongoing and they further reserve the right to supplement or correct these disclosures as necessary, pursuant to FRCP 26(e), based upon further investigation and discovery.

## A. Persons Having Knowledge of Relevant Facts

Defendants incorporate each of the general objections and limitations set forth above into the following disclosures. Pursuant to FRCP 26(a)(1)(A)(i), and subject to, and without waiver of, the objections and limitations stated above and set forth herein, Defendants identify the

following individuals presently known to them who are likely to have discoverable information that Defendants may use to support their claims or defenses in this action. Defendants do not consent to or authorize any communications with their current or former employees or agents, which are prohibited by the applicable rules of professional conduct, invade areas of privilege, or are outside the discovery methods provided for in the Federal Rules of Civil Procedure. The following list shall not be interpreted to be an admission that any of the listed individuals will have discoverable information.

| Individual | Last Known Address & Telephone, If Available | Subject |
| --- | --- | --- |
| Doron Levy<br>APM & Co.<br>Nitsba Tower, 19th Floor<br>17 Yitzhak Sadeh Street<br>Tel Aviv 67775<br>Israel | c/o James Libson<br>Mishcon de Reya<br>Summit House<br>12 Red Lion Square<br>London, WC1R 4QD | Personal jurisdiction. |
| Peter Driver<br>BSG Resources Limited | c/o James Libson<br>Mishcon de Reya<br>Summit House<br>12 Red Lion Square<br>London, WC1R 4QD | BSGR's research and development of mining operations at Simandou.<br><br>Negotiations between BSGR and Vale, S.A. related to a potential joint venture at Simandou. |
| Marc Struik<br>BSG Resources Limited | c/o James Libson<br>Mishcon de Reya<br>Summit House<br>12 Red Lion Square<br>London, WC1R 4QD | BSGR's research and development of mining operations at Simandou.<br><br>Negotiations between BSGR and Vale, S.A. related to a potential joint venture at Simandou. |

In addition to those individuals identified above, Defendants hereby incorporate by reference any witnesses and their possible subjects of testimony disclosed by plaintiff and co-defendants in their Initial Disclosure Statements pursuant to FRCP 26(a).

These disclosures are based upon information reasonably available to Defendants at this time, and subject to Defendants' affirmative defense and objection on grounds that the Court lacks personal jurisdiction over Defendants. Defendants reserve the right to amend these Initial

Disclosures, and seek discovery from, and relating to, other persons who may later become known as persons likely to have discoverable information.

Defendants have not yet designated expert witnesses, but may do so in accordance with the requirements set forth in the Federal Rules of Civil Procedure. Defendants will disclose the identity of any retained expert whom they expect to call as a witness at trial as appropriate.

Discovery, fact investigation, and trial preparation are ongoing, and Defendants reserve the right to supplement or correct this disclosure in light of further discovery, fact investigation, and trial preparation, if required, in accordance with FRCP 26(e).

**B.      Relevant Unprivileged Documents**

Defendants incorporate each of the general objections and limitations set forth above into the following disclosures. Pursuant to FRCP 26(a)(1)(A)(ii), and subject to, and without waiver of, the objections and limitations stated above and set forth herein, Defendants hereby describe the following categories of documents, electronically stored information, and/or tangible things (collectively, "Documents") that are within their possession, custody, or control, and may be used to support their claims or defenses in this action, other than solely for impeachment:

<u>Description by Category and Location</u>

- Documents concerning Defendants' affirmative defenses and the bases identified in Defendants' anticipated motion to dismiss in this action, including but not limited to personal jurisdiction.

- Documents concerning BSGR's research and development of mining operations at Simandou.

- Documents concerning negotiations between BSGR and Vale, S.A. related to a potential joint venture at Simandou.

- Documents concerning the Guinean Government's award of mining interests in Simandou to BSG Resources (Guinea) Limited and BSG Resources (Guinea) SARL, and subsequent assignment of that interest to VBG-Vale BSGR Guinea.

The above documents are located c/o Navigant Consulting, Inc. in Geneva, Switzerland, Guernsey, Channel Islands, London, England, and South Africa.

Defendants identify the categories of documents listed above without waiver of their right to object to the production of any particular document. Defendants further state that they make these disclosures based upon information reasonably available to them at this time. Discovery, fact investigation, and trial preparation are ongoing, and Defendants reserve the right to supplement or correct these disclosures in light of further discovery, fact investigation, and trial preparation, if required, in accordance with FRCP 26(e).

## C. Computation of Damages

This section is presently not applicable to Defendants. Discovery, fact investigation, and trial preparation are ongoing, and Defendants reserve the right to supplement or correct this disclosure in light of further discovery, fact investigation, and trial preparation, if required, in accordance with FRCP 26(e).

## D. Insurance Agreements

Subject to, and without waiver of, the objections and limitations stated above and set forth herein, Defendants are not aware of any insurance agreement whereby an insurance company may be liable to satisfy all or part of any judgment that may be entered in this matter or be used to indemnify or reimburse payments made to satisfy any judgment.

Dated: July 23, 2014

Respectfully submitted,

MISHCON DE REYA NEW YORK LLP

By: /s/ Vincent Filardo, Jr.

Robert Gold
Vincent Filardo, Jr.
Elizabeth M. Rotenberg-Schwartz
Kavitha S. Sivashanker

750 Seventh Avenue, 26th Floor
New York, New York 10019
Tel: (212) 612-3270
Fax: (212) 612-3297
robert.gold@mishcon.com
vincent.filardo@mishcon.com
elizabeth.rotenberg-schwartz@mishcon.com
kavitha.sivashanker@mishcon.com

*Attorneys for Defendants Benjamin Steinmetz and BSG Resources Limited*

## CERTIFICATE OF SERVICE

I, Kavitha S. Sivashanker, hereby certify that a true and correct copy of Defendants Benjamin Steinmetz's and BSG Resources Limited's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) was served upon the following attorneys of record by Electronic Mail on July 23, 2014:

William A. Burck
Eric C. Lyttle
Michael J. Lyle
Stephen M. Hauss
Quinn Emmanuel Urquhart & Sullivan, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
williamburck@quinnemanuel.com
ericlyttle@quinnemanuel.com
mikelyle@quinnemanuel.com
stephenhauss@quinnemanuel.com

Michael B. Carlinsky
Quinn Emmanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
michaelcarlinksky@quinnemanuel.com
*Counsel for Plaintiff Rio Tinto plc*

Jonathan I. Blackman
Lewis J. Liman
Boaz S. Morag
Joaquin P. Terceno, III
Matthew M. Karlan
Esti T. Tambay
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
jblackman@cgsh.com
lliman@cgsh.com
bmorag@cgsh.com
jterceno@cgsh.com
mkarlan@cgsh.com
etambay@cgsh.com
*Counsel for Defendant Vale, S.A.*

Legal1us.211315.10                                7

Paul E. Summit
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
psummit@sandw.com

Karen E. Abravanel
Sullivan & Worcester LLP
1633 Broadway, 32nd Floor
New York, NY 10019
kabravanel@sandw.com
*Counsel for Defendant Mahmoud Thiam*

Martin J. Auerbach, Esq.
Law Offices of Martin J. Auerbach, Esq
1185 Avenue of the Americas, 31st Floor
New York, NY 10036
auerbach@mjaesq.com
*Counsel for Defendants BSG Resources (Guinea)
Ltd. aka BSG Resources Guinée Ltd, and BSG
Resources Guinée SARL aka BSG Resources
(Guinea) SARL aka VBG-Vale BSGR Guinea*

Kavitha S. Sivashanker