Exhibit D

**Mishcon de Reya**
NEW YORK LLP

Our Ref:      50285.1

750 7th Avenue - 26th floor
New York, NY 10019

www.mishconnewyork.com

October 14, 2014

Direct Tel:      212-257-4454
Direct Fax:     212-612-3297
E-mail:          Kavitha.Sivashanker@mishcon.com

<u>Via Email</u>

Keith H. Forst
Quinn Emanuel
777 Sixth Street NW, 11th Floor
Washington, D.C. 20001-3706
keithforst@quinnemanuel.com

> Re:    *Rio Tinto plc v. Vale, S.A., et al*, Civ. Action No. 14-cv-3042 (RMB) (S.D.N.Y.):
> Plaintiff's First Set of Jurisdictional Discovery Requests to Defendants
> BSG Resources Limited ("BSGR") and Benjamin Steinmetz

Dear Keith:

On behalf of Defendants BSGR and Benjamin Steinmetz ("Defendants"), we write in response to your letter, dated October 1, 2014 ("October 1 Letter"), concerning our ongoing meet and confer discussions regarding Plaintiff's First Set of Jurisdictional Discovery Requests to Defendants ("Requests") in the above-captioned action ("Action").

## I.    Defendants Are Committed To The Meet And Confer Process

Absent a stay of discovery, we are committed to continuing to meet and confer with Plaintiff in good faith, with the hope that we can resolve our disputes with minimal Court intervention.  Although we believe this may be achievable, because the Requests go well beyond the scope of documents relevant to personal jurisdiction over Defendants in New York -- including those probing the merits of the Action and seeking documents that are not even germane to the case -- much needs to be discussed and resolved before Defendants can search for and review documents in preparation for production.  It appears that this process may be drawn out further, since Plaintiff has made no effort to narrow any of the Requests after our meet and confer discussions, so as to make them not objectionable to Defendants.

## II.    Defendants Have Timely Complied With Their Discovery Obligations To Date

Your suggestion that Defendants have delayed the discovery process by timely serving their Responses and Objections to the Requests on September 3, 2014, in accordance with

Magistrate Judge Peck's July 29, 2014 Order ("July 29 Order"), is self-serving, misleading, and false.  Indeed, while Defendants timely responded to the Requests,[1] Plaintiff's counsel did not even contact Defendants' counsel until September 16, 2014 -- nearly two weeks later -- to schedule an initial meet and confer discussion.  Two days later, Defendants conducted a preliminary call with Plaintiff regarding the meet and confer process on September 18, 2014, and scheduled a full meet and confer session for September 23, 2014 ("September 23 Call").  On the September 23 Call, I advised you that the upcoming weeks would be difficult for Defendants' counsel to meet and confer, given the Jewish holidays which conclude at the end of this week.  During our discussion, you offered to memorialize Plaintiff's positions on the Requests, which you indicated would be sent the following day.  Instead, we received your letter *a week later*, on October 1, 2014.  Defendants have done nothing to delay the discovery process, and have timely complied with all of their obligations to date as the parties noted in the Joint Letter to Magistrate Judge Peck, dated October 3, 2014 (Dkt. No. 95) ("Joint Letter").  (*See* Joint Letter at 1-2.)

While Defendants are not opposed to the production of documents on a rolling basis, as provided in the ESI Protocol (Dkt. No. 82), before any production can take place, the parties need to agree upon the appropriate scope of the Requests.  As set forth in the Joint Letter, "after the parties have *concluded* their meet and confer regarding the scope of the individual document requests," they will begin discussing a list of appropriate custodians whose documents should be searched and the culling criteria for searching and identifying responsive documents.  Plaintiff's proposal, as set forth in your letter, is simply unworkable.  Defendants cannot begin the production of documents until the parties have reached agreement on the above items.[2]

As you know, responding to the Requests as drafted would require BSGR to process *at least* 20.6 terabytes of data and to search and review several million records in multiple foreign languages.  Accordingly, it is necessary for the parties to first agree on the appropriate scope and methodology of the jurisdictional discovery before Defendants engage in what will undoubtedly be an onerous endeavor.  To attempt to undertake such review in a piecemeal fashion -- as Plaintiff suggests -- would be extremely inefficient, unduly burdensome, and wasteful.

Defendants are willing to work out a reasonable schedule for future meet and confer discussions on the scope of the Requests, tentative deadlines for the exchange of custodian information and other culling criteria for searching and identifying responsive documents, and a rolling document production schedule (after agreement on the aforementioned items is reached).

---

[1] Pursuant to the July 29 Order, Defendants actually served their Responses and Objections to the Requests a few days prior to the date that they would have been due under Federal Rule of Civil Procedure ("Rule") 34.  (*See* July 29 Order at 27:10-22.)

[2] Defendants have an initial list of potentially relevant custodians for discovery in the Action, but it is not limited to jurisdictional discovery.  Therefore, once the parties have agreed on the scope of the Requests, Defendants will be able to appropriately limit this custodian list to jurisdictional discovery.

Mishcon de Reya

### III.   Defendants' Objections To The Overbroad Requests

As set forth in detail in Defendants' Motion to Stay Discovery (Dkt. Nos. 98-100) ("Stay Motion"), Defendants intend to seek dismissal of this action because the Court lacks personal jurisdiction over them. (*See* Defs. Stay Mot. Mem. at 20-24.) Nevertheless, Defendants have agreed to engage in *limited* jurisdictional discovery, unless discovery is stayed in this action.[3] However, such discovery is not an opportunity for Plaintiff to conduct an impermissible fishing expedition and expand the scope of discovery to the merits (and beyond), which is neither permitted by the July 29 Order nor relevant case law in the Second Circuit. Despite Defendants' repeated representations that they would like to work with Plaintiff to narrow the Requests so that they would not be objectionable, other than a single clarification for one request (*see* October 1 Letter at 2 n.1), your letter offers absolutely no proposals for the narrowing of *any* of the Requests to which Defendants provided objections.

#### 1.   *The Requests Are Overbroad and Violate the July 29 Order*

Among other objections made by Defendants, the Requests go well beyond the scope of discovery permitted by the July 29 Order, which directed that Plaintiff limit their discovery demands to "jurisdictional related discovery requests." (July 29, 2014 Hr'g Tr. 27:10-22). Judge Peck expressly instructed Plaintiff to "focus on jurisdictional discovery as opposed to pure merits discovery." (July 29, 2014 Hr'g Tr. 20:18-21). Contrary to this instruction, many of the Requests seek documents obviously directed at the merits of this dispute, and not whether this Court has jurisdiction over Defendants in *this* District. For example, Plaintiff seeks:

- "All Documents and Communications concerning Your knowledge of, involvement in, or participation in *any of the Defendants' activities* in the United States alleged in the Complaint." (BSGR Request No. 7, Steinmetz Request No. 6 (emphasis added).)

- "All Documents and Communications relating to any communication regarding Simandou," including communications internally, with persons in the United States, or any Defendant and agents of such Defendant. (BSGR Request No. 9, Steinmetz Request No. 8.)

- "All Documents and Communications concerning Defendant Cilins' contacts in the United States with Defendant Touré, and/or Matinda and Co. Limited, or any director, officer, employee, agent, or representative of the same." (BSGR Request No. 17, Steinmetz Request No. 16.)

Moreover, several of the Requests fail to have *any* connection -- merits or otherwise -- to the allegations in the Amended Complaint. One salient example is BSGR Request No. 24 and Steinmetz Request No. 23, which seek:

---

[3] Defendants' agreement to engage in limited jurisdictional discovery is made without waiver of their defenses and/or objections to the Court's jurisdiction over them in the Action. As they previously represented to the Court and Plaintiff, Defendants expressly reserve all rights to object to the Court's jurisdiction over them under Rule 12(b)(2) and any other appropriate grounds.

- "All Documents and Communications relating to consulting work performed by Ibrahima Kassory Fofana and/or IF Global, LLC, relating to Simandou, the Vale-BSGR Transaction, and/or the Zogota Project." (BSGR Request No. 24, Steinmetz Request No. 23.)

Indeed, during the September 23 Call, you and Ms. McCaffrey stated that to the extent Plaintiff had "support" for various overbroad Requests being purportedly relevant to jurisdictional issues, including BSGR Request No. 24, you would provide it in your letter. Tellingly, except for one footnote further explaining the potential relevancy of BSGR Request No. 17 (*see* October 1 Letter at 4 n.2), the October 1 Letter provides no other support for the jurisdictional relevancy of any of the other Requests objected to by Defendants on this ground.

### 2.   *Jurisdictional Discovery is Limited to Defendants' Contacts with New York*

Plaintiff's jurisdictional discovery is further limited to Defendants' contacts -- *alleged within the Amended Complaint* -- with *New York*, not the United States. As explained below, Plaintiff cannot use either 18 U.S.C. § 1965(b) (the RICO nationwide service of process provision) or Rule 4(k)(2) to expand jurisdictional discovery beyond contacts with *this* forum.

Plaintiff cannot avail itself of the RICO statute's nationwide service of process provision under 18 U.S.C. § 1965(b) to assert jurisdiction over Defendants. "Although RICO authorizes nationwide service of process, it does not, by its very language, authorize service in a foreign country…. Since effective service is a prerequisite to the exercise of jurisdiction, any foreign party against whom a RICO claim is asserted must be served with process *in this country*." *Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542, 564 (S.D.N.Y. 1985) (emphasis added) (citation and quotation omitted) (finding plaintiffs had not served the foreign defendants in the United States, and therefore the court could not exercise personal jurisdiction over those parties under § 1965(b)). As Plaintiff is well aware, BSGR and Steinmetz were not served in the United States -- both executed waivers of service in England -- and thus 18 U.S.C. § 1965(b) does not provide a basis for jurisdiction here. (*See* Waiver of Service Returned Executed, filed on June 9, 2014 (Dkt. No. 28).)

Nor can Plaintiff rely upon Rule 4(k)(2) because it has not pled it or its "requisite elements" as a basis for jurisdiction over either BSGR or Steinmetz in the Amended Complaint. *See* Am. Compl. ¶¶ 31-32; *Stutts v. De Dietrich Group*, 465 F. Supp. 2d 156, 165-66 (E.D.N.Y. 2006) (finding that plaintiffs failed to satisfy the requirements of Rule 4(k)(2) jurisdiction, where they did not plead the requisite elements, "in particular that jurisdiction is not available in any state"). Moreover, Rule 4(k)(2) has been recently critiqued, as the Hon. Kimba M. Wood recently noted "[w]hether a plaintiff can establish personal jurisdiction over a defendant pursuant to Rule 4(k)(2) through the imputation of contacts of that defendant's putative co-conspirators with the United States … has been *widely criticized by courts and scholars*." *Tymoshenko v. Firtash*, 11-CV-2794 KMW, 2013 WL 1234943, at *4 (S.D.N.Y. Mar. 27, 2013) (citations and quotations omitted) (emphasis added) (declining to consider the contacts of defendant's alleged co-conspirators in the Rule 4(k)(2) analysis, and granting motion to dismiss RICO claims for lack of personal jurisdiction).

Therefore, Plaintiff's reliance upon 18 U.S.C. § 1965(b) and/or Rule 4(k)(2) to attempt to expand jurisdictional discovery beyond New York contacts is baseless.

Having no other basis to establish jurisdiction over Defendants, Plaintiff must rely on the provisions of the New York long-arm statute.[4] Therefore, any jurisdictional discovery in the Action must necessarily focus on Defendants' contacts with *this forum* (New York), and not the United States.  *See, e.g., Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 598 (S.D.N.Y. 1998) ("Due process requirements prevent a court from exercising personal jurisdiction over a defendant unless the defendant has 'certain minimum contacts *with the forum state* such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'") (emphasis added) (citation and quotation marks omitted). Plaintiff has not alleged any basis sufficient to expand jurisdictional discovery here beyond Defendants' *direct* contacts with New York, as alleged by Plaintiff in the Amended Complaint.

## IV.   Next Steps In Discovery

As stated above, Defendants remain willing to engage in appropriately limited jurisdictional discovery, as evidenced by their agreement to produce certain categories of documents, to the extent any exist, responsive to the Requests subject to their objections and the parties' agreement on the scope of those Requests.

To that end, Plaintiff needs to provide a reasonable proposal for narrowing the Requests to which Defendants have objected, so that the parties may come to an agreement regarding the appropriate scope of the Requests as soon as practicable.  As noted above, after the parties have come to such agreement, Defendants are ready and willing to discuss (and set tentative deadlines for) the exchange of a list of appropriate custodians whose documents should be searched, the culling criteria to be employed for searching and identifying responsive documents, and a rolling document production schedule, consistent with the Joint Letter and ESI Protocol.  In addition, Defendants may be able to identify documents responsive to the Requests that would not need application of custodial limiters and culling criteria.  To the extent Plaintiff believes that certain Requests would not need such limiters, please identify those specific Requests in writing so that Defendants may appropriately consider them.

---

[4] We understand that Plaintiff is attempting to assert jurisdiction over Defendants through the alleged acts of agents or co-conspirators, but such allegations are plainly insufficient to warrant jurisdictional discovery on that basis here.  (*See* Defs. Stay Mot. Mem. at 21-23.)

Mishcon de Reya

We look forward to working with Plaintiff concerning these issues.  Please contact us with a proposed date for our next meet and confer teleconference.  Thank you.

Sincerely,

Kavitha S. Sivashanker

cc:    Vincent Filardo, Esq.
       Elizabeth Rotenberg-Schwartz, Esq.
       Eric Lyttle, Esq.
       Meghan McCaffrey, Esq.
       (all via e-mail)