**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

October 30, 2014

Hon. Andrew J. Peck
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Peck:

    Plaintiff Rio Tinto hereby submits, by itself, this letter providing a brief overview of the status of discovery in lieu of a letter that the Court asked the parties to submit jointly. Regrettably, Defendants have refused to participate in a joint submission. Since Defendants are not willing to do a joint submission, we will keep this update brief.

    Rio Tinto served its First Request for Production of Documents and First Set of Interrogatories on defendants Vale S.A. ("Vale"), BSG Resources Ltd. ("BSGR"), Benjamin Steinmetz, and Mahmoud Thiam on June 30, 2014. The parties have conducted multiple telephonic meet and confers on several occasions. We have been able to resolve a number of differences concerning the scope of the parties' document requests and interrogatories. There are, however, a number of disputes between the parties that are now ripe for Your Honor's consideration. Those issues are now the subject of the Local Rule 37.2 pre-motion conference letters Rio Tinto has filed. *See* Docket Nos. 110 (letter regarding disputes with Defendant Thiam), 111 (letter regarding disputes with Defendants BSGR and Steinmetz, and 112 (letter regarding disputes with Defendant Vale).

    None of the Defendants have produced documents despite being served with discovery requests over four months ago. Rio Tinto believes resolution of the issues identified in the Local Rule 37.2 pre-motion conference letters, along with compliance with the deadlines proposed below (or similar deadlines) will allow discovery to continue moving forward, and in particular require Defendants to begin their document productions.

    Finally, Defendants refuse to consider potential custodian lists or discuss the methodology for culling documents, including the use of predictive coding or search terms, until the meet and confer process is concluded. Plaintiff believes that these discussions can and should proceed in parallel, and that, in any event, the meet and confer process is nearing its end. Plaintiff therefore

believes the parties would be well served by an order from the Court setting a deadline to finalize a list of custodians and reach a resolution regarding the use of predictive coding or search terms. Plaintiff respectfully requests that the Court order that the parties reach a resolution regarding the use of search terms or predictive coding by November 10, 2014, exchange custodian lists by November 10, 2014, with custodian lists finalized by November 17, 2014. Subsequent dates for either finalizing the initial list of search terms or exchanging coded seed sets may be necessary, but Plaintiffs propose to reserve that question for the next status conference, after which the parties will have settled on their culling methodology and initial custodians.

******

As noted above, to Plaintiffs' disappointment, Defendants have chosen not to participate in a joint submission. They are, instead, submitting their own letter. On Tuesday, Plaintiff provided a draft joint letter for Defendants' review and comment. Plaintiff then followed up on Wednesday to explain that it would be filing and cross-referencing requests for pre-motion conferences, per this Court's rules, that outline the issues over which the parties have reached impasse.

When Rio Tinto inquired late this evening as to the status of the Defendants' revisions and additions to the joint letter so that it could be filed, Mr. Liman, counsel for Defendant Vale, informed Rio Tinto for the first time that Defendants were no longer willing to do a joint letter, and instead would be doing a submission on behalf of all Defendants. Rio Tinto told counsel for Defendants that it believed the parties should comply with the Court's order. Rio Tinto also told counsel for Defendants that it understood they may want to substantively respond to our Local Rule 37.2 letters, and that Rio Tinto therefore would not object to their reservation of rights to do so in the joint letter. Defendants did not respond to Rio Tinto, leaving us no choice but to file this letter on our own.

Importantly, Defendants cannot plausibly claim that Rio Tinto's pre-motion letters requesting a motion to compel come as a surprise or were unexpected. All of the Defendants are fully aware of what issues the parties are now at an impasse over. Indeed, Rio Tinto has discussed these impasse issues with all Defendants at length over the course of numerous meet and confer sessions (five sessions with Vale alone) and written correspondence following up on the same, including a letter to Defendant Vale on October 21, 2014, and a letter to Defendants BSGR and Steinmetz on October 1, 2014, both of which explicitly identified the exact issues the parties were at an impasse over (Defendant Thiam failed to respond to a letter dated October 15, 2014 asking him to provide more information by this past Friday). Thus, Defendants can hardly be shocked that Rio Tinto now seeks the Court's assistance with resolving the outstanding issues which the parties have not – through a robust meet and confer process – been able to resolve themselves.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

cc: All Counsel of Record (by ECF)

2