**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ

CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
CAROLINE F. HAYDAY
JOHN V. HARRISON
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

November 3, 2014

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.,* Civil Action No. 14-cv-3-42 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

  At page 7 of our October 30, 2014 letter (Docket No. 114) (the "Letter"), we inadvertently cited to the objection to the special master's report in *Seaman v. Sedgwick LLP*, No. SACV11-644 DOC (RNBx) (C.D. Cal.), rather than to the District Court's opinion in that same case. The District Court opinion appears at *Seaman v. Sedgwick LLP*, No. SA CV 11-0664-DOC, 2014 WL 3738055 (C.D. Cal. July 28, 2014) (holding that where plaintiff relied on the discovery accrual rule and special master ordered production of documents concerning plaintiff's investigation of defendants and communications related thereto as relevant, plaintiff put his knowledge of claims at issue and waived privilege as to documents demonstrating when plaintiff and his counsel learned of facts putting them on notice of their claims and what those facts are and denying request for all privileged documents without prejudice for movant to show documents were necessary to the defense). We apologize for the error and refer the Court to the correct citation.

  In addition, we respectfully refer the Court to the following other cases finding implied waiver where a party has put privileged material at issue. *See, e.g., United States v. Exxon Corp.*, 94 F.R.D. 246, 248-249 (D.D.C. 1981) (privilege waived when the purpose of discovery is to ascertain whether one party acted in reliance on the representations of the other party when the issue has been voluntarily raised, and when "the waiver is generated by the injection of an entire defense . . . the waiver must pertain to all documents bearing upon the subject matter of the defense"); *Russell v. Curtin Matheson Scientific, Inc.*, 493 F. Supp. 456, 458 (S.D. Tex. 1980) ("[Plaintiffs] have, however, by an affirmative act for their own benefit, the raising of the

Hon. Andrew J. Peck                                                                                          November 3, 2014

equitable tolling issue, placed information protected by the privilege in issue. . . . To protect against disclosure of such information would be manifestly unfair to the defendants." (internal quotation marks omitted)); *Regents of Univ. of California v. Micro Therapeutics, Inc.*, No. C 03-05669 JWRS, 2007 WL 2069946, at *3 (N.D. Cal. July 13, 2007) ("A litigant cannot place into issue privileged matters and also claim that what has been placed into issue still remains privileged and not subject to full disclosure."); *Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) ("Here, the plaintiff has waived the privilege because the information which the defendant seeks is necessary to resolve the precise statute of limitations issue which the plaintiff has interjected into the case."); *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, C08–02581 JF (HRL), 2009 WL 3415375, at *3 (N.D. Cal. Oct. 21, 2009) (by invoking fraudulent concealment to toll the statute of limitations, plaintiff "waived protection over communications that demonstrate when and how it learned of the alleged fraud, as well as communications that relate to whether it had actual or presumptive knowledge of facts such that it was on inquiry notice of such fraud"), *objections overruled*, C 08–2581 JF (HRL), 2009 WL 4981156 (N.D. Cal. Dec. 15, 2009).

                                                      Respectfully submitted,

                                                      /s/ Lewis J. Liman

                                                      Lewis J. Liman

cc: All Counsel of Record (by hand and email)