**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/14

WRITER'S DIRECT DIAL NO.
(202) 538-8166

WRITER'S INTERNET ADDRESS
mikelyle@quinnemanuel.com

> The parties' principals are excused for Monday's conference. The lawyers should attend and prepare for brief (5-10 minutes) oral argument on the forum issue currently pending.
>
> SO ORDERED:
> Date: 11/26/14   /s/ Richard M. Berman
> Richard M. Berman, U.S.D.J.

November 26, 2014

Honorable Judge Richard M. Berman
United States District Judge
Sothern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:   *Rio Tinto v. Vale et al*, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Berman:

We are counsel to Plaintiff Rio Tinto plc ("Rio Tinto"), and we write in response to the letter filed by Defendants BSG Resources Limited ("BSGR") and Benjamin Steinmetz on November 25, 2014 that informed the Court that neither defendant will send a principal representative to the settlement conference scheduled for December 1, 2014.  *See* Dkt. No. 123.  According to counsel for BSGR and Steinmetz, this refusal is based on issues "concerning potential waiver of [their personal jurisdiction defense], among other concerns."  *Id.*

This Court ordered that a settlement conference would occur on December 1, 2014 – almost six months ago.  *See* Dkt. No. 35.  Throughout that time period, Defendants BSGR and Steinmetz have argued that they are not subject to personal jurisdiction in this Court.  *See, e.g.*, 7/28/14 Hrg. Tr. at 13:18-20.  Yet, for whatever reason, Defendants BSGR and Steinmetz waited until the week of the Thanksgiving holiday to announce to the Court – as opposed to seeking leave to adjourn the conference – that their principals would not be attending despite the Court's clear order.

As an initial matter, Defendants BSGR and Steinmetz declined to provide the Court with any detail as to what their "other concerns" are.  It is likely, however, that the real concern Defendants BSGR and Steinmetz have – and their likely real motivation for announcing this to the Court at the last minute – is whether Defendant Steinmetz and certain principals of Defendant BSGR can safely enter the United States without being arrested by U.S. authorities in connection with the ongoing investigation by the U.S. Attorneys' Office for the Southern District of New York into their activities at Simandou.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

As for waiving personal jurisdiction defenses, those concerns are unfounded. Had Defendants BSGR and Steinmetz reached out to Plaintiff in advance of filing their letter to express their concerns that appearing in Court was a threat to their personal jurisdiction defense, Rio Tinto would have told them what it is telling the Court in this letter: Rio Tinto hereby agrees that Mr. Steinmetz's (and other representatives of BSGR) presence at the settlement conference will *not* constitute a waiver of the argument that the Court lacks personal jurisdiction over them.[1] This should alleviate the stated concerns of Defendants BSGR and Steinmetz.

Rio Tinto agrees with the Court that settlement conference will be most productive if it is attended by principals. Thus, while Rio Tinto is prepared to attend the December 1, 2014 conference with a principal, Rio Tinto does not object to a rescheduling of the conference so that all parties can attend with principals.

Respectfully submitted,

/s/Michael J. Lyle
Michael J. Lyle

---

[1] Rio Tinto will, however, challenge that argument on numerous other grounds at the appropriate time.

2