**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

December 1, 2014

By ECF

Hon. Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

Re:   *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Berman:

  We write on behalf of Vale S.A. ("Vale") to bring to the Court's attention two decisions, rendered after briefing became complete, that Vale believes bear on its currently pending motion to dismiss pursuant to the doctrine of *forum non conveniens*, and specifically its argument that such a motion should be granted on the ground that Rio Tinto plc's ("Rio Tinto") claims against Vale are governed by a mandatory forum selection clause that requires such claims to be brought in England (Defs.' FNC Mot. at 2-14, dated Sept. 3, 2014, Dkt. No. 84; Defs.' FNC Reply at 1-5, dated Sept. 24, 2014, Dkt. No. 89).

  *Paduano v. Express Scripts, Inc.*, No. 14-CV-5376 (ADS)(ARL), 2014 WL 5431320 (E.D.N.Y. Oct. 27, 2014) (Spatt, J.). In *Paduano*, Judge Spatt granted defendant's motion to transfer plaintiff's claims pursuant to a forum selection clause and 28 U.S.C. § 1404(a). *Id.* at *1, 34-35. The Court held that the forum selection clause, providing that "all litigation between the parties arising out of or related in any way to the interpretation or performance of the Agreement *shall* be litigated" in the Eastern District of Missouri, or, in a court located in St. Louis County, Missouri, where the Federal Court lacked jurisdiction, was mandatory and "encompasse[d] [the] extra-contractual claims." *Id.* at *29-31, 34 (emphasis added). In particular, the Court found that the phrase "shall be litigated" "reinforced the mandatory quality of the forum selection," and rejected plaintiff's contention that the clause was permissive because it lacked language indicating an "exclusive forum," noting that it is not the case that "the

Hon. Richard M. Berman, p. 2

word 'exclusive' is a magic signal conferring mandatory jurisdiction, or that there are any particular magic words." *Id.* at *30. The holding is relevant to, and directly supports, Vale's argument that the Confidentiality Deed between Vale and Rio Tinto – which provides that any disputes "arising out of or in connection" with the Deed "shall be brought" in English courts – incorporates obligatory venue language. (*See* Mot. at 4-6; Reply at 1-4). Further, the Court in *Paduano* held that "although [plaintiff] does not style any of its claims against [defendant] as a 'breach of contract,' . . . a close reading of the complaint indicates that [plaintiff's] allegations against [defendant] are 'integrally related' to the [agreement]" and thus fell within its scope. 2014 WL 5431320, at *28-30. The holding is relevant to, and directly supports, Vale's argument that regardless of how Rio Tinto may label its claims or characterize them as not arising from a breach of the Deed, they "arise out of or in connection with" the Deed and thus fall within its broad scope. (*See* Mot. at 7-14; Reply at 4-5). Finally, the Court found that the efficiency and economy achieved by trying interrelated claims in one forum should not trump the [agreed to] forum-selection clauses," noting that these are "not a relevant consideration" pursuant to the Supreme Court's decision in *Atlantic Marine*. 2014 WL 5431320, at *31; *see also id.* at *35. The holding undermines Rio Tinto's purported concern about the same issues being decided by different tribunals. (*See* Reply at 4) (discussing Hoffman Decl. ¶ 35).

*Allianz Global Corporate & Specialty v. Chiswick Bridge*, Nos. 13-cv-7559-RA, 13-cv-7565-RA, 2014 WL 6469027 (S.D.N.Y. Nov. 17, 2014) (Abrams, J.). In *Allianz Global*, Judge Abrams dismissed defendants in two of fifteen cases on the basis of a mandatory forum selection clause. *Id.* at *1. & n.1. As in *Paduano*, the Court rejected the plaintiffs' argument that enforcement of the otherwise presumptively valid clause would be unreasonable under the circumstances because "[s]plitting its litigation efforts between New York and Tokyo . . . would be 'unduly costly and prejudicial' to its interests because its claims against the various Defendants are 'closely intertwined' and rely on similar facts and legal theories." *Id.* at *3. The Court held that that "[t]hese circumstances . . . do not rise to the level of those contemplated by *Phillips*—*i.e.* that trial in the selected forum would be 'so difficult and inconvenient' that [plaintiff] would 'effectively be denied its day in court'" and enforced the forum selection clause. *Id.* at *3-4. The holding is relevant to, and directly supports, Vale's argument that here, Rio Tinto has not shown that enforcing the forum selection clause creates the type of "exceptional circumstances" that require a forum selection clause not to be enforced. (*See* Mot. at 3-4; Reply at 4) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 134 S. Ct. 568, 579 (2013)).

                Respectfully submitted,

                /s/ Lewis J. Liman
                Lewis J. Liman

cc:  All Counsel of Record (by hand and email)