CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial:  +1 (212) 225-2550
E-Mail: lliman@cgsh.com

December 3, 2014

**By ECF**

Hon. Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, New York 10007

Re:  <u>Rio Tinto plc v. Vale S.A., et al.</u>, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Berman:

      We write on behalf of Vale S.A. ("Vale") to bring to the Court's attention several decisions bearing on Defendants' currently pending motion to dismiss pursuant to the doctrine of *forum non conveniens*, and specifically Vale's argument that the motion should be granted because Rio Tinto plc's ("Rio Tinto") claims against Vale are governed by a mandatory forum selection clause that requires such claims to be brought in England (Mot. at 2-14, Dkt. No. 84; Reply at 1-5, Dkt. No. 89).  At oral argument on December 1, 2014, Your Honor asked whether Vale had identified a case "where there were two jurisdictions that exclusively are the locus of venue" and "what case comes closest to this where the outcome is the one you are arguing for factually," indicating that such a case "would be most helpful" (Dec. 1, 2014 Tr. 5:14-15, 5:21-22, 6:12-13, 7:7-8).  Vale submits this letter to provide the Court with such authority.

      *First*, at least one court in this District has found that a forum selection clause was mandatory despite the use of "non-exclusive" in the forum selection clause.  In *Antares Mgmt. LLC v. Galt Global Capital, Inc.*, No. 12-CV-6075(TPG), 2013 WL 1209799 (S.D.N.Y. Mar. 22, 2013), Judge Griesa found that a forum selection clause which provided that the parties "submit to the *nonexclusive* jurisdiction of the federal and state courts having venue in New York" was "*mandatory* and not merely permissive."  *Id.* at *2, 5 (emphasis added).[1]  Other courts are in

---

[1] The forum selection clause in *Antares* provided that:  "This agreement shall be governed by the laws of the State of New York, the parties expressly hereby submit to the *nonexclusive* jurisdiction of the federal and state courts having

Hon. Richard M. Berman, p. 2

accord. *See, e.g.*, *Muzumdar v. Welness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) ("We cannot find that a provision which requires appellants to submit to the 'non-exclusive' jurisdiction of Texas courts somehow undermines a very strongly worded forum selection clause containing mandatory language: "SHALL BE PROPER ONLY" or "SHALL BE PROPER" in Dallas county, Texas. We have found such mandatory language to require enforcing a forum selection clause. We have said that where venue is specified with mandatory or obligatory language, the clause will be enforced")[2]; *In re Fisher*, 433 S.W.3d 523, 533 (Tex. 2014) ("[W]e conclude that where the phrase 'non-exclusive jurisdiction' is in a venue selection clause that also includes language reflecting intent that the venue choice is mandatory, the non-exclusive language does not necessarily control over the mandatory language.").[3]

*Second*, several cases have found that when a forum selection clause provides for two parallel jurisdictions, with one forum having jurisdiction by virtue of an express carve-out to the jurisdiction of another forum, that carve-out confirms the clause's mandatory nature. *See Am. Home Assurance Co. ex rel. Stanley Door Sys. v. M/V Hanjin Marseilles*, No. 03-civ-9539 (GBD) (AJP), 2004 WL 1197240, at *4 (S.D.N.Y. June 1, 2004) (Peck, M.J.) (holding that a forum selection clause using the word "shall," "even without more," rendered the clause "mandatory, not simply permissive," and that limited carve-out to the mandatory clause was "additional language that [further] makes clear [the clause's] mandatory nature" and would otherwise be "superfluous"); *Syncora Guar. Inc. v. HSBC Mexico, S.A.*, 861 F. Supp. 2d 252, 259 n.5 (S.D.N.Y. 2012) (Berman, J.) (forum selection clause with mandatory language ("shall") held to provide a narrow exception to arbitration for some claims because language ("notwithstanding the foregoing") would otherwise be "superfluous," an outcome which "is not preferred and will be avoided if possible"); *Universal Grading Serv. v. eBay, Inc.*, No. 08-CV-3557 (CPS), 2009 WL 2029796, at *14 (E.D.N.Y. June 10, 2009) (clause providing for three alternative venues held to be mandatory despite each sub-section being phrased in permissive language, noting that clause "is most reasonably construed as an exclusive list of the options for dispute resolution available to the parties").

This interpretation is also consistent with the plain meaning of non-exclusive. The dictionary definition of "exclusive" is excluding all others, i.e., not admitting to the simultaneous existence of others or limited to the subject specified.[4] "Non-exclusive" means not

---

venue in New York. Each party hereby irrevocably waives, to the fullest extent permitted by applicable law, any objection which it may now or hereafter have to laying of the venue of any proceeding brought in any such court and any claim that any such proceeding has been brought in an inconvenient forum." 2013 WL 1209799, at *2 (emphasis added).

[2] In *Muzumdar*, an associate agreement and distributor agreement included mandatory venue language, while rules incorporated by reference in the agreements provided for non-exclusive jurisdiction. 438 F.3d at 761-62.

[3] The forum selection clause in *In re Fisher* provided that: "any proceeding arising out of or relating to this Agreement *may* be brought in the courts of the State of Texas, Tarrant County, or if it has or can acquire jurisdiction, in the United States District Court for the Northern District of Texas" and that the parties "submit[ ] to the *non-exclusive* jurisdiction of each such court," and "the proceeding *may* be heard and determined in any such court." 433 S.W.3d at 532. The language of this clause, by using "may," was even less mandatory than the clause in the Confidentiality Deed.

[4] *The American Heritage Dictionary of the English Language* (Houghton Mifflin Company, 5th ed. 2011) (1 "Excluding or tending to exclude: *exclusive barrier*." 2 "Not allowing something else, incompatible, *mutually exclusive conditions*." 3 Not divided or shared with others: *exclusive publishing rights*." 4 "Not accompanied by

Hon. Richard M. Berman, p. 3

excluding all others or not limited to the subject specified; it does not mean including all others. A publisher who has "non-exclusive" publishing rights does not necessarily share those rights with everyone else; it just shares them with someone else. A painting that is not exclusively red is not comprised of all colors, just of some other colors. A person who does not give his attention exclusively to one other person does not ipso facto give his attention to all other persons. And a club whose admission policies are "non-exclusive" does not necessary admit all persons. In short, "non-exclusive" does not mean "inclusive," much less "all inclusive," and here "non-exclusive" means, in the context of the entire provision, that England does not exclude Brazil and *vice versa*, not that it includes the entire world.

                                                    Respectfully submitted,

                                                    /s/ Lewis J. Liman
                                                    Lewis J. Liman

cc: All Counsel of Record (by ECF and email)

---

others; single or sole: *your exclusive function*" 5 "Complete; undivided; *gained their exclusive attention*."); *The Shorter Oxford English Dictionary* (Oxford University Press, 6th ed. 2007) (1 "Of a proposition: in which the predicate is asserted to apply to the subject specified and no other. Of a word: effecting such a restriction." 2 "Of a statement, enumeration, etc.: excluding something. *Spec.* one or both of the specified terminal points." 3 "Exclusory, rare." 4 "Not admitting of the simultaneous existence of something; incompatible." 5 "Of a right, privilege, quality, etc.: possessed or enjoyed by the individual(s) specified and no others; confined or restricted to . . . ." 6 "Pursued, employed, etc., to the exclusion of all else; sole, only.").