CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

December 5, 2014

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

We write on behalf of Vale S.A. ("Vale") in brief response to the letter of Plaintiff Rio Tinto plc ("Rio Tinto"), dated December 1, 2014 (Dk. 128) (the "Letter"). Plaintiff's eight-page, out-of-time reply, filed two weeks after the parties submitted letter briefs and when Plaintiff's counsel knew Vale's counsel was out of the country (Nov. 3, 2014 Tr. 53:19-24), attempts to further argue its position on "at issue" waiver, and its points could more appropriately have been raised at oral argument. Nonetheless, Vale addresses them briefly below.

*First*, Plaintiff repeatedly complains that Vale cites no post-*Erie* case for the proposition that by "merely" or "simply" invoking the equitable doctrine of fraudulent concealment to toll the statute of limitations Rio Tinto has waived privilege with respect to its investigation. (Letter 1, 4.) But it is Rio Tinto that cites no case – before or after *Erie* – for its position that a plaintiff may seek to avoid the statute of limitations for a facially time-barred claim by invoking fraudulent concealment and at the same time shield its counsel's contemporaneous investigation of the supposedly concealed facts from discovery. Vale's cases finding waiver in this context are directly on point (*see Bohack, WLIG-TV, Wilhelmina Model Agency*, and *Landmark Screens* cited in Dk. 119). Plaintiff has no cases on point.[1]

---

[1] The only waiver cases cited by Rio Tinto involving fraudulent concealment are *Laborers Local 17 Health Benefit Fund v. Philip Morris, Inc.*, No. 97 Civ. 4550(SAS)(MHD), 1998 WL 414933 (S.D.N.Y. July 23, 1998), and *Johnson Matthey, Inc. v. Research Corp.*, No. 01 Civ. 8115(MBM)(FM), 2002 WL 1728566, at *4 (S.D.N.Y. July

Hon. Andrew J. Peck, p. 2

*Second*, Rio Tinto urges this court to be the first to hold that *In re County of Erie*, 546 F.3d 222 (2d Cir. 2008), overruled the cases cited by Vale holding that a plaintiff's invocation of fraudulent concealment puts its due diligence at issue.  There is no reason to do so.  Vale's position is supported by *Erie* because Rio Tinto unequivocally relies on its counsel's investigation.  Indeed, it has invoked privilege to avoid responding to Vale's interrogatories concerning the most basic facets of that investigation, including the identities of its investigating firms.  Vale's position is also supported by *U.S. v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), which Plaintiff seeks to distinguish on the basis that "Mr. Bilzerian's good faith defense necessarily implicated advice from his counsel."  (Letter 2.)  But that is true here as well.  Rio Tinto's communications with counsel are "necessarily implicated" by Plaintiff's allegations of a diligent investigation (apparently undertaken through counsel) that was supposedly stymied by Defendants' conduct.  Absent proof of a diligent investigation that was stymied, Plaintiff's claims must be dismissed, and therefore Plaintiff's tolling claim "in fairness requires examination of protected communications" with counsel concerning the investigation.  *Bilzerian*, 926 F.2d at 1292.

*Third*, Plaintiff argues this is a case where "the party seeking waiver – not the party claiming privilege – injects the privileged communications and legal advice by virtue of its own asserted affirmative defense."  (Letter 6.)  That is just wrong.  Fraudulent concealment is not an affirmative defense injected by Vale; it is an equitable doctrine that Plaintiff has attempted to plead, and that it must prove in order to maintain its otherwise stale suit.  *See, e.g.*, *Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Technologies Inc.*, 420 F. Supp. 2d 253, 266 (S.D.N.Y. 2006).  It is Rio Tinto, not Vale, who "put otherwise protected information at issue by raising equitable doctrines to overcome a limitations bar."  *WLIG-TV, Inc. v. Cablevision Sys. Corp.*, 879 F. Supp. 229, 235 (E.D.N.Y. 1994).  Thus, the cases Plaintiff cites discussing "skillful plead[ing]" of "an affirmative defense" (*Chase Manhattan*) or "the discovery rule" (*Darius*) or generic "lack of knowledge" (*Weiss*) do not speak to the issue.  (Letter 5, 6.)

*Fourth*, the "scope and breadth" of the waiver (Letter 7) is dictated by Plaintiff's own allegations.  Rio Tinto's tolling claim is that although "[i]n April 30, 2010, . . . Rio Tinto exercised due diligence in pursuing discovery" it was "stymied" by the scheme and Defendants' fraudulent concealment (Am. Compl. ¶¶ 144, 146), and consequently "Rio Tinto was unable to discover the conduct that underlies its RICO . . . claims until after . . . April 2013."  (*Id.* ¶ 147.)  Thus, it is the period between April 2010 and April 2013, as well as the earlier period following the injury that Rio Tinto admits it was aware of when it occurred in December 2008, that Plaintiff has put at issue.  *Cf. Memorylink Corp. v. Motorola,Inc.*, No. 08 C 3301, 2010 WL 3167277, at *8 (N.D. Ill. Aug. 6, 2010) (waiver applied to period before plaintiff alleged it discovered the claim).

*Finally*, Plaintiff states that Vale "completely misrepresents the holding of *Huckabone* by implying that mere retention of counsel indicates inquiry notice of a claim."  (Letter 4 n.4)  Vale correctly cited *Huckabone* (Dk. 119 at 9) for the unexceptional proposition that "plaintiff cannot establish that the defendants prevented him from discovering the nature of his RICO claims within the limitations period" through "fraudulent concealment" when "he was actively

_____

24, 2002), neither of which is on point because, as Vale previously noted, neither case addressed the plaintiffs' due diligence.  (*See* Dk. 119 at 10 n.14; Dk. 122 at 3-4.)

Hon. Andrew J. Peck, p. 3

considering bringing RICO claims against the defendants" (including through retention of counsel) within the limitations period.  *Huckabone v. City of Jamestown, N.Y.*, No. 09-CV-602-A, 2014 WL 4146844, at *3 (W.D.N.Y. Aug. 19, 2014).  Apart from fraudulent concealment, the court separately considered and rejected the argument based on "duress" that Rio Tinto mistakenly references.  *Id.* at *4.

                                        Respectfully submitted,

                                        /s/ Lewis J. Liman
                                        Lewis J. Liman

cc: All Counsel of Record (by ECF and email)