**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

December 5, 2014

Hon. Richard M. Berman
United States District Judge,
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, New York 10007

Re:   Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Berman:

We write pursuant to the Court's authorization to submit a response to Defendant Vale S.A.'s ("Vale") December 3, 2014 letter purporting to detail cases relevant to the forum selection clause issue raised in Vale's pending motion to dismiss.[1] *See* Dkt. No. 130. Fortunately, Vale's latest salvo need not detain the Court long. None of the U.S. cases discussed in Vale's letter (some of them recycled from prior submissions) apply English law (as required here), and none of them answer the Court's question posed to Vale at the conference: "Do you have a case comparable to yours where there are two countries and between the two of them they are the only places where suit can be brought?" 12/1/2014 Hr'g Tr. 5:20–22. In other words, although Vale did not admit it to the Court on December 1 and did not admit it in its latest letter, the answer to the Court's question is simple: Vale has no such case.

As a threshold matter, Vale's cases are inapposite because they are all U.S. cases, and English law – not U.S. law – applies to the interpretation of the clause. *See Martinez v. Bloomberg*, 740 F.3d 211, 218 (2d Cir. 2014) ("Hence, if we are called upon to determine whether a particular forum selection clause is mandatory or permissive, or whether its scope encompasses the claims or parties involved in a certain suit, we apply the law contractually selected by the parties.") (citation omitted); *see also* Dkt. No. 84 at 4 n.3 (Mot. to Dismiss) ("The English choice of law provision of the Deed governs the interpretation of Clause 20.") (citing *Martinez v. Bloomberg*); 7/28/2014 Hr'g Tr. 6:14–17 (MR. LIMAN: "Your Honor, we would

---

[1] Rio Tinto notes that Vale's letter is its fifth submission – and third successive unauthorized submission – relating to its motion to dismiss. *See* Dkt. Nos. 97, 127, 129.

support our application with the opinion of a U.K. lawyer, former judge, on the interpretation of this clause, which is governed by U.K. law."). Indeed, since English law applies, the parties retained and have submitted a total of five declarations from English law experts on how to interpret the clause under English law. Because Vale cites not a single English case supporting its interpretation of the clause, this Court need not review its submission any further.

In any event, even the U.S. cases cited by Vale do not support its position. Of the six decisions Mr. Liman presents in his letter, two are simply recycled from the opening letter-brief of Vale's motion to dismiss. *See* Dkt. No. 84, at 5 n.4 (citing *Am. Home Assurance Co. ex rel. Stanley Door Sys. v. M/V Hanjin Marseilles*, No. 03-civ-9539 (GBD) (AJP), 2004 WL 1197240 (S.D.N.Y. June 1, 2004) (Peck, C.M.J.)); *id.* at 6 n.5 (citing *Syncora Guar. Inc. v. HSBC Mexico, S.A.*, 861 F. Supp. 2d 252 (S.D.N.Y. 2012) (Berman, J.)).[2] These decisions were not persuasive then, and they have not become any more persuasive in the three months since Vale first presented them to the Court. Both decisions dealt with threshold forum selection clauses that contained exceptions, and neither one contained the word "non-exclusive." In *American Home*, in addition to the word "shall," the clause at issue had "additional language that *makes clear* its mandatory nature." 2004 WL 1197240, at *4. Here, there is no additional language that "makes clear" that England and Brazil are the only two forums where a lawsuit can be filed; rather the use of "non-exclusive" in Clause 20 "makes clear" that suit can be brought outside England or Brazil. In *Syncora*, this Court held that the plaintiff's claim did not fall within an exception to an otherwise all-encompassing arbitration clause. 861 F. Supp. 2d at 259 n.5. Thus, these decisions shed no light on how to interpret a clause that twice confers "nonexclusive jurisdiction" as used in Clause 20, and accordingly, are not on point.

Equally inapposite is *Universal Grading Service v. eBay, Inc.* While Vale correctly notes that the *Universal Grading* court construed three alternative venues that were "phrased in permissive language" to be mandatory, Vale neglects to mention that the forum selection clause in *Universal Grading* also stated that disputes "shall be resolved in accordance with one of the subsections below or as otherwise mutually agreed upon in writing by the parties" before listing the three options. 2009 WL 2029796, at *13–*14 (E.D.N.Y. June 10, 2009). This kind of introductory clause that explicitly limits a forum to three enumerated alternatives is glaringly absent from Clause 20 of the Confidentiality Deed.

Of the three cases that actually involve contractual provisions that use the term "non-exclusive," none are anything like Clause 20 of the Confidentiality Deed. *In re Fisher* considered a clause that conferred "non-exclusive jurisdiction" on certain state and federal courts in Texas. 433 S.W.3d 523, 525–26 (Tex. 2014). The *Fisher* court held these were the only forums in which suit could be brought. *Id.* But that is because the clause, after identifying the three potential forums, expressly stated that each party "agrees not to bring any proceeding arising out of or relating to this Agreement in any other court." *Id.* Vale omits that part of the clause from the excerpt in its letter. *See* Dkt. No. 129, at 2 n.3.

---

[2] Indeed, given how different the facts of *American Home* and *Syncora* are from the Confidentiality Deed at issue here, it is not surprising they were relegated to footnotes in Vale's opening brief.

In *Muzumdar v. Wellness Int'l Network, Ltd.*, the court considered two forum selection clauses that specified an arbitration panel or state or federal courts in Dallas County, Texas and stated that disputes "shall be proper only" and "shall be proper" before such tribunals. 438 F.3d 759, 761 (7th Cir. 2006). Plaintiffs in *Muzumdar* argued that certain "non-exclusive" language, contained in *separate* rules and regulations that were incorporated by reference into the contracts rendered the mandatory venue clause in the contract as permissive. *Id.* The court concluded that the rules provided a non-exclusive jurisdictional provision that required the appellants to submit to the personal jurisdiction of the Texas courts, *id.* at 762, but that the jurisdictional clause did not trump the contractual clause that stated that venue "shall be proper only in federal or state courts in Dallas County, Texas." In contrast, Clause 20 of the Confidentiality Deed explicitly states it is non-exclusive, without reference to or incorporating any external sources.

Similarly, in *Antares Mgmt. LLC v. Galt Global Capital, Inc.*, Judge Griesa held that the defendants could not contest personal jurisdiction in New York where the forum selection clause stated that the parties "expressly [submit] to the nonexclusive jurisdiction of the federal and state courts having venue in New York," and had waived any right to contest such personal jurisdiction. 2013 WL 1209799, at *2 (S.D.N.Y. Mar. 22, 2013). The question before the *Antares* court was whether the clause conferred personal jurisdiction in the Southern District of New York, *not* whether to dismiss because the suit was brought in a forum other than one specified in the forum selection clause. 2013 WL 1209799, at *5–*6. Importantly, *Antares* involved a party contesting jurisdiction in the very place the clause specified jurisdiction already existed. Naturally, the court concluded jurisdiction was "mandatory" in New York because the parties had already agreed jurisdiction existed there. These facts and this procedural posture distinguish *Antares* from our case. Here, Vale is not contesting jurisdiction in one of the two places specified as having "non-exclusive" jurisdiction (*i.e.*, England or Brazil). In other words, for our facts to line up with *Antares*, Vale would have to be contesting jurisdiction of a case filed either in England or Brazil.

Finally, the clause in *Antares* has crucial structural differences from Clause 20 in our case. In the *Antares* clause, the phrase "nonexclusive jurisdiction" is directly followed by the identification of courts for which the parties agree jurisdiction exists – specifically, "the federal and state courts having venue in New York." The *Antares* court read this structure to effectively define "nonexclusive jurisdiction" in that clause to mean the New York federal and state courts. In contrast, the use of "non-exclusive" in Clause 20 in this case is not followed by any such effort to define the term. Rather, Clause 20(b) flatly says England has "non-exclusive" jurisdiction, and then in a separate sub-clause (20(c)) flatly says Brazil has "non-exclusive" jurisdiction. Nowhere does Clause 20 cabin England and Brazil together in a *single clause* as non-exclusive alternatives the way the clause in *Antares* did. A provision that states in a single clause there is non-exclusive jurisdiction in forum A and forum B is different in kind from a provision that states in one clause that forum A is a permissible forum with non-exclusive jurisdiction and then in a second clause states that forum B may also be a permissible forum with non-exclusive jurisdiction. The former suggests the universe of permissible forums may be limited to those identified; the latter more naturally is understood to identify permissible forums to which a party cannot object but that does not exclude other potential forums.

Indeed, these cases, and the forum selection clauses they consider, make clear that Clause 20 of the Confidentiality Deed was not intended to confer jurisdiction only in English and

Brazilian courts to the exclusion of the rest of the world: after all, if that is what Rio Tinto and Vale desired, Vale has identified several ways they could have achieved it. But instead, the parties chose a structurally distinct forum selection clause that ensures that England would be an advantageous jurisdiction, free from *forum non conveniens* objections except with respect to Brazilian courts, but does not contain limiting language that would preclude bringing claims in other jurisdictions. *See* Dkt. No. 88 (Opp. to Mot. to Dismiss) at 1–2, 6–10; Dkt. No. 88-1 (Hoffmann Decl. ) at ¶¶ 13–22. It guarantees jurisdiction is available in England, except where Brazil is shown to be a more convenient forum, by preventing the parties from contesting jurisdiction or venue in England, but it leaves the parties free to make such challenges to all other forums. Rio Tinto's construction of Clause 20 is consistent with the words in the contract, makes commercial sense, and does not ask the Court to define "non-exclusive" as "exclusive," nor does it ask the Court to assume that the parties made a mistake in drafting.

       Thus, Vale's new authorities (none of which is truly "new," as all were decided prior to the date upon which defendants filed their motion to dismiss) still fail to demonstrate why the Court should read "non-exclusive jurisdiction" to mean exclusive jurisdiction in light of the surrounding language and the purposes of Clause 20. Accordingly, for the reasons explained herein and Rio Tinto's opposition (Dkt. No. 88) and sur-reply (Dkt. No. 96), the Court should deny the pending motion to dismiss.

Respectfully submitted,

/s/Michael Lyle
Michael Lyle