```
-----------------------------------------------------------X
RIO TINTO PLC,                                             :
                                                           :
                          Plaintiff,                       :
                                                           :       ORDER
             -against-                                     :
                                                           :       14 Civ. 3042 (RMB) (AJP)
VALE S.A., BENJAMIN STEINMETZ,                             :
BSG RESOURCES LIMITED,                                     :
BSG RESOURCES (GUINEA) LTD.,                               :
BSGR GUINEA LTD. BVI,                                      :
BSG RESOURCES GUINÉE SARL,                                 :
FREDERIC CILINS, MAMADIE TOURÉ,                            :
and MAHMOUD THIAM,                                         :
                                                           :
                          Defendants.                      :
-----------------------------------------------------------X
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/16/15

      Having reviewed the record herein, including counsels' joint scheduling letter, dated January 14, 2015, the Court hereby finds and directs as follows:

**(1)**     Counsel and the parties should in good faith endeavor to avoid over complicating (and also over litigating) the case. The essential allegations here (perhaps oversimplified, and for certain, as yet unproven) are that certain defendants arranged unlawfully to misuse information provided to them by Plaintiff and to have Plaintiff's mining interests curtailed and redistributed.

**(2)**     Increasingly, litigations (in the SDNY and elsewhere) have involved unnecessarily complex processes, discovery, motions, and procedures. The result, for example as disclosed in some recent financial firm reporting, has been staggering attorneys fees (which invariably are borne by the shareholders).

**(3)**     The Court makes the following modifications to the Scheduling Order, dated 1/15/15: Item #4 should include a meeting with the Court at 2:30 pm on March 2, 2015; Item #5 shall be due on March 1, 2015 (not March 16, 2015); Item #6 appears unnecessary and is deleted; Item #7 is <u>not</u> contingent upon any pending or impending personal jurisdiction motion(s); Item #8 need not, if the parties agree, await July 1, 2015 but may begin sooner; Item #12 shall be

completed by November 30, 2015; Items # 13-16 shall each be accelerated by at least 30 days, such that expert discovery is completed by February 29, 2016 (at the latest).

(4)     The Court has not previously perceived the need for a special master in its civil litigation. A special master is not likely to be appointed in this case, and certainly not unless the rationale is presented to and approved by the Court. Judge Peck is a recognized leading discovery expert and the parties are in very capable hands with him.

(5)     The parties strongly are encouraged and directed to engage in comprehensive, good faith settlement negotiations (starting now if they have not yet begun).

(6)     In the interests of public disclosure, any protective orders are subject to the Court's standard reservations.

(7)     Discovery deadlines include any Hague Convention discovery, not vice versa.

(8)     Any further motion to dismiss practice shall consist of a single joint motion, a single response, and a single joint reply. The motion shall be "with prejudice" and will not be followed by any further motion(s) to dismiss. The parties should meet and confer with regard to coordinated drafting, etc. Any such motion will be subject to the Court's page limits and may include a single 12 page (double spaced) supporting affidavit, if appropriate.

Dated: New York, New York
       January 16, 2015

*RMB*
_____
RICHARD M. BERMAN, U.S.D.J