# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

BY ECF

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

January 28, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

**MEMO ENDORSED** 1/28/15
RIO TINTO INVESTIGATIVE REPORTS DUE BY 2/2/15.
SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

We write on behalf of defendant Vale S.A. ("Vale") in response to the letter of plaintiff Rio Tinto plc ("Rio Tinto"), dated January 27, 2015 (Dk. 166), in which Plaintiff informed the Court that it violated its second Court-ordered deadline for production of documents responsive to Vale's BHP-related document requests and requested an extension. We write briefly to explain why Vale could not consent to Plaintiff's request for another extension, and also to request an order from the Court that Plaintiff produce its investigative reports (a production that the Court ordered expedited on January 13) by January 30, 2015.

On December 9, 2014, Your Honor ordered Rio Tinto to make a complete production of the BHP documents from five custodians by January 9, 2015. Plaintiff failed to meet that deadline, blaming a vendor issue, and asked the Court for two to three additional weeks. Your Honor's response was emphatic: "Two weeks, period. Get it done. Have them do overtime if need be. Get it done. Two weeks from today." Jan. 13, 2015 Tr. 45:3-5.

On January 26, 2015, Plaintiff informed Vale that it would not meet this new, extended deadline, citing a "technical issue that occurred during Rio Tinto's data extraction." Vale has granted Plaintiff extensions of discovery deadlines on several occasions, including a one-week extension to serve responses and objections. We also have not objected on the repeated occasions when Rio Tinto has asked for more time than that originally suggested by the Court. However, in this instance, Rio Tinto had already missed the Court's initial deadline for this

Hon. Andrew J. Peck, p. 2

production, making only a partial production on that date. Rio Tinto's suggestion that it should not be held to production deadlines simply because it has to date produced more documents than Vale is untenable. And Plaintiff's current excuse for failing to abide by the Court's order, a technical issue with Rio Tinto's data extraction (which, for all Vale knows, is the same vendor issue Plaintiff raised two weeks ago), is insufficient to excuse further delay. Any such technical issue should have been identified and addressed more than a month ago, or brought to the Court's attention, at the latest, during the January 13, 2015 conference, not raised only on the eve of Plaintiff's already-extended deadline. This further failure is prejudicial to Vale, which should have been given all these documents weeks ago. Vale was therefore not in a position to acquiesce to yet another delay.

On a related matter, Rio Tinto seems to be ignoring the Court's order to expeditiously produce its investigative reports, despite its agreement two weeks ago to expedite production of these reports. Jan. 13, 2015 Tr. 52:1. The Court specifically ordered that Plaintiff produce these "very quickly," *see id.* at 52:18-21 ("Let's expedite the production of those reports. Presumably, your client knows where to find those very quickly."), yet Plaintiff has still failed to produce them, stating only it will do so before the next status conference before Your Honor on February 6. Given the Court's instructions to produce the reports expeditiously, there is no justification for this continued and arbitrary delay. Vale requests that Plaintiff be ordered to produce the investigative reports by January 30, 2015.

Respectfully submitted,

/s/ Lewis J. Liman
Lewis J. Liman