F1kztinc                    Conference

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  RIO TINTO,

4                    Plaintiff,

5           v.                          14 CV 3042 (RMB)

6  VALE, S.A., et al.,

7                    Defendants.

8  ------------------------------x

9                                       January 20, 2015
                                        10:45 a.m.
10
   Before:
11
                       HON. RICHARD M. BERMAN,
12
                                        District Judge
13
                              APPEARANCES
14
   QUINN EMMANUEL URQUHART & SULLIVAN, LLP
15      Attorneys for Plaintiff
   BY:  ERIC C. LYTTLE
16      MICHAEL J. LYLE

17 CLEARY GOTTLIEB
        Attorneys for Defendant Vale, S.A.
18 BY:  JONATHAN BLACKMAN

19 MISHCONDE REYA NY LLP
        Attorneys for Defendant BSG
20 BY:  VINCENT FILARDO, JR.

21 SULLIVAN & WORCESTER
        Attorneys for Defendant Thiam
22 BY:  PAUL SUMMIT

23 LAW OFFICES OF MARTIN AUERBACH
   Attorneys for Defendant VBG
24 BY:  MARTIN AUERBACH

25

F1kztinc                    Conference

1          THE COURT:  So we do not have a huge amount to talk

2    about today.

3          In the order that I issued on Friday, I tried to

4    clarify my approach to discovery and the remainder of this

5    case.  And I have some further dates for you today, and they

6    are these.  So I would be looking at a trial, if there were one

7    in this case, to commence on or about March 14th, 2016.

8    Working backwards, a final pretrial conference on March 1st,

9    2016, and working yet further backwards by January 15th, 2016,

10   I would be looking for submission of civil pretrial documents,

11   including a joint pretrial order, joint jury instructions,

12   joint proposed voir dire questions if anybody had any, joint

13   verdict sheet, and motions in limine.  If there were opposition

14   to any of the motions in limine, they would be due on

15   January 29, 2016, and that would be that.

16         So I just wanted to set forth the entire schedule for

17   the case and give you some parameters in which to move forward.

18   So if anybody had any questions, I'm happy to take them.

19         MR. BLACKMAN:  Your Honor, Jonathan Blackman from

20   Cleary Gottlieb representing Vale.  And I convey Mr. Lyman's

21   regrets.  He had a conference moved, he was already committed

22   to another matter.

23         THE COURT:  No problem.

24         MR. BLACKMAN:  He's not fleeing the jurisdiction

25   because of the last argument.  He wishes he were here.

1          I had two points.

2          THE COURT:  I'm sorry to feel guilty.

3          MR. BLACKMAN:  I didn't mean to make you feel guilty.

4          THE COURT:  No, no.  I know, I know.

5          MR. BLACKMAN:  I had two points, one which I came

6    prepared to speak to, and one raised by the schedule that your

7    Honor just gave us.

8          On the motion to dismiss, we took to heart the Court's

9    previous direction in your memo endorsement of January 8th.

10          THE COURT:  The more is less, more is less

11    endorsement?

12          MR. BLACKMAN:  Less is more.  We agree with that.  And

13    more, conversely, is less.  And we have been really working

14    hard, and it is hard because these defendants not only have

15    different arguments and different view points, but in fact are

16    adverse to each other in many respects, to shrink it down.  But

17    we really would ask the Court if you could modify your ruling

18    to give us 35 pages.

19          THE COURT:  I think that it's good to go the way it

20    is.  I've given you that extra 12 page affidavit to work with.

21    So maybe in there you can -- I'm certainly not trying to

22    curtail anybody's position or point of view.  But my experience

23    invariably has been that -- and I acknowledge that some issue,

24    some parties are somewhat adverse to others -- but in these

25    motions, there's more common ground than anything else.  That

1    was certainly true in the forum nonconvenience, for example.

2    So the forum selection had some specific twist to it perhaps,

3    but there's far more commonality.  So I think we can do it,

4    actually, within the confines of these limitations.

5            MR. BLACKMAN:  If I could just make one plea to that.

6    I mean the jurisdictional part, a lot can probably can go into

7    affidavits.

8            THE COURT:  That's what I was thinking.

9            MR. BLACKMAN:  But we really can't make legal

10   arguments in an affidavit.  This is not, you know, the Court

11   across the street.

12           THE COURT:  Right, I get that.

13           MR. BLACKMAN:  We have to use a brief.

14           THE COURT:  No, I get it.  The idea was that if there

15   were any factual, you know, differences or perspectives that

16   might be tucked into that.

17           MR. BLACKMAN:  The problem is just on the 12(b)(6)

18   motion, first there's a limitation section.  And the main

19   issue -- because we're far along in drafting -- is whether

20   there has been fraudulent concealment.  And the law in this

21   Circuit is that has to be decided by defendant by defendant.

22   So, you know, even if we have, you know, a page each, you know,

23   that's four pages to deal with that issue.

24           Similarly, the elements of the RICO claim.  We have,

25   indeed, jointly briefed.  We're already drafting it, issues

F1kztinc                    Conference

1   about enterprise, closed in, continuity, open ended.  Those are

2   common.  But then when we get to the specific defendants,

3   whether predicate acts have been pleaded, you know, for each

4   defendant is, again, a defendant issue.  And we just would

5   really, you know -- the affidavits may deal with a lot of the

6   jurisdictional part, but on the 12(b)(6) if we could just

7   have --

8          THE COURT:  Okay, why don't we say 30 pages.

9          MR. BLACKMAN:  Okay.  Thank you, your Honor.

10          THE COURT:  On that.

11          MR. BLACKMAN:  The other point --

12          THE COURT:  That would be true also of the response.

13          MR. LYLE:  Thank you, your Honor.

14          MR. BLACKMAN:  As far as the schedule, the schedule

15   the Court has approved previously in your January 16th order

16   has expert discovery completed on February 29, and now set a

17   final pretrial on March 1 and the trial on March 14th.  That

18   really leaves no time for summary judgment motion.

19          THE COURT:  So, you know, the dates said no later

20   than.  So there's no prohibition for you all doing it earlier.

21   But, second, so the issue of summary judgment is always -- not

22   always -- is often presented here in court as it is now, as a

23   foregone conclusion.  And, you know, you haven't even done any

24   discovery yet.  So good faith, who knows if there is even a

25   viable summary judgment motion here.

1          And, you know, summary judgment is always a high

2     hurdle, but -- so when parties come in the big cases, and in

3     particular they always say, well, Judge, of course there's

4     going to be summary judgment motion.  But maybe there isn't.

5     Or if there is a viable summary judgment motion, you would

6     spell that out in your premotion letter and we could tuck it

7     into the motion in limine practice, it seems to me, so.

8          MR. BLACKMAN:  Okay, that --

9          THE COURT:  No one would ever preclude you from making

10    a motion in the nature of summary judgment, but let's have a

11    little discovery first to find out if there's a viable motion.

12         MR. BLACKMAN:  Right.  But the motions in limine, if I

13    understood the Court correctly, are due January 15th and expert

14    discovery isn't over --

15         THE COURT:  Well, same is true about experts.  It's

16    always assumed these days that there are experts.  I don't know

17    what -- is there going to be an expert to determine whether in

18    fact somebody got bribed, a government official, and as a

19    result of that took away somebody's license and gave it to

20    somebody else?  You wouldn't need an expert to tell you that.

21         MR. BLACKMAN:  I agree.

22         THE COURT:  So, you know, that too, the whole expert,

23    you know, enterprise -- sure, maybe there is need for some

24    expert here, but I don't assume that there is.  I assume that

25    if you all step on the gas, this schedule is viable.

1              MR. BLACKMAN:  If I could just speak to one more

2      issue --

3              THE COURT:  Sure.

4              MR. BLACKMAN:  -- so the Court is not now left under a

5      misimpression.  We have what we think is a very strong motion

6      to dismiss on the face of the complaint, but we also firmly

7      believe, at least from for my client, and here I'm speaking for

8      my client, my client is totally adverse to BSGR on the bribery

9      issue.

10             But as to my client, we have done a lot of homework.

11     There actually has been some discovery, but more importantly,

12     we've done our own internal, and there is simply no factual

13     basis for the allegation that Vale joined into some kind of

14     secret conspiracy with BSGR in December 2008 when Rio Tinto

15     lost its concession, zero, zero.

16             THE COURT:  Okay.  So now we're arguing the motion for

17     summary judgment.

18             MR. BLACKMAN:  Well, no, but I'm saying it

19     deliberately --

20             THE COURT:  But let's take it one step at a time.

21     Let's make considerable progress and let's see where this leads

22     us and --

23             MR. BLACKMAN:  I guess I would just leave with what

24     the Court said, that we can come back to you when we finish

25     fact discovery and --

F1kztinc                    Conference

1          THE COURT:  Well, indeed, you'll need to.

2          MR. BLACKMAN:  Right.

3          THE COURT:  Yes.  Okay.  Great to see you all.

4    Thanks.

5          MR. AUERBACH:  Your Honor?

6          THE COURT:  Yes.

7          MR. AUERBACH:  Very briefly.

8          THE COURT:  Oh, yeah.

9          MR. AUERBACH:  Martin Auerbach for VBG defendants.

10         THE COURT:  Yes.

11         MR. AUERBACH:  I have sometimes observed that it takes

12   lawyers more time to say less, and given the schedule that we

13   are all working very hard to meet, I think it would do no

14   violence to that schedule if the defendants had one additional

15   week to get their brief shrunk down to the 30 pages your Honor

16   has set.  And I've spoken with plaintiff's counsel and they

17   have no objection to shifting it by one week.

18         THE COURT:  You got it.

19         MR. AUERBACH:  Thank you.

20         MR. LYLE:  Your Honor, Michael Lyle for the plaintiff

21   Rio Tinto.  Just one point of clarification.  We want to make

22   sure we understood your order.

23         THE COURT:  Sure.

24         MR. LYLE:  As we read it, with respect to your

25   decision as it relates to discovery, are we correct that merits

F1kztinc                    Conference

1 | discovery should proceed against all defendants even those that

2 | intend to file the motion to dismiss --

3 |     THE COURT: I think so, yes.

4 |     MR. LYLE: -- for subject matter -- for personal

5 | jurisdiction?

6 |     THE COURT: Yes. That was -- there was a specific

7 | reference in my order to not contingent upon, that's what I had

8 | in mind.

9 |     MR. LYLE: Thank you, your Honor.

10 |     THE COURT: You bet.

11 |     MR. FILARDO: Your Honor, good morning, Vincent

12 | Filardo from Mishconde Reya New York on behalf of defendants

13 | BSG Resources and Benjamin Steinmetz.

14 |     Your Honor, just one point of clarification. We have

15 | been conducting and have completed jurisdictional discovery

16 | under the auspices of Judge Peck's court. Judge Peck ordered

17 | that Mr. Steinmetz submit a declaration in lieu of the specific

18 | general jurisdiction allegations that were in the amended

19 | complaint. They had to do with allegation that he owned and/or

20 | used certain real property here in the City.

21 |     THE COURT: Right.

22 |     MR. FILARDO: We have submitted that as part of our

23 | discovery, and also anticipation of the motions that we've been

24 | discussing here, specifically our 12(b)(2) motion.

25 |     THE COURT: Sure.

1    MR. FILARDO:  That is a declaration.  Your Honor's

2  order that was issued on 16th of January requires that only one

3  affidavit be submitted.  We'd ask that that one affidavit be

4  limited to attorney's affidavit since we do have this Steinmetz

5  affidavit that goes to the jurisdiction issues?

6    THE COURT:  No, no.  It is what it is.  I mean, I

7  don't know where that affidavit is for Judge Peck or whatever

8  context that is.  But I'm serious about the page limitations

9  and I think they're generous enough and adequate enough.

10    MR. FILARDO:  Your Honor, that affidavit, just for

11  clarification, is literally a one and a half page affidavit

12  that says we don't own this property.  That was directed --

13    THE COURT:  Okay.  So that would undoubtedly be baked

14  into your motion, I would think.

15    MR. FILARDO:  Correct, correct, your Honor.  We could

16  attach that, that it's --

17    THE COURT:  I don't know how you're going to present

18  it.  I think I set forth a format.  But we're talking about one

19  affidavit of up to 12 pages, double spaced, normal margins, et

20  cetera.  Thank you.

21    MR. BLACKMAN:  Your Honor, just one other -- I'm

22  sorry.

23    THE COURT:  Yes.

24    MR. BLACKMAN:  What Mr. Filardo said just reminded me

25  of what I think is probably just housekeeping in this context.

1          The motion to dismiss, as of course it is entitled to,

2    will talk a bit in maybe about two sentences about documents

3    that are alleged in the complaint, but not fully quoted in the

4    complaint.  And normally one would present those to the Court

5    attached to a lawyer's affidavit.  We're quite happy just to

6    attach them, but we need to have some guidance on that.

7          THE COURT:  I'm not sure I get the --

8          MR. BLACKMAN:  Well, for instance, the complaint talks

9    about certain communications and agreements between Vale and

10   Rio Tinto.  And the text of those, the provision, what they say

11   and what they don't say is relevant to aspects of the motion to

12   dismiss.  Normally one would, therefore, present them to the

13   court since they're not -- they're referenced and relied on but

14   not quoted in or attached as exhibits to the complaint.  And

15   normally you just put it in a lawyer's affidavit saying here

16   they are.  How would you like us to handle it?

17         THE COURT:  So you're going to argue them as part of

18   your motion to dismiss --

19         MR. BLACKMAN:  Yes.

20         THE COURT:  -- the contents?  Why don't you just quote

21   the parts that you're going to you feel support your --

22         MR. BLACKMAN:  That's the -- I guess, yeah, okay.  We

23   can do that, as long as the Court doesn't say you're -- if we

24   just quote them --

25         THE COURT:  I don't have a problem --

F1kztinc                      Conference

1         MR. BLACKMAN:  -- as officers of the Court.  That's

2     fine.

3         THE COURT:  If there's some objection, you'll hear

4     about it --

5         MR. BLACKMAN:  That's fine.

6         THE COURT:  -- in response.

7         MR. BLACKMAN:  We're happy to do it that way.

8         THE COURT:  Okay, thanks.

9         MR. BLACKMAN:  Thank you.

10         MR. LYLE:  Thank you, your Honor.

11         (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25