**MARTIN J. AUERBACH, ESQ.**

1330 Avenue of the Americas
Suite 1100
New York, NY 10019
Telephone (1) 646 787 2370
Telephone (1) 212 704 4347
Facsimile   (1) 646 304 0175
auerbach@mjaesq.com

February 24, 2015

Hon. Andrew J. Peck
United States Magistrate Judge, Southern
District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   <u>Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB)(AJP) (S.D.N.Y.)</u>

Dear Judge Peck:

      Although the letter submitted to Your Honor today says it is a joint letter submitted by all appearing defendants, including VBG-Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd. and BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR (the "VBG Defendants"), in fact, Plaintiff's counsel elected to file it without the VBG Defendants' response to Plaintiff's position set forth in Section III, Discovery From VBG Defendants. The VBG Defendants' position on the issues raised in that section is as follows.

      ***VBG's Interrogatory Responses.*** The VBG Defendants have supplemented their interrogatory responses and provided all of the information they currently possess. Much of the information sought by Rio Tinto's Interrogatories predates the tenure of those now working at VBG and therefore falls outside their direct knowledge. To the extent that such information may be contained in documents seized from VBG Guinea by the Guinean Government, VBG Guinea is making active efforts to recover those documents. To the extent it succeeds and identifies the names of responsive individuals, VBG Guinea will of course further supplement its responses with that information. Far from "kicking the can down the road" the VBG Defendants have provided identifying information to the fullest extent of their knowledge. With respect to Rio Tinto's specific assertions of deficiency, we note the following:

- Interrogatory No. 4 seeks identities of persons with any oral or written communications with various persons including Ibrahima Toure, Defendant Mamadie Toure and her company, Matinda and Co. Limited and others. To the

extent those are individuals who, according to the Amended Complaint, allegedly took actions prior to December 2010, or even earlier, in the period before VBG Guinea's predecessor BSG Resources (Guinea) SARL even existed, the present officers of the VBG Defendants have no knowledge of that period and thus cannot provide the identifying information sought by Interrogatory No. 4. To the extent that information may reside in the records of VBG Guinea that date from December 2010 or earlier, those documents have all been seized, and as noted above and discussed further below, every effort is being made to recover them.

- Interrogatory No. 5 seeks the identities of third parties, including consultants, investigators, due diligence counselors, financial analysts and other professionals relating to Simandou, Rio Tinto's Concession and other matters. The same factors that limit the VBG Defendants' ability to provide information with respect to Interrogatory No. 4 apply equally to Interrogatory No. 5. Moreover, Interrogatory No. 5 not only seeks information that falls outside the ken of the VBG Defendants' present knowledge, it appears to misapprehend the nature of the VBG Defendants. VBG Guernsey is a holding company that was a passive, wholly owned subsidiary of BSGR Resources Limited prior to April 30, 2010 and then a passive majority owned subsidiary of Vale thereafter. To the extent that Interrogatory No. 5 is predicated on the supposition that VBG Guernsey would have been engaging consultants, investigators or the other types of professionals with respect to the subjects identified in Interrogatory No. 5, that supposition is incorrect. Similarly, VBG Guinea, as an operating entity wholly owned by VBG Guernsey, was not in the role of engaging many of the types of professionals whose identity is sought in Interrogatory No. 5, for example investigators and due diligence counselors. To the extent it did retain professionals, such as mining consultants, and their identity is contained in the seized documents and those documents are recovered, or we otherwise obtain information responsive to this Interrogatory, we will of course supplement our responses with that information.

- Interrogatory No. 6 seeks the identity of persons with knowledge of the matters alleged in the Amended Complaint. To the extent we correctly understand that Interrogatory seeks the identity of individuals with knowledge of the acts set forth in the Amended Complaint, VBG Guernsey, as a passive holding company, does not have identifying information to provide.

*VBG's Document Production.* Contrary to Rio Tinto's pejorative attack, VBG has not been "dragging its feet" with respect to discovery, which we note Rio Tinto chose not to serve until late November, 2014, months after it served its discovery requests on the other defendants. Rather than being dilatory, we are endeavoring to locate and produce whatever documents we possess – or can recover – as expeditiously as possible.

As VBG understands Your Honor's direction with respect to the documents in Guinea that were not seized by the Guinean Government, the object is to have those reviewed, and to the extent responsive, produced as promptly as reasonably possible. We have not been able to have those documents shipped to New York, but as we have explained to Rio Tinto at considerable length, we believe we have identified a better way to fulfill the objective of Your Honor's order and respectfully present it to Your Honor as a more efficient and effective means of identifying and producing responsive documents.

As Your Honor knows, Guinea is a Francophone nation and consistent with that, documents in Conakry are in French. We have engaged Guinean counsel, who are fluent in both French and English and therefore can review the documents for responsiveness. Were those documents shipped here wholesale, it would be necessary to retain translators to review all of those documents. Contrary to Rio Tinto's assertion, that would not be a speedy and expeditious way to identify and produce responsive documents.

In addition, as we have noted to Rio Tinto it seems unlikely that any of the documents still in VBG's possession are responsive. As the Court and Rio Tinto know, in May 2013 the Guinean Government not only seized all of VBG Guinea's computers, but also took all of the records the Guinean Government identified as relevant to the matters at issue in this case. In addition, as we have explained to Rio Tinto, the technical, geological and engineering information that might be relevant to its case ceased to be maintained in Guinea after the Simandou project was shuttered in 2012. Given that the only activity that continued after the project shut down was day-to-day caretaking of assets like cars and equipment, and that Rio Tinto's document requests specifically exclude documents related to "day-to-day business operations of VBG after April 30, 2010" the likelihood that the remaining documents are responsive is remote. We respectfully submit that the review that we have proposed as an alternative to wholesale shipment of French language documents will allow VBG to comply with its discovery obligations in the most efficient and effective way possible.

***VBG's Request for Documents Seized by the Guinean Government.***  As we have advised Rio Tinto, VBG did not merely "submit[] a request to the Guinean Government" to obtain copies of documents seized from VBG in May 2013. Guinean counsel engaged to assist in meeting our discovery obligations met with the Guinean judge who issued the seizure order and presented him with a formal request for return of the documents. They received a commitment from the Judge that he would orally request the Guinean police to return the records and if they failed to honor his request would issue an order directing them to do so. We await the outcome of the Judge's actions.

\*\*\*

We appreciate Your Honor's attention to this matter.

                                                    Respectfully,

                                                    s/ Martin J. Auerbach

                                                    Martin J. Auerbach