# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

March 6, 2015

<u>VIA ECF</u>

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

Plaintiff Rio Tinto plc ("Plaintiff") and Defendants VBG–Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, and BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR (together, "VBG Defendants"), Benjamin Steinmetz, BSG Resources Limited ("BSGR"), Vale S.A. ("Vale"), and Mahmoud Thiam write jointly to update the Court on the status of various discovery issues in advance of our March 10, 2015 hearing.

Since the February 27, 2015 hearing before Your Honor ("Hearing"), the parties have continued to meet and confer on a regular basis, both through telephonic meet and confers and written correspondence. In particular, Rio Tinto, the BSGR Defendants, and Vale have met and conferred on the Application for Letters of Request seeking discovery pursuant to the Hague Convention on the Taking of Evidence Abroad (the "Hague Convention") from the BSGR Defendants, as further described below. Also, Vale has raised several issues with Rio Tinto with respect to discovery related to its alleged investigation of its claims, which Rio Tinto has taken under advisement. The parties do not believe that any of these issues are presently ripe for the Court's consideration but wish to apprise Your Honor of their progress ahead of our hearing on Tuesday.[1] Below is a proposed agenda for the March 10, 2015 status conference.

---

[1]     There are presently no issues with respect to discovery from Defendant Thiam, the VBG Defendants, or Defendant Vale.

Hon. Andrew J. Peck, p. 2

## I.     DISCOVERY FROM DEFENDANTS BSGR AND STEINMETZ

Following the Hearing, Vale revised its Application for an International Letter of Request seeking discovery under the Hague Convention in light of Your Honor's guidance.  Rio Tinto also provided additions to the proposed Requests so that the Application could be submitted jointly to the Court, as Your Honor had suggested.  Rio Tinto, Vale, and the BSGR Defendants met and conferred on March 5, 2015 and March 6, 2015.  They have made substantial progress, resolving their differences on many of the Requests.  There are several Requests on which each of them will be providing revised proposals or that otherwise are subject to further consideration.

They hope to reach resolution on these outstanding Requests during the next week.  Accordingly, there are no specific Requests which require Your Honor's intervention at this time.  The parties expect to request at the March 10, 2015 conference that the Court schedule another conference for the week of March 16, 2015 to discuss any outstanding issues with respect to the Letter of Request to the BSGR Defendants that cannot be resolved by consent.

## II.    DISCOVERY FROM PLAINTIFF RIO TINTO

Since the last Hearing, Defendant Vale has raised several issues with Plaintiff Rio Tinto, which relate to discovery of its alleged "lengthy investigation" (Am. Comp. ¶ 146) into the matters alleged in the Amended Complaint.  Plaintiff Rio Tinto has indicated that it is still considering each of those issues.  Defendant Vale brings one of these to the Court's attention in the event it may eventually require the Court's assistance, although it hopes that we can resolve this issue without judicial intervention.

***Vale's Request that Rio Tinto Identify Confidential Sources in Amended Interrogatory Responses.***  Despite Plaintiff Rio Tinto's prior representation that its production of investigative reports was complete, on March 2, 2015, Plaintiff Rio Tinto produced an additional investigative report it says was "inadvertently omitted from [its] prior production."  That report appears to be central to Rio Tinto's allegations in the Amended Complaint.  It also leaves no doubt that Rio Tinto's Third Amended Responses to Vale's Interrogatories are incomplete, because Rio Tinto has failed to identify several individuals who purportedly have knowledge of the allegations in the Amended Complaint, and indeed on whose purported knowledge many of those allegations appear to be directly based.

Vale has requested that Rio Tinto amend its Responses to Vale's First Set of Interrogatories to include sources referenced in its investigative reports who purportedly have personal knowledge of the allegations in the Amended Complaint and that it will eliminate the redactions in all of the reports with respect to all of the sources.  Any concerns that these sources might "face reprisal, economic, business reprisal, and potentially personal harm" (Jan. 13, 2015 Hr'g Tr. 52:4-5) are unavailing, since Rio Tinto can – and in fact has – designate its unredacted Responses to Vale's Interrogatories as well as all of the investigative reports as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this case.

Defendant Vale and Plaintiff Rio Tinto have briefly met and conferred on this issue.  Rio Tinto has indicated that it will be considering its position further.  Vale is therefore not seeking relief on this subject at Tuesday's conference, and hopes it will not be necessary to do so.

Hon. Andrew J. Peck, p. 3

*Plaintiff Rio Tinto's Response to Vale's Request to Identify Confidential Sources.*
While Rio Tinto disagrees with Vale's positions on these issues, and will present a substantive
response if and when it becomes necessary, we agree that discussions are ongoing and are not
ripe for the Court's intervention.

## III.   LETTERS OF REQUEST TO THIRD PARTIES

Following the Court's order (Feb. 27, 2015 Hr'g Tr. 38:7-39:4), on March 4, 2014, Vale
sent Rio Tinto a draft rider of its proposed Requests to be included in its Application for
International Letters of Request seeking discovery under the Hague Convention from the foreign
investigative firms Rio Tinto has identified as having assisted its investigation.  As Vale
informed the Court at the Hearing, in order to make this Application, Vale has referenced the
reports from the investigative firms, which Rio Tinto has designated as "Highly Confidential –
Attorneys' Eyes Only."  Vale has proposed to withdraw at this time its request to remove the
"Highly Confidential – Attorneys' Eyes Only" designation from the investigative reports, as long
as Rio Tinto will not object to the filing of the Application with these references unsealed on the
basis that such filing would be in breach of the Protective Order.

Defendant Vale requested that Rio Tinto provide it with its position on these Requests by
March 6, 2015.  Rio Tinto has advised that it has not yet reviewed the Requests in detail and has
requested additional time to do so.  Rio Tinto and Vale intend to continue to meet on confer on
these Requests, and will bring the matter to the Court's attention if agreement is not reached.

However, Vale is concerned about possible delays, given that the process for such
Applications, which will be directed to the United Kingdom, France, and South Africa, takes a
substantial amount of time.  Accordingly, Vale intends to submit its Application under seal by
Wednesday, March 11, unless we reach agreement before then.  In that event, Defendant Vale
proposes that Your Honor address this issue at the same conference at which it might address any
open issues on the BSGR Letter of Request.

*          *          *

The parties will continue to keep the Court informed of their progress as the meet and
confer process advances.

Respectfully submitted,

/s/ Lewis J. Liman
Lewis J. Liman