**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

March 11, 2015

<u>VIA ECF</u>

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:  *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

      Defendant Vale S.A. ("Vale") respectfully submits this letter to request leave from the Court to file several Applications for International Letters of Request seeking discovery pursuant to the Hague Convention on the Taking of Evidence Abroad (the "Hague Convention") under seal pursuant to this Court's protective order (Dkt. No. 81).

      Vale is seeking international discovery from the foreign investigative firms Plaintiff Rio Tinto has identified as having assisted it in its purported "lengthy investigation . . . into the activities of Vale and BSGR at Simandou" (Am. Compl. ¶ 146) that serves as part of the basis of its allegation of equitable tolling of the statute of limitations of its RICO claim.  Rio Tinto has produced reports from the foreign firms it retained to conduct competitive intelligence, located in the United Kingdom, France and South Africa (without producing any reports from a U.S. firm).  Rio Tinto has designated the reports it produced from these investigative firms as "Highly Confidential – Attorneys' Eyes Only."

      Vale requested the Court's guidance on how to submit an Application for Letters of Request that referenced these so-designated materials at the last conference.  Following the Court's order (Feb. 27, 2015 Hr'g Tr. 38:7-39:4), on March 4, 2014, Vale sent Rio Tinto a draft rider of its proposed Requests to be included in its Application.  Vale proposed to withdraw at this time its request to remove the "Highly Confidential – Attorneys' Eyes Only" designation from the investigative reports, as long as Rio Tinto would not object to the filing of the

Hon. Andrew J. Peck, p. 2

Application with these references unsealed on the basis that such filing would be in breach of the Protective Order.

Defendant Vale requested that Rio Tinto provide it with its position on these Requests by March 6, 2015. On that day, Rio Tinto advised that it had not yet reviewed the Requests in detail and requested additional time to do so. Concerned about possible delays the process for such Applications might take, Vale informed Rio Tinto and this Court that it intended to submit its Application under seal by Wednesday, March 11, 2015, unless the parties reached an agreement on this issue (*see* Dkt. No. 208 at 3).

On March 11, 2015, Vale and Rio Tinto conferred regarding Vale's proposed Requests. Rio Tinto indicated that it objects to the de-designation of references to the investigative reports and Vale's Applications being filed unsealed.

In that connection, Vale notes the following:

1. References to the specific statements in the Requests on which evidence is being sought from the investigative firms in question is potentially critical to satisfying the specificity requirements the foreign courts impose on Letters of Request, and therefore to the enforceability of the requests.

2. There is in fact nothing confidential about the short references to these specific statements in the reports that are included in the proposed Letters of Request. Similar assertions have already been made publicly both in the parties' pleadings and briefs in this action, and in the news media.

3. The Letters of Request would, to the best of our knowledge, not be public documents in the courts where their execution will be sought. The only persons with sight of them will be the parties to this action, Your Honor, the executing foreign courts, and the investigative firm in question itself, which is already aware of the contents of its own report.

For the foregoing reasons, there should be no obstacle in publicly filing these Applications. However, to avoid delay and needless motion practice on this issue, Vale requests leave to file the Applications under seal at this time. Rio Tinto does not oppose Vale filing these Applications under seal, but advised us that it might oppose the Applications themselves (*i.e.* the issuance of the Letters of Request to the investigation firms).

Respectfully submitted,

/s/ Lewis J. Liman
Lewis J. Liman

Cc:   All counsel of record