UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rio Tinto plc,

                  Plaintiff,

      -against-

Vale S.A., Benjamin Steinmetz, BSG
Resources Limited, VBG-Vale BSGR Limited
aka BSG Resources (Guinea) Ltd. aka BSG
Resources Guinée Ltd, BSG Resources Guinée
SARL aka BSG Resources (Guinea) SARL aka
VBG-Vale BSGR, Frederic Cilins, Mamadie
Touré, and Mahmoud Thiam,

                  Defendants.

14 Civ. 3042 (RMB)(AJP)

## JOINT APPLICATION FOR THE ISSUANCE OF
## INTERNATIONAL LETTER OF REQUEST (LETTER ROGATORY)

Plaintiff Rio Tinto plc ("Rio Tinto") and Defendant Vale S.A. ("Vale," and together with

Rio Tinto the "Applicants"), respectfully petition this Court pursuant to the provisions of the

Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial

Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence

Convention"), for the issuance of a Letter of Request in the form annexed hereto as Exhibit B,

addressed to the Senior Master of the High Court (Queen's Bench Division) acting as the

Competent Judicial Authority of the United Kingdom, requesting that the Senior Master cause

the Letter of Request to be served upon the designated recipients.  In support thereof, the

Applicants respectfully represents as follows:

### BACKGROUND

1.      On April 30, 2014, Rio Tinto filed a complaint in this Court against Vale, BSG

Resources Ltd. ("BSGR"), and the other named defendants (together, "Defendants") alleging,

*inter alia*, that Vale and BSGR had conspired to take for themselves Rio Tinto's iron ore mining rights to the Simandou area of the Republic of Guinea ("Guinea") in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (Dkt. No. 2.)  Rio Tinto filed an amended complaint ("AC") with substantially similar allegations on August 15, 2014.  (Dkt. No. 83.)

2.      On February 6, 2015, Defendants moved on various grounds to dismiss the claims respectively made against them, including in the case of BSGR for asserted lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Dkt. No. 180.)

3.      Notwithstanding BSGR's motion to dismiss on personal jurisdiction grounds, the Court has ordered that merits discovery proceed in this case for all Defendants, including BSGR.  (Dkt. No. 163; Jan. 20, 2015 Hr'g Tr. 8:24-9:8.)  Rio Tinto and Vale have served requests for documents under the Federal Rules of Civil Procedure on BSGR seeking evidence relevant to the claims made by Rio Tinto and Vale's defenses to them.

4.      However, because the issue of personal jurisdiction over BSGR is presently unresolved, Your Honor has suggested that it may ultimately prove necessary to seek evidence from BSGR under the Hague Evidence Convention, and has instructed the Parties to endeavor to reach agreement on the text of an appropriate Letter of Request.  (Jan. 13, 2015 Hr'g Tr. 17:16-18:20; *see also* Feb. 27 Hr'g Tr. 19:22-20:21.)

5.      BSGR, Rio Tinto and Vale have conferred and agreed to the terms of Part 8 of the attached Letter of Request and accordingly, Rio Tinto and Vale hereby request that the Court issue the attached Letter of Request under the Hague Convention pending resolution of the Defendants' pending motion to dismiss, as suggested by Your Honor.  Under the Court's scheduling order, document productions by the parties must be substantially complete by June 30, 2015.  (Dkt. No. 163.)  Given this tight timetable, and in light of the time necessary to obtain

evidence under the Hague Convention, the Applicants are making this application now so that the process of issuing the Letter of Request in this Court and enforcing it in the United Kingdom can be completed within the existing deadlines and without any prejudice to pursue discovery pursuant to the Federal Rules of Civil Procedure should the Court deny BSGR's and Mr. Steinmetz's motion to dismiss for lack of personal jurisdiction.

**RELIEF REQUESTED**

6.      The Applicants therefore request that this Court issue an Order in the form attached hereto as Exhibit A:

(a)      Providing for this Court to sign the Letter of Request and affix the seal of the United States District Court for the Southern District of New York over said signature;

(b)      Requiring that the Clerk of the District Court return the original, signed Letter of Request to counsel to Vale, so that said Letter of Request may be delivered to the Senior Master of the High Court (Queen's Bench Division) acting as the Competent Judicial Authority of the United Kingdom, where the requested evidence may be found; and

(c)      Directing counsel for Vale to transmit the original, signed Letter of Request to the Competent Judicial Authority of the United Kingdom;

so that Rio Tinto and Vale may obtain for use at trial potential evidence material to the claims and defenses at issue in the above-captioned litigation.

7.      The persons from whom evidence is sought by the Letter of Request are BSGR; Onyx Financial Advisors Limited ("Onyx"), which provides management services to BSGR; Dag Cramer, an officer of Onyx; and to the extent available within the jurisdiction of the Courts

of the United Kingdom of Great Britain and Northern Ireland, Benjamin Steinmetz, Asher Avidan, Marcus Struik, David Clark, Yossie Tchelet, Ian Cope, Iwan Williams, and Sandra Merloni-Horemans.  To the extent, if any, that materials in the possession or control of Onyx are not within the possession or control of BSGR, then this Letter of Request should be construed as being made separately to Onyx.

8.      BSGR and the individuals connected with it have knowledge of facts bearing on the central issues of this case, and the documents and testimony sought are material to Rio Tinto's claims and/or Vale's defenses.

9.      Vale and Rio Tinto have considered the requirements of the Courts of England and Wales in respect of Letters of Request, including the form in which the Letter of Request should be presented to the English Court and its permissible content.  Both parties believe that this Letter of Request is consistent with these requirements, as contained in the UK Evidence (Proceedings in Other Jurisdictions) Act 1975 and Part 34 of the Civil Procedure Rules.  BSGR consents to the submission and enforcement of the attached Letter of Request.  This Court is requested to issue this Letter of Request on this basis.

10.     Vale and Rio Tinto request that after this Court has signed the Letter of Request, it be returned to Vale for forwarding to the Senior Master of the High Court (Queen's Bench Division) acting as the Competent Judicial Authority of the United Kingdom, Royal Courts of Justice, Strand London WC2A 2LL, United Kingdom (for the attention of the Foreign Process Section, Room E16).

WHEREFORE, the Applicants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letter of Request and affix the seal of the United States District Court for the Southern District of New York over said signature; (ii) directing that

4

the Clerk of the District Court return the original, signed Letter of Request to counsel for Vale, so that said Letter of Request may be issued to the Competent Judicial Authority of the United Kingdom; (iii) directing counsel for Vale to transmit the original, signed Letter of Request to the Competent Judicial Authority of the United Kingdom; and (iv) granting such other relief as the Court deems just and proper.

Dated: New York, New York

March 23, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP


_____

Jonathan I. Blackman
Lewis J. Liman
Boaz S. Morag
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225 2000
Facsimile: (212) 225 3999

*Counsel for Vale, S.A.*


QUINN EMANUEL URQUHART AND SULLIVAN LLP


_____

William A. Burck
Michael J. Lyle
Eric C. Lyttle
Stephen M. Hauss
777 6th Street, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
williamburck@quinnemanuel.com
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com

stephenhauss@quinnemanuel.com

*Attorneys for Plaintiff Rio Tinto plc*