# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW

FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG

BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCESCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRALDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com



March 23, 2015

<u>BY HAND</u>

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*,
<u>Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)</u>

Dear Judge Peck:

   In accordance with Your Honor's instruction at the March 17, 2015 conference in this case that Vale S.A. ("Vale") "give [the Court] something to sign on Monday if we're going the route that I've got to do a Hague request," and that the application be delivered by mail, not ECF, Vale respectfully submits this letter enclosing three Applications for International Letters of Request seeking discovery pursuant to the Hague Convention on the Taking of Evidence Abroad (the "Hague Convention"). *See* March 17, 2015 Tr. 9:1-3, 20:16-20.

   As Your Honor knows, Vale is seeking discovery from the foreign investigative firms Rio Tinto has identified as assisting in the "lengthy investigation" Rio Tinto has put at issue and alleged in support of one of the critical issues in this case, its equitable tolling argument. Am. Compl. ¶ 146. Rio Tinto has produced reports from the firms it retained, located in the United Kingdom, France and South Africa. Over Vale's objection, Rio Tinto has designated each of the reports (in its entirety) as "Highly Confidential – Attorneys' Eyes Only."

   In order to meet the specificity standards applicable under the Hague Convention in the foreign jurisdictions at issue, Vale has quoted certain material from the reports in its proposed

Hon. Andrew J. Peck, p. 2

Letters of Request.  Vale sent Rio Tinto the proposed  language nearly three weeks ago, on March 4, 2015.

Since then, cognizant of the time limits on discovery and of the time it takes for compliance with letters of request, Rio Tinto has followed a strategy of delay.  At the last conference, nearly two weeks after Vale first sent the language to Rio Tinto, Rio Tinto stated that it had not yet consulted with the investigative firms regarding the letters of request and asked for more delay.  Without ruling on whether there was any substance to Rio Tinto's claims to the attorneys' eyes only designation,  Your Honor gave Rio Tinto a choice: assuming that the language was sensitive, if Rio Tinto wanted to "avoid public disclosure" of the quoted portions of the reports – it could seek voluntary production from its investigative firms, and thus obviate the need for the Court to issue letters of request.  Your Honor gave Rio Tinto until today to report back to the Court.  *See* March 17, 2015 Tr. 6:9-18, 8:21-9:10, 16:7-8, 20-16-21.

As of today, Rio Tinto has indicated to Vale that it had not succeed in obtaining consent to voluntary production from any of the firms, and in fact has not yet spoken with all of the firms at issue.  Plaintiff has offered no assurance that it is moving swiftly or that the firms' consent will be forthcoming in the foreseeable future, if ever.  Rio Tinto has not indicated why each of these firms – whom it presumably hired to investigate a potential claim – would not follow Rio Tinto's directions if Rio Tinto truly were interested in providing the information as soon as possible to Vale.  Nor has Rio Tinto agreed to demand the material itself from the investigative firms and produce it directly to Vale without delay.  To the contrary, Rio Tinto has indicated that the firms are "considering their options" with counsel independently, although it is unclear why Rio Tinto's consent would not be sufficient to secure voluntary production.  *See* March 17, 2015 Tr. 10:12-16.  Further, Plaintiff has informed us that the firms are "not sure when their positions would be finalized."  In a direct affront to the Court, Plaintiff has undertaken only to "follow up" later in the week.

In the three weeks that Plaintiff has had the proposed language, it has not identified any sensitive material in the limited quotations from the reports contained in the Letters of Request.  Nor do we believe that it could.  Understandably, most of the quotes are repeated in one form or another in the Complaint or Amended Complaint.  It is precisely the discovery of these purported allegations, and the diligence exercised in discovering them, that Rio Tinto has put at issue.  Rio Tinto cannot seek to evade the statute of limitations in this case by claiming that these firms exercised due diligence and at the same time hide behind blanket claims that the work done by these firms is confidential to avoid any inquiry into or challenge to that purported exercise of due diligence – as to which it bears the burden of proof.  Moreover, the quotes constitute a minority of the reports.

This Court's Individual Practice 4.A states: "Judge Peck runs a 'rocket docket.' Discovery disputes should be brought to the Court's attention promptly; in the Court's discretion, belated applications to compel discovery may be denied as untimely."  We first raised this issue with counsel for Rio Tinto nearly three weeks ago.  Given the tight discovery schedule in this action, under which document production is required to be substantially completed by June 30, and given the time required for production under the Hague Convention, it is necessary to move this process forward.

Hon. Andrew J. Peck, p. 3

Therefore, Vale respectfully requests that the Court grant the Applications and issue the Letters of Request and either (a) file the Applications under seal pursuant to the Protective Order in this case (Dk. 81), or (b) rule that the quoted material from the reports is not entitled to confidential treatment and file the Applications publicly.[1]  Of course, if Rio Tinto (and the investigative firms, if necessary) agree to voluntary production, it would moot the Applications.

Respectfully submitted,

/s/ Lewis J. Liman
Lewis J. Liman

cc:      All counsel of record

---

[1] Your Honor indicated at the conference that the burden would be on Rio Tinto to show why public filing was not appropriate.  March 17, 2015 Tr. 9:3-10.