**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
(202) 538-8166

WRITER'S INTERNET ADDRESS
mikelyle@quinnemanuel.com

March 23, 2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED:



Hon. Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Your Honor:

We write on behalf of Plaintiff Rio Tinto plc to update the Court regarding our ongoing efforts to contact the various investigative firms and discuss Vale's discovery requests with them.[1] As the Court instructed, and as we have informed Vale, Rio Tinto contacted each investigative firm promptly following our last hearing. To date, Rio Tinto has spoken with Africa Risk Consulting ('ARC'), BTG Intelligence ('BTG'), Executive Research Associates ('ERA'), and Livingstone and Company ('Livingstone'). We have not yet spoken with Aeneas; our point of contact there is currently in Burkina Faso and temporarily unavailable.

As is explained in greater detail below, Rio Tinto does not control these investigative firms and cannot force them to cooperate with Vale's discovery requests. The investigative firms have made that clear to us, and also made clear that this is not a decision they can make in haste without consulting their own counsel and without considering the impact of disclosure on their sources and businesses. That said, Rio Tinto is making every effort to communicate the Court's directive and explain why Vale is seeking the production of documents (without waiving rights as to the

---

[1] The material in this letter as well as the material submitted in Vale's letter yesterday, is currently designated as HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY pursuant to the Protective Order entered in this case (Dkt No. 81). Specifically, the names of the investigators and the substance of the reports that Vale quotes extensively throughout its submission to the Court have been designated by Rio Tinto as HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

relevance, privilege and/or admissibility of any such requests or documents produced in response to those requests).[2] Rio Tinto has explained all of this to Vale. But, as Vale is wont to do, Vale has persisted in filing their premature request, "pull[ing] the plug too soon," as this Court warned them against. 3/17/2015 Hr'g Tr. 8:25-9:1. Vale's request should be temporarily denied until Rio Tinto has sufficient time to continue its discussions with each investigative firm.

To be clear, Vale's allegations of delay are baseless. The facts show just the opposite. On March 4, 2015, Vale provided Rio Tinto with excerpts from the investigative reports that it intended to include in its proposed letters of requests. In providing those excerpts, Vale asked Rio Tinto to lift the HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY designation for those parts of the investigative reports included in the requests. Rio Tinto reviewed Vale's requests and, within a week, told Vale it would not be able to agree to lift the designation, suggesting that Vale instead raise the issue with Judge Peck. Not once did Vale ask Rio Tinto to reach out to its investigators to seek their voluntary cooperation with discovery. In fact, this option was not even considered until it was raised *sua sponte* by the Court at the parties' most recent hearing. Since then, in accordance with the Court's request, Rio Tinto has made a concerted effort to speak with the investigative firms about cooperating with discovery in this case.

But as we have explained to Vale multiple times, Rio Tinto cannot consent—on behalf of independent, third party, foreign investigative firms—to produce documents belonging to and under the control of those firms nor can we compel them to do so. The investigative firms consider this material to be highly sensitive and confidential material that each firm zealously protects against disclosure. Nevertheless, Rio Tinto has spoken with ARC, BTG, ERA and Livingstone and each understands what the Court is requesting. They have each assured us that they will consider the request promptly and in good faith. They do, however, need some more time to do that. They must consult with local counsel in their respective jurisdictions to consider their options and any potential legal ramifications associated therewith. The firms understand the parties are operating under tight deadlines and have confirmed they will revert back to Rio Tinto with an answer as soon as possible. Rio Tinto also intends to follow up with each company later this week if we do not hear back from them before then.

We must again emphasize the highly confidential nature of these reports, the identities of the sources in these reports, and the potential harm that could result if Vale's requests—which incorporate word-for-word the vast majority of the substance from the investigative reports—be publicly filed on this Court's docket. Indeed, each firm has repeatedly emphasized that potential harm and are considering filing a letter with the Court to illustrate those concerns, including:

- o Potential reputational, economic, and personal harm to sources and the investigative firms should identities, identifying information, or information provided to the investigators be made public through a filing or otherwise;

---

[2] The relevance of these reports to the fraudulent concealment claim is particularly dubious where, as here, the vast majority of them post date April 2010–*i.e.* are not from the time period during which tolling is even required.

2

- o The chilling effect on sources—current or future—providing critical information on corruption and other illegal activities;

- o Destruction of highly valuable information networks that the investigative companies have cultivated for years and upon whom they rely in order to operate; and

- o Loss of insurance and indemnity coverage.

For these reasons, and others, this is not a simple, straightforward decision for these investigative firms to take lightly nor make quickly. There are real-world ramifications for them to consider, whether they choose to cooperate with discovery here or proceed under the Hague. And while Rio Tinto may have used these investigative reports to inform its allegations in this case, it specifically did so *without* attributing that information to these firms by name or their investigative reports for these same reasons.

Rio Tinto therefore respectfully submits the investigative firms' request for additional time to consider their positions *before* this Court enters Vale's Letters of Request on a public docket. Let us reiterate that Rio Tinto is committed to working expeditiously to assist Vale in securing an answer to its question. Alternatively, if the Court elects to enter these Letter of Requests, Rio Tinto asks that they be filed under seal. All of the investigative reports, including the identities of the investigative firms themselves, have been appropriately designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of the parties' agreed upon protective order in this case (Dkt No. 81). Public disclosure of Vale's requests (as presently constructed, with highly sensitive information included and copied verbatim therein) would eviscerate the protections accorded by that designation.

Very truly yours,

/s/Michael Lyle
Michael Lyle