UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rio Tinto plc,

        Plaintiff,

-against-

Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG-Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,

        Defendants.

14 Civ. 3042 (RMB)(AJP)



## APPLICATION FOR THE ISSUANCE OF
## INTERNATIONAL LETTER OF REQUEST (LETTER ROGATORY)

Defendant Vale S.A. ("Vale" or the "Applicant"), respectfully petitions this Court pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention"), for the issuance of a Letter of Request in the form annexed hereto as Exhibit B, Director General of the Department of Justice and Constitutional Development acting as the Competent Judicial Authority of South Africa, requesting that the Director General cause the Letter of Request to be served upon the designated recipients, who are representatives of Executive Research Associates. In support thereof, the Applicant respectfully represents as follows:

### BACKGROUND

1. On April 30, 2014, Rio Tinto plc ("Plaintiff" or "Rio Tinto") filed a complaint in this Court against Vale, BSG Resources Ltd. ("BSGR"), and the other named defendants

(together, "Defendants") asserting claims under the Racketeer Influenced Corrupt Organizations Act ("RICO") and alleging, *inter alia*, that Vale and BSGR had conspired to take for themselves Rio Tinto's iron ore mining rights to Blocks 1 and 2 in the Simandou area of the Republic of Guinea ("Guinea"). (Dkt. No. 2.) Rio Tinto alleged that the defendants obtained the rights to Simandou Blocks 1 and 2 in December 2008. Rio Tinto filed an amended complaint ("AC") with substantially similar allegations on August 15, 2014. (Dkt. No. 83.) Rio Tinto alleges that one of its competitors, BSGR, engaged in bribery to obtain Rio Tinto's rights to Blocks 1 and 2 in Simandou for itself in December 2008 and that another of its competitors, Vale, conspired with BSGR and assisted it in obtaining those rights in December 2008 by misappropriating confidential information from Rio Tinto and providing it to BSGR. (AC ¶¶ 154, 174-180.) Vale denies the allegations against it.

2. The statute of limitations for RICO claims is four years running from the date of injury. *Rotella v. Wood*, 528 U.S. 549, 553, 555, 559 (2000). RICO does not have a discovery rule. *Id.* at 553. Rather, because of its prophylactic purposes and in light of the treble-damages remedy it provides, Congress required parties purporting to assert RICO claims "diligently to investigate" as "the expected benefit of suppressing racketeering activity [is] an object pursued the sooner the better": RICO is "aimed at rewarding the swift who undertake litigation in the public good." *Id.* at 558-59 (citing *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 151 (1987)).

3. Under the law in this Circuit, there is a narrow exception to RICO's strict four-year statute of limitations which imposes substantial burdens of proof on a plaintiff bringing an out-of-time claim. *Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253, 264 (S.D.N.Y. 2006) ("*NGC*"). If the plaintiff can establish each of the following

elements by a preponderance of the evidence, the court will toll the statute of limitations during the period of concealment and due diligence: "(1) wrongful concealment by the defendant (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *Id.* at 265 (citing *In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998)). If the plaintiff fails as to any of these elements, the claim of equitable tolling due to fraudulent concealment also fails.

4. In order to satisfy that burden, the Amended Complaint claims that, "[u]pon learning" of Vale's joint venture with BSGR on April 30, 2010, Rio Tinto "conducted a lengthy investigation involving substantial resources into the activities of Vale and BSGR at Simandou," that "Rio Tinto's efforts were stymied due to the concealed and intricate nature of the RICO enterprise," that "Rio Tinto was unable to discover the conduct that underlies its RICO and other claims until . . . April 2013" (AC ¶¶ 146-147), when Defendant Frédéric Cilins was arrested by the Federal Bureau of Investigation. With respect to Vale, the Amended Complaint makes a single allegation of fraudulent concealment which Vale contends is insufficient: Vale "continued negotiations with Rio Tinto during the first half of 2009, despite its discussions with Steinmetz and BSGR to develop a joint venture." (AC ¶ 144(a).) Vale denies those allegations. It is Vale's contention that Rio Tinto possessed all the operative material facts upon which it based its complaint prior to April 2013, that Rio Tinto failed to investigate continuously from April 2010 to the filing of the complaint, that no fraudulent conduct of Vale thwarted Rio Tinto's pursuit of its claim, and that the timing of Rio Tinto's lawsuit was due to extrinsic factors, including developments in Guinea and Rio Tinto's strategic decision to capitalize on them to belatedly attempt to regain rights to Simandou.

5.  In light of Rio Tinto's claim that it conducted a lengthy investigation beginning in April 2010 and continuing through the filing of the complaint, Vale's Interrogatory No. 22 to Rio Tinto requested that Rio Tinto identify persons with knowledge concerning Rio Tinto's purported investigation beginning on April 30, 2010. (*See* Vale's First Set of Interrogatories to Plaintiff, Interrogatory No. 22.) In its amended interrogatory responses and subsequent correspondence with Vale, Rio Tinto identified six firms as having been involved in its alleged investigation from April 30, 2010 to April 30, 2014: (1) Executive Research Associates, (2) Aeneas, (3) Livingstone and Company, (4) Weil, Gotshal and Manges LLP, (5) Quinn Emanuel Urquhart & Sullivan, and (6) Amsterdam & Partners LLP.[1] Rio Tinto identified the following as having been involved with its alleged investigation after December 2008 but concluding by April 29, 2010: (1) BTG Intelligence and (2) Africa Risk Consulting.

6.  In response to this Court's Order, Rio Tinto produced what it claims to be the complete set of reports authored by any of the firms it hired to pursue an investigation. Those reports included reports by the two firms – BTG Intelligence and Africa Risk Consulting – that did not investigate after the date on which Rio Tinto claims the investigation began. Their reports are relevant to the issue of whether Rio Tinto had knowledge or red flags regarding its claim, but not the question of whether Rio Tinto exercised due diligence after April 2010. Rio Tinto also produced reports of two of the firms that it claims investigated after April 2010 – Executive Research Associates and Livingstone and Company. None of those reports post-date December 2010: the reports from Livingstone and Company authored after April 2010 are all dated between May and August 2010 and the only reports from Executive Research Associates that directly concern Vale are dated August 13, 2010 and December 1, 2010. Rio Tinto has not

---

[1] Rio Tinto's identification of lawyers from its current firm as having been involved in its investigation is inconsistent with its prior representation to this Court that none of its lawyers had any "first-hand percipient knowledge of the investigation." (Jan. 13, 2014 Hr'g Tr. 50:5-10).

4

produced any reports by Aeneas, Weil or Quinn – notwithstanding the Court's direction that the factual portions of documents prepared by counsel be produced. (Dec. 9, 2014 Hr'g Tr. 20:22-21:3.) The plain inference is that there were no such reports. From the face of the reports, all are devoted to competitive intelligence and, at most, to the questions of how BSGR obtained its interest in Simandou or how Rio Tinto could regain an interest in Simandou Blocks 1 and 2 if the Guinean government made that opportunity available, and in two cases, the two Project Vaal reports by Executive Research Associates dated August 13, 2010 and December 1, 2010, the chronology of Vale's contacts with BSGR and eventual joint venture with it on April 30, 2010. None appear to investigate the question of how Rio Tinto lost its concession. (It is Vale's position that Rio Tinto lost its rights because it failed to exploit Simandou, as the Guinean government stated.) Moreover, many of the reports contain the type of facts that are in the Amended Complaint regarding the conduct of BSGR, Thiam, and Steinmetz and contain red flags regarding that conduct.

7. The information requested is highly relevant to Rio Tinto's claims that it conducted due diligence and that fraudulent concealment serves to toll the otherwise expired statute of limitations, and to Vale's argument that Rio Tinto has not established any of the elements of those claims. Information requested regarding the statements in the reports will demonstrate that Rio Tinto was well aware of any red flags with respect to BSGR's purported acts of bribery well before April 2010. It will also demonstrate that Vale did not in any way thwart Rio Tinto's investigation. Information regarding the nature of the engagement, the hours billed, the activities conducted, and the time spent on the investigation will demonstrate that Rio Tinto, despite these red flags, was not in fact conducting a lengthy investigation of its claims regarding the loss of its concession (especially from December 2010 to 2013) and was not

thwarted by Vale. The reports also demonstrate that Rio Tinto did not hire these firms to conduct an investigation of its claim, but largely to gather competitive intelligence.

8. Further, the information requested also goes to Rio Tinto's claim of conspiracy against Vale. The reports show that BSGR was engaged in negotiations with *other* Rio Tinto competitors, but *not* with Vale, after BSGR obtained these rights in December 2008. (The Amended Complaint alleges that Vale entered into a conspiracy with BSGR in December 2008, before Rio Tinto lost its concession for Simandou Blocks 1 and 2, and that the formation of the joint venture in April 2010 constitutes the documentation of an agreement already reached. (AC ¶¶ 92, 146, 159.))

9. The information requested thus will bear substantially on Vale's position that Rio Tinto's claims are not timely, as well as the merits of Rio Tinto's allegations that Vale entered into a conspiracy with BSGR in December 2008. Vale accordingly submits this Letter of Request to test Rio Tinto's affirmative claim that it should be excused from the requirement to timely file under RICO, based on equitable tolling by fraudulent concealment, as well as the merits of its underlying claim.[2]

## RELIEF REQUESTED

1. Vale therefore requests that this Court issue an Order in the form attached hereto as Exhibit A:

   (a) Providing for this Court to sign the Letter of Request and affix the seal of the United States District Court for the Southern District of New York over said signature;

---

[2] Rio Tinto has designated the reports it produced from the investigative firms as "Highly Confidential – Attorneys' Eyes Only." Vale does not believe these documents are Confidential, let alone Highly Confidential. Accordingly, it has challenged Rio Tinto's designations.

6

    (b)    Requiring that the Clerk of the District Court return the original, signed Letter of Request to Vale, so that said Letter of Request may be delivered to the Director General of the Department of Justice and Constitutional Development acting as the Competent Judicial Authority of South Africa, which is the domicile of the designated recipients from whom evidence is sought; and

    (c)    Directing counsel for Vale to transmit the original, signed Letter of Request to the Competent Judicial Authority of South Africa;

so that Vale may obtain for use at trial potential evidence material to the claims and defenses at issue in the above-captioned litigation.

    2.    The person from whom evidence is sought by the Letter of Request is an individual, who Rio Tinto has identified as responsible for the reports of Executive Research Associates. Executive Research Associates and its representatives have knowledge of facts bearing on the central issues of this case, and the documents and testimony sought are material to Vale's defenses.

    3.    Vale has considered the requirements of the Courts of South Africa in respect of letters of request, including the form in which the Letter of Request should be presented to the South African Court and its permissible content. It believes that this Letter of Request is consistent with these requirements and the Hague Evidence Convention. This Court is requested to issue this Letter of Request on this basis.

    4.    Vale requests that after this Court has signed the Letter of Request, it be returned to Vale for forwarding to the Director General of the Department of Justice and Constitutional Development acting as the Competent Judicial Authority of South Africa.

7

WHEREFORE, Vale respectfully requests that the Court enter the attached form of order (i) providing for this Court to sign the Letter of Request and affix the seal of the United States District Court for the Southern District of New York over said signature; (ii) directing that the Clerk of the District Court return the original, signed Letter of Request to counsel for Vale, so that said Letter of Request may be issued to the Competent Judicial Authority of South Africa; (iii) directing counsel for Vale to transmit the original, signed Letter of Request to the Competent Judicial Authority of South Africa; and (iv) granting such other relief as the Court deems just and proper.

Dated: New York, New York

March 23, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP

_____
Jonathan I. Blackman
Lewis J. Liman
Boaz S. Morag
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225 2000
Facsimile: (212) 225 3999

*Counsel for Vale, S.A.*

# EXHIBIT A

# (DRAFT ORDER)