UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Rio Tinto plc,                                            :
                                                          :
                  Plaintiff,   :   Civil Action No. 14-cv-3042 (RMB) (AJP)
                                                          :
     v.                                                   :
                                                          :
                                                          :
Vale S.A., Benjamin Steinmetz, BSG                        :
Resources Limited, VBG-Vale BSGR                          :
Limited aka BSG Resources (Guinea) Ltd.                   :
aka BSG Resources Guinée Ltd, BSG                         :
Resources Guinée SARL aka BSG                             :
Resources (Guinea) SARL aka VBG-Vale                      :
BSGR, Frederic Cilins, Mamadie Touré,                     :
and Mahmoud Thiam,                                        :
                                                          :
                  Defendants.  :
------------------------------------------------------------x

**PROTECTIVE ANSWER**

      VBG-Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR (collectively "VBG") by and through their undersigned counsel submit this Protective Answer in accordance with United States Magistrate Judge Andrew J. Peck's April 8, 2015 Order ("Order"), and without waiver or prejudice to their affirmative and other defenses, including that the Court lacks personal jurisdiction over them. The Order requires all defendants to submit a so-called "Protective Answer" sufficient to allow discovery relating to affirmative defenses to proceed within the schedule set by the Court. See Scheduling Order, dated Jan. 15, 2015 (Docket No. 161); Order, dated Jan. 16, 2015 (Docket No. 163).

      VBG expressly reserve, and reassert herein, their defense that the Court lacks personal jurisdiction over them, as well as all other defenses and objections they have raised in prior pleadings in this Action, including those asserted as a basis to dismiss the Amended Complaint

1

(Docket No. 83) ("Amended Complaint") in defendants' pending joint-motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) (Docket Nos. 178-80, 219-20).

VBG's submission of this Protected Answer, as directed by the Court, and in accordance with the Order, is not intended to, and does not constitute a general appearance in this Action.

## GENERAL DENIAL

VBG deny each and every allegation of unlawful and/or wrongful conduct against them in the Amended Complaint.

## SPECIFIC RESPONSES

Paragraph 151 states a legal conclusion as to which no response is required.

In response to Paragraphs 150, 200, 207, 217, 222, and 228 of the Amended Complaint, VBG incorporate by reference all preceding and following Paragraphs of this Answer as if fully set forth herein.

VBG **DENY** each and every remaining Paragraph of the Amended Complaint, except **DENY KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in the following Paragraphs of the Amended Complaint: 3-11, 19-21(a), 22- 26, 30, 33-92, 94, 96, 98-105, 106, 108, 110-118, 122, 124-127, 128(a), 128(b), 128(c), 128(d), 128(e), 129-139, 140(a), 140(b), 140(c), 141, 146, 148-149, 184, 189, 210, 211, 213, 214, and 229-235.

**WHEREFORE**, VBG respectfully request that each of Rio Tinto's prayers for relief be **DENIED** in their entirety.

## AFFIRMATIVE DEFENSES

By asserting the following Affirmative Defenses, VBG do not intend to suggest that matters designated herein as a "Defense" are not elements of Rio Tinto's *prima facie* case for any of its purported claims, or that they are not matters as to which Rio Tinto bears the burden of proof. These Affirmative Defenses are set forth cumulatively, and in the alternative. Notwithstanding the foregoing, VBG state the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because the Court lacks personal jurisdiction over VBG.

### SECOND AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because the Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because the Court cannot exercise subject matter jurisdiction over them.

### FOURTH AFFIRMATIVE DEFENSE

Rio Tinto's claims are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Rio Tinto's claims are barred under the Act of State Doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because they are not pled with the requisite particularity.

### SEVENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because Rio Tinto did not sustain any damages as a result of the conduct alleged in the Amended Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Rio Tinto's claims fail because its alleged damages were not proximately caused by any conduct that Rio Tinto ascribes to VBG in the Amended Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Rio Tinto's claims fail because any alleged damages Rio Tinto purports to have incurred were caused solely as a result of its own conduct, or that of another defendant(s) or third-party over whom VBG did not and do not exercise control.

**TENTH AFFIRMATIVE DEFENSE**

Rio Tinto's claims fail because Rio Tinto failed to mitigate any alleged damages it purports to have incurred.

**ELEVENTH AFFIRMATIVE DEFENSE**

Rio Tinto's claims are barred by pre-existing, intervening or superseding events, factors, occurrences or conditions over which VBG had and have no control.

**TWELFTH AFFIRMATIVE DEFENSE**

Rio Tinto's alleged damages are not recoverable from VBG because they are remote, speculative, contingent and barred as a matter of law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any damage, loss or liability sustained by Rio Tinto must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than VBG.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Rio Tinto's claims fail, in whole or in part, on the grounds of laches, estoppel, quasi-estoppel, ratification, acquiescence, waiver and/or other related equitable doctrines.

## FIFTEENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail, in whole or in part, on the grounds of inequitable conduct and unclean hands.

## RESERVATION OF RIGHTS

VBG expressly reserve the right to amend and/or supplement this Protected Answer and the Affirmative Defenses alleged herein, including as provided in the Order.

**WHEREFORE**, VBG respectfully seek judgment dismissing the Amended Complaint with prejudice, an award of reasonable attorneys' fees, costs and disbursements incurred in connection with this action, and such other and further relief as this Court deems just and proper.

Dated: April 29, 2015                MARTIN J. AUERBACH, ESQ.

By: /s/ Martin J. Auerbach
    Martin J. Auerbach

1330 Avenue of the Americas, Suite 1100
New York, New York 10019
Tel: (646) 787 2370
Fax: (646) 304 0175
auerbach@mjaesq.com

*Attorney for Defendants VBG-Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR*