UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Rio Tinto plc,                                          :
                                                        :
                           Plaintiff,          :   Civil Action No. 14-cv-3042 (RMB) (AJP)
                                                        :
       v.                                                   :
                                                        :
                                                        :
Vale S.A., Benjamin Steinmetz, BSG                      :
Resources Limited, VBG-Vale BSGR                        :
Limited aka BSG Resources (Guinea) Ltd.                 :
aka BSG Resources Guinée Ltd, BSG                       :
Resources Guinée SARL aka BSG                           :
Resources (Guinea) SARL aka VBG-Vale                    :
BSGR, Frederic Cilins, Mamadie Touré,                   :
and Mahmoud Thiam,                                      :
                                                        :
                          Defendants.         :
------------------------------------------------------------x

**PROTECTIVE ANSWER**

      Mahmoud Thiam ("Thiam") by and through his undersigned counsel submits this Protective Answer in accordance with United States Magistrate Judge Andrew J. Peck's April 8, 2015 Order ("Order"), and without waiver or prejudice to his affirmative and other defenses. The Order requires all defendants to submit a so-called "Protective Answer" sufficient to allow discovery relating to affirmative defenses to proceed within the schedule set by the Court. See Scheduling Order, dated Jan. 15, 2015 (Docket No. 161); Order, dated Jan. 16, 2015 (Docket No. 163).

      Thiam expressly reserves, and reasserts here, his defense that Plaintiff Rio Tinto has failed to state a claim upon which relief can be granted and Plaintiff's claims are time-barred, as well as all other defenses and objections he has raised in prior pleadings in this Action, including those asserted as a basis to dismiss the Amended Complaint (Docket No. 83) ("Amended

1

Complaint") in defendants' pending joint motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) (Docket Nos. 178-80, 219-20).

## GENERAL DENIAL

Thiam denies each and every allegation of unlawful and/or wrongful conduct against him in the Amended Complaint.

## SPECIFIC RESPONSES

Thiam **ADMITS** that he is a U.S. citizen and the former Guinean Minister of Mines as alleged in Paragraphs 2, 13, 24, 101, 161, and 175 of the Amended Complaint.

Thiam **ADMITS** that he is a U.S. citizen who maintains a residence and transacts business in New York City, and that he was Guinean Minister of Mines from January 2009 through 2010, as alleged in Paragraphs 24 and 34 of the Amended Complaint, but denies that he was Guinean Minister of Mines until 2011, as alleged in Paragraph 24 of the Amended Complaint.

In response to Paragraph 150 of the Amended Complaint, Thiam incorporates by reference all preceding Paragraphs of this Answer as if fully set forth herein.

Paragraph 151 states a legal conclusion as to which no response is required.

In response to Paragraphs 200, 207, 217, 222, and 228 of the Amended Complaint, Thiam incorporates by reference all preceding Paragraphs of this Answer as if fully set forth herein.

Thiam **DENIES** each and every remaining allegation of the Amended Complaint, except **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in the following Paragraphs of the Amended Complaint: 3-12, 15-16, 18-23, 25-26, 30-33, 35-93, 96, 98-100, 102-110, 112-114, 116-117, 119-141, 146, 149, 152, 172-173, 184, 189, 210-211, 213-214, 225, and 229-237.

2

**WHEREFORE**, Thiam respectfully requests that each of Rio Tinto's prayers for relief be **DENIED** in their entirety.

### AFFIRMATIVE DEFENSES

By asserting the following Affirmative Defenses, Thiam does not intend to suggest that matters designated herein as a "Defense" are not elements of Rio Tinto's *prima facie* case for any of its purported claims, or that they are not matters as to which Rio Tinto bears the burden of proof. These Affirmative Defenses are set forth cumulatively, and in the alternative. Notwithstanding the foregoing, Thiam states the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because the Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because the Court cannot exercise subject matter jurisdiction over Thiam.

### THIRD AFFIRMATIVE DEFENSE

Rio Tinto's claims are barred by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

Rio Tinto's claims are barred under the Act of State Doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because they are not pled with the requisite particularity.

### SIXTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because Rio Tinto did not sustain any damages as a result of the conduct alleged in the Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because its alleged damages were not proximately caused by any conduct that Rio Tinto ascribes to Thiam in the Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because any alleged damages Rio Tinto purports to have incurred were caused solely as a result of its own conduct, or that of another defendant(s) or third-party over whom Thiam did not and does not exercise control.

### NINTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail because Rio Tinto failed to mitigate any alleged damages it purports to have incurred.

### TENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims are barred by pre-existing, intervening or superseding events, factors, occurrences or conditions over which Thiam had and has no control.

### ELEVENTH AFFIRMATIVE DEFENSE

Rio Tinto's alleged damages are not recoverable from Thiam because they are remote, speculative, contingent and barred as a matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

Any damage, loss or liability sustained by Rio Tinto must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Thiam.

### THIRTEENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail, in whole or in part, on the grounds of laches, estoppel, quasi-estoppel, ratification, acquiescence, waiver and/or other related equitable doctrines.

### FOURTEENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims fail, in whole or in part, on the grounds of inequitable conduct and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims are barred, in whole or in part, by foreign sovereign immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

Rio Tinto's claims are barred, in whole or in part, by immunities and defenses under Guinean law.

## RESERVATION OF RIGHTS

Thiam expressly reserves the right to amend and/or supplement this Protective Answer and the Affirmative Defenses alleged herein, including as provided in the Order.

**WHEREFORE**, Thiam respectfully seeks judgment dismissing the Amended Complaint with prejudice, an award of reasonable attorneys' fees, costs and disbursements incurred in connection with this action, and such other and further relief as this Court deems just and proper.

Dated: April 29, 2015                    SULLIVAN & WORCESTER LLP


By: /s/ Paul E. Summit

Paul E. Summit
Nita Kumaraswami
One Post Office Square
Boston, Massachusetts 02109
Telephone: (617) 338-2488
Facsimile: (617) 338-2880
psummit@sandw.com

*Attorneys for Defendant Mahmoud Thiam*