**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

May 20, 2015

**VIA HAND DELIVERY AND ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 17B
New York, NY 10007

Re:  <u>Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)</u>

Dear Judge Berman:

We write to request clarification regarding whether Rio Tinto needs to respond at this time to the counterclaim in Defendant Vale's Protective Answer filed on April 29 (Dkt. No. 242) alleging that Rio Tinto breached the forum selection clause contained in the Confidentiality Deed by bringing suit in this Court rather than England or Brazil.  Vale's purported counterclaim simply repackages the same arguments Vale already presented and this Court already rejected in connection with Vale's first motion to dismiss.  *See* Decision & Order, Dkt. No. 143.  Given that the Court already has ruled on the Confidentiality Deed and that Vale's pleading was merely a "Protective Answer" that was only supposed to identify affirmative defenses (*see* 4/8/2015 Hr'g Tr. 12:16–21), it is unclear whether Vale's counterclaim requires a Rule 12(b) motion or a responsive pleading at this time. Rio Tinto therefore respectfully requests clarification regarding its obligation to respond to Vale's counterclaim in its Protective Answer.

1

To the extent a Rule 12(b) motion or responsive pleading is required, Rio Tinto respectfully requests a pre-motion conference regarding its anticipated motion to dismiss, or in the alternative, to strike Vale's purported counterclaim.  As noted above, Vale's counterclaim seeks to relitigate the very issue this Court already decided after Vale convinced the Court to single it out for extensive briefing as part of bifurcated motions to dismiss.  Vale has not moved for reconsideration of that decision and has presented no grounds for the Court to deviate from that decision.  Nor should Rio Tinto have to re-brief or engage in discovery on an issue this Court already has ruled upon.  This Court's careful consideration and earlier rejection of Vale's arguments requires the same result here.

Rio Tinto pointed all this out to Vale, and requested that Vale withdraw its counterclaim or, in the alternative, agree that Rio Tinto need not respond to it at this time.  Rio Tinto's goal was to avoid burdening the Court with unnecessary and duplicative motions practice.  Vale, however, refused to withdraw its counterclaim and impermissibly demanded a preview of Rio Tinto's actual motion to dismiss (even though it would not be filed until after this pre-motion letter and even though Rio Tinto already had explained the rather obvious grounds for its motion) before agreeing on whether or not a response was even required at this time.  Vale then "reserve[d] the right to argue that any later response is untimely" if Rio Tinto did not file its motion or agree to its demands.  Rio Tinto therefore was left with no choice but to file this letter out of an abundance of caution and to avoid being deemed to have waived the right to seek dismissal of Vale's vexatious counterclaim.

***The Court Should Dismiss or Strike Vale's Purported Counterclaim.***  Paragraphs 248 through 258 of Vale's Protective Answer detail its purported counterclaim against Rio Tinto for breach of the forum selection clause.  These paragraphs simply rehash the very same arguments Vale advanced over the course of numerous submissions to the Court last fall (*see* Dkt. Nos. 84, 89, 97, 129) and that the Court rejected more than five months ago (Dkt. No. 143).

Vale's purported counterclaim ignores the Court's decision, which is now law of the case. Because there has been no "intervening change of controlling law, . . . new evidence, or the need to correct a clear error or prevent a manifest injustice," the Court's ruling should continue to govern in this case. *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). Courts rarely deviate from prior rulings where there is no "evidence or absence of evidence justifying the reexamination of a prior ruling on a motion." *Bermudez v. City of N.Y.*, No. 10-cv-1162 (ALC), 2015 WL 1500235, at *9 (S.D.N.Y. Mar. 31, 2015). The same holds true here.

In the alternative, the Court should strike paragraphs 248 through 258 of Vale's Protective Answer. A pleading that advances a theory of law the Court already has rejected should be stricken. *See, e.g.*, *U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. 13-cv-2041-LRR, 2014 WL 294219, at *6 (N.D. Iowa Jan. 27, 2014) ("[T]he court shall exercise its broad discretion by striking [defendant's] allegation . . . because the court has already ruled on this issue. Since the court has already addressed [defendant's] claim on the merits, [defendant's] identical claim in its Answer is an insufficient defense as a matter of law and is now redundant and impertinent."); *see also Heflebower v. JPMorgan Chase Bank, NA*, No. 12-cv-1671 (AWI), 2014 WL 897352, at *3 (E.D. Cal. Mar. 6, 2014) (accord). Vale's purported counterclaim does precisely that: it repackages as a counterclaim the defense the Court rejected months ago. As a result, it should be stricken.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

cc:   Honorable Andrew J. Peck (by hand delivery and ECF)
      All Counsel of Record (by ECF)