**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

May 26, 2015

VIA ECF

Honorable Judge Richard M. Berman
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Berman:

      We write on behalf of Defendant Vale S.A. ("Vale") in response to the May 20, 2015 letter by Plaintiff Rio Tinto plc ("Rio Tinto"), which "request[s] clarification regarding whether Rio Tinto needs to respond at this time to the counterclaim in Defendant Vale's Protective Answer filed on April 29 (Dkt. No. 242) alleging that Rio Tinto breached the forum selection clause contained in the Confidentiality Deed by bringing suit in this Court rather than England or Brazil." (Dk. 253 at 1.)

      In the first instance, as Vale informed Rio Tinto, Rio Tinto's request is premature, and the Court need not address it. At the direction of Judge Peck and for the sole purposes of providing notice and defining the scope of relevant discovery, Vale filed a "Protective Answer" on April 29, 2015 in accordance with Judge Peck's April 8, 2015 order that Defendants file, by April 29, 2015, "a protective-and-without-prejudice answer to the complaint so we will know what affirmative defenses, if any, are being raised." (April 8, 2015 Tr. 12:14-14:1.) The answer was "protective" and without prejudice because, as Your Honor is aware, Defendants' Rule 12(b) motions to dismiss the Amended Complaint are outstanding (Dk. 180) and Defendants are not required to (or can they) provide an answer unless and until Plaintiff's Amended Complaint is sustained. (For reasons stated, Defendants' motion should be granted because Plaintiff has abandoned the claim at the heart of its Amended Complaint that the loss of its Simandou concession in 2008 was caused by the alleged RICO enterprise or by any alleged predicate act of Vale – which claim was untimely in any event – and the Amended Complaint also fails to state a claim for other reasons.) If the Amended Complaint is sustained, Vale will file an answer and

Hon. Richard M. Berman, p. 2

counterclaims within the time permitted under the Federal Rules of Civil Procedure and that answer may include the present counterclaim. If the motion to dismiss is granted, Vale will of course not file any answer or counterclaim in this action. In short, the procedure as ordered by Judge Peck envisioned that Vale and the other parties would give notice of their anticipated arguments without the notice constituting the first pleading under Rule 15 and while preserving the right to add additional defenses and claims based on what the Court says in ruling on the Amended Complaint. The operative answer has not yet been filed.

Thus, Rio Tinto has offered no reason for the Court to take judicial action at this time. Pursuant to the scheduling order entered by Your Honor, discovery is proceeding. And, Rio Tinto has identified no prejudice – nor could it – from the fact that Vale provided notice of the potential counterclaim. There is no reason for the Court to expend scarce judicial resources and to issue what would be in effect an advisory opinion on an issue that may never arise in this litigation. *See, e.g.*, *Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 430 F. Supp. 2d 222, 277 (S.D.N.Y. 2006) (where "Plaintiffs have presented insufficient facts . . . to suggest that judicial intervention is required at this juncture" concerning a matter that is "speculative and may very well never take place," "rendering a declaratory judgment on this point would be premature, skating too close to Article III's prohibition on the issuance of advisory opinions"), *aff'd*, 651 F.3d 218 (2d Cir. 2011), *aff'd*, 133 S. Ct. 2321 (2013); *see also Freedom Party of New York v. New York State Bd. of Elections*, 77 F.3d 660, 663 (2d Cir. 1996) (where matter becomes moot, "to render an opinion on the merits . . . would violate the well-settled rule against issuing advisory opinions").

In the event the Court nonetheless treats the Protective Answer as the operative answer, Vale offers the following response. Vale acknowledges the Court's prior ruling on Defendants' *forum non conveniens* motion, which denied the motion including on the basis of the forum-selection clause in the Confidentiality Deed between Vale and Rio Tinto. (Dk. 143.) The Court's ruling was made on the basis of a pre-answer motion made prior to discovery or a responsive pleading and without the benefit of the subsequent events that have ensued in this litigation. "The doctrine of law of the case is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment . . . [a]nd in any event, the doctrine would not preclude a district court from granting summary judgment based on evidence after denying a motion to dismiss based only on the plaintiff's allegations." *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013). Indeed, "[t]he force of law-of-the-case doctrine is affected by the nature of the first ruling and by the nature of the issues involved" and "[i]f the ruling is avowedly tentative or the issues especially important, it may be said that law-of-the-case principles do not apply." 18B Wright & Miller, Fed. Prac. & Proc. § 4478.5 (2d ed.). Thus, "[r]ulings on the sufficiency or amendment of pleadings are easily modified or retracted, in keeping with the generally subordinate role played by pleading in modern practice," and "[d]enial of a motion to dismiss may be followed by an order granting dismissal, or—in the very nature of the difference between a ruling on the pleadings and an examination of the record—an order granting summary judgment." *Id.* § 4478.1 (footnotes omitted).[1]

---

[1] Plaintiff's cases are not to the contrary. At the appropriate time, the Court will be in a position to determine whether, as in the case cited by Plaintiff, there is "no additional evidence in the record on Defendants' . . . motion for summary judgment" or at trial relevant to the counterclaim, but that time has not come. *Bermudez v. City of New York*, No. 1:10-CV-1162 ALC, 2015 WL 1500235, at *9 (S.D.N.Y. Mar. 31, 2015) (noting that law of the case

Hon. Richard M. Berman, p. 3

      Here, subsequent events only confirm that the case is being litigated in the wrong forum. For one, Plaintiff now argues that its first RICO injury occurred not when it lost the Concession in 2008 but instead "[t]he first injury occurred when the RICO Enterprise *pilfered Rio Tinto's valuable information . . .* in 2009 . . . and *used that proprietary information* to steal Rio Tinto's mining rights and thwart any effort to reclaim them." (Dk. 209 at 1.)  Plaintiff's theory – that this case is about a theft of trade secrets – arises directly from the Confidentiality Deed governing the use of the information.  *See Direct Mail Prod. Serv. Ltd. v. MBNA Corp.*, 2000 WL 1277597, at *6 (S.D.N.Y. Sept. 7, 2000) (holding that plaintiff's claim for misappropriation of trade secrets fell within the scope of the forum selection clause, because, to prevail on its claim, plaintiff would "have to demonstrate that defendants 'used [its] trade secret in breach of an agreement, a confidential relationship or duty, or as a result of discovery by improper means,'" which would "depend on the rights and duties set forth in the [agreement containing the forum selection clause].").  It is also directly contrary to Plaintiff's representations to the Court in opposition to the *forum non conveniens* motion, where it told the Court that "none of Rio Tinto's claims depends upon the existence of the Deed" (*id.* at 12) –  which of course is wrong since absent the Deed Vale would have every right to share Rio Tinto's purportedly confidential information, voluntarily disclosed to Vale, with whomever it pleased.

      Discovery in this lawsuit to date has also demonstrated the costs and inconvenience of litigating this dispute in this forum.  In light of BSGR's motion to dismiss on personal jurisdiction grounds, the parties jointly applied (after meeting and conferring for several weeks) for a Letter of Request seeking discovery pursuant to the Hague Evidence Convention, which was sealed by the U.K. judicial authorities nearly two months after it was approved by this Court, and in response to which Rio Tinto and Vale have yet to receive a single responsive document.  Vale has also been seeking Hague Convention discovery from firms hired by Rio Tinto in the United Kingdom, France, and Switzerland to investigate its purported claims, which Requests have not even completed the process of being executed and served in two of those jurisdictions (and may not for several more months).  These events have hamstrung Vale's defense.  They further confirm that when Vale (a Brazilian company) and Rio Tinto (a U.K. company) agreed that disputes arising under the Confidentiality Deed "shall" be decided in the Courts of the United Kingdom or (in limited circumstances) in Brazil, they did so knowingly and intentionally, understanding that the appropriate discovery and discovery procedures would be in those locations (and not in the United States).

---

"does not apply where, for example, a district judge revisit[s] a conclusion based on factual allegations taken as true at the motion to dismiss stage, and [then] determine[s], based on undisputed evidence at the summary judgment stage, that no reasonable jury could [draw that conclusion.]" (citation and quotation marks omitted)).  This is not a situation where Vale has "had the opportunity" to bring its motion for reconsideration but declined to do so to the prejudice of other parties, *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003); to contrary, Vale has asserted the counterclaim in it Protective Answer precisely to give notice and preserve its rights early on.  Nor is it a case where Vale has attempted to re-plead a dismissed claim without leave; in fact Vale has yet to file its first pleading.  *Cf. Heflebower v. JPMorgan Chase Bank, NA*, No. 1:12-CV-1671 AWI SMS, 2014 WL 897352, at *3 (E.D. Cal. Mar. 6, 2014).  And nor is it a case, for the reasons set forth above, where the decision on the motion to dismiss disposes of the only ground for the subsequent pleading.  *Cf. U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. 13-cv-2041-LRR, 2014 WL 294219, at *6 (N.D. Iowa Jan. 27, 2014) (striking "failure to state a claim" as an affirmative defense after denying motion to dismiss).

Hon. Richard M. Berman, p. 4

Moreover, since the *forum non conveniens* decision, there have been new decisions in both the United States and the United Kingdom that confirm that Vale's interpretation of the forum clause is correct. In *LVAR, L.P. v. Bermuda Commercial Bank Ltd.*, No. 13 Civ. 9148(AT), 2015 WL 1267368 (S.D.N.Y. Mar. 18, 2015), the court considered a forum selection clause which stated: "The Trust is established under, and . . . the Proper Law of this Trust shall be, the laws of Bermuda and the courts of Bermuda *shall* be *the forum* for the administration thereof." *Id.* at *2 (emphasis added). Explaining that "a clause is considered mandatory if it *either* confers exclusive jurisdiction on a particular forum *or* uses obligatory venue language," *id.* at *3 (emphasis added) (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 385 (2d Cir. 2007)), the court held that the clause at issue "includes clear obligatory language and is, therefore, mandatory," *id.* (noting that "[t]he combination of 'shall be' and 'the forum' indicates an intent to designate Bermuda as the forum, rather than merely a forum, for litigating disputes related to the LVAR Trust"). Here, the forum selection clause in Clause 20(b) of the Deed expressly provides that "any proceedings arising out of or in connection with the Deed *shall be* brought in such [English] *courts*," which reflects obligatory venue language and an intent to designate England as the forum (regardless of whether it confers exclusive jurisdiction on those courts).

Similarly, in a recent unanimous judgment, the English Court of Appeals held that a forum selection clause, providing that "any claim or dispute arising hereunder *shall be* subject to English law and the jurisdiction of the English High Court of Justice in London" and that "[i]f, *notwithstanding the foregoing*, any proceedings are commenced in another jurisdiction, such proceeding shall be referred to ordinary courts of law," was mandatory in that "shall be subject to" was "imperative and directory" in agreeing "to submit all disputes to the English court, rather than submitting themselves to its jurisdiction." *Compania Sud Americana de Vapores SA v Hin-Pro International Logistics Ltd*. [2015] All ER (D) 206 (Apr) ¶¶ 61-62. In the Deed, there is similar imperative language ("shall") that designates England as the mandatory venue for all disputes, even if the parties did not submit themselves to its exclusive jurisdiction. The English court added that if the first part of the clause made English jurisdiction optional, the words "notwithstanding the foregoing" would be unnecessary. *Id.* ¶ 67. Likewise, Clause 20(c) (providing for Brazilian courts having jurisdiction in limited circumstances "notwithstanding" Clause 20(b)) would be superfluous if Clause 20(b) did not provide for mandatory venue. The English court also recognized that it made commercial sense to specify a forum given the number of courts that might have jurisdiction over the dispute and to presume that English courts were intended to be the ones to resolve disputes pursuant to English law. *See id.* ¶¶ 63-64, 66, 77. This is also true here.

\*\*\*

As set forth above, there are many reasons – including the subsequent factual and procedural development of the case and later developments in the law – that may counsel a result at a later stage of this case different from the conclusions reached at the pleading stage. Accordingly, were the Court to entertain a premature motion to dismiss, it should be denied.

Hon. Richard M. Berman, p. 5

                                              Respectfully submitted,

                                              <u>/s/ Lewis J. Liman</u>
                                              Lewis J. Liman

cc:     All counsel of record (via ECF)