# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc,<br><br>Plaintiff,<br><br>v.<br><br>Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG-Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,<br><br>Defendants. | Civil Action No. 14-cv-3042 (RMB) (AJP) |

## DECLARATION OF STEVEN FOX

I, Steven Fox, declare as follows:

1. I am the founder and Chief Executive Officer of Veracity Worldwide. I make this declaration based on personal, firsthand knowledge. If called as a witness, I could testify competently regarding all matters stated herein.

2. I understand, in connection with the above-captioned case, that a dispute has arisen between Plaintiff Rio Tinto plc ("Rio Tinto") and Defendant Vale S.A. ("Vale") over the production of a due diligence report prepared by Nardello & Co. (the "Nardello Report"). I am submitting this declaration to assist the Court in resolving the parties' dispute.

3. In June 2011, I was hired by DLA Piper LLP to be the Government of Guinea's lead investigator in a review of the circumstances surrounding the issuance of mining licenses to Blocks 1 and 2 in Guinea's Simandou region. The Government of Guinea had

1

retained DLA Piper to launch an investigation into whether Simandou Blocks 1 and 2 had been obtained through bribery and corruption. At that time of our investigation, the rights to Simandou Blocks 1 and 2 were held by VBG, a joint venture between Vale and BSG Resources Limited ("BSGR"). I understand that Vale and BSGR formed VBG in 2010 for the purpose of developing and mining the iron ore deposits in Simandou, and that Vale held a controlling interest in VBG and managed the day-to-day operations of VBG.

4. My investigative work on behalf of the Government of Guinea lasted more than two years. Over that time period, my work included, in broad terms, reviewing the circumstances surrounding the acquisition of the Simandou mining licenses then held by VBG. During my investigation, Vale was represented by counsel, including New York-based lawyers from Cleary Gottlieb Stein & Hamilton LLP. At all times, I openly disclosed my affiliation with the Government of Guinea when dealing with Vale. I also made clear that the focus of my investigative work was the rights to Simandou Blocks 1 and 2, which were then held by VBG.

5. During the course of my investigation, I learned of the Nardello Report, which had been commissioned to find out whether BSGR had legitimately acquired its mining rights in Simandou Blocks 1 and 2.

6. In late March or early April 2013, the Government of Guinea asked Vale if it would allow me to review the Nardello Report as a part of my investigation. Mr. Clovis Torres, Vale's General Counsel, ultimately invited me, as a representative of the Government of Guinea, to review the Nardello Report at Vale's headquarters in Rio de Janeiro, Brazil. On April 19, 2013, I reviewed the Nardello Report in a conference room at Vale's offices.

7. In the course of my career I have overseen the preparation of hundreds of due diligence reports, many of them for the mining sector. When I reviewed the Nardello Report, it was a standalone, 62-page document. It was not attached to any other materials, and there was no indication that the report was an excerpt from a larger document. In particular, it was not attached to any legal memorandum from any law firm. No one from Vale or its lawyers told me they believed the Nardello Report was privileged; there was no discussion of privilege whatsoever.

8. I reviewed the Nardello Report without restriction (except that I was not permitted to copy it). Nothing in the Nardello Report was redacted or otherwise unavailable to me. I read the Nardello Report for about ninety minutes, and I was permitted to take notes about its contents. To date, I have not shared those notes with anyone but the Government of Guinea. Without addressing substance, I note as a factual matter that the Nardello Report was based on both confidential private sources and publicly available information.

9. On April 22, 2013, I emailed Mr. Torres to thank him for the opportunity to review the report. A true and correct copy of that email is attached to this declaration as Exhibit A.

10. In April 2014, after reviewing facts gathered through our investigation, the Government of Guinea concluded that BSGR had illegally obtained its mining rights to Simandou Blocks 1 and 2 by bribing Guinean government officials. Based on those findings, the Guinean government stripped VBG (and, by implication, Vale) of its rights to mine iron ore from Simandou Blocks 1 and 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 20, 2015, in New York, New York

_____
Steven Fox