**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

May 29, 2015

Hon. Andrew J. Peck
United States Magistrate Judge,
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   *Rio Tinto plc v. Vale S.A., et al*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

We write to provide the full factual record on Rio Tinto's document preservation efforts that Vale only partially described in the joint letter. We would have seen to it that these facts were included in the joint letter, but we did not see Vale's substantive insert before it was filed with the Court last night. We therefore write only to provide the Court the complete factual record; not to make further argument. As detailed below, the 2010 oral preservation notices were only one part of Rio Tinto's extensive document preservation efforts. Dkt. No. 258, at 15–16. These facts have all been previously provided in writing to Vale.

Rio Tinto does not have any automatic deletion policies with respect to emails or other documents, nor does it have email inbox size restrictions. Consistent with this approach, Rio Tinto uses an automatic archiving system called eVault that captures and retains all email data (including attachments) after 60 days. Rio Tinto retains eVault archives indefinitely. Rio Tinto also maintains backup tapes for emails and has confirmed that backup tapes for persons subject to the litigation hold have been pulled and are being preserved. Notwithstanding all these document preservation efforts, Rio Tinto also has taken the following redundant steps since 2010 to ensure the preservation of its documents:

- In Fall 2010, Rio Tinto identified key employees involved with Simandou and the Vale-Rio Tinto negotiations, and specifically advised them that they needed to continue retaining all documents related to Simandou and the Rio Tinto-Vale negotiations (the content and recipients of this already have been provided to Vale);

- Rio Tinto followed those instructions with a written document preservation notice sent on January 28, 2011 to advise these employees to continue retaining documents. That preservation notice also was sent to other key employees identified in the 2010 investigation who were involved with Simandou and the Vale-Rio Tinto negotiations (a copy of this already has been provided to Vale);

- Rio Tinto then circulated an updated litigation hold notice on May 5, 2014 to Rio Tinto employees identified as playing a role relevant to the allegations in its

Complaint, including those persons involved with the exploration and development of Simandou, those involved in negotiations with Vale over a potential joint venture at Simandou, and Rio Tinto's Simandou investigation (a copy of this already has been provided to Vale);

- Following receipt of Vale's discovery requests, Rio Tinto amended its litigation hold notice to also include preservation of all documents related to the BHP takeover attempt and Rio Tinto's response to the same. At that time, Rio Tinto also added additional employees to its litigation hold notice who were involved in Rio Tinto's response to the BHP takeover attempt and were identified by Defendants BSGR and Steinmetz in their initial disclosures (this too already has been provided to Vale); and

- Rio Tinto instituted processes to ensure that all hard drives, emails, documents, and other sources of potentially relevant data for departing employees would be, and are being, maintained (this already has been confirmed in writing to Vale).

Finally, Vale claims that Rio Tinto redacted the "definition of 'documents,' and the categories of documents to be preserved" from the litigation hold notices it produced. Dkt. 258, at 15. But in response to Vale's request, Rio Tinto re-produced its litigation hold notices a month ago *with* that information and *without* those redactions. Thus, as demonstrated in footnote 14 of the joint letter, Vale is well aware of the categories of documents covered by the litigation hold notices, as well as the applicable definition of "documents." Rio Tinto continues to redact attorney-client and work product privileged descriptions, evaluations, and analyses of the issues in this litigation contained in the notices, in accordance with applicable law.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

2