## CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

June 5, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:  *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

      Defendant Vale S.A. ("Vale") respectfully encloses its letter opposing Plaintiff Rio Tinto plc's ("Rio Tinto") letter motion of May 26, 2015.  At the conference on June 1, 2015, Vale and the Court discussed whether, assuming the Nardello Report[1] was privileged, Vale would nonetheless be willing to produce the report without effecting a broader subject matter waiver of the privilege under Federal Rule of Evidence 502(a).  *See* June 1, 2015 Tr. 33:24-34:10.  At present, while its motion to dismiss is pending, and before any ruling sustaining the Amended Complaint, Vale is not willing to waive privilege as to the report.  It reserves the right to waive if, and only if, the Amended Complaint is sustained.  Vale accordingly requests a ruling that the Nardello Report is privileged and that neither attorney-client privilege nor attorney work product protection has been waived.  In the alternative, Vale would not object if the Court determines to defer ruling on the present motion until there has been a ruling on the motion to dismiss since, if the motion to dismiss is granted, Rio Tinto's motion to compel will be moot.

      Respectfully submitted,

      /s/ Lewis J. Liman
      Lewis J. Liman

cc:   All counsel of record (via email)

---

[1] All capitalized terms used but not defined herein have the same meaning as in Vale's opposition letter.