UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
RIO TINTO PLC,

           Plaintiff,

    -against-

VALE S.A., et al.,

           Defendants.
------------------------------------- x

14 Civ. 3042 (RMB)(AJP)

ORDER

**ANDREW J. PECK, United States Magistrate Judge:**

The Court is in receipt to the enclosed response to one of the Letters of Request.

Unfortunately, the letter is in French. Counsel shall cooperate and provide a translation to the Court.

SO ORDERED.

Dated:    New York, New York
            June 5, 2015

                              Andrew J. Peck
                              United States Magistrate Judge

Copies **by ECF** to:    All Counsel
                         Judge Berman

Paris, le



- 1 JUIN 2015



MINISTÈRE DE LA JUSTICE

DIRECTION
DES AFFAIRES CIVILES ET DU SCEAU

BUREAU DU DROIT DE L'UNION,
DU DROIT INTERNATIONAL PRIVÉ
ET DE L'ENTRAIDE CIVILE

003072

The Honorable Andrew J. Peck
United Staes District Court
Southern District of New York
500 Pearl Street
Courtroom 20 D
NEW YORK
NEW YORK 10007
ETATS-UNIS D'AMERIQUE

Référence à rappeler :
122OP2015

Dossier suivi par : Nicolas Castell
Tél. : 0033.1.44.77.61.05
Fax : 0033.1.44.77.61.22
entraide-civile-internationale@justice.gouv.fr

**OBJET** : Informations relatives à une demande d'obtention de preuves - Convention de La Haye du 18 mars 1970 sur l'obtention de preuves à l'étranger en matière civile ou commerciale

**AFFAIRE** : RIO TINTO PLC c/ VALE S. A.,

**V/RÉF.** : 14 Civ. 3042 (RMB) (AJP)

Monsieur,

J'ai l'honneur de vous informer avoir saisi le Procureur Général de Versailles de la demande d'obtention de preuves formée le 31 mars 2015 dans le cadre du litige opposant les parties susvisée

Toutefois, je vous précise qu'en application de l'article 740 du Code de procédure civile (CPC) français, le juge commis pourra autoriser les représentants des parties à assister à l'audition des témoins, mais il n'y est pas tenu.

Dans le cas où le juge n'accepterait pas, il conviendrait de transmettre préalablement au juge tous les documents devant être présentés aux personnes auditionnées par ce magistrat.

Par ailleurs, en vertu des dispositions de l'article 23 du CPC, le juge n'est pas tenu de recourir à un interprète lorsqu'il connaît la langue dans laquelle s'expriment les parties. Dans le cas contraire, l'audition devra se dérouler en français en présence, si besoin est, d'un interprète dont l'intervention restera à la charge des parties, conformément aux dispositions de la convention visée en objet.

.../...

DACS
13, place Vendôme
75042 Paris Cedex 01

S'agissant de l'autorisation de faire participer un sténographe, sa présence ne paraît pas incompatible avec le droit interne mais les frais liés à sa présence devront être pris charge par les parties.

De même, l'acceptation de la présence d'un vidéographe devra être appréciée mais ne doit entraîner aucun coût supplémentaire pour la juridiction requise et en tout état de cause la seule retranscription ayant valeur officielle en France sera le procès-verbal d'audition en langue française.

Enfin, compte tenu de la date de réception de la demande et de la charge de travail des juridictions françaises, il est peu probable qu'une date de retour avant le 30 juin 2015 puisse être respectée.

Je vous précise enfin que les documents d'exécution seront adressés par l'autorité centrale française à votre juridiction uniquement, et il vous appartiendra ensuite de les porter à la connaissance des parties.

Le ministère de la justice français ne manquera pas de vous tenir informé de l'évolution de cette affaire

Je vous prie d'agréer, Monsieur, à l'assurance de ma considération distinguée.

L'Adjointe au Chef de Bureau

Sophie RODRIGUES