*Conference scheduled for 6/23 @ 10:00 a.m. Plaintiffs to respond to this letter by letter (3pgs. double spaced) by 6/17 No stay of discovery is in effect*

**SO ORDERED:**

**Date: 6/12/15** *Richard M. Berman*

Richard M. Berman, U.S.D.J.

**Mishcon de Reya**
NEW YORK LLP

750 7th Avenue - 26th floor
New York, NY 10019

www.mishconnewyork.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **6/12/15**

June 11, 2015

VIA ECF

Hon. Richard M. Berman
United States District Judge, SDNY
500 Pearl Street
New York, NY 10007

Direct Tel:  212-612-3265
Direct Fax:  212-612-3297
E-mail:  [illegible]@mishcon.com

Re:  *Rio Tinto plc v. Vale, S.A., et al.,* No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Berman:

Pursuant to Part 2.A of Your Honor's Individual Practices and Local Civil Rule 37.2, counsel

for defendants BSG Resources Limited, Benjamin Steinmetz, the VBG Defendants, Mahmoud

Thiam, and Vale S.A. (collectively, "Moving Defendants") jointly write to request a pre-motion

conference to seek leave to file a Rule 26(c) motion for a protective order staying all testimonial and

expert discovery pending a ruling on their motion to dismiss.[1]  Under the current Scheduling Order

(Docket No. 161), depositions can begin on July 1, 2015, and expert discovery can begin on August

14, 2015.

Defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim

was fully briefed as of March 20, 2015, and remains *sub judice* before Your Honor.  Since that time,

defendants have diligently engaged in document discovery and expect to comply with the Court's

June 30 and August 28, 2015 deadlines for completion of document discovery.  In light of the

substantial burden that defendants will be forced to bear once depositions and expert discovery

---

[1] On February 4, 2015, BSG Resources Limited and Benjamin Steinmetz sought leave to bring a motion to stay all
discovery before Magistrate Judge Peck.  *See* Docket No. 174.  Judge Peck instructed the BSGR Defendants that any
such motion should be made to Your Honor.  *See* Feb. 6, 2015 Hr'g Tr. 2:6-10.

Legal1us.280395.3
Switchboard: +1 212 612 3270
Main Fax: +1 212 612 3297

New York:  Mishcon de Reya New York LLP
London:  Mishcon de Reya Solicitors

A list of partners is available for
inspection at the above address

Mishcon de Reya
NEW YORK LLP

commence, the absence of prejudice, and the strength of the pending motion to dismiss, Moving

Defendants respectfully request the Court stay all testimonial and expert discovery until it issues a

decision on defendants' motion to dismiss.

Courts in this District consider three factors when deciding whether to enter a protective

order restricting or staying discovery: (i) the breadth of discovery sought and the burden of

responding to the discovery, (ii) whether a stay would unfairly prejudice the party opposing the stay;

and (iii) the strength of an anticipated or pending dispositive motion. *See Anti-Monopoly, Inc. v.

Hasbro, Inc.*, 94CIV.2120(LMM)(AJP), 1996 WL 101277, at *3-*4 (S.D.N.Y. Mar. 7, 1996).

Here, all three of these factors weigh heavily in favor of the limited stay sought by Moving

Defendants. First, the pending motion to dismiss is overwhelmingly strong. Among other things,

when faced with defendants' arguments for failure to state a claim and statute of limitations, plaintiff

abandoned the RICO injury allegations at the heart of its Amended Complaint and failed to support

the pattern element of the RICO claim. Moreover, the motion to dismiss includes a compelling

argument that the Court lacks personal jurisdiction over BSGR, Steinmetz and the VBG

Defendants. Notwithstanding plaintiff's jurisdictional discovery, it has failed to meet its burden to

present the Court with evidence to support its allegations of personal jurisdiction over these foreign

defendants. *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003) (Berman, J.) (*"plaintiff

bears the burden* of showing that the court has jurisdiction over the defendant"). Plaintiff's evidentiary

failure is dispositive of the jurisdictional issue, which alone mandates dismissal of this action against

BSGR, Steinmetz and the VBG Defendants. Under these circumstances, the requested limited stay

is appropriately warranted. *See, e.g., Gandler v. Nazarov*, 94 CIV. 2272 (CSH), 1994 WL 702004, at *4

(S.D.N.Y. Dec. 14, 1994).

Mishcon de Reya
NEW YORK LLP

Second, the burden of depositions and expert discovery could be tremendous. While the
parties have expended and continue to expend significant costs and resources necessary to timely
complete document discovery as Your Honor required, the cost for depositions and expert
discovery would likely be exponentially greater. Moving Defendants anticipate more than 30
depositions on four continents and in multiple languages, followed by expert discovery which will
include further depositions. There can be no question that the cost of this discovery will be
substantial, and extremely burdensome, satisfying the second criterion for a stay.

Finally, a stay of testimonial and expert discovery will not cause the "extraordinary
prejudice" that courts in this District require to defeat a motion for a stay. *Chrysler Capital Corp. v.
Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991); *see also Gandler*, 1994 WL 702004, at *4. To
the contrary, if they are to proceed at all, depositions will be more efficient once it is determined
which parties and issues are left in the case, and which are dismissed. And, there could be no unfair
prejudice as a matter of law since courts in this District do not find prejudice when a proposed stay
is for a definite and relatively short period of time, as Moving Defendants seek here. *See, e.g.,
Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1
(S.D.N.Y. Sept. 1, 2009).

For all of the foregoing reasons, Moving Defendants respectfully request a pre-motion
conference seeking leave to file a motion for a protective order staying all testimonial and expert
discovery pending the Court's decision on defendants' motion to dismiss.

Respectfully submitted,

*/s/ Vincent Filardo Jr.*

Vincent Filardo, Jr.

cc:     Hon. Andrew J. Peck
        All Counsel of Record (by ECF)