# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

June 16, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

      We write on behalf of Defendant Vale S.A. ("Vale") in response to the letter filed by Plaintiff Rio Tinto plc ("Rio Tinto") concerning Vale's Training Set (Dk. 271) and to request a conference before the Court. Rio Tinto's complaint is both baseless and moot, since we produced our Training Set last night (it was in production when we unexpectedly received Rio Tinto's letter). We respond briefly to correct the record, and to request the Court's intervention regarding ongoing disputes between the parties about Rio Tinto's predictive coding process. Specifically, we respectfully request that the Court order Vale and Rio Tinto, and both parties' experts, to appear before the Court on a day and time convenient for your Honor.

      First, as to Rio Tinto's letter, Vale has in no way delayed its training process. As both Rio Tinto and the Court know, the training process is an iterative one that does not lend itself to fixed timeframes. That said, Vale has conducted its training process in a diligent and expeditious manner, completing its training less than one month from the time it produced its Seed Set on May 18 – almost exactly the same amount of time Rio Tinto took to complete its training process (from its Seed Set production on April 17 to its Training Set production on May 14).

      The only reason Rio Tinto was able to complete its training process before Vale is because of the dispute Rio Tinto manufactured over Vale's use of search terms to pre-cull the Document Universe. Vale actually started its predictive coding process before Rio Tinto, producing its Control Set on April 6, 2015, but Rio Tinto then sought to delay discovery so it

Hon. Andrew J. Peck, p. 2

could catch up, raising a baseless objection to Vale's use of broad search terms – a procedure explicitly provided for in the parties' stipulated Predictive Coding Protocol, so-ordered by the Court (Dk. 206).  That gamesmanship cost Vale time and money (as to which Vale reserves it rights) and produced no benefit to any party:  On May 1, 2015, nearly a month after Vale produced its original Control Set, it was forced to produce a Revised Control Set, which contained <u>zero</u> additional responsive documents.  Regardless, Vale is on track to meet the Court's June 30 production deadline, and so Rio Tinto has no basis to claim any prejudice from the timing of Vale's Training Set production.

Second, Rio Tinto's pointless and frivolous run to the Court on this issue seems designed to distract from the serious methodological concerns that Vale has raised concerning Rio Tinto's predictive coding process.  Since the last conference, Vale offered a plan for addressing Rio Tinto's failure to train on four critical issues that would have required Rio Tinto to review fewer than 2,000 additional documents, but Rio Tinto rejected that proposal, and instead embarked on a campaign of prevarication and shifting positions that forced Vale to accept a delay in the resolution of its concerns until after "substantial completion" on June 30 and the start of depositions.

Since the last conference, Rio Tinto has also revealed to Vale information it had previously withheld about its process that exposes serious flaws in the ways it has measured and validated its results.  Specifically, Rio Tinto has claimed that just 0.25% of documents excluded by its predictive coding process (so-called "Purported Non-Responsive Documents") are responsive, but its own recent disclosures contradict that estimate, revealing an estimate that is 25 times or more greater than that.  Vale has repeatedly sought clarification from Rio Tinto about how it has calculated error intervals for its Recall and Precision, but Rio Tinto has stonewalled Vale on providing that information.

We therefore respectfully request that the Court order Vale and Rio Tinto, and both parties' experts, to appear before the Court on a day and time convenient for your Honor.

Respectfully submitted,

/s/ Lewis J. Liman
Lewis J. Liman

cc:     All counsel of record (via ECF)