## quinn emanuel trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

June 16, 2015

Hon. Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   Rio Tinto plc v. Vale S.A., et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

  We write briefly in response to Vale's letter.  Of course, Vale could have obviated this entire back and forth had they simply told us they would be producing their Training Set late last night.  But it seems the only way for us to force Vale to efficiently cooperate in discovery is to write Your Honor, at which point Vale then scrambles to get its ducks in a row in an attempt to blunt our request.  In any event, we will review Vale's Training Set and revert to Vale on the quality of it as quickly as possible.  As we said in our letter, even if Vale produced the Training Set yesterday—which it did—the ten-day review period pursuant to the Predictive Coding Protocol still ends the day before this Court ordered substantial completion of production (June 30).  The concerns and prejudice outlined in our letter, therefore, are not changed by their production last night.

  The issues raised in Vale's letter, on the other hand, are the same complaints that Vale has raised before and this Court has previously rejected.  Rio Tinto already is running the synthetic documents Your Honor ordered and reviewing the results.  Vale's demand that Rio Tinto review *an additional* 2,000 documents returned from search terms is completely unnecessary.  Indeed, we found that over 50% of the documents that were returned for each search term set were already coded as responsive because of our training.  This is not surprising since Rio Tinto's numbers are consistently showing that our system is properly trained as a whole, and on the four issues Vale identified in particular.[1]  And Vale's complaint that Rio Tinto

---

[1] As noted in our letter, Rio Tinto has shown that it has more than enough documents coded as responsive to train the system, including 97 documents coded as responsive to Vale's "missing topics" in the identified Requests.

objected to its use of search terms to cull its Document Universe is a problem of Vale's own making:  Your Honor agreed that Vale was wrong to cull its Document Universe without first meeting with Rio Tinto to determine search terms before it applied them.[2]  Finally, Vale's specific complaint about how we calculate the percentage of excluded documents that are responsive is news to us.  Vale has had that information for over a week but chose to raise it in this letter rather than with us and our expert.  We believe the issue is a red herring, but we will work with Vale to help them understand why.

As for Vale's request to hold a conference with the parties' experts, we do not think it is necessary to burden the Court with a separate conference.  We think, instead, that the parties can resolve their issues, with their experts, outside of Court.  Indeed, we have repeatedly asked Vale to do exactly that—to get our experts on the line together to address certain issues—since last week.  Vale has refused our requests, saying once "[t]here is no need for Deloitte to participate on our end, and I will not waste our client's money by asking them to do so," and then saying again that they "view further discussion of the [predictive coding issues] matter as wasteful and unnecessary," and "[w]e are not required to make our expert available." *See* 6/11–6/12 Emails from S. Reents to M. McCaffrey.  We take Vale's letter this morning to mean they have changed their mind, and we will work together with them to schedule a call.  We therefore ask that the Court order that Vale make its expert available so that we can resolve these issues without further burdening the Court.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

---

[2]  Rio Tinto's input to Vale's search terms was valuable.  While Vale may have initially coded responsive none of the documents returned by Rio Tinto's additions to Vale's search terms, some of them were changed to responsive as a result of the parties' meet and confers.