**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

June 17, 2015

Hon. Richard M. Berman
United States District Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

**Re:**   *Rio Tinto v. Vale et al*, **Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)**

Dear Judge Berman:

We write in response to Defendants' June 11, 2015 pre-motion letter, which seeks – for the fifth time – to stay discovery.[1]  This latest request should be denied just like the others, as Defendants have no more basis now than they have before to stay discovery.  Indeed, Defendants' current request offers the very same reasons for a stay that Your Honor and Magistrate Judge Peck have repeatedly considered and rejected.  Moreover, Your Honor set the current case schedule, which included a timetable for conducting depositions and completing expert discovery, despite Defendants' stated intentions at that time to file their second motion to dismiss (the one now pending).  There is no reason to disturb Your Honor's schedule, especially given that document discovery is fully underway and depositions and expert testimony will be particularly important in this case, any delay to which will threaten the larger case schedule and trial set for March 2016.  Rio Tinto therefore requests that the Court deny Defendants' motion and instead order Defendants to proceed with discovery as contemplated by the Court.

As before, the factors governing whether to stay discovery favor Rio Tinto.  *First*, as Rio

---

[1] *See* Dkt. No. 106, at 4–6 (recounting Defendants' prior requests as of October 2014).  Defendants Steinmetz and BSGR thereafter filed a subsequent stay motion on February 4, 2015 (Dkt. No. 174).

Tinto noted in its opposition (Dkt. No. 209), Defendants' motion to dismiss fails because it fundamentally misunderstands and misrepresents the Amended Complaint. Rio Tinto's RICO claims are timely, as the underlying RICO injury occurred when Vale defrauded Rio Tinto and stole its years of proprietary research and data in order to carry out its theft of Blocks 1 and 2 by, *inter alia*¸ cementing the RICO enterprise's grasp on those Blocks, and then again when the RICO Enterprise coerced Rio Tinto into forgoing its claim to those Blocks with the Guinean Government. The earliest Rio Tinto could have known of that injury was when Vale and BSGR announced their previously concealed partnership on April 30, 2010—less than four years before Rio Tinto commenced this action. Even assuming *arguendo* that Rio Tinto had notice of any injury prior to April 30, 2010 (and it did not), the Amended Complaint is replete with allegations of the RICO enterprise's fraudulent concealment of its illicit activities—all of which equitably tolled the four-year statute of limitations. *See* Dkt. No. 209 at 8-12. Moreover, where Defendants' motion did not simply dispute factual allegations, it altogether ignored them, failing to acknowledge the numerous predicate acts alleged. *Id.* at 5–7, 12–13, 14–22. Finally, Defendants' jurisdictional arguments fail even on the paltry record they have created, not least because Defendants ignore that their co-conspirators' torts and crimes in New York and the United States subject them to jurisdiction. *Id* at 22-30; *see also LaChapelle v. Torres*, 1 F. Supp. 3d 163, 169–70 (S.D.N.Y. 2014).

*Second*, Defendants' claim that depositions and expert discovery will be expensive makes this case no different from any other complex civil litigation. Such rote complaints do not approach Defendants' burden to show significant hardship. *See, e.g.*, *Shannon v. N.Y.C. Trans. Auth.*, No. 00-cv-5079 (RWS), 2001 WL 286727, at *2 (S.D.N.Y. Mar. 22, 2001) (rejecting non-specific claim of burden); *Hicks v. City of New York,* 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (stay not justified "absent a showing of undue prejudice upon defendant").

*Third*, a stay of discovery will prejudice Rio Tinto's vindication of its rights at trial, particularly where the parties are on the verge of meeting the Court-ordered June 30 deadline for substantial completion of document production and otherwise have a plan in place to supplement their respective productions in response to additional discovery that has been served. As such, the parties will soon be in a position to start depositions in parallel and conduct expert discovery as necessary to advance the case to trial. *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,* 175 F. Supp. 2d 573, 579–80 (S.D.N.Y. 2001) (denying motion to stay and noting plaintiffs' interest in moving the cases forward, the time wasted by "defendants' dilatory tactics," and "the interests of non-parties and the public favors prompt resolution of the civil case"). The need for depositions is particularly important with respect to Defendant Vale because it has destroyed documents from key custodians (including Vale's former CEO, former CFO, and other personnel) who forged the partnership with BSGR and Steinmetz.[2] Thus, much of the evidence with respect to these witnesses will come from depositions. And while we already know that document destruction was part of this conspiracy (Defendant Frederic Cilins pled guilty in the U.S. criminal investigation to destroying documents), depositions are now more than ever needed to fully understand just how pervasive it was.

In sum, there is no reason to stay discovery and delay the preparation of this case (which has been pending since April 2014) for trial in March 2016.

> Respectfully submitted,
>
> /s/ Michael J. Lyle
> Michael J. Lyle

Cc: Hon. Andrew J. Peck

---

[2] Rio Tinto and Vale, through extensive negotiations, agreed to 22 present and former Vale personnel who would serve as document custodians. Vale even represented to Judge Peck that these custodians "*will have* relevant documents." Jan. 13, 2015 Hr'g 25:23–24 (emphasis added). Yet at least as early as January 2015, Vale knew that it had destroyed documents from eight of these custodians, including key players in the negotiations with BSGR and Steinmetz. Vale withheld that information and disclosed it for the first time to Rio Tinto in April.

3