**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

June 22, 2015

Hon. Andrew J. Peck
United States Magistrate Judge, Southern
District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:     **Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)**

Dear Judge Peck:

        We write in response to Vale's June 18 letter regarding the Nardello Report, Dkt. No.
276.  Weeks after Mr. Horton spoke directly to the Court via his sworn declaration and told a
story very different from Vale's, Vale presents an April 2013 email from Mr. Horton to counsel
for Vale, but only after purging it of context by redacting five and a half pages of the exchange.
Vale could have submitted this email when its opposition was due, but it chose not to.  Unlike
Rio Tinto's reply, which was timely,[1] Vale's submission of the heavily-redacted email exchange
is improper and should be stricken.  However, even if the Court chooses to consider it, all it does
is confirm that Vale is trying to use a shaky claim of privilege as both a sword and a shield.

        Mr. Horton explained his and the Government of Guinea's relationship with Vale in his
declaration filed with the Court.  *See* Dkt. No. 263-1.  As Rio Tinto noted in its June 10 Reply,
that account provided no support to Vale's claim of common interest because Mr. Horton, far
from saying the Government of Guinea had exonerated Vale, simply said that, up to that point,
Vale had not been an active target of the Government's investigation when Vale disclosed the
Nardello Report.  *See* Dkt. No. 268, at 3–4.  The email Vale now plucks out of a six-page
exchange so as to withhold any context does not change the fact that, when given the opportunity
to speak to the Court under penalty of perjury, Mr. Horton declined to reiterate the position he

_____

        [1]  Vale filed its opposition on June 5.  Under Local Southern District Rule 6.1, Rio Tinto had two days to
respond, plus an additional three days under Federal Rule of Civil Procedure 6(d) because Vale's opposition was
served electronically.  Rio Tinto timely filed its reply on June 10.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS |
MUNICH | SYDNEY | HONG KONG | BRUSSELS

appears to have taken in the email.  The only competent evidence before the Court is Mr. Horton's declaration; it does not substantiate Vale's claim of common interest; and Vale's submission of heavily redacted hearsay emails does not change that.

Although the heavily-redacted email exchange does not support Vale's claim of common interest, it does demonstrate Vale's strategy of selectively disclosing purportedly privileged communications when it serves its interest and maintaining a baseless claim of privilege over others that presumably do not.  Vale asks the Court to consider this "contemporaneous documentary evidence" to rebut Rio Tinto's arguments, Dkt. No. 277, at 2, yet it apparently continues to withhold every other such communication so that the Court and Rio Tinto cannot see the true nature of the relationship.  Just as Vale's trumpeted due diligence placed the Nardello Report at issue, Vale's disclosure of selected communications that it believes support its position (although in truth they do not) waives any claim of privilege over communications between Vale and the Government of Guinea and their respective representatives.  *See, e.g., Chevron Corp. v. Donziger*, No. 11-cv-0691 (LAK), 2013 WL 6182744, at *2 (S.D.N.Y. Nov. 21, 2013) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword.  A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." (quotation marks removed)).  The Court cannot permit Vale to continue to use its claim of privilege as a sword and a shield.

Of course, even if the Government of Guinea believed Vale was also a victim of Defendants Steinmetz and BSGR, that does not establish a common interest sufficient to justify Vale's disclosure of the Nardello Report.  The common interest doctrine requires a joint legal strategy, not merely a common enemy.  *See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995) (party claiming common interest must demonstrate (1) identical or nearly identical legal interests and (2) that the disclosure was in the course of formulating a joint legal strategy); *see also In re Initial Pub. Offering*, F.R.D. 457, 466 (S.D.N.Y. 2008); *In re Vitamin C Antitrust Litig.*, No. 06-md-1738, 2011 WL 197583, at *5 (E.D.N.Y. Jan. 20, 2011); *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 893 (S.D.N.Y. 1999).  Vale still has offered no evidence that its disclosure of the Nardello Report was in furtherance of a joint legal strategy with the Government of Guinea.

Vale has offered no reason why it did not submit the heavily-redacted email exchange with its opposition on June 5.  Mr. Horton's sworn declaration declined to confirm the position that Vale has taken, and Vale cannot change that by carefully excising an email from six pages of communications in this email thread alone.  All Vale's latest submission demonstrates is that Vale is picking and choosing among purportedly privileged communications and disclosing those that it believes support its position and continuing to conceal others.  Vale's abuse of attorney-client privilege must stop.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle