2015 WL 1061641
Only the Westlaw citation is currently available.
This case was not selected for
publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals,
Second Circuit.

Sunita DESWAL, Pars Singh, Plaintiffs–Appellants,
v.
US NATIONAL ASSOCIATION, as Trustee Morgan Stanley Mortgage Loan Trust 200616AX Mortgage PassThrough Certificates, Series 200616AX, Ideal Mortgage Bankers Ltd., DBA Lend America, General Motors Acceptance Corporation, AKA GMAC Mortgage, Saxon Mortgage Services, Inc., Ocwen Financial Corporation, Defendants–Appellees.

No. 14–2169–cv.    |    March 12, 2015.

**Synopsis**
**Background:** Mortgagors sued mortgage originator and its successors in interest alleging fraud and violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, and New York Banking Law. The United States District Court for the Eastern District of New York, Dearie, J., 2014 WL 1932589, dismissed complaint and plaintiffs appealed.

**Holding:** The Court of Appeals held that equitable tolling of limitations was not warranted.

Affirmed.

West Headnotes (1)

[1]   **Limitation of Actions**
      Concealment of Cause of Action

Alleged fraudulent concealment did not warrant equitable tolling of limitations statutes that barred mortgagor's complaint alleging fraud and various statutory violations by mortgage originator and its successors in interest, where mortgagors had sufficient information to sue originator of mortgages but failed to do so for more than six years after mortgages were originated, and they also conceded that they did not act sooner because they were attempting to pay mortgages.

Cases that cite this headnote

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, J.).

**Attorneys and Law Firms**

Regina Felton, Felton & Associates, Brooklyn, NY, for Appellants.

Kathleen McClure Massimo, Houser & Allison, APC, New York, N.Y. (for U.S. National Association and Ocwen Financial Corporation); Joy Harmon Sperling and Erick M. Sandler, Day Pitney LLP, Hartford, CT and Parsippany, NJ (for Saxon Mortgage Services, Inc.), for Appellees.

Present GUIDO CALABRESI, PETER W. HALL, Circuit Judges, JED S. RAKOFF,[*] District Judge.

*SUMMARY ORDER*

 *1 **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs–Appellants Pars Singh and Sunita Deswal, husband and wife, appeal from a district court judgment dismissing their complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint was time barred and that

equitable tolling was not warranted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor ." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.,* 774 F.3d 791, 798 n. 12 (2d Cir.2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.,* 547 F.3d 406, 425 (2d Cir.2008)); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1226 (3d ed. 2004) ("[T]he current trend in the cases is to allow [the statute of limitations defense] to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint.").

"We review a district court's decision to deny equitable tolling for abuse of discretion." *Zerilli–Edelglass v. N.Y.C. Transit Auth.,* 333 F.3d 74, 81 (2d Cir.2003). "Under federal common law, a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Koch v. Christie's Int'l PLC,* 699 F.3d 141, 157 (2d Cir.2012) (internal quotation marks omitted). "To qualify for equitable tolling, a plaintiff must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his bringing a lawsuit." *Ellul,* 774 F.3d at 801 (internal quotation marks and alteration omitted); *see Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir.2007) ("Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.") (internal quotation marks omitted).

**\*2** Plaintiffs do not dispute that their complaint against Defendants, their mortgage originator and its successors in interest, asserting fraud and violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.,* the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, and New York Banking Law § 6–1, was time barred. Instead, Plaintiffs contend that the district court erred in finding that equitable tolling of the various statutes of limitations was not warranted on the basis of fraudulent concealment.

We conclude that the district court did not abuse its discretion in finding that equitable tolling was not warranted because Plaintiffs could not show (1) that Defendants' use of the Mortgage Electronic Registration Systems prevented Plaintiffs from discerning the nature of their claims or (2) that Plaintiffs pursued their claims with the requisite diligence. *See Koch,* 699 F.3d at 157. The district court properly observed that Plaintiffs had sufficient information to sue the originator of their mortgages, Defendant Ideal Mortgage Bankers Ltd., d/b/a Lend America, whose identity was always known to Plaintiffs, but failed to do so for more than six years after their mortgages were originated. During oral argument on the motion to dismiss, moreover, Plaintiffs indicated that they were aware of the other Defendants' identities because Plaintiffs received bills from those Defendants and made mortgage payments to them. Plaintiffs also conceded that they did not act sooner because they were attempting to pay their mortgages. On this record, we find that the district did not err in dismissing Plaintiffs' complaint under Rule 12(b)(6).

We have considered all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**

Footnotes

\*      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**End of Document**                                              © 2015 Thomson Reuters. No claim to original U.S. Government Works.