UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Rio Tinto plc,

    Plaintiff,

-against-

Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG–Vale BSGR Limited aka BSG Resources (Guinea) Ltd. Aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,

    Defendants.

14 Civ. 3042 (RMB)



## [PROPOSED] ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (a)(1)(C), Maura Grossman to serve as Special Master, until further order of this Court. The Court has received an affidavit from Ms. Grossman disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455.

IT IS FURTHER ORDERED THAT:

1. The Special Master is directed "to proceed with all reasonable diligence" in the performance of her duties. Fed. R. Civ. P. 53(b)(2). To wit, Ms. Grossman is appointed to resolve such disputes that may arise in relation to the use of technology assisted review (aka, predictive coding) by the parties Vale S.A. ("Vale") and Rio Tinto plc ("Rio Tinto").

2. In furtherance of her duties, the Special Master may communicate ex parte with the Court on any matter. The Special Master may not communicate ex parte with the parties (except to arrange scheduling matters) without the consent of all parties.

3. The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties, and any transcripts of hearing before the Special Master. The Special Master shall file with the Clerk of the Court such records upon the request of any party or the Court. The Special Master shall also file any order, report, or recommendation to the Court.

4. A party may file objections to -or a motion to adopt or modify -the Special Master's order, report, or recommendation no later than 10 days from the time that order, report, or recommendation is served. The party filing such objection or motion must also file the relevant record.

5. Any order, report, or recommendation of the Special Master on nondispositive motions, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636.

6. Barring a stipulation of the parties with the Court's consent setting some other standard of review, *see* Fed. R. Civ. P. 53(f)(3), the Court will decide de novo all objections to findings of fact or conclusions of law made or recommended by the Special Master.

7. The Special Master's compensation, as well as any costs and expenses, will be paid by ~~the party who first raises an issue to be resolved~~ JALE, IF CIRCUMSTANCES WARRANT, subject to re-allocation by the Court ~~based on the extent to which that party prevails on the issue it raises~~. Ms.

Grossman shall be compensated at a rate of $850 per hour. If the Special Master finds that she needs the assistance of any paralegal or lawyer in her office, that expense shall be billed by the Special Master at the ordinary rates for those people.

8. The Special Master shall be bound by the terms of the Stipulated Protective Order (Dk. 81).

9. Finally, this Order may be amended at any time upon notice to the parties, and an opportunity to be heard.

Dated 7/15, 2015.

SO ORDERED

Hon. Andrew J. Peck
United States Magistrate Judge

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

3