UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
RIO TINTO PLC,

                Plaintiff,                              14 Civ. 3042 (RMB)(AJP)

        -against-                                OPINION & ORDER

VALE S.A., et al.,

                Defendants.

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

        Presently before the Court is defendant Vale's application to have the Court appoint Maura Grossman as a special master in this case to assist with issues concerning Technology-Assisted Review (TAR), also known as predictive coding (Dkt. No. 289; see also Dkt. No. 297), and plaintiff Rio Tinto's objection to Vale's application (Dkt. No. 294). The Court has entered an Order appointing Ms. Grossman as special master, and writes separately here to explain the decision.

        Since January 2015, the Court repeatedly has suggested that the parties agree to the appointment of Ms. Grossman as special master. Ms. Grossman is one of the most knowledgeable lawyers (if not the most knowledgeable lawyer) about TAR, having supervised the National Institute of Standards and Technology's TREC (text retrieval conference) Legal Track, as well as having conducted studies and written papers on TAR issues with computer science Professor Gordon Cormack. Indeed, Rio Tinto specifically noted that it has "no objection to Ms. Grossman's qualifications" (Dkt. No. 294 at 1) and that its "diligence has confirmed [her] preeminence in this field" (Dkt. No. 289 at 8).

2

Rio Tinto, however, objects on the ground that Vale should have agreed much earlier to appointment of a special master. The Court certainly agrees, but as the saying goes, better late than never. There still are issues regarding the parties' TAR-based productions (including an unresolved issue raised at the most recent conference) about which Ms. Grossman's expertise will be helpful to the parties and to the Court. Rio Tinto's related "fear that [Ms. Grossman's] appointment today will only cause the parties to revisit, rehash, and reargue settled issues" (Dkt. No. 294 at 1) is unfounded – the Court will not allow that to happen. As I have stated before, the standard for TAR is not perfection (nor of using the best practices that Ms. Grossman might use in her own firm's work), but rather what is reasonable and proportional under the circumstances. The same standard will be applied by the special master. The Court itself felt bound by the parties' protocol, such as to allow keyword culling before running TAR, even though such pre-culling should not occur in a perfect world.

Rio Tinto further objects because one of Vale's lawyers had three conversations with Ms. Grossman about TAR issues. (See Dkt. No. 289 at 5.) The Court does not believe that the contact in connection with The Sedona Conference should or does prevent Ms. Grossman from serving as special master. We should be encouraging, not discouraging, participation in Bar associations and similar organizations. The other two conversations were general, requesting sources of information from Ms. Grossman, and in my opinion Ms. Grossman should be applauded for her willingness to share her expertise with others. We should remember that the law is still a learned profession. Moreover, those issues are not going to come before Ms. Grossman as special master.[1]

---

[1] Indeed, the Court is aware from Ms. Grossman's published writings, and from panels we have done together, that on the issue of keyword culling before using TAR, Ms. Grossman's views are not supportive of Vale's position in this case.

3

It might have been more prudent for Vale's counsel not to have asked Ms. Grossman where to find information in light of the Court having suggested her as a possible special master. Nevertheless, Rio Tinto does not suggest that Ms. Grossman did anything improper in responding to counsel's question (Dkt. No. 294 at 3), and Ms. Grossman has made clear that she sees no reason why she cannot serve as a neutral special master (Dkt. No. 289 at 17). The Court agrees.

Finally, Rio Tinto objects to Vale's proposal for allocation of the special master's fees (Vale proposed that whoever raises an issue should pay). Rio Tinto is correct that Vale's propsal is inconsistent with this Court's stated requirement in this case that whoever agreed to appointment of a special master would have to agree to pay, subject to the Court reallocating costs if warranted. The Court has modified the Order of Appointment accordingly.

In conclusion, while the Court would have preferred it if the parties had agreed much earlier in this case to the use of a special master for TAR issues, the Court is happy to appoint Ms. Grossman as special master now. A copy of the Order of Appointment is attached.

SO ORDERED.

Dated:  New York, New York
        July 15, 2015

**Andrew J. Peck**
United States Magistrate Judge

Copies **by ECF** to:   All Counsel
                        Special Master Maura Grossman
                        Judge Berman

Case 1:14-cv-03042-RMB-AJP   Document 301   Filed 07/15/15   Page 4 of 6
Case 1:14-cv-03042-RMB-AJP   Document 300   Filed 07/15/15   Page 1 of 3
Case 1:14-cv-03042-RMB-AJP   Document 289-1   Filed 06/30/15   Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Rio Tinto plc,

    Plaintiff,

-against-

Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG–Vale BSGR Limited aka BSG Resources (Guinea) Ltd. Aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,

    Defendants.

14 Civ. 3042 (RMB)



## [PROPOSED] ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (a)(1)(C), Maura Grossman to serve as Special Master, until further order of this Court. The Court has received an affidavit from Ms. Grossman disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455.

IT IS FURTHER ORDERED THAT:

1. The Special Master is directed "to proceed with all reasonable diligence" in the performance of her duties. Fed. R. Civ. P. 53(b)(2). To wit, Ms. Grossman is appointed to resolve such disputes that may arise in relation to the use of technology assisted review (aka, predictive coding) by the parties Vale S.A. ("Vale") and Rio Tinto plc ("Rio Tinto").

Case 1:14-cv-03042-RMB-AJP   Document 301   Filed 07/15/15   Page 5 of 6
Case 1:14-cv-03042-RMB-AJP   Document 300   Filed 07/15/15   Page 2 of 3
Case 1:14-cv-03042-RMB-AJP   Document 289-1   Filed 06/30/15   Page 2 of 3

2. In furtherance of her duties, the Special Master may communicate ex parte with the Court on any matter. The Special Master may not communicate ex parte with the parties (except to arrange scheduling matters) without the consent of all parties.

3. The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties, and any transcripts of hearing before the Special Master. The Special Master shall file with the Clerk of the Court such records upon the request of any party or the Court. The Special Master shall also file any order, report, or recommendation to the Court.

4. A party may file objections to -or a motion to adopt or modify -the Special Master's order, report, or recommendation no later than 10 days from the time that order, report, or recommendation is served. The party filing such objection or motion must also file the relevant record.

5. Any order, report, or recommendation of the Special Master on nondispositive motions, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636.

6. Barring a stipulation of the parties with the Court's consent setting some other standard of review, *see* Fed. R. Civ. P. 53(f)(3), the Court will decide de novo all objections to findings of fact or conclusions of law made or recommended by the Special Master.

7. The Special Master's compensation, as well as any costs and expenses, will be paid by ~~the party who first raises an issue to be resolved~~ JALE, subject to re-allocation by the Court ~~based on the extent to which that party prevails on the issue it raises~~ iF ɋRɑMSTANCES WARRANT. Ms.

AP
AP

2

Case 1:14-cv-03042-RMB-AJP   Document 301   Filed 07/15/15   Page 6 of 6
Case 1:14-cv-03042-RMB-AJP   Document 300   Filed 07/15/15   Page 3 of 3
Case 1:14-cv-03042-RMB-AJP   Document 289-1   Filed 06/30/15   Page 3 of 3

Grossman shall be compensated at a rate of $850 per hour. If the Special Master finds that she needs the assistance of any paralegal or lawyer in her office, that expense shall be billed by the Special Master at the ordinary rates for those people.

8. The Special Master shall be bound by the terms of the Stipulated Protective Order (Dk. 81).

9. Finally, this Order may be amended at any time upon notice to the parties, and an opportunity to be heard.

Dated 7/15, 2015.

SO ORDERED

Hon. Andrew J. Peck
United States Magistrate Judge

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

cc: ECF: All Counsel
    Judge Berman

BY ECF

3