**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

July 17, 2015

Hon. Andrew J. Peck
United States Magistrate Judge, Southern
District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   <u>Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)</u>

Dear Judge Peck:

We write to request your further assistance to compel Defendants VBG and Vale to comply with Your Honor's June 22, 2015 order that they promptly "cooperate" with Rio Tinto in collecting and producing documents from VBG custodians, whose documents reside on Vale's servers, that are responsive to Rio Tinto's outstanding document requests, served on VBG on November 11, 2014 (*see* Plaintiff's First Set of Interrogatories to VBG and Plaintiff's First Set of Document Requests to VBG) and May 20, 2015 (*see* Plaintiff's Second Set of Documents Requests to VBG). Defendant VBG's failure to produce any documents has now dragged to a degree that we (regrettably) make this submission in advance of and separate from the parties' joint letter process with the hope that it will spur action so as to make the parties' discussion on this issue at our next hearing meaningful and more productive rather than more of the same.

A month has now passed since Your Honor's order, and although Rio Tinto has bent over backwards to accommodate VBG's and Vale's unreasonable and uneconomical requests to move this along (as detailed below), Defendants have done very little to "cooperate" in that process. At this point, we fear that Defendants, particularly Defendant VBG, are doing everything they can to drag their feet with the faint hope that this case will be dismissed. But *both* Your Honor *and* Judge Berman have ordered Defendants to actively engage in document discovery notwithstanding their pending motion. Yet Defendants, particularly VBG, are not so engaged when it comes to VBG's documents. We therefore respectfully request that the Court order Defendant VBG, with Defendant Vale's *active* cooperation, to make a substantial production of documents on or before August 14, 2015.

Defendant VBG undisputedly possesses responsive documents. VBG has represented to the Court on multiple occasions that it has a first tranche of documents, in hard copy form, in its

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

offices in Guinea. VBG has further represented – for months – that it would get these documents to the United States for review and production. *See* 02/06/15 Hr'g Tr. 11:6–18 ("Plaintiff's counsel has been kind enough to identify for me U.S. counsel representing the government of Guinea. . . . I assume I'll get direction from them to go ahead and make that request [for documents]."); 14:6–20 (Mr. Auerbach: "I am trying to coordinate with the clients on the status of those [20 boxes of hard copy documents]. And I will have the status on that by the end of next week as well – two weeks." . . . The Court: "Two weeks is the deadline."). Indeed, VBG specifically told the Court in early June that it would meet the June 30 deadline for the substantial production of documents. *See* 06/01/15 Hr'g Tr. 44:11–20 (Ms. Neish stating, "[W]e anticipate being able to make the discovery deadline.") Yet VBG has now blown that deadline by over two weeks, without explanation or justification.

VBG has similarly dragged its feet with respect to obtaining documents from Barthélemy Faye, VBG's former outside counsel at Cleary Gottlieb Steen & Hamilton LLP, who represented VBG in connection with an administrative proceeding in 2011 between VBG and the Guinean Government over how VBG (or its founding companies Vale S.A. and BSG Resources Ltd.) obtained its mining rights and licenses to Simandou. By all indications, VBG transmitted documents to Mr. Faye for him to re-transmit to the Government of Guinea in connection with that 2011 proceeding. We therefore asked VBG's current counsel (last May) to cooperate with us in asking Mr. Faye to obtain these documents, which belong to VBG. After going back and forth over the next two months, Rio Tinto ultimately took it upon *itself* to draft an email *for* VBG's current counsel to send to its former counsel requesting these documents. Rio Tinto has since followed up with VBG's counsel about the status of this request. Counsel for VBG has said that he sent a letter to Mr. Faye on June 29, 2015, although he has not sent us a copy of that letter despite our requests. And we have otherwise heard nothing from VBG's current counsel concerning what progress, if any, he has made on this front. At bottom, these documents are critical to this case, belong to VBG, and should have been collected and produced months ago.

Nor has Rio Tinto's ghost writing for VBG's counsel vanished (as it should have) with the letter to Mr. Faye. After this Court's order that Vale and VBG "cooperate" with Rio Tinto concerning the collection and production of VBG documents that reside on Vale's servers, Rio Tinto set up a meet and confer between the parties to discuss. During that call, Vale acknowledged having documents for at least five former VBG employees, two of whom are undisputedly relevant and key individuals: Messrs. Vidoca and Tchatcho. Rio Tinto asked Vale for a brief description of these individuals, yet Vale refused to provide it. Vale further refused to engage any further *unless* VBG sent it a "formal" request (separate and apart from this Court's formal order that it "cooperate") to engage. As for VBG, it balked at any substantive participation because its counsel was worried that he would not be paid for his efforts.[1] Of

---

[1] Concerns over a client's ability to pay do not absolve a party from complying with discovery and court orders. *See, e.g., U.S. v. O'Neil*, 118 F.3d 65, 72 (2d Cir. 1997) (noting that attorneys are expected to subordinate their pecuniary interests to their professional and ethical responsibility to represent their clients); *In re Aranda*, No. 14-90027, 2015 WL 3367961, at *5 (2d Cir. May 22, 2015) (noting that counsel must continue to represent client in an appeal despite not being paid until he has taken affirmative action to end the representation).

course, this gamesmanship flies in the face of assurances from both VBG and Vale that they would helpfully, actively, and reasonably cooperate in this process.  *See* 06/22/15 Hr'g Tr. 7:11; 6:1–2 (Mr. Auerbach stating, "[W]e're happy to work with Vale on identifying [the people with Vale email addresses.]"); 6:14 (Mr. Reents agreeing to participate).  Up against these absurd positions taken by VBG and Vale, Rio Tinto again took the pen and drafted a letter for VBG's counsel (at Vale's request) to "formally" ask Vale to turn over any VBG documents in its possession or at least participate in that court-ordered process.  *See* Ex. A (July 8, 2015 Correspondence from S. MacLaren to M. Auerbach).  VBG counsel has not since acknowledged receiving that letter, nor (we presume) sent it to Vale.

With regret (but with little choice), Rio Tinto is therefore turning to the Court for further assistance.  We respectfully request that the Court order VBG to produce documents no later than August 14, 2015 and order Vale to facilitate that effort rather than frustrate it.  All Vale needs to do is identify what documents it still has from which former VBG employees.  From there, we can simply choose a subset of those custodians so that Vale can date-cull documents on the backend and send them to VBG for review and production.  It is that simple.  And it should have been done by now.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle