**MARTIN J. AUERBACH, ESQ.**
                                                1330 Avenue of the Americas
                                                Suite 1100
                                                New York, NY 10019
                                                Telephone (1) 646 787 2370
                                                Facsimile  (1) 646 304 0175
                                                auerbach@mjaesq.com

July 20, 2015

Hon. Andrew J. Peck
United States Magistrate Judge, Southern
District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

       Re: *Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)*

Dear Judge Peck:

      I write to provide the Court with an initial response to the letter from Rio Tinto's counsel dated July 17, 2015 (the "July 17 Letter"). I will provide the Court with supplemental information prior to next week's court conference. Had Rio Tinto's counsel exercised the simple courtesy of calling me before writing to Your Honor, you would have been spared the time of considering this matter now.

      The principal thrust of the July 17 Letter, following a litany of complaints, is to seek judicial assistance in having my client, VBG, produce to Rio Tinto, emails responsive to the Request for Documents served on VBG. Had Rio Tinto's counsel called me, they would have known the request for judicial assistance was unnecessary. We are indeed working to identify and produce responsive emails: a process facilitated by further communications with Rio Tinto's counsel – whom I have called and spoken to – not by writing to Your Honor.

      According to Rio Tinto, as reflected in the email attached to the July 17 Letter, they have identified five VBG custodians whose email was hosted by Vale following the creation of the joint venture in April 2010. (Vale ceased performing that function prospectively in March 2015, when ownership of VBG was returned to BSGR). Two of those individuals, Joao Vidoca and Telesphore Tchatcho, were identified in VBG's interrogatory responses and we will obtain their emails and produce any that are responsive. With respect to the other three individuals who, for good reason, were not identified in our interrogatory responses, we have been able to learn who they are, what they did and to whom they reported. Based on that information it would appear that at least two of the three, having arrived after the formation of the joint venture, and all having performed day to day administrative and accounting functions, are unlikely to be the source of any responsive information. In any event, with respect to those three I have now

Hon. Andrew J. Peck
July 20, 2015
Page 2

spoken with Rio Tinto's counsel to determine how they would like to proceed, given the ministerial nature of those individuals' roles, and await counsel's further thoughts.

      I have also advised Rio Tinto's counsel that with respect to the materials referenced in the July 17 Letter that were previously produced to the Guinean government by VBG's former counsel in Paris, that counsel is in the process of gathering those materials and hopefully I will receive and review them this week. I will of course apprise the Court with respect to all of these matters prior to next week's conference.

Respectfully,

Martin J. Auerbach

Cc: All counsel of record