IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION

IN THE MATTER OF THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT 1975

AND IN THE MATTER OF THE HAGUE CONVENTION OF 18TH MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

AND IN THE MATTER OF A CIVIL PROCEEDING NOW PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

BEFORE MRS JUSTICE ANDREWS DBE
BETWEEN:

RIO TINTO PLC

Claimant

and

VALE S.A.

Defendant/Applicant

and

(1) BENJAMIN STEINMETZ
(2) BSG RESOURCES LIMITED
(3) VBG-VALE BSGR LIMITED AKA BSG RESOURCES (GUINEA) LTD.
AKA BSG RESOURCES GUINÉE LTD
(4) BSG RESOURCES GUINÉE SARL AKA BSG RESOURCES (GUINEA)
SARL AKA VBG-VALE BSGR
(5) FREDERIC CILINS
(6) MAMADIE TOURÉ
(7) MAHMOUD THIAM

Defendants

and

(1) LIVINGSTONE AND COMPANY LTD
(2) AFRICA RISK CONSULTING LTD
(3) BEGBIES TRAYNOR (INVESTIGATIONS) LTD

Third Party Hague Convention Respondents

---

**ORDER**

---

UPON READING the Third Party Hague Convention Respondents' (together "the Third Party Respondents", separately 'Livingstone', 'ARC'; and 'BTI') Application Notices, dated 27 May 2015 and 2 and 4 June 2015, and the evidence of each Respondent filed in support, and the evidence filed by the Defendant and Hague Convention Applicant ("Vale") including the Witness Statements of Jonathan Kelly and Exhibits thereto

AND UPON HEARING leading counsel for the Third Party Respondents and leading counsel for the Applicant at the hearing on 25 June 2015

IT IS ORDERED THAT:

1

PROCEDURE

1. The appointment of Mr Adrian Hughes QC at paragraph 2 of the Order of Master Eastman dated 28 April 2015 as against each Third Party Respondent ('the Order dated 28 April 2015'), to act as the Examiner within the meaning of CPR 24 is varied to substitute any Queen's Bench Master who the Senior Master shall appoint as the Examiner in place of Mr Hughes QC.

2. Paragraph 3 of the Order dated 28 April 2015 shall be varied to add: "The Examiner shall also sit as a Queen's Bench Master in order to determine any questions which would normally be referred to the Court, such as whether questions fall within the ambit of the Order dated 28 April 2015 as amended by this Order, whether a witness may be treated as hostile, and any issues of self-incrimination or privilege under the law of England and Wales being claimed by the witness."

3. Paragraph 5 of the Order dated 28 April 2015 shall be varied to add: "or such other place as the Examiner shall appoint".

4. Paragraph 7(h) of the Order shall be varied to substitute the following: "No question may be asked of the Witness that in the opinion of the Examiner is not a question of the nature that could properly be asked by counsel examining a witness in chief at a trial in the High Court of Justice of England and Wales; unless the Examiner allows cross-examination of the Witness on the basis that an application to treat him as a hostile witness is made and granted."

5. The time for Livingstone and ARC to produce documents under paragraph 3 of the Order dated 28 April 2015 is extended to 14 days from the date of this order.

6. Paragraphs 5 and 7A of the Order dated 28 April 2015 shall be varied such that the Examination shall take place at either the address specified in those paragraphs or, if so directed by the Examiner, at the Royal Courts of Justice, London.

7. The time for ARC to apply to set aside or vary the Order dated 28 April 2015 under paragraph 13 of that order be extended to 4 June 2015.

8. Paragraph 5 of the Order dated 28 April 2015 shall be amended to provide that the Examination shall take place no later than Friday 25 September 2015.

AMENDMENTS TO SCHEDULE A OF THE ORDER DATED 28 APRIL 2015

9. Paragraph c. of Schedule A of the Order dated 28 April 2015 is varied by amendment to require production of:

> *The bills or invoices submitted by You in connection with Rio Tinto's retention of Your services as reflected in the Reports including the time sheets or other records of the activities leading to the charges set out in those bills or invoices.*

10. Paragraph d. of Schedule A of the Order dated 28 April 2015 is struck out.

11. Paragraph e. of Schedule A of the Order dated 28 April 2015 is varied by amendment to require production of:

   > *Correspondence between You and Rio Tinto concerning Your work done up to and following the Reports, correspondence relating to queries raised by Rio Tinto and documents provided to them (whether or not at their request) relevant to the work done or to be done.*

12. Paragraph f. of Schedule A of the Order dated 28 April 2015 is struck out.

13. Paragraphs j. and y. of Schedule A of the Order dated 28 April 2015 against ARC are struck out.

14. Paragraphs k., l., and s. of Schedule A of the Order dated 28 April 2015 as against BTI and paragraphs h., i., j., k., l., q., r., s., t., aa., bb., ee., jj., and mm. of Schedule A of the Order dated 28 April 2015 as against Livingstone and paragraphs g., l., m., and n. of the Order dated 28 April 2015 as against Africa Risk Consulting are varied by substituting the words 'The interview memoranda and those documents (i) referenced in the interview memoranda, (ii) provided to or discussed with the source, and/or (iii) provided or identified by the source' for 'The documents, including interview memoranda'.

15. Paragraphs 4 and 10 of the Order dated 28 April 2015 shall be varied by adding the words:

   > *All and any information provided to the United States District Court is to be subject to the Protective Order in force in the Action (as defined in the Letters of Request).*

**BTI**

16. BTI shall carry out further reasonable searches of all documents in its possession or control falling into Schedule A of the Order of 28 April 2015 in connection with search terms to be agreed between the parties (and in default of such agreement to be ruled upon by a Master for which purpose there shall be liberty to apply). BTI shall serve a report of those searches in the form of a witness statement from Mr Jonathan Humphrey, the Company Secretary within 28 days of the date of this Order.

17. The time for BTI to produce documents under paragraph 3 of the Order dated 28 April 2015 is extended to 35 days from the date of this Order.

18. Paragraph 6 of the Order dated 28 April 2015 as against BTI be varied by adding the words:

> *The Witness shall be asked questions concerning only the documents produced, the searches made, the custodianship of documents, and/ or the reasons why the documents cannot be produced, including the alleged destruction of the documents by Mr Brown".*

**CONFIDENTIALITY**

19. Paragraph 3 of the Order dated 28 April 2015 is varied by amending the paragraph with the additional words:

    > *'save that [insert name of Third Party Respondent] shall be permitted to redact from the copies any information which may infringe any duty of confidentiality owed by [insert name of Third Party Respondent] to any source of information regarding disclosure of the identity of the source. Where a redaction is made, [insert name of Third Party Respondent] shall replace the name of the confidential source with an anonymised reference and a separate schedule shall provide [information analogous to that provided at para 24 of Mr Huband's Witness Statement of 12 June 2015, including a description of the role and relevant employment of the source, and the reason why their evidence is considered reliable for each source.]*

20. Schedule B of the Order dated 28 April 2015 as against Livingstone and as against ARC are varied by amending the paragraph with the additional words:

    > *'save that the Witness shall not be required to identify by name the confidential source of any information or give particulars from which a confidential source can be identified. The Witness shall instead refer to anonymised sources, in accordance with the schedule produced pursuant to paragraph 3 above'.*

21. The costs of and occasioned by the Third Party Respondents' applications are to be paid by Vale, and are summarily assessed as follows: Livingstone's costs are assessed in the sum of £25,000, ARC's costs are assessed in the sum of £15,000, and BTI's costs are assessed in the sum of £10,000.

Dated 29th June 2015.

*[signature]*

Signed

FOR THE PURPOSES OF ANY CALCULATIONS OF TIME LIMITS THE DATE OF THIS ORDER IS TO BE TAKEN AS THE DATE ON WHICH IT IS SEALED BY THE COURT OFFICE.



DATED the 29th JUNE 2015

IHQ/15/0312 & IHQ/15/0331 & IHQ/15/0337

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

BEFORE THE HONOURABLE MRS JUSTICE ANDREWS DBE

BETWEEN:

RIO TINTO PLC

-and-

VALE S.A.

-and-

(1) BENJAMIN STEINMETZ

(2) BSG RESOURCES LIMITED

(3) VBG-VALE BSGR LIMITED AKA BSG RESOURCES (GUINEA) LTD

AKA BSG RESOURCES GUINEE LTD

(4) BSG RESOURCES GUINEED SARL AKA BSG RESOURCES (GUINEA)

SARL AKA VBG-VALE BSGR

(5) FREDERICK CILINS

(6) MAMADIE TOURE

(7) MAHMOUD THIAM

-and-

(1) LIVINGSTONE AND COMPANY LTD

(2) AFRICA RISK CONSULTING LTD

(3) BEGBIES TRAYNOR (INVESTIGATIONS) LTD

## ORDER

Court 19

If you have a query with this Order please contact Mrs Kelly Foxwell on telephone no. 020 7947 6601 outside the usual court sitting times of 10.30am to 1.00pm and 2.00pm to 4.30pm. Please address any correspondence to the Queen's Bench Associates' Department, Room WG04, The Royal Courts of Justice, Strand, London WC2A 2LL DX 44450 Strand.



CLEARY GOTTLIEB STEEN & HAMILTON LLP
CITY PLACE HOUSE
55 BASINGHALL STREET
LONDON
EC2V 5EH
Ref: JK/PB/JT/28205-155
Solicitors for the Defendant & Applicants

FARRER & CO LLP
DX 32
CHANCERY LANE
Ref: ACP/ARK/69155.13
Solicitors for the First Respondents

SHERIDANS SOLICITORS
DX 138879
MAYFAIR
Ref: 338/022238-4
Solicitors for the Second Respondents

DWF LLP
DX 14313
MANCHESTER
Ref: PMZD/CPD/FLI00290/5
Solicitors for the Third Respondents

c.c. Clerk of the Lists