quinn emanuel trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
(202) 538-8166

WRITER'S INTERNET ADDRESS
mikelyle@quinnemanuel.com

August 11, 2015

Hon. Andrew J. Peck
United States Magistrate Judge, Southern
District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:     **Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)**

Dear Judge Peck:

We write on behalf of Plaintiff Rio Tinto and respectfully request that Your Honor reconsider the order at the July 28 status conference sustaining Defendant Vale's objection to Rio Tinto's Document Request No. 78, which seeks documents concerning Fode Mamadou Keira, Vale's go-between and political liaison with the Government of Guinea at a crucial time in this case.  "A motion for reconsideration is appropriate where the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012) (quotations omitted).  Typically, this includes an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003) (quotations omitted).  Here, new evidence has come to light that permits Rio Tinto to seek reconsideration of the Court's order.

Since the July 28 hearing, Rio Tinto has received new facts in the form of an official translation of a Portuguese language document Vale has produced.[1]  The document is an October

---

[1] This document was not addressed in the July 24 joint letter (Dkt. No. 304) because Rio Tinto was not yet aware of it.  And although Rio Tinto became aware of this document right before the July 28 status conference, it only had a rough translation which did not reveal its full contents.  Unfortunately, Vale has designated this critical document as "CONFIDENTIAL" under the terms of the Protective Order, so Rio Tinto is limited in what it can disclose to the Court.  We would, however, be happy to provide the Court with a copy of the translation at our next hearing or file it under seal.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

2008 email chain between key players at Vale, including Eduardo Ledsham (Vale's head of exploration), and Vale's in-country manager, Marco Monteiro.[2]  October 2008 is a critical time period because it is both during the Rio Tinto-Vale negotiations, and a time in which the Amended Complaint alleges Vale was directly negotiating with the Guinean Government against Rio Tinto.  Dkt No. 83 at ¶53.  Indeed, the evidence is that Vale was considering an aggressive, parallel strategy with the Guinean government to get Simandou at the same time it was also heading into its purported good faith negotiations with Rio Tinto for Simandou.  Mr. Keira Fode (because of his access to the Guinean President Conte) was considered a key part of Vale's aggressive approach.  At the same time, Vale was also aware that BSGR (whom Vale would ultimately team up with) was acting improperly in trying to gain rights at Simandou, in particular through direct contact with one of President Conte's wives (presumably Defendant Mamadie Touré, who later admitted to receiving bribes from BSGR representatives in an effort to steal Rio Tinto's mining rights at Simandou).

In sum, the evidence is that, right as Vale was entering negotiations with Rio Tinto, Vale was developing a strategy to convince President Conte to give it Simandou, knew BSGR was acting in an unethical manner with President Conte, and knew Mr. Keira was their entre to President Conte.  Documents related to Mr. Keira therefore could hardly be more relevant.  Mr. Keira was a key player, at a key time, in Vale's efforts to get Simandou.  The obvious potential parallel is to Defendant Frederic Cilins,[3] BSGR's liaison with the Guinean Government who curried favor with Defendant Mamadie Touré (the fourth wife of President Conte), and later pled guilty in 2014 to obstruction of justice, specifically the destruction of bribery documents, in connection with the U.S. investigation into bribery and corruption at Simandou.  But even if that parallel is not correct, Vale cannot dispute that information about Mr. Keira is relevant under the broad standards or Rule 26.

Moreover, there is no real burden on Vale.  All Vale has to do is run "Keira" as a search term through its entire document collection (both its TAR Universe and the universe of documents Vale excluded from TAR by using search terms[4]) and report the results.  If the search returns an inordinately high number of documents, Rio Tinto can work with Vale to narrow the search.  If not, Vale should review and produce them.  Vale also should be required to confirm whether or not it had an email account for Mr. Keira.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

_____

[2]  Both Messrs. Ledsham and Monteiro are among the eight agreed-upon custodians from whom Vale has not retained documents.

[3]  As noted in Rio Tinto's August 6 letter (Dkt. No. 310), other documents Vale has produced show that Mr. Etchart was familiar with Mr. Cilins, having met him and BSGR in 2006, and that Mr. Monteiro later reported to Mr. Ledsham in December 2008 about the irregular award of Simandou Blocks 1 and 2 to BSGR just days earlier, noting also that Beny Steinmetz flew into Guinea with bags and envelopes likely containing cash.

[4]  Notably, "Keira" – like "Trojan Horse" – was not one of the search terms Vale used to exclude approximately 1.2 million documents from its TAR Document Universe.