# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

August 17, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

     We write on behalf of defendant Vale in response to Rio Tinto's August 11 letter seeking reconsideration (Dk. 316) (the "Letter") of the Court's discovery order and the Court's ensuing Order denying in part and conditionally granting in part that request to the extent of directing that Vale "run the word Keira through the documents gathered from the custodians (other than those documents already produced), limited to the time period of Sept. [t]o Dec. 2008, and advise Rio Tinto of the number of documents that are 'hit' by that search term" (Dk. 317).

     Vale has run the search as directed. The search returned 21 emails, 9 of which are duplicates, for a total of 12 unique emails, all of which have either already been produced to Rio Tinto or are slated for production. With the exception of one document, the relevant text concerning Mr. Keira has already been produced to Rio Tinto, including the most complete version of the email chain described in Rio Tinto's letter.

     The exercise only confirms the correctness of Your Honor's order quashing Rio Tinto's Request No. 78, which sought entirely irrelevant information regarding Vale's relationship with a consultant in Guinea. Rio Tinto claimed it had "new evidence" regarding the consultant's relevance (which was in reality old evidence it had since June 30 but had not bothered to review or translate before raising this very issue at the conference, despite its complaints about the paucity of Vale's production) because it identified a document indicating Vale was interested in

Simandou prior to its negotiations with Rio Tinto. But this information is neither new nor evidence of Rio Tinto's claims. There is nothing sinister about the desire of a mining company to acquire a mining asset, nor in the use of consultants – an approach notably employed by Rio Tinto in Guinea.[1] Vale has never disputed that it was interested in Simandou and Rio Tinto has never disputed that in July 2008 the Government of Guinea reduced Rio Tinto's rights in Simandou Blocks to exploration permits. Vale's interest in Simandou was the reason Vale chose to enter into discussions with Rio Tinto about that asset and the reason Vale preserved its ability after the Rio Tinto negotiations ended to pursue Simandou, either with the Government of Guinea or whoever obtained the rights to Simandou from the Government of Guinea.

Rio Tinto also failed to mention in its Letter that the document at issue establishes that Vale was *not* in a conspiracy with BSGR – the actual allegation that Rio Tinto has laid against Vale. To the contrary, the document shows that Vale did not want to do business with BSGR, which at that point had no rights in Simandou.

                                                                                                      Respectfully submitted,

                                                                                                      /s/ Lewis J. Liman
                                                                                                      Lewis J. Liman

cc:       All counsel of record (via ECF)

---

[1] Among other things, discovery reveals that shortly after the loss of its concession in December 2008, Rio Tinto sought out and ultimately contracted with a well-connected consultant (a Ms. Webster) believed to be an advisor to a number of African presidents – whose motto was that it was better to be felt rather than seen – and who was in direct contact with the new President of Guinea in January 2009 immediately after President Conte's death.