USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/26/15

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRALDEZ
DUANE McLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. McGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

August 26, 2015

VIA ECF

Approved.

SO ORDERED:
_____ 8/26/15
Hon. Andrew Jay Peck
United States Magistrate Judge

Copies by ECF to:
All counsel
Judge Berman

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

     We write on behalf of Defendant Vale to seek an order pursuant to Fed. R. Evid. 502(d) confirming that Vale may produce in the above-captioned litigation certain communications between Vale and Defendant BSGR.

     The documents in question are communications between Vale and BSGR concerning the Guinean Technical Committee's investigation of alleged bribery or corruption by BSGR in connection with its obtaining the rights to Simandou Blocks 1 and 2 prior to the joint venture between Vale and BSGR. They do not contain any privileged information of Vale's but do contain information belonging to BSGR that could be considered privileged but that was shared with Vale. In the documents, Vale urges that BSGR answer the questions of the Technical Committee and not interpose procedural objections. They are thus evidence of consciousness of innocence and of the absence of any conspiracy involving Vale to bribe Guinean officials.

     Vale's position is that at the time the communications were made no common interest existed between BSGR and Vale with respect to the Technical Committee's investigation. BSGR and VBG have taken the contrary position – that at the time of the Technical Committee's investigation of BSGR a common interest existed between Vale and BSGR as to that investigation – and BSGR has purported to reserve its rights to seek to establish that common interest through deposition testimony and, if successful, to assert common interest protection and, presumably, seek to recall the documents. Rio Tinto has argued, in its papers

Hon. Andrew J. Peck, p. 2

with respect to the Nardello Report, that Vale and BSGR shared a common interest as of April 2013 in the maintenance of the Simandou rights (although more recently it has argued in meet-and-confers that no such common interest existed).

Accordingly, Vale seeks an order pursuant to Fed. R. Evid. 502(d) permitting Vale to produce the communications between Vale and Defendant BSGR without effecting a broader subject matter waiver and without prejudice to any party's rights to argue the existence of a common interest privilege depending on the development of the evidence.[1] Such an order would permit Vale to produce the documents at issue now while at the same time preserving the parties' opportunity to argue later, based on any evidence that BSGR might develop, that its privileged information should be clawed back. BSGR has stated it has no objection to the production of the documents under Fed. R. Evid. 502(d).

Respectfully submitted,

/s/ Lewis J. Liman
Lewis J. Liman

cc:   All counsel of record (via ECF)

---

[1] Alternatively, Vale would be prepared to make an ex parte submission to Your Honor outlining the contents of the documents, or to submit the documents themselves for in camera review, in order for the Court to determine whether they are privileged.