# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

August 31, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:  *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

On behalf of Defendant Vale, we respectfully submit this letter enclosing three Applications for International Letters of Request seeking discovery pursuant to the Hague Convention on the Taking of Evidence Abroad (the "Hague Convention").

The circumstances surrounding these Applications are by now familiar to the Court. Plaintiff Rio Tinto purports to maintain this lawsuit, filed years after the four-year RICO statute of limitations expired, on the allegation that Vale's fraudulent concealment "stymied" its allegedly lengthy and diligent investigation into its December 2008 loss of Simandou and that as a result it did not, and could not, know of a claim arising out of that loss until April 2013. (*E.g.*, Am. Compl. ¶¶ 143, 146.) Since September 2014, Vale has sought discovery to disprove those allegations. One week ago, Rio Tinto finally disclosed to Vale the identities of three law firms (in Guernsey, France, and Israel) that investigated a claim regarding the loss of Simandou as soon as that loss occurred. Discovery has shown that Rio Tinto, contrary to its allegations, in fact instructed these firms to bring a claim in or about March of 2009 – well within the statute of limitations – related to its loss of Simandou rights to BSGR in 2008.

As set out in the three Applications, Vale seeks to obtain through the Hague the discovery it has consistently sought since September of last year but has been denied by Rio Tinto. It seeks discovery concerning the nature and timing of Rio Tinto's engagement of, and instructions to, the firms concerning a possible claim arising out of the loss of Simandou. As the Court has

acknowledged, those facts are both non-privileged and vitally important to Vale's statute of limitations defense and Rio Tinto's claim of equitable tolling.[1] If – as discovery to date suggests and as Vale seeks to further establish under the Hague – Rio Tinto considered bringing a claim against BSGR for the loss of Simandou in March 2009 but ultimately declined to do so (and ceased investigating) for tactical reasons having nothing to do with Vale's alleged fraudulent concealment and everything to do Rio Tinto's strategic interests and desire to foster and repair relations with the Government of Guinea, that fact is damning to its equitable tolling claim and requires dismissal of the case against Vale. If, on the other hand, Rio Tinto was aware of its injury and did not sufficiently investigate, that fact too would be damming.

Cognizant of the specificity standards applicable under the Hague Convention in the foreign jurisdictions at issue, Vale demanded, the same day the firms were identified, that Rio Tinto produce the engagement letters with each of the firms in question to enable Vale to present as targeted requests as possible. To date, Rio Tinto has declined to provide that information and, in light of the limited period allowed for fact discovery and the time needed under the Hague Convention, Vale is left with no choice but to present the Applications with the information currently at its disposal.

Respectfully submitted,

/s/ Lewis J. Liman
Lewis J. Liman

cc: All counsel of record

---

[1] The Letters of Request also seek communications between the law firms and Rio Tinto. Vale's position is that any privilege as to such material has been waived because Rio Tinto put it at issue by filing an untimely claim and arguing equitable tolling. In any event, the privilege would not be the law firms' to assert and does not foreclose the Court from issuing a Letter of Request to start the process. If Rio Tinto ultimately believes that some set of documents is privileged, and the privilege has not been waived, it would be incumbent on Rio Tinto after production has been ordered to assert the privilege.