**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

September 3, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

      We write on behalf of Defendant Vale in brief response to Rio Tinto's letter (Dk. 336) opposing issuance of Letters of Request concerning the three firms Rio Tinto directed to bring suit for its loss of Simandou in early 2009.

      Rio Tinto should not be heard to argue that the Court should prohibit (or did prohibit) discovery into the work these firms did on behalf of Rio Tinto; the Court could not have ruled with respect to these firms because Rio Tinto withheld their names – and Rio Tinto attempted to withhold even their existence – until the Court overruled the claim of privilege and ordered disclosure at the last conference. (The Court's prior rulings pertained to current litigation counsel and the decision to hold a ruling with respect to at-issue waiver in abeyance until other documents had been produced was based on Vale's suggestion.) (Dks. 119 at 12 n.17, 122, 135; Dec. 9, 2014 Tr. 20:22-21:3, 26:14-22.) The Court did not quash Vale's request – essentially the result Rio Tinto is seeking here.[1]

      In any case, the discovery sought is highly relevant and has not been provided by Rio Tinto. The Court ruled in December 2014 that discovery into Rio Tinto's alleged investigation was relevant and discoverable for the full time period from 2008 to the filing of the complaint in

---

[1] Plaintiff's July 30 privilege log, despite being grossly deficient, only strengthens the waiver motion, which Vale anticipates renewing at the September 24 conference before Your Honor.

Hon. Andrew J. Peck, p. 2

2014.  (Dec. 9, 2014 Tr. 20:22-21:3, 26:14-22.)  Rio Tinto admits that it suffered injury by December 2008: "the exploration rights had been awarded to BSGR in December 2008."  (Dk. 336 at 2.)  Thus, the RICO statute-of-limitations expired in December 2012 – more than a year before suit was brought.  It claims the right to bring a stale claim on the theory that its claims "and the other wrongs alleged herein" were concealed until in January 2013 the U.S. Attorney's Office began an investigation regarding potential violations of the FCPA relating to "potential bribe payments to Guinean officials for the purpose of obtaining Rio Tinto's rights to Simandou."  (Am. Compl. ¶¶ 121, 143.)  But discovery has now uncovered evidence both that Vale had no involvement in bribery and that Rio Tinto knew of the potential bribe payments as early as 2008 – and not only in January 2013 – but that it chose for strategic reasons not to bring a claim or further investigate.[2]  Rio Tinto cannot have it both ways – it cannot argue that the limitations period was not tolled because it could not have known about BSGR's wrongdoing and, at the same time, that its discovery of BSGR's wrongdoing (as early as 2008 or 2009) does not begin the clock to run again because Vale was not involved in it.  And, if Rio Tinto wants to withdraw its claim that the statute of limitations was tolled, it can argue that "[e]vidence of fraudulent concealment or equitable tolling . . . may not even be needed."  (Dk. 336 at 3 n.3.)  What it cannot do is both rely on equitable tolling to bring a stale claim and at the same time deny Vale the evidence necessary to disprove that claim.

      Rio Tinto's claim that the Court should not sign the Letters of Request because evidence concerning the law firms and the investigation has been produced is risible.  Rio Tinto let slip the identities of the law firms involved in the relevant investigation only at the last minute, and – even then – it attempted to claw back (and withhold) the most relevant document.  It has produced only a handful of documents from the three firms combined concerning the BSGR matter, most of which are either non-substantive or redacted of substance.  Vale is not confined to rely on a prayer and a hope that Rio Tinto both has possession, custody and control of all of the relevant documents and that it will produce them.  It is entitled to seek evidence from third parties it can present at trial or on summary judgment, particularly when it concerns as central a matter as whether the complaint is timely.

      Finally, Rio Tinto's argument concerning "privilege" puts the cart before the horse.  No purported privilege can be invoked before the Letters of Request are sent, received and assessed by the foreign judicial authorities, an order of production is made, and a privilege-based objection lodged in those proceedings.  At that time, in that way, the privilege issue may – or may not – arise.  Notably, given the time required for production pursuant to the Hague Convention, any such objection would likely be raised after a ruling by this Court on Vale's at-issue waiver motion.[3]

      Two items in Rio Tinto's letter do require immediate attention.  First, and tellingly, Rio Tinto still has not identified the names of the investigators used by those law firms, or on their behalf, and thus has stymied even that discovery.  The Court should order those names to be produced forthwith.  Second, Rio Tinto suggests that its production even as to the law firms is

---

[2] Rio Tinto has designated the documents that support these propositions as Confidential or Highly Confidential but Vale is prepared to make a proffer if the Court will receive it under seal or de-designate those documents.

[3] Rio Tinto is also wrong to suggest that the at-issue waiver motion must await Rio Tinto's detailed revised log – which still has not been served.  For reasons Vale will address that motion will soon be ripe.

Hon. Andrew J. Peck, p. 3

limited to documents in the possession of the specified custodians.  That is wrong.  Rio Tinto should produce the documents in its possession with respect to the law firms regardless whether they are in the custodial files of a specified custodian – just as it did with the investigative firms.

                                      Respectfully submitted,

                                      /s/ Lewis J. Liman
                                      Lewis J. Liman

cc:      All counsel of record