**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

September 16, 2015

Hon. Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   <u>Rio Tinto v. Vale, et al., Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)</u>

Dear Judge Peck:

      We write briefly in response to Vale's September 16, 2015 letter (Dkt. No. 347) regarding the privilege issues Vale has raised in connection with the examinations of investigators in the United Kingdom.[1]  At the outset, Rio Tinto respectfully notes, as this Court held with respect to BSGR's compliance with the UK letters of request, Vale's issues with regard to the proper scope of the letters of request falls within the provenance of the presiding UK court.

      In any event, Vale's letter obtusely continues to conflate the issues.  As Vale well knows, in addition to the actual investigative reports Rio Tinto long ago produced, Rio Tinto has produced hundreds of communications with its investigators, including communications between its investigators and its lawyers, and has no intention of making privilege objections regarding the factual information developed in the investigations.  Indeed, subject to its ongoing privilege quality control checks,[2] Rio Tinto has not withheld *any* pre-April 2010 communications with investigators on the basis of privilege.[3]

      What Rio Tinto appropriately objects to is Vale's attempt to discover its counsel's communications with the investigators in the course of evaluating a potential lawsuit within the

---

[1]  Vale's reference to the standard for reconsideration as potentially governing this Court's evaluation of Rio Tinto's September 15 letter is of course not right.  That standard necessarily presupposes that a party had been heard before a court made its initial ruling.

[2]  Final privilege logs are due September 28.

[3]  Rio Tinto has withheld three communications that include Tidiane Toure that pre-date April 2010, but those are not communications including a third-party investigator because they occurred when Mr. Toure was an employee of Rio Tinto and are properly withheld as privileged.  As Rio Tinto has now explained to Vale multiple times (and Vale could have confirmed with a simple search in Rio Tinto's production), prior to starting his investigative firm Aeneas in 2010, Mr. Toure was a security employee for Rio Tinto.  Dkt. No. 304, at 6.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

limitations period.  Even this is just a handful of documents, all of which have been or will soon be individually logged for privilege at Vale's request.  The vast majority of post-April 2010 communications with the investigators have been produced and not withheld.  But that handful of communications between counsel and the investigators made in the course of evaluating a potential lawsuit within the limitations period are obviously privileged for the reasons stated in yesterday's letter (Dkt. No. 346) and in the at-issue waiver briefing last November (Dkt. Nos. 121, 128).  Thus, Rio Tinto is not "walk[ing] back" from anything (Dkt. No. 347, at 1), and instead is reiterating the position it consistently has taken and the Court has ordered.  Dec. 9, 2014 Hr'g Tr. 20:22–21:2 (THE COURT: "We are going to take this in baby steps. Produce the nonprivileged documents on this issue. Produce the factual information from any privileged document that is relevant to the investigation and diligence issue, and log everything else. At that point I will determine further whether there indeed has been a waiver or not.").[4]  That is the status quo and that is what Rio Tinto has done:  Rio Tinto has produced the relevant factual information developed in its investigation, but Vale is not entitled to privileged communications and other work product prepared in anticipation of litigation against Vale and its criminal coconspirators within the statute of limitations period.  And just as Vale is not entitled to discover those materials through document requests, neither is it entitled to do so through oral examinations.

   Vale's argument regarding custodians is equally meritless.  Forcing Rio Tinto to search the files of every single employee, past or present, to ensure "all" communications with investigators have been produced is unreasonably burdensome.  It is also unnecessary, because the custodians relevant to these requests are the custodians Rio Tinto long ago identified and searched.  Indeed, the relevant Rio Tinto custodians were identified on November 13, 2014, over ten months ago, in response to the relevant Vale interrogatory and included on Rio Tinto's proposed custodian list a mere four days later, all of which occurred over six weeks before Rio Tinto and Vale agreed on custodians.  Thus, Rio Tinto reasonably "knows who those persons are," has collected and reviewed their documents, and has produced and logged responsive documents as appropriate.  There is nothing non-duplicative left that Vale is entitled to.  Vale's "cause célèbre," to borrow the Court's phrase, has now gone too far.

   For all these reasons, Rio Tinto respectfully requests that the Court modify its September 10, 2015 order as described in yesterday's letter (Dkt. No. 346, at 5) or make these letters part of the record.

Respectfully submitted,

/s/ Michael Lyle
Michael Lyle

---

[4] Nor is this a new issue for Vale.  In the parties' July 24, 2015 joint letter (Dkt. No. 304, at 6), Rio Tinto identified communications counsel had with Tidian Toure during the limitations period (and after he left Rio Tinto to start his firm, Aeneas) that related to the legal advice Rio Tinto's outside lawyers were providing at the time for a potential lawsuit against Vale and its co-conspirators and that Rio Tinto therefore would be withholding (like the others, Rio Tinto has now individually logged those for Vale).