**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2490
E-Mail: jblackman@cgsh.com

September 16, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:  *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

      We write in response to Rio Tinto's letter of today's date (Dkt. No. 348) regarding the privilege issue.

      1.     As we have pointed out in earlier correspondence repeatedly, Rio Tinto's suggestion that it has only disclaimed privilege for pre-April 30, 2010 communications with the UK investigators is made of whole cloth. There is nothing in its statements to the Court that we have previously quoted, nor in the Court's previous ruling, that supports this arbitrary limitation.

      2.     Whether there is a "handful" of communications between its counsel and the investigators "in the course of the evaluating a potential lawsuit within limitations" or not (and we do not know how many there are, because they have not all been logged yet), Rio Tinto's disclaimer again does not contain any limitation with regard to "evaluating a potential lawsuit," as opposed to investigating the facts relevant to such a lawsuit. Moreover, the investigators have submitted sworn statements to the High Court in the proceedings regarding this Court's Letters of Request, specifically *denying* that they had been retained for purposes of litigation. *See, e.g.*, Tr. 149:17-151:2 ("Rio Tinto did not retain ARC for litigation but to provide investigative reports."). The only way to get to the bottom of this is to be able to ask the witnesses questions about what they were retained to do, what they in fact did, and what their communications with Rio Tinto regarding this work were, which again Rio Tinto has previously denied even involved

Hon. Andrew J. Peck, p. 2

its counsel.  *See* Jan. 13, 2015 Tr. 51:11-15 ("The law firms did not run that [investigation]. They were independent people.").

       This playing fast and loose with the facts and Rio Tinto's own statements to the Court is deplorable.  The witness examinations in London should go forward pursuant to the Order this Court previously entered on the question of privilege.  For our part, we agree that we will assert no subject matter waiver on the basis of any answers the witnesses give to questions regarding their communications with Rio Tinto prior to the filing of the complaint in this action, but Rio Tinto's efforts to impede these examinations with baseless privilege assertions at this late date should not be accepted.

                                      Respectfully submitted,

                                      Jonathan I. Blackman

cc:    All counsel of record