Mishcon de Reya
NEW YORK LLP

Our Ref:   50285.1

750 7th Avenue - 26th floor
New York, NY 10019

www.mishconnewyork.com

September 16, 2015

Direct Tel:   212-612-3265
Direct Fax:  212-612-3297
E-mail:      Vincent.Filardo@Mishcon.com

**VIA ECF**

Hon. Richard Berman
United States District Judge, SDNY
500 Pearl Street
New York, New York 10007

    Re:    <u>Rio Tinto plc v. Vale, S.A., et al., No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)</u>

Dear Judge Berman:

    Pursuant to Part 2.A of Your Honor's Individual Practices and Local Civil Rule 37.2, counsel for Defendants BSG Resources Limited, Benjamin Steinmetz, Vale S.A., Mahmoud Thiam, and VBG (collectively, "Moving Defendants") jointly write to request an extension of the stay of deposition and expert discovery put in place by the Court's Scheduling Order (Docket No. 288), or in the alternative, a pre-motion conference to seek leave to file a Rule 26(c) motion for a protective order staying all such discovery pending a ruling on their motion to dismiss.[1]

    Defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim was fully briefed as of March 20, 2015, and remains *sub judice*. Since that time, Defendants have diligently engaged in document discovery and have complied with the Court's August 28, 2015 deadline for substantial completion of document discovery.[2] In light of the very substantial

---

[1] The Moving Defendants first sought a motion to stay depositions and expert discovery on June 11, 2015. The Parties then agreed to a stay until the earlier of (i) 30 days after a ruling on the motion to dismiss or (ii) September 30, 2015. (Dkt. No. 161 (Amended Schedule Order)). The deadline under that order thus might fall at month-end.

[2] Document production is ongoing. The Special Master appointed to oversee the Parties' predictive coding process has ordered Rio Tinto to undertake additional searches for responsive documents. Defendants are also producing

Legal1us.292414.1

Switchboard: +1 212 612 3270          New York:  Mishcon de Reya New York LLP          A list of partners is available for
Main Fax: +1 212 612 3297             London:    Mishcon de Reya                        inspection at the above address

burdens upon Defendants that depositions and expert discovery will entail, the absence of prejudice, and the strength of the pending motion to dismiss, Moving Defendants respectfully request that the Court continue its stay of all "deposition and expert discovery" (Docket No. 288) until thirty days after the Court rules upon Defendants' motion to dismiss.  As before, even under such a stay, all written discovery and document production shall continue; all letters rogatory issued to date and all document productions thereunder, and any depositions of non-parties that may be taken in connection with those, shall proceed; and all other aspects of the Scheduling Order shall remain in effect, with the parties able to seek further modifications if needed.  (*Id*.)

When considering a protective order restricting or staying discovery, this Court assesses: (i) the breadth and burden of discovery sought, (ii) whether a stay would unfairly prejudice the party opposing it; and (iii) the strength of an anticipated or pending dispositive motion.  *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 94CIV.2120 (LMM)(AJP), 1996 WL 101277, at *3-4.  Here, all three of these factors weigh heavily in favor of the limited stay sought hereby.  First, the pending motion to dismiss is exceedingly strong.  Among other things, when faced with Defendants' arguments for failure to state a claim and statute of limitations, plaintiff (i) abandoned the RICO injury allegations pleaded in its Amended Complaint and (ii) failed to support the pattern element of the RICO claim. *See Madison 92nd Street Assoc., LLC, v. Courtyard Mgmt. Corp, et al.*, No. 14-2947-cv (September 15, 2015) (summary order attached).  Moreover, the BSGR, Steinmetz and VBG Defendants have presented a highly compelling argument that the Court lacks personal jurisdiction over them. The requested limited stay is thus warranted.  *See, e.g., Gandler v. Nazarov*, 94 CIV. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).

---

more documents in the course of "cleaning up" their productions. The Moving Defendants do not seek to stop this clean-up process and the Parties are briefing additional disputes that may require additional document productions.

Second, the burden of depositions and expert discovery will be tremendous. To date, substantial document productions have been made by parties and non-parties. Over 120 potential witnesses, most overseas, have been identified by the parties. The cost to prepare for and ultimately take even a fraction of these depositions, and to conduct expert discovery, will certainly be extremely burdensome, and depositions and expert discovery will be far more efficient once it is determined which, if any, parties and issues are left in the case.

Finally, a stay of deposition and expert discovery will not cause the "extraordinary prejudice" that the Court requires to defeat a motion for a stay. *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991); *see also Gandler*, 1994 WL 702004 at *4 (S.D.N.Y. Dec. 14, 1994). Indeed, plaintiff Rio Tinto would not be prejudiced as it has not even indicated that it is ready to take depositions. As late as July, Rio argued before the Court that the deposition schedule "is fast." *See* July 28, 2015 Hr'g Tr. at 12:8-9. And Rio itself bears responsibility for the pace at which discovery has proceeded. As Judge Peck noted, if Rio had not taken "three times longer than you should have with all the documents – and you're still fighting over that – things would have moved much more quickly." (*Id*. at 12:11-13).

For all of the foregoing reasons, Moving Defendants respectfully request an extension of the Court's Scheduling Order staying depositions and expert discovery until thirty days after a decision on Defendants' motion to dismiss, or in the alternative, a pre-motion conference seeking leave to file a motion for a protective order staying all such discovery for such time.

Yours sincerely,

/s/ Vincent Filardo, Jr.
Vincent Filardo, Jr.

cc: All Counsel of record