## quinn emanuel trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

September 18, 2015

Hon. Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

**Re:**   **Rio Tinto v. Vale, et al., Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)**

Dear Judge Peck:

On behalf of Plaintiff Rio Tinto, we write the Court today with respect to matters covered by Your Honor's order of September 10, 2015, Dkt. No. 345 (the "Order").

First, we hereby request a stay of the Order pending resolution of Rio Tinto's motion to reconsider (Dkt. No. 347) and/or an appeal to Judge Berman if necessary.

Second, while Rio Tinto has moved to reconsider and has also moved to stay the Order, Rio Tinto has complied with Your Honor's Order to produce all communications between Rio Tinto (or its counsel) and each of the firms subject to the Sealed Orders that is responsive to Vale's document requests to Rio Tinto (regardless of custodian) by September 18 as follows:

(1)  Rio Tinto has produced all non-privileged, responsive documents from the agreed-upon custodians, as well as from relevant Rio Tinto corporate files and electronic document repositories, including shared drives, hard copy repositories, and other electronic document storage systems utilized by Rio Tinto.  This includes any non-privileged communications between Rio Tinto (or its counsel) and each of the firms subject to the Sealed Orders that is responsive to Vale's document requests to Rio Tinto.

(2)  In an abundance of caution, Rio Tinto also has recently run a variety of search terms to ensure all documents related to Rio Tinto's investigators have been produced and/or logged as appropriate.  In connection with this "sweep," Rio Tinto located less than 70 non-privileged documents, all of which are being produced today to comply with Your Honor's order.  The vast majority of these documents contain information (or attach reports) that have *already been produced*, but have different cover emails or are near-duplicates of what has already been provided.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

As a result, later today, the Defendants will have the non-privileged factual communications with the investigators subject to the Sealed Orders that they are entitled to.

Rio Tinto, however, cannot produce the handful of privileged communications that are the subject of its pending motion to reconsider without irrevocably, to borrow the oft-used phrase, letting the cat out of the bag. Were the Defendants to see these documents, the privilege that Rio Tinto rightfully claims would be forever lost.

Third, during the course of the quality control efforts detailed above to ensure the Defendants had all responsive documents, Rio Tinto identified certain documents created at the instruction of Rio Tinto's outside counsel in anticipation of potential litigation for which Rio Tinto seeks an order pursuant to Federal Rule of Evidence 502(d) and the Court's 502(d) Order in this case (Dkt No. 61) confirming that Rio Tinto may produce these documents in the above-captioned litigation. The documents in question were commissioned in mid-2009 by Rio Tinto's Israeli outside counsel, Mr. Moshe Balter, in anticipation of potential, non-RICO litigation against Defendants Steinmetz and BSGR in Israel. In general terms, these documents concern Rio Tinto's outside counsel's hiring of a third party to gather general information about Mr. Steinmetz and his associate, Mr. Asher Avidan, to determine whether those individuals would be subject to jurisdiction in Israel. The documents do not relate to Rio Tinto's investigation into what happened at Simandou.

Although the documents were prepared in anticipation of litigation and so that Mr. Balter could provide legal advice, they are largely factual in nature and Rio Tinto is willing to produce them provided that they will not be used by any party to argue for a broader subject matter waiver over Rio Tinto's privileged evaluation of non-RICO legal claims in 2009 against Mr. Steinmetz and BSGR. Rio Tinto therefore seeks an order pursuant to Fed. R. Evid. 502(d) permitting Rio Tinto to produce these documents.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle