**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1 (212) 225-2490
E-Mail: jblackman@cgsh.com

September 18, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

      We write to Your Honor requesting, as a matter of urgency, that the Court issue the enclosed further Letter of Request in connection with the upcoming examinations of Rio Tinto's investigators Messrs. Brown and Leighton, scheduled to take place before Master Leslie at the Royal Courts of Justice in London at the end of the month.

      Pursuant to this Court's original Letters of Request dated March 31, 2015, the High Court in London issued Sealed Orders dated June 29, 2015, for the production of certain documents by Rio Tinto's investigative firms, including, as relevant here, Begbies Traynor (Investigations) Ltd (formerly "BTG"), and for the oral examinations of representatives of those firms, including, as to BTG, John Humphrey. It was revealed in the course of the motion practice before the High Court that resulted in the Sealed Orders, however, that the persons who actually conducted BTG's investigation for Rio Tinto, Nigel Brown and Alec Leighton, were no longer employed by BTG. Therefore, this Court, without opposition by Rio Tinto, issued further Letters of Request for the oral examinations of Messrs. Brown and Leighton, pursuant to which the High Court in turn issued orders on July 31, 2015 requiring those examinations. That second Letter of Request concerning BTG's investigation (directed to Messrs. Brown and Leighton) sought testimony only, not documents, which were believed at the time to be in the possession of BTG.

      As detailed in Vale's letter of August 10, 2015 (Dk. 315), it subsequently came to light that, not only were Messrs. Brown and Leighton the most important witnesses in the London

Hon. Andrew J. Peck, p. 2

examinations regarding the BTG investigation, but at least Mr. Brown is in fact *currently retained by Rio Tinto* (or its counsel) and in fact is *personally in possession* of at least some of the relevant documents concerning his earlier, pre-complaint work for Rio Tinto.  As such, the documents were subject to U.S. discovery.  In light of this, Your Honor issued a further order on August 13, 2015 (endorsed on Rio Tinto's letter dated August 12) that, pursuant to U.S. discovery rules, "Rio Tinto and its counsel is to use good faith best efforts to get him [Mr. Brown] to search for and produce responsive documents to Vale," and "[t]he same goes for Mr. Leighton."  (Dk. 319.)  Rio Tinto has yet to produce any documents that it has obtained from Messrs. Brown and Leighton outside of the Letter of Request process.

Yesterday, September 17, 2015, Mr. Brown informed Rio Tinto's counsel, which in turn informed Vale, that he and Mr. Leighton had "now completed . . . three days of the document review and are in a position to provide what we have discovered." (Exhibit A, Sept. 17, 2015 email from M. Lyle to A. Grant.)  However, they have apparently declined to do so, stating that "without further direction from the High Court and despite your eagerness, we believe we would not be acting properly to simply disclose our findings."  (*Id.*)[1]  This communication, through Rio Tinto's counsel, is the latest in a series of zigzags by Rio Tinto and its investigators, Messrs. Brown and Leighton, regarding their status and positions in this litigation.  Without belaboring the facts (which are detailed in Vale's August 10 letter), Rio Tinto concealed the existence of these two individuals.  Then, information came to light that they had destroyed documents at Rio Tinto's direction.  Then, after they were served with the High Court's orders, Mr. Brown initially refused to cooperate.  At roughly the same time, we were told by Mr. Brown that he was currently retained by Rio Tinto, something never before disclosed by Rio Tinto or its counsel.  Rio Tinto, which has consistently denied any control over these individuals or documents held by them, then insisted that Messrs. Brown and Leighton not meet with us without Rio Tinto's counsel being present.  Now, we learn from Rio Tinto's counsel, who apparently has been in close contact with these two investigators, that Messrs. Brown and Leighton have spent *three days* reviewing documents, apparently at Rio Tinto's request in response to this Court's orders to Rio Tinto – we have no way of determining whether any of these documents have been produced to us by Rio Tinto – but apparently intend not to turn over those documents to Vale absent an order from the High Court.[2]

In light of these developments, and the rapidly approaching examinations of these witnesses, Vale requests that the Court grant the enclosed application for a new Letter of Request to Messrs. Brown and Leighton, requiring the production of relevant documents in their possession prior to the examinations.  The scope of the documents requested in the new Letter of Request is exactly the same as the scope previously approved by Your Honor as to BTG – as

---

[1] Mr. Brown also accuses Cleary Gottlieb of "significant criminal offences."  This outrageous allegation is, as far as we know, based solely on the fact that a process servicer was used in England, in full compliance with English law, to obtain his address to serve him with the High Court's order.  We are taking this up with Mr. Brown.

[2] Of course, any privilege that might have existed with respect to these documents belongs to Rio Tinto, which has disclaimed it, not to Messrs. Brown and Leighton.  By endorsement of our letter of September 10, 2015 (Dk. 345), the Court held that Rio Tinto has disclaimed any privilege for these communications, and also ordered it to produce any remaining communications with these individuals.  Despite the Court's order, Rio Tinto continues to withhold many such documents, as revealed by entries on its supplemental privilege log (served after the Court's order) identifying communications with the investigators.

Hon. Andrew J. Peck, p. 3

modified by the High Court in its Sealed Orders (that followed the motion practice in which BTG participated) to preserve confidentiality of sources.  There is also one addition:  Vale has included as an additional request, and asks the Court to approve, that Messrs. Brown and Leighton produce, to the extent not covered by the other requests, the documents collected by the "the three days of the document review" conducted by Messrs. Brown and Leighton, which are apparently sitting on Mr. Brown's desk, and as to which they state they "are in a position to provide what we have discovered."

      Separately, counsel for one of the parties to be examined in the UK has raised a question as to whether the other parties to these proceedings should be entitled to question the relevant witnesses if that right is not specifically stated in the Letter of Request.  This was of course always the intention.  We therefore enclose amended Letters of Request for each of the examinations scheduled in the UK, amended only so as to clarify that counsel for other parties in this action may also ask questions at the examinations – and otherwise identical to those previously issued by Your Honor, as modified by the High Court – and ask Your Honor to issue these so that there can be no doubt as to the position.

      Respectfully submitted,

Jonathan I. Blackman

cc:     All counsel of record