**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2490
E-Mail: jblackman@cgsh.com

September 18, 2015

VIA ECF

Hon. Andrew J. Peck, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Judge Peck:

      We write on behalf of defendant Vale to oppose Rio Tinto's request in its September 18 letter (Dk. 354) (the "Letter") for a stay of Your Honor's order of September 10, 2015 (Dkt 345) (the "Order"). Rio Tinto offers no basis for staying the Order, which correctly ruled – based on Rio Tinto's own unequivocal prior statements – that Rio Tinto has disclaimed privilege over any pre-suit communications with its investigators and may not raise a privilege objection during the examinations of those investigators scheduled to take place in the United Kingdom from September 28 to October 1.

      For a stay to be warranted, Rio Tinto would need to show that it has a reasonable possibility of prevailing on its request for reconsideration of the Order, that it will suffer irreparable injury if a stay is not granted, and that Vale will not suffer substantial harm as a result of the stay being granted. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Rio Tinto does not even attempt to satisfy these requirements.

      *First,* the Letter says nothing about the likelihood of Rio Tinto succeeding on the merits of its challenge to the Order, and as detailed in Vale's letter of September 16, 2015 (Dk. 347), Rio Tinto is not likely to prevail. As the Court ruled, Rio Tinto has made multiple previous statements disclaiming any privilege over its communications with the investigators, which communications are likely not subject to privilege in any event. It cannot now walk away from

Hon. Andrew J. Peck, p. 2

those statements to the Court and the productions that have been made of investigative materials and seek to exercise a privilege that does not exist.

*Second,* the closest Rio Tinto comes to claiming it will be harmed if the Order is not stayed is that its producing communications with its investigators and allowing them to answer questions about what they told Rio Tinto about their investigations – information that goes to the heart of Rio Tinto's fraudulent concealment and equitable tolling defenses to the fact that its purported RICO claims are time-barred – would "let[] the cat out of the bag." Letter at 2. Of course, Rio Tinto wants to keep that cat well under wraps; but any valid concern can be addressed by an order pursuant to Federal Rule of Evidence 502(d) – which Rio Tinto already seeks regarding other documents. Certainly, the fact that its case would be harmed by production of this evidence is not the type of "irreparable harm" an applicant for a stay needs to show.

*Third*, Vale would suffer substantial harm should the Order be stayed. Vale already has spent a great deal of time and effort pursuing, arranging, and preparing for the investigator examinations in the United Kingdom, in part due to Rio Tinto's repeated failure to cooperate with document discovery from its investigators and its hiding the ball as to its current relationships with some of them. Should the Order be stayed, Vale will be left with an extraordinarily truncated examination – limited to issues Rio Tinto has claimed are irrelevant and unable to ask the questions during the U.K. examinations that Rio Tinto has admitted are most relevant, going directly to Rio Tinto's affirmative claim of tolling. Should the Court then re-affirm its Order and lift the stay, Vale would have to reschedule new examinations (including seeking new Letters of Request through the High Court) and return to the United Kingdom, at significant additional expense to itself and other parties.

Accordingly, we respectfully request that the Court deny Rio Tinto's request for a stay of the Order, and, pursuant to Vale's letter of September 16, 2015 (Dkt. 347), also deny Rio Tinto's request for reconsideration, and adhere to the Order as it stands.

Respectfully submitted,

Jonathan I. Blackman

cc:   All counsel of record