**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
**mikelyle@quinnemanuel.com**

September 24, 2015

Hon. Richard M. Berman                  Hon. Andrew J. Peck
United States District Judge             United States Magistrate Judge
Southern District of New York            Southern District of New York
Daniel Patrick Moynihan Courthouse       Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B          500 Pearl Street, Courtroom 20D
New York, New York 10007                 New York, New York 10007

Re:   **Rio Tinto v. Vale, et al., Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)**

Dear Judges Berman and Peck:

We write briefly in response to Vale's September 21, 2015 letter it hand delivered to Your Honors. The letter purports to be about "at-issue" waiver,[1] but in reality it is a thinly veiled, unauthorized motion for summary judgment. Vale spent more than 14 single-spaced pages analyzing Rio Tinto's document production and arguing (albeit wrongly) that those documents require Rio Tinto's case to be dismissed on statute of limitations grounds. There is no way to construe Vale's letter other than as the summary judgment motion that Vale suggested it would make on this issue. *See* Jan. 13, 2015 Hr'g Tr. 45: 719 (noting that Rio Tinto's pre-filing investigation may form the basis of a summary judgment motion). But both of Your Honors have been very clear that Vale will have only one opportunity to move for summary judgment and that, until then, the Court will not entertain Vale's incessant premature attempts to argue the merits of its case. *See* Jan. 13, 2015 Hr'g Tr. 45:20–21 (JUDGE PECK: "There are no early summary judgment motions."); Jan. 20, 2015 Hr'g Tr. 7:16–17 (JUDGE BERMAN: "Okay. So now we're arguing the motion for summary judgment."); Dkt. No. 319 (admonishing Vale to cease arguing the merits); Aug. 19, 2015 Hr'g Tr. 8:23–9:4 (Judge Peck admonishing counsel for Vale to "bite your tongue" because "this isn't the summary judgment motion on trial [sic]"). At a minimum, Vale's repeated efforts to improperly argue the merits of its defense appear to be an effort to "poison the well" before Your Honors rule on the motions currently before you. Rio Tinto therefore respectfully requests that the Court disregard and strike Vale's letter, and order Vale to comply with the Court's instructions not to argue the merits until

---

[1] Vale separately addressed "at-issue" waiver in the joint letter filed the same day (Dkt. No. 364), and has now submitted more than 18,000 words on this topic alone. *See* Dkt. Nos. 119, 122, 135, 364.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

summary judgment.  Alternatively, if the Court is inclined to consider Vale's submission, we respectfully request that it permit Rio Tinto the opportunity to fully respond.

Suffice for now to say that Vale's veiled summary judgment arguments are wrong. Vale's equitable tolling and fraudulent concealment arguments are wrong because none of the evidence it cites shows that Rio Tinto knew of its RICO cause of action.  In particular, none of what Vale cites suggests that Rio Tinto knew of, among other things, the fraud Vale carried out during its negotiations with Rio Tinto; the illicit partnership between Vale, BSGR, and the rest of the RICO enterprise; or the way the RICO enterprise used Rio Tinto's Simandou research to secure the rights to Blocks 1 and 2.  *See* Dkt. No. 209, at 8–11.  Moreover, Vale's letter also ignores that the Court need not consider principles of equitable tolling because there is no evidence on the threshold question of whether Rio Tinto was aware of its first RICO injury (the theft and use of its information) before Vale and BSGR announced their joint venture and revealed that they were using the very confidential information, including port and rail options, Rio Tinto had provided to Vale during their negotiations.  Only after this revelation did Rio Tinto learn that it was the victim of a "Trojan Horse" attack (a phrase Vale itself used in documents to describe its conspiracy with BSGR) whereby Vale feigned interest as a legitimate purchaser when in fact it was obtaining Rio Tinto's confidential information in furtherance of a RICO conspiracy.  And Vale's submission does not even address Rio Tinto's second RICO injury after the Defendants' extensive campaign of bribery and threats against Rio Tinto's remaining mining rights to Simandou Blocks 3 and 4 left Rio Tinto with no alternative but to relinquish its claims to Blocks 1 and 2 as part of a settlement with the Guinean Government in April 2011.

To the extent the Court considers Vale's letter as part of the "at-issue" waiver briefing, Vale's motion is legally unsupported for all the reasons Rio Tinto laid out in the September 21 joint letter (before it had the opportunity to see Vale's latest submission on this topic) and last fall when the parties first briefed "at-issue" waiver.  *See* Dkt. No. 364, at 5; *see also* Dkt. Nos. 121, 128.  But, putting aside the merits of Vale's "at-issue" waiver arguments, Vale's latest submission on this topic demonstrates that the Court need not even rule on this contentious issue. Vale's lengthy letter makes clear it has more than enough non-privileged documents and evidence to make its (ultimately wrong) statute of limitations arguments without having to invade Rio Tinto's privileged communications.

Respectfully submitted,

/s/ Michael Lyle
Michael Lyle