UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc,<br><br>Plaintiff,<br><br>v.<br><br>Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG–Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,<br><br>Defendants. | Civil Action No. 14-cv-3042 (RMB)<br><br>**AFFIDAVIT IN SUPPORT OF ENTRY OF DEFAULT AGAINST DEFENDANT MAMADIE TOURÉ** |

Eric C. Lyttle, being duly sworn, deposes and says:

1. I am a member of the New York State Bar, admitted *pro hac vice* to this Court, and associated with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Plaintiff Rio Tinto plc ("Rio Tinto") in the above-entitled action. I am familiar with the facts and circumstances in this action.

2. I submit this affidavit pursuant to Rule 55.1 of the Civil Rules for the Southern District of New York and in support of Rio Tinto's request for the entry of default against Defendant Mamadie Touré.

3. Upon information and belief, Defendant Touré is not a minor. Nor is Defendant Touré mentally incompetent or in the military service of the United States.

4. This is an action to recover monetary damages owed by Defendant Touré to Rio Tinto for the theft of its valuable mining rights in the Simandou region of southeast Guinea. *See* 14-cv-03042-RMB (S.D.N.Y.), Dkt. 83, at 1. Defendant Touré played a central role in that theft,

*id.* at 1-4, 15, 23, 43, 44, 47 51; 122-131, and those actions constitute violations of the Racketeer Influence and Corrupt Organizations Act ("RICO") *id.* at 44-57, conspiracy to violate RICO, *id.* at 58-59, fraud, *id.* at 59-61, conspiracy to commit civil fraud, *id.* at 61-62, and aiding and abetting a fraud, *id.* at 62-63.

5. This Court has subject matter jurisdiction over Rio Tinto's claims under 28 U.S.C. § 1331 and 18 U.S.C. §§ 1964 and 1965.

6. This Court also has supplemental jurisdiction over Plaintiff Rio Tinto's state law claims pursuant to 28 U.S.C. § 1367.

7. Exercise of personal jurisdiction over Defendant Touré is reasonable and proper on one or more grounds. First, 18 U.S.C. § 1965(a) conveys jurisdiction over Defendant Touré because she has committed various crimes in this District and others. Second, 18 U.S.C. §1965(b) conveys personal jurisdiction over Defendant Touré based on the acts of her co-conspirators and agents within the state. Third, 18 U.S.C. §1965(b) conveys proper jurisdiction because, on information and belief, there is no district in which all Defendants can otherwise be tried together. Fourth, Federal Rule of Civil Procedure 4(k)(2) conveys jurisdiction over Defendant Touré because the claims against Defendant Touré arise under federal law, she has been served with a summons and complaint in this action, and exercising jurisdiction over her would comport with traditional notions of fair play and justice. Fifth, NY CPLR § 302(a)(2) and (a)(3) convey jurisdiction over Defendant Touré because she committed tortious acts within and without the state that caused injury within the state, specifically by engaging in acts that deprived Rio Tinto of its Simandou mining concession, and by covering up those act.

8. Rio Tinto initiated this action on April 30, 2014 by filing the Summonses and Complaint. *See* 14-cv-03042-RMB (S.D.N.Y.), Dkt. 2. Rio Tinto served a copy of the

Summons and Complaint on Defendant Touré on June 25, 2014 through personal service, by personal delivery, at an address located in Jacksonville, Florida 32225 believed to be Defendant Touré's residence. Proof of service was filed in this Court. *See* 14-cv-03042-RMB (S.D.N.Y.), Dkt. 46. Defendant Touré never answered the Complaint.

9. On August 15, 2014, Rio Tinto filed an Amended Complaint. *See* 14-cv-03042-RMB (S.D.N.Y.), Dkt. 83. Rio Tinto served Defendant Touré with a copy of the Amended Complaint on August 22, 2014 through personal service, by personal delivery, at 4866 Yacht Basin Drive, Jacksonville, Florida 32225, where Defendant Touré is believed to reside. 14-cv-03042-RMB (S.D.N.Y.), Dkt. 85. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant Touré had until September 12, 2014, to answer the Amended Complaint. To date, Defendant Touré has not answered.

10. Rio Tinto has made diligent efforts to contact Defendant Touré and her criminal defense attorney to spur her response to this lawsuit. Those efforts, however, have been unsuccessful.

11. Pursuant to Your Honor's Default Judgment Procedure, Rio Tinto will be submitting a proposed Order to Show Cause and Memorandum in Support of an Order to Show Cause at the appropriate time and after it receives a Certificate from the Orders and Judgments Clerk that is being filed concurrently herewith, pursuant to L.R. 55.2(b). To be clear, Rio Tinto is only seeking an entry of default against Defendant Touré (not other defendants) for her failure to answer or otherwise appear in this action.[1]

---

[1] Rio Tinto notes, however, that it previously requested an entry of default against Defendant Frederic Cilins, which was subsequently entered by the Clerk of Court on January 7, 2015. *See* ECF No. 153.

WHEREFORE, Rio Tinto respectfully requests the entry of default against Defendant Touré.

Dated: Washington, D.C.
       October 9, 2015

_____
Eric C. Lyttle

Sworn to before me this 9
day of October, 2015.

_____
Notary Public

JULIANNE PICOTTE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires August 31, 2020

