**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/28/15

October 28, 2015

Hon. Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

WRITER'S DIRECT DIAL NO.
(202) 538-8166

WRITER'S INTERNET ADDRESS
mikelyle@quinnemanuel.com

> If BSGR's motion to dismiss for lack of personal jurisdiction is denied, BSGR will be solely responsible for its discovery expenses, and Rio Tinto and Vale therefore may apply to have any costs previously paid as part of the Letter of Request process in England reimbursed.
>
> SO ORDERED:
> /s/ Andrew Jay Peck  10/28/15
> Hon. Andrew Jay Peck
> United States Magistrate Judge
>
> Copies ECF to:
> Counsel
> Judge Berman

Re: **Rio Tinto v. Vale, et al., Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)**

Dear Judge Peck:

We write to briefly update the Court on Rio Tinto's and Vale's joint Letter of Request to Defendants BSGR and Steinmetz (together, "BSGR") pending in the U.K. Court, and to request clarification from Your Honor that will assist the parties in moving that proceeding forward in England.

Your Honor is well aware of BSGR's discovery shortcomings. BSGR has failed to comply with Rio Tinto's and Vale's joint Letter of Request (to which BSGR agreed before its issuance by this Court) for the production of documents. As a result, Rio Tinto has been forced to apply in the U.K for an order to compel BSGR's compliance, specifically requesting that BSGR run a non-duplicative, broader set of search terms in order to identify and produce responsive documents. BSGR's latest attempt to sidestep its discovery obligations includes an unjustifiable and unsubstantiated request for costs in the amount of $657,069.50 for purported expenses incurred in connection with its deficient document production of only 1,817 documents, and a demand that Vale and Rio Tinto make an equally unjustifiable and unsubstantiated *interim* payment of $300,000 before BSGR will even begin to correct the errors it admits are in its production. Despite our requests, BSGR has provided only a very few lines of narrative description to support their claimed costs and offered no explanation of how these costs could in any view be justified. And now BSGR is attempting to hold Rio Tinto over a barrel by demanding an arbitrary interim payment *before* it does what it should have done in the first place—fully comply with the terms of the Letters of Request that it agreed to.

Rio Tinto and Vale are raising these matters with the English Court. As a threshold matter neither Rio Tinto nor Vale accept any liability for BSGR's costs, and certainly not on the record BSGR has provided. Moreover, Rio Tinto and Vale have informed the English Court that they believe that the issue of *any* payment to BSGR, whether interim or final, is both improper

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

and premature and should be adjourned until Judge Berman rules on BSGR's pending motion to dismiss for lack of personal jurisdiction. If Judge Berman deems it proper to exercise jurisdiction over BSGR and denies BSGR's motion to dismiss, BSGR will then be required to participate in discovery pursuant to the Federal Rules, as Your Honor has repeatedly noted. *See* July 28, 2015 Hr'g Trans. 29:22-30-9. That decision will also negate any request by BSGR for reimbursement of its discovery expenses, as each party in this action will be responsible for its own expenses. *See Pruitt v. Carney*, 54 F. Supp. 2d 169, 170 (E.D.N.Y. 1999) (recognizing the general rule that in federal court litigation "each party bears the responsibility of paying their own costs"). Indeed, Your Honor seems to have recognized this when you ordered that the "payment of any such fees and costs [associated with BSGR's response to the Letter of Request] is without prejudice to [Rio Tinto's and Vale's] right to make subsequent requests for reimbursement of those fees and costs from other parties to the proceedings before [this] Court" – language that BSGR specifically agreed to. ECF No. 221-2. Rio Tinto believes it makes no sense to pay costs to BSGR in the U.K. only to have to turn around and seek in this Court to have them paid back if BSGR's jurisdictional motion is denied.

Rio Tinto and Vale's evidence in opposition to BSGR's cost application is due to be filed on October 30, 2015. Rio Tinto respectfully requests, therefore, that Your Honor enter the following endorsement, which may assist the English Court in addressing this cost issue, which issue may become obsolete depending on Judge Berman's decision on BSGR's jurisdictional motion: "If BSGR's motion to dismiss for lack of personal jurisdiction is denied, BSGR will be solely responsible for its discovery expenses, and Rio Tinto and Vale therefore may apply to have any costs previously paid as part of the Letter of Request process in England reimbursed."

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle

2