**Mishcon de Reya**
NEW YORK LLP

Our Ref: 50285.1

750 7th Avenue - 26th floor
New York, NY 10019

www.mishconnewyork.com

October 29, 2015

Direct Tel: 212-612-3265
Direct Fax: 212-612-3297212-612-3297
E-mail: Vincent.Filardo@Mishcon.com

Hon. Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

Re: *Rio Tinto plc v. Vale, S.A., et al*,
Civ. Action No. 14-cv-3042 (RMB) (S.D.N.Y.)

Dear Judge Peck:

We write in response to the October 28, 2015 letters (ECF Nos. 392 and 393) submitted to the Court by plaintiff Rio Tinto and defendant Vale, and requesting that Your Honor enter an endorsement in their favor with respect to the discovery expense issue that is now before the English High Court ("Rio Tinto's Letter" and "Vale's Letter," respectively, and, together, the "October 28 Letters"). We respectfully request that Your Honor reconsider his endorsement of Rio Tinto's letter (ECF No. 392) in light of this submission.

The October 28 Letters are yet another attempt by Rio Tinto to improperly litigate in this Court matters arising out of Master Eastman's April 28, 2015 and May 11, 2015 Orders ("English Orders") that are already being litigated by these same parties in the English High Court. *See* August 19, 2015 Hr'g Trans. 19:7-8 (Where Your Honor correctly noted that this is discovery under the jurisdiction of the English Courts.) We will not further burden Your Honor with a response to each of the substantive points raised in Rio Tinto's Letter because it has made those same mischaracterizations and arguments in the context of the applications currently pending before the English High Court.[1]

We must, however, point out that there can be no dispute that Vale and Rio Tinto, were ordered by Master Eastman to pay BSGR's reasonable expenses associated with its response to the English Orders. *See* English Orders at ¶8 ("[Vale] and Rio Tinto plc shall pay BSGR[

---

[1] Should Your Honor wish to see the parties' UK witness statements on these issues we would be happy to provide them to the Court.

Legal1us.295178.2

Switchboard: +1 212 612 3270
Main Fax: +1 212 612 3297

New York: Mishcon de Reya New York LLP
London: Mishcon de Reya Solicitors

A list of partners is available for inspection at the above address

/Onyx]'s reasonable expenses of producing the documents referred to Schedule A hereto. BSGR[/Onyx] shall be at liberty to apply, if those expenses are not agreed."). Nevertheless, Vale and Rio Tinto have still not agreed to pay BSGR's reasonable expenses, and, consequently, BSGR has made an application for an interim payment in respect of them in the English High Court.

Moreover, the March 23, 2015 Letter of Request -- to which Rio Tinto and Vale agreed before it was issued by Your Honor -- expressly provides that "[t]he fees and costs [associated with BSGR's response to the Letter of Request] will be initially borne by Vale and Rio Tinto." *See* Letter of Request, ECF No. 221-2 at 30, at ¶11. The Letter of Request further provides that Rio Tinto and Vale may "make subsequent requests for reimbursement of those fees and costs," but no such request has been made by either of them. *See id.*

Further, Rio Tinto's and Vale's request is entirely premature, and for that reason alone it should be denied. First, as stated above, neither Rio Tinto nor Vale has made a request for reimbursement in this Court -- nor could they -- because they have paid nothing to BSGR. Second, Judge Berman has not ruled on BSGR's, Mr. Steinmetz's, and VBG's pending motion to dismiss for lack of personal jurisdiction, and thus there is no predicate from which to seek any reimbursement even if Rio Tinto or Vale had paid BSGR its reasonable expenses. Finally, BSGR should not be required to bear the expense of discovery under the Letter of Request in any circumstance, but especially given that Rio Tinto has already stated that, if it prevails on the motion to dismiss, it will seek to re-open document discovery (which closed on August 28), and re-take such discovery from BSGR pursuant to the Federal Rules of Civil Procedure. Under those potential future circumstances, and if ordered by Your Honor, BSGR would have to engage in document discovery twice, and thus be subject to duplicative discovery expenses all because it rightly chose to defend this action on the additional strong ground that the Court lacks personal jurisdiction over it and Mr. Steinmetz.

At bottom, Rio Tinto and Vale are requesting that Your Honor make an endorsement based upon a hypothetical future situation that by their own admissions may very well never come to pass.

In these premises, BSGR respectfully requests that Your Honor reconsider and revise his endorsement in light of the foregoing.

Respectfully submitted,

 /s/ Vincent Filardo, Jr.
Vincent Filardo, Jr.


cc: All Counsel of Record (via ECF)