# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rio Tinto plc,

Plaintiff,

v.

Vale, S.A., Benjamin Steinmetz, BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, Frederic Cilins, Michael Noy, Avraham Lev Ran, Mamadie Touré, and Mahmoud Thiam,

Defendants.

Case No. 14-cv-3042 (RMB)(AJP)

**PROPOSED STIPULATION AND RULE 502(d) ORDER**

------------------------------------------ X

    WHEREAS, Plaintiff Rio Tinto plc ("Rio Tinto") has requested that Defendant Mahmoud Thiam ("Thiam") produce all communications between Thiam and Guidepost Communications ("Guidepost") in the above-captioned matter (the "Action");

    WHEREAS, Defendant Thiam maintains that Guidepost is an investigative firm that was hired by Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden");

    WHEREAS, Defendant Thiam maintains that Skadden is counsel to Benjamin Steinmetz ("Steinmetz") and BSG Resources Limited ("BSGR"), co-defendants in the action;

    WHEREAS, Defendant Thiam has asserted that certain communications involving Guidepost are shielded from disclosure on the basis of a common interest privilege shared between himself, Defendant Steinmetz, and Defendant BSGR;

1

WHEREAS, Rio Tinto disagrees that any such common interest privilege between Defendants Thiam, Steinmetz and BSGR exists, and disputes its purported application to communications with Guidepost;

WHEREAS, Rio Tinto and Thiam, have agreed to a Stipulated Rule 502(d) Order in order to resolve the dispute between Rio Tinto and Thiam with respect to Thiam's communications with Guidepost in a more efficient manner; and

WHEREAS, Steinmetz and BSGR have no objection to the production of the documents under Federal Rules of Evidence 502(d);

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Rio Tinto and Thiam by their respective counsel, as follows:

1. Thiam will promptly produce unredacted copies of all communications between Thiam and Guidepost (the "Thiam-Guidepost Communications") pursuant to this 502(d) Order;

2. The production of the Thiam-Guidepost Communications pursuant to this 502(d) Order will not be deemed a waiver of any privilege or protection, nor effect a broader subject matter waiver and will not prejudice any party's rights to argue the existence of a common interest privilege between Thiam, Steinmetz and BSGR.

3. Thiam's counsel agrees not to instruct its client at any future deposition in the Action to not answer certain questions (on the basis of privilege) concerning the specific Thiam-Guidepost Communications, on the condition that, among other things, allowing Thiam to answer such questions will not waive any privilege or protection with respect to such communications.

4. Rio Tinto agrees not to assert that testimony concerning Thiam's communications with Guidepost in any future deposition waives any privilege or protection with respect to such communications.

5. Nothing in this Order shall limit the right of Rio Tinto to challenge Thiam's assertion of any privilege and/or protection with respect to the Thiam-Guidepost Communications.

6. This 502(d) Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Date: November 12, 2015


 /s/ Eric C. Lyttle_____
Eric C. Lyttle
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
777 6th Street, 11th Floor
Washington, D.C. 20001
Tel: (202) 538-8000
Fax: (202) 538-8100
ericlyttle@quinnemanuel.com
*Attorneys for Plaintiff Rio Tinto*


/s/Paul E. Summit_____
Paul E. Summit
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, NY 10019
Tel: (212) 660-3000
Fax: (212) 660-3001
psummit@sandw.com
*Attorneys for Defendant Mahmoud Thiam*



SO ORDERED this \_\_ day of _____, 2015.

3

4

_____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE