quinn emanuel trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8166**

WRITER'S INTERNET ADDRESS
mikelyle@quinnemanuel.com

November 19, 2015

Hon. Andrew J. Peck
United States Magistrate Judge,
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:    <u>Rio Tinto v. Vale et al, Civil Action No. 14-cv-3042 (RMB) (AJP) (S.D.N.Y.)</u>

Dear Judge Peck:

We write to seek a conference regarding Rio Tinto's anticipated motion to compel SNC-Lavalin to respond to a subpoena *duces tecum* issued pursuant to Federal Rule of Civil Procedure 45 (attached as Exhibit A).  In the alternative, we seek the Court's leave to file a motion to compel.  The subpoena was served on SNC-Lavalin on August 21, 2015 and set a deadline of September 21 for the production of documents.  *See* Exs. A, B.  Counsel for Rio Tinto has met and conferred with counsel for SNC-Lavalin, during which it acknowledged service of the subpoena and made several requests for extensions of time to respond, to which Rio Tinto consented.  Yet after three months, SNC-Lavalin has yet to produce a single document.  SNC-Lavalin's intransigence has left Rio Tinto no choice but to seek judicial intervention.[1]

The subpoena contains ten document requests that relate to SNC-Lavalin's work in Liberia for Vale, VBG, or both.  Documents produced by the Defendants in this case indicate that SNC-Lavalin was retained in connection with the evaluation, development, or construction of a means to transport iron ore mined in Guinea to a port in Liberia.  The subpoena also requests information regarding Rio Tinto, BSGR and Mr. Steinmetz, and Mr. Thiam exchanged between Vale and VBG, on the one hand, and SNC-Lavalin, on the other.  *See* Ex. A.

Courts enforce subpoenas *duces tecum* issued to third parties that request relevant, non-privileged documents and that impose no undue burden on the recipient.  *See* Fed. R. Civ. P. 45(b), (d); *see, e.g., Wultz v. Bank of China Ltd.*, 298 F.R.D. 91, 98 (S.D.N.Y. 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the

---

[1]  Rio Tinto did not raise this matter at Tuesday's conference because it hoped SNC-Lavalin would reengage and thereby obviate the need to burden the Court with this issue.  SNC-Lavalin, however, has now ceased communicating with Rio Tinto altogether (explained below), and we are mindful of the Court's admonition at Tuesday's conference regarding promptly raising with the Court disputes with third-party subpoena recipients.

allegations and claims at issue in the proceedings, and the status of a witness as a non-party to the underlying litigation entitles the witness to consideration regarding expense and inconvenience." (citations and quotation marks omitted)).  Courts must order non-parties to respond to a subpoena if they do not comply voluntarily.  *See* Fed. R. Civ. P. 45(d)(2).

There is no question that the documents requested are relevant.  Rio Tinto alleges that, among the other materials Vale pilfered from the data room, it stole Rio Tinto's years and millions of dollars of research concerning exporting iron ore from Simandou.  Specifically, Vale obtained Rio Tinto's research and plans regarding the optimal railway and port locations in Liberia, which information the Defendants used to secure their grip on Blocks 1 and 2.  *See, e.g.*, Am. Compl. ¶¶ 71–75, 91, 110, 120.  The information requested from SNC-Lavalin will demonstrate that the railway and port plans the Defendants pursued did not come from the Defendants or their advisors' ingenuity but rather were stolen from the data room and passed on as outlined in Rio Tinto's confidential materials.  The information is thus plainly relevant to Rio Tinto's allegations.  *See Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.  The broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy." (citations omitted)).

SNC-Lavalin has never questioned the relevance of the subpoenaed information.  Nor has it made any showing that responding to the subpoena would be unreasonable or oppressive, as is its burden.  *Condit v. Dunne*, 225 F.R.D. 100, 106 (S.D.N.Y. 2004) ("Once any possibility of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper." (citations and quotation marks omitted)).  To the contrary, counsel for SNC-Lavalin has represented that it already has collected "a substantial quantity of the documents requested in the subpoena."  Yet it has refused to produce them on the grounds of unspecified "confidentiality obligations."  Counsel for Rio Tinto provided counsel for SNC-Lavalin the Protective Order entered in this case, Dkt. No. 81, and explained that it more than sufficed to address any confidentiality concerns SNC-Lavalin might have.  But SNC-Lavalin refused to budge and even refused to provide its outside counsel's contact information.  And now SNC-Lavalin has stopped responding to Rio Tinto altogether: almost two weeks have passed since Rio Tinto last heard from SNC-Lavalin, despite SNC-Lavalin promising to respond by November 13 and Rio Tinto sending several (unanswered) follow-up emails.

The information requested by the subpoena is plainly relevant and not burdensome, and SNC-Lavalin has made no assertion to the contrary.  Rio Tinto therefore respectfully requests a pre-motion conference, or in the alternative, leave to file a motion to compel SNC-Lavalin simply to produce the documents it already has collected.

Respectfully submitted,

/s/ Michael Lyle
Michael Lyle

CC:   Alexandra De Roy, Esq., counsel for SNC-Lavalin (by courier and email)
       All counsel of record (by ECF and email)