# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rio Tinto plc,<br><br>            Plaintiff,<br><br>    -against-<br><br>Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG–Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, and Mahmoud Thiam,<br><br>            Defendants. | 14 Civ. 3042 (RMB) (AJP) |

### PLAINTIFF RIO TINTO PLC'S NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Rio Tinto plc will serve the attached subpoena on SNC-Lavalin requesting that SNC-Lavalin produce the specified documents and things for inspection and copying as set forth in Schedule A at the time and location noted in the subpoena.

Dated:      Washington, D.C.
           August 21, 2015

Respectfully Submitted,

*Eric C. Lyttle /or/c*

William A. Burck
Eric C. Lyttle
Michael J. Lyle
Stephen M. Hauss
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
williamburck@quinnemanuel.com
ericlyttle@quinnemanuel.com
mikelyle@quinnemanuel.com
stephenhauss@quinnemanuel.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of Rio Tinto plc's

foregoing Notice of Subpoena Duces Tecum to be served upon the following persons via email:

Lewis Liman
Jonathan Blackman
Boaz S. Morag
Esti Tambay
Matthew Karlan
Joaquin Pablo Terceno, III
Cleary Gottlieb Steen and Hamilton, LLP
One Liberty Plaza
New York, New York 10006

Vincent Filardo
Elizabeth M. Rotenberg-Schwartz
Mishcon de Reya LLP
750 7th Avenue
New York, NY 10019

Paul Summitt
Nita Kumaraswami
Sullivan and Worcester LLP
One Post Office Square
Boston, MA 02109

Martin J. Auerbach
1330 Avenue of the Americas
Suite 1100
New York, NY 10019

Dated:  August 21, 2015

Eric C. Lyttle/oek

Eric C. Lyttle
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Rio Tinto plc | ) |
| *Plaintiff* | ) |
| v. | ) |
| Vale S.A., et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   14-cv-3042

(If the action is pending in another district, state where:

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  SNC-Lavalin
1441 Broadway, New York, NY 10018

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place:  Quinn Emanuel Urquhart & Sullivan, LLP 777 6th Street, NW, 11th Floor Washington, D.C. 20001 | Date and Time: 09/21/2015 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

CLERK OF COURT

OR

_____        *Eric C Lyttle* /DRK
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Rio Tinto plc
_____ , who issues or requests this subpoena, are:

Eric Lyttle, ericlyttle@quinnemanuel.com, 202-538-8162, Quinn Emanuel Urquhart & Sullivan, LLP
777 6th Street, NW, 11th Floor, Washington, D.C. 20001

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   14-cv-3042

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS AND RULES OF CONSTRUCTION

As used herein, the following terms shall have the meanings indicated below:

1.      "Any," "all," and "each" shall be construed as encompassing any and all.

2.      "BSGR" includes BSG Resources Limited, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL, and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant, affiliate or advisor of any of the foregoing, including Benjamin Steinmetz.

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "Concerning" means relating to, referring to, describing, evincing, or constituting.

5.      "Concession" refers to the mining concession awarded to Rio Tinto in Decree No. 2006/041/PRG/SGG on March 30, 2006 by the Government of Guinea, and includes what is known as Blocks 1, 2, 3 and/or 4.

6.      "Defendant" includes Vale S.A., Benjamin Steinmetz, BSG Resources Limited, VBG–Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR, Frederic Cilins, Mamadie Touré, Mahmoud Thiam, and unnamed co-conspirators Michael Noy and Avraham Lev Ran.

7.      "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

8.    "Including" means "including but not limited to" and "including without limitation."

9.    "Liberian Option" refers to any contemplated or actual plan to export materials mined at Simandou, Zogota, and/or Simandou North to a port in the Republic of Liberia and/or by means of a railroad through the Republic of Liberia.

10.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.    "Relating to" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

12.    "Rio Tinto" includes Plaintiff Rio Tinto plc and Simfer S.A., as well as any officer, director, employee, partner, corporate parent, subsidiary, or affiliate of any of the foregoing.

13.    "Simandou" refers to the Simandou Range in the Nzérékoré Region of southeastern Guinea, and includes the Concession.

14.    "Simandou North" means the area that is the subject of the mineral exploration permit granted under Decree No. A 2009/1327/PR/MMEH/SGG, dated 10 June 2009 and registered in the Centre de Promotion et de Développement Miniers under number A 2009/124/DIGM/CPDM.

15.     "SNC-Lavalin", "You" or "Your" shall mean SNC-Lavalin Group Inc., including all current and former parents, subsidiaries, partners, agents, representatives, attorneys, or anyone acting with or on behalf of any of the foregoing.

16.     "Steinmetz" refers to Defendant Benjamin "Beny" Steinmetz and any employee, agent, representative, or consultant of Defendant Benjamin "Beny" Steinmetz.

17.     "Vale" includes Defendant Vale S.A. and its officers, directors, employees, partners, corporate parent, subsidiaries, agents, representatives, consultants, or affiliates.

18.     "VBG" refers to Defendants VBG–Vale BSGR Limited aka BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd and BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR and any officer, director, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing.

19.     "Zogota" refers to the four exploration permits awarded to BSGR covering a total surface area of 2,047 square kilometers in the Beyla, Macenta, N'Zérékoreé and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A2006/023/DIGM/CPDM under Ministerial Order No. A2006/706/MMG/SGG of February 6, 2006, and the base agreement dated December 16,2009 granted on the "Zogota" zone, covering a total surface area of 1,024 square kilometers in the Beyla, Macenta, N'Zérékoreé and Yomou prefectures, registered on the Guinean Register of Mining Titles under No. A 2010/171/DIGM/CPDM under the March 19, 2010 Presidential Decree No. D2010/024/PRG/CNDD/SGG.

## INSTRUCTIONS

1.      Unless otherwise indicated, the documents requested in this Notice include all documents in your possession, custody, or control.  Without limiting the meaning of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody, or control if you have actual possession or custody of the document, or the right to obtain the document or a copy thereof upon demand from one or more of your employees, representatives, agents, independent contractors, consultants, attorneys, accountants, auditors, or any other Person or public or private entity that has actual physical possession.

2.      Unless otherwise stated in a specific request, these requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period that SNC-Lavalin had any contemplated or actual role relating to Simandou and/or the Liberian Option.

3.      If you object to any of these document requests, state in writing with specificity the grounds of your objection.  Any such objection must comply with Fed. R. Civ. P. 45.  If you object to a particular portion of any document request, you shall respond to any other portions of such document request as to which there is no objection and state with specificity the grounds of the objection.

4.      If you withhold any Communication, Document or part thereof that is responsive to any of these document requests on grounds of attorney-client privilege, attorney work-product doctrine or any other privilege, doctrine or basis whatsoever, state in writing with specificity:

      a.      the date of the Document or Communication;

      b.      the type, title and subject matter of the Document or Communication sufficient to assess whether the assertion of privilege is valid;

4

c.     the name of the Person or Persons who prepared or signed the Document or engaged in the Communication;

d.     the names and positions of any recipients of the Document or Communication;

e.     each Person now in possession of the original or a copy of the Document or Communication;

f.     the particular privilege, doctrine, or other basis for withholding the Document or Communication; and

g.     the grounds for applying such privilege, doctrine or other basis to the Document or Communication withheld.

5.     With respect to the documents produced, you shall produce them as they are kept in the usual course of business.

6.     Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact, or pursuant to an agreement with Rio Tinto on the form of production of ESI.

7.     Documents shall be produced on a rolling basis as they become available.

8.     Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

9.     File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

10.     Pursuant to Fed. R. Civ. P. 45, you must produce entire documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In

the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

11.     A document with handwritten, typewritten or other recorded notes, editing marks, or other revisions is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy or copies of any document if there is no actual original.

12.     The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

13.     If You cannot respond fully to a document request after exercising due diligence to secure the information requested, or do not have information responsive to any part of a document request, you must so state and describe in full your efforts to obtain the information requested, and respond to the document request to the fullest extent possible.  If a qualified response to a document request must be given, You shall respond to the document request as directly and fully as possible and state fully the reason that such qualification is necessary.

14.     If Your response to a particular request is a statement that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

15.     If the identity of documents responding to a document request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in your possession, but is known or believed to be in the possession of another Person, then identify that Person and state the basis of Your belief or knowledge that the requested information is in such Person's possession.

16.     These document requests shall be deemed continuing, so as to require further and supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. All responses to the document requests shall comply fully in all respects with the requirements of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1.

All Documents and Communications concerning Vale's and/or VBG's retention of SNC-Lavalin relating to Simandou and/or the Liberian Option, including but not limited to any preliminary discussions regarding Vale's and/or VBG's retaining SNC-Lavalin, any discussions of the scope of SNC-Lavalin's actual, contemplated, or proposed work relating to Simandou and/or the Liberian Option, any negotiations regarding Vale's and/or VBG's retention of SNC-Lavalin, and any executed or draft engagement letters between Vale and/or VBG and SNC-Lavalin.

### REQUEST NO. 2.

All Documents and Communications concerning Simandou and/or the Liberian Option exchanged between Vale and/or VBG and SNC-Lavalin.

### REQUEST NO. 3.

All Documents and Communications authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed in the course of Your work for Vale and/or VBG concerning Simandou and/or the Liberian Option, including but not limited to reports of site visits, wave studies, pictures, geotechnical assessments, conceptual rail and road access designs, routing, design, cost estimates, topographic assessments, risk analyses, and/or other work generated in connection with Your work for Vale and/or VBG concerning Simandou and/or the Liberian Option.

**REQUEST NO. 4.**

All Documents or Communications concerning any analysis or recommendation regarding the selection of a location of a railroad and/or a port in Liberia in connection with the Liberian Option.

**REQUEST NO. 5.**

All Documents or Communications concerning any actual, contemplated, or proposed plan regarding developing or using a port at Didia, Liberia in connection with Simandou and/or the Liberian Option.

**REQUEST NO. 6.**

All Documents or Communications concerning any actual, contemplated, or proposed plan regarding developing or using a port at Buchanan, Liberia in connection with Simandou and/or the Liberian Option.

**REQUEST NO. 7.**

All Documents or Communications concerning any actual, contemplated, or proposed plan regarding developing or using a port at Gbogar, Liberia in connection with Simandou and/or the Liberian Option.

**REQUEST NO. 8.**

All Documents and Communications concerning Rio Tinto exchanged between Vale and/or VBG and SNC-Lavalin.

**REQUEST NO. 9.**

All Documents and Communications concerning Steinmetz or BSGR exchanged between Vale and/or VBG and SNC-Lavalin.

**REQUEST NO. 10.**

All Documents and Communications concerning Mahmoud Thiam exchanged between Vale and/or VBG and SNC-Lavalin.

Dated:      Washington, D.C.              QUINN EMANUEL URQUHART
                   August 21, 2015                & SULLIVAN, LLP

                                        William A. Burck
                                        Michael J. Lyle
                                        Eric C. Lyttle
                                        Stephen M. Hauss
                                        777 6th Street, NW, 11th Floor
                                        Washington, D.C. 20001
                                        Telephone: (202) 538-8000
                                        Facsimile: (202) 538-8100
                                        williamburck@quinnemanuel.com
                                        mikelyle@quinnemanuel.com
                                        ericlyttle@quinnemanuel.com
                                        stephenhauss@quinnemanuel.com

                                        *Attorneys for Rio Tinto plc*