# EXHIBIT D

Case 1:14-cv-03042-RMB-AJP Document 422-14 Filed 02/16/16 Page 2 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 3 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 2 of 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __8/12/14__

| | |
|---|---|
| Rio Tinto plc,<br><br>Plaintiff,<br><br>v.<br><br>Vale S.A., Benjamin Steinmetz, BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSGR Guinea Ltd. BVI, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, Frederic Cilins, Michael Noy, Avraham Lev Ran, Mamadie Touré, and Mahmoud Thiam,<br><br>Defendants. | Civil Action No. 14-cv-3042 (RMB)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

WHEREAS, Rio Tinto plc ("Plaintiff") and Vale S.A., Benjamin Steinmetz, BSG Resources Limited, BSG Resources (Guinea) Ltd. aka BSG Resources Guinée Ltd, BSG Resources Guinée SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea, and Mahmoud Thiam (collectively, the "Defendants"), recognize that disclosure and discovery activity are likely to involve production of information that the disclosing party deems to be confidential or highly confidential, as defined below;

WHEREAS, the Parties wish to facilitate discovery while protecting confidential or highly confidential information, as defined below, in accordance with applicable law;

WHEREAS, the Parties wish to facilitate discovery while preventing the waiver of applicable privileges or protections, and privacy rights, (including those of non-parties) due to inadvertent disclosure of privileged information;

WHEREAS, the parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords

Case 1:14-cv-03042-RMB-AJP Document 422-14 Filed 02/16/16 Page 3 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 2 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 3 of 20

from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles;

WHEREAS, the court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the court in connection with any motion, application, or proceeding that may result in an order and/or decision by the court; and

WHEREAS, the Parties, having conferred through their respective counsel, stipulated and agreed to the following terms of a protective order and hereby stipulate to and petition the court to enter the following Stipulated Protective Order;

ACCORDINGLY, IT IS HEREBY ORDERED that: Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Stipulated Protective Order (the "Order").

## I. DEFINITIONS

1. "Challenging Party," as used in this Order, means a Party that challenges the designation of information or items under this Order.

2. The term "CONFIDENTIAL," as used in this Order, means "trade secret or other confidential research, development, or commercial information," as those terms are construed within the meaning of Federal Rule of Civil Procedure 26(c)(i)(G), and includes information which the disclosing Party believes in good faith contains, constitutes or reveals confidential design, engineering, business or development information, confidential commercial information, non-public financial information, trade secrets, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), information implicating an individual's legitimate expectation of privacy, or other information of a confidential, proprietary, private or personal nature.

2

Case 1:14-cv-03042-RMB-AJP Document 42-14 Filed 02/16/16 Page 4 of 20
Case 1:14-cv-03042-RMB-AJP Document 31 Filed 06/22/14 Page 3 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 4 of 20

3. "Counsel (without qualifier)," as used in this Order, means outside Counsel of Record and House Counsel (as well as their support staff).

4. "Designating Party," as used in this Order, means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. "Designated House Counsel," as used in this Order, means three (3) in-house counsel, employed by the Receiving Party, who have significant responsibility for this matter, identified as follows: For Plaintiff: Debra Valentine, Phil Edmands, Nicholas Sceales; For Defendant Vale S.A.: Clovis Torres, Katherine Spyrides, Adriana Bastos; For Defendant Benjamin Steinmetz: [TBD]; For Defendant BSG Resources: [TBD]; For Defendant VBG: [TBD].

6. "Disclosure or Discovery Material," as used in this Order, means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7. "Expert," as used in this Order, means a person with specialized knowledge or experience in a matter pertinent to the Litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee, contractor, or agent of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee, contractor, or agent of a Party. For the purposes of this provision only, any person who has served or anticipates serving a Party or a Party's competitor only as an expert or a consultant in litigation matters shall not be considered an employee, contractor, or agent of a Party or a Party's competitor.

Case 1:14-cv-03042-RMB-AJP Document 42-14 Filed 08/21/16 Page 5 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 4 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 5 of 20

8. "Final Disposition," as used in this Order, means the later of (1) dismissal of all claims and defenses in this action, with prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

9. The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as used in this Order, means extremely sensitive "CONFIDENTIAL" information disclosure of which to another Party or Non-Party would create a substantial risk of serious harm (including, but not limited to, trade secrets, financial data, personal information, or competitively-sensitive information about future business plans and strategies) that could not be avoided by less restrictive means.

10. "House Counsel," as used in this Order, means In-house counsel for the Parties or their respective corporate parents or subsidiaries.

11. "Litigation" means the case captioned *Rio Tinto plc v. Vale S.A., et al.*, Civil Action No. 14-cv-3042 (RMB)(S.D.N.Y.).

12. "Non-Party," as used in this Order, means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

13. "Outside Counsel of Record," as used in this Order, means attorneys (and their support staffs) who are neither employees of a party to this action nor House Counsel, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

14. "Party or Parties," as used in this Order, means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

15. "Producing Party," as used in this Order, means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

16. "Professional Vendors," as used in this Order, means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17. "Protected Material," as used in this Order, means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18. "Receiving Party," as used in this Order, means a Party that receives Disclosure or Discovery Material from a Producing Party.

## II. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, communications, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party created by this Order. Any use of Protected Material at trial shall be governed by a separate agreement or order.

5

Case 1:14-cv-03042-RMB-AJP Document 422-14 Filed 02/16/16 Page 7 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 8 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 7 of 20

### III. DURATION

Even after Final Disposition of this Litigation, see Section XII, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### IV. DESIGNATING PROTECTED MATERIAL

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Any Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second Paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a) <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6

ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

    b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Designating Party must indicate on the record before the close of the deposition, hearing, or other proceeding, or else in writing within 14 days thereafter, whether it intends to designate some portion of the testimony as protected. Where a party has indicated that it will be designating any portion of the testimony as protected, the Designating Party shall have ~~sixty (60)~~ 30 days after receipt of the final transcript to review and identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. During such ~~sixty (60)~~ 30 day time period, the entire deposition transcript, including any exhibits, shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Designating Party shall serve upon opposing counsel a letter containing a list of pages (including line numbers as appropriate) marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If no designation is made within ~~sixty (60)~~ 30 days after receipt of the transcript, or such other period if the time to designate is modified either by agreement of the Parties or by Court order, the transcript shall be considered not to contain any Protected Material.

  If all or part of a videotaped deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the DVD, CD, or thumb drive, plus any container, shall be so labeled. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a ~~60~~ 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY

7

Case 1:14-cv-03042-RMB-AJP Document 422-14 Filed 02/16/16 Page 9 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 9 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 9 of 20

CONFIDENTIAL – ATTORNEYS' EYES ONLY " in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        c) <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s) and specify the level of protection being asserted. This provision does not apply to CDs, DVDs, thumb drives, hard drives or other storage media on which document productions are transmitted. For such storage media, paragraph (a) of this section above shall govern and each page of documents stored on the media shall be separately marked.

        3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## V.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

        1.    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by not mounting a challenge promptly after the original designation is disclosed.

8

Case 1:14-cv-03042-RMB-AJP Document 422-4 Filed 02/16/16 Page 10 of 20

Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/12/14 Page 9 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 10 of 20

2.  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing with particularity the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within ~~14~~ 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3.  <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove the confidentiality within 14 days of either completion of the meet and confer process or the Challenging Party establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. During the challenge process, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

1. ~~[PLAINTIFF'S PROPOSED LANGUAGE]~~ <u>Basic Principles</u>. A Receiving Party may use Protected Material that ~~is disclosed~~ or produced by another Party or Non-Party in connection with this ~~Litigation~~ only for prosecuting, defending, ~~or attempting~~ to settle this

9

Case 1:14-cv-03042-RMB-AJP Document 428-4 Filed 02/16/16 Page 11 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 10 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 11 of 20

~~Litigation between the Parties. A Receiving Party may not use Protected Material in connection with any other case, or in bringing, prosecuting, defending or attempting to settle any other litigation or claims involving Non-Parties. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below.~~ [AP]

1. [~~DEFENDANTS' PROPOSED LANGUAGE~~] **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation between the Parties. A Receiving Party may not use Protected Material in connection with any other case, or in bringing, prosecuting, defending or attempting to settle any other litigation or claims involving Non-Parties, provided nothing in this Order shall prevent any Party from using information derived from any Protected Material in any other matter including in the prosecution, defense or attempt to settle any other matter. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below. [AP]

[handwritten insertion: Every effort must be made to protect the confidentiality of the protected material]

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited only to the persons authorized under this Order and promptly notify Outside Counsel for the Producing Party of any accidental or unauthorized access to any Protected Material in accordance with Section VIII.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

10

Case 1:14-cv-03042-RMB-AJP Document 428-4 Filed 02/16/16 Page 12 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/12/14 Page 12 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 12 of 20

  a) the officers, directors, and employees of a Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  b) House Counsel of a Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  c) A Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

  d) Other lawyers to whom it is reasonably necessary to disclose the information for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  e) Experts of a Party (1) to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  f) the court and its personnel;

  g) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

  i) Non-Party witnesses in the action to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by

11

Case 1:14-cv-03042-RMB-AJP Document 422-14 Filed 02/16/16 Page 13 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 12 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 13 of 20

the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

AP 3. [PLAINTIFF'S PROPOSED LANGUAGE] Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons identified above in Section VI, paragraphs 2(c) through (2)(h) and the three (3) Designated House Counsel identified in Section I, paragraph 4. *Counsel shall meet & confer re disclosing specific info to specific founder employees.*

AP 3. [DEFENDANTS' PROPOSED LANGUAGE] Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons identified above in Section VI, paragraphs 2(c) through (2)(i) and the three (3) Designated House Counsel identified in Section I, paragraph 4. [struck through]

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, Civil Investigative Demand ("CID"), or a court order that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

AP 1. Promptly and in no event more than ten (10) ~~business~~ days after receiving the subpoena, CID, or order notify in writing the Designating Party. Such notification shall include a copy of the subpoena, CID, or court order;

12

Case 1:14-cv-03042-RMB-AJP Document 428-4 Filed 02/16/16 Page 14 of 20
Case 1:14-cv-03042-RMB-AJP Document 231 Filed 08/22/14 Page 15 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 14 of 20

2. Promptly notify in writing the party who caused the subpoena, CID, or order to issue that some or all of the material covered by the subpoena, CID, or order is subject to this Order. Such notification shall include a copy of this Order; and

If the Designating Party timely seeks a protective order, the Party served with the subpoena, CID, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by a court with appropriate jurisdiction of the subpoena, CID, or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## VIII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

In the event that a party seeks discovery from a Non-Party in this action, the Non-Party may invoke the terms of this Order with respect to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material provided to the Parties by so advising all Parties to this action in writing. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all unauthorized copies of the Protected Material, (b) provide the person or persons to whom unauthorized disclosures were made with a copy of this

13

Case 1:14-cv-03042-RMB-AJP Document 428-14 Filed 02/16/16 Page 15 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 14 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 15 of 20

Order, and (c) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Compliance with the foregoing shall not prevent a Party or Non-Party from seeking further relief from the Court.

## X. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1. Nothing in this Order shall preclude any Party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. The Parties agree that, pursuant to Fed. R. Evid. 502(d) and the Rule 502(d) Order entered in this action (Dkt. No. 61), a Party's disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or in any other federal or state proceeding, constitute a waiver by that Party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law, provided the Producing Party asserts the privilege or protection in writing promptly after learning of the disclosure or production of the privileged or protected document or information.

2. Upon written notice of a claim of disclosure or production is provided, the Receiving Party shall (a) refrain from any further examination or disclosure of the produced material, (b) promptly return or destroy the produced material as well as any copies thereof (including summaries or excerpts) and certify in writing to that fact, and (c) not use the produced material for any purpose unless or until further order by the Court.

3. Notwithstanding the foregoing, the Receiving Party may, after conferring with opposing counsel in a good faith effort to resolve any dispute regarding the Designating Party's assertion of privilege or protection, contest the Designating Party's claim of privilege or protection with the Court and seek an order compelling production of the material. Nothing herein shall

Case 1:14-cv-03042-RMB-AJP Document 428-14 Filed 02/16/16 Page 16 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 15 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 16 of 20

prevent the Receiving Party from challenging the privileged status of any produced documents in the event the Parties cannot resolve a claim of privilege or protection without court intervention.

4. The Parties may retain one copy of the produced material solely for use as an exhibit to such motion to the Court. In the event any produced material is used as an exhibit to such motion to the Court, the Parties agree to seek in camera review of the Exhibit. ~~and file any such motion to the Court under seal.~~ 

## XI. **MISCELLANEOUS**

1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification or relief from any of its provisions by the Court in the future.

2. <u>Right to Assert Other Objections and Reservation of Rights</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order. By stipulating to the entry of this Order Defendants do not waive and expressly reserve all rights to object to the Court's jurisdiction over them in this Litigation.

3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable Federal and Local Rules and Procedures. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Challenging Party's motion to remove the confidentiality designation is granted by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

15

Case 1:14-cv-03042-RMB-AJP Document 428 Filed 02/16/16 Page 17 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/12/14 Page 16 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 17 of 20

## XII. FINAL DISPOSITION

*NP* 1. Within 90 days after the Final Disposition of this action, all Parties, Counsel and any other persons who have received Protected Material in this action shall return such information to counsel for the Party that disclosed or produced such information, or alternatively may destroy the Protected Material and certify its destruction. The Parties' attorneys may retain their attorney work product, and outside counsel for each Party may retain a complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. This Protective Order shall continue to be binding after the conclusion of this Litigation as set forth in Section III.

William A. Burck
Eric C. Lyttle
Michael J. Lyle
Stephen M. Hauss
QUINN EMMANUEL URQUHART &
  SULLIVAN, LLP
777 6th Street NW, 11th floor
Washington, DC 20001
williamburck@quinnemanuel.com
ericlyttle@quinnemanuel.com
mikelyle@quinnemanuel.com
stephenhauss@quinnemanuel.com

*Counsel for Plaintiff Rio Tinto plc.*

*AP* 2. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

BY ECF

SO ORDERED:
_____ 8/12/14
Hon. Andrew Jay Peck
United States Magistrate Judge

[handwritten note]

Case 1:14-cv-03042-RMB-AJP Document 428-14 Filed 02/16/16 Page 18 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 19 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 18 of 20

Jonathan I. Blackman
Lewis J. Liman
Boaz S. Morag
Joaquin P. Terceno, III
Matthew M. Karlan
Esti T. Tambay
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
jblackman@cgsh.com
lliman@cgsh.com
bmorag@cgsh.com
jterceno@cgsh.com
mkarlan@cgsh.com
etambay@cgsh.com

*Counsel for Defendant Vale, S.A.*

Paul E. Summit
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
psurnmit@sandw.com

Karen E. Abravanel
SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, NY 10019
kabravanel@sandw.com

*Counsel for Defendant Mahmoud Thiam*

17

Case 1:14-cv-03042-RMB-AJP Document 428-14 Filed 02/16/16 Page 19 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/12/14 Page 19 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 19 of 20

Martin J. Auerbach, Esq.
LAW OFFICES OF MARTIN J. AUERBACH, ESQ.
1185 Avenue of the Americas, 31st Floor
New York, NY 10036
auerbach@mjaesq.com

*Counsel for Defendants BSG Resources (Guinea) Ltd. aka BSG Resources Guinee Ltd, and BSG Resources Guinee SARL aka BSG Resources (Guinea) SARL aka VBG-Vale BSGR Guinea*

Robert Gold
Vincent Filardo, Jr.
Elizabeth M. Rotenberg-Schwartz
Kavitha S. Sivashanker
750 Seventh Avenue, 26th Floor
New York, New York 10019
Tel: (212) 612-3270
Fax: (212) 612-3297
robert.gold@mishcon.com
vincent.filardo@mishcon.com
elizabeth.rotenberg-schwartz@mishcon.com
kavitha.sivashanker@mishcon.com

*Attorneys for Defendants Benjamin Steinmetz and BSG Resources Limited*

Case 1:14-cv-03042-RMB-AJP Document 428-14 Filed 02/16/16 Page 20 of 20
Case 1:14-cv-03042-RMB-AJP Document 81 Filed 08/22/14 Page 19 of 19
Case 1:14-cv-03042-RMB-AJP Document 80-1 Filed 08/11/14 Page 20 of 20

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Rio Tinto plc v. Vale S.A., et al.*, Action No, 14-cv-3042 (RMB), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any confidential information in connection with any other case, or in bringing, prosecuting, defending or attempting to settle any other litigation or claims.

Executed on the _____ day of _____, 20___.

_____