# EXHIBIT E

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Rio Tinto plc ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No.  14-cv-3042 |
| Vale S.A., et al. ) | |
| ) | |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
UBS Financial Services Inc.
1285 Avenue of the Americas, New York, NY 10019
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | Date and Time:<br><br>10/05/2015 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/03/2015

CLERK OF COURT

OR      _El___ /MDB_

_____          _____
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Rio Tinto plc
_____ , who issues or requests this subpoena, are:

Eric Lyttle, ericlyttle@quinnemanuel.com, 202-538-8162, Quinn Emanuel Urquhart & Sullivan LLP, 777 6th St. NW, 11th Floor, Washington, D.C. 20001

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  14-cv-3042

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____    on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND RULES OF CONSTRUCTION**

As used herein, the following terms shall have the meanings indicated below:

1.      "Accounts" shall be construed to include all open or closed financial accounts of any kind, including but not limited to, checking accounts, savings accounts, certificates of deposit, money market accounts, brokerage accounts, investment accounts, retirement accounts, safe deposit boxes, financing arrangements, and other negotiable instruments.

2.      "Any," "all," and "each" shall be construed as encompassing any and all.

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "Concerning" means relating to, referring to, describing, evincing, or constituting.

5.      "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "Including" means "including but not limited to" and "including without limitation."

7.      "UBS," "You" or "Your" shall mean UBS Financial Services Inc., including all current and former parents, subsidiaries, partners, agents, representatives, attorneys, or anyone acting with or on behalf of any of the foregoing.

8.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

1

9.      "Relating to" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

## INSTRUCTIONS

1.      Unless otherwise indicated, the documents requested in this Notice include all documents in your possession, custody, or control.  Without limiting the meaning of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody, or control if you have actual possession or custody of the document, or the right to obtain the document or a copy thereof upon demand from one or more of your employees, representatives, agents, independent contractors, consultants, attorneys, accountants, auditors, or any other Person or public or private entity that has actual physical possession.

2.      Unless otherwise stated in a specific request, these requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect between January 1, 2009 and December 31, 2013.

3.      If you object to any of these document requests, state in writing with specificity the grounds of your objection.  Any such objection must comply with Fed. R. Civ. P. 45.  If you object to a particular portion of any document request, you shall respond to any other portions of such document request as to which there is no objection and state with specificity the grounds of the objection.

4.      If you withhold any Communication, Document or part thereof that is responsive to any of these document requests on grounds of attorney-client privilege, attorney work-product doctrine or any other privilege, doctrine or basis whatsoever, state in writing with specificity:

    a.      the date of the Document or Communication;

    b.      the type, title and subject matter of the Document or Communication sufficient to assess whether the assertion of privilege is valid;

    c.      the name of the Person or Persons who prepared or signed the Document or engaged in the Communication;

    d.      the names and positions of any recipients of the Document or Communication;

    e.      each Person now in possession of the original or a copy of the Document or Communication;

    f.      the particular privilege, doctrine, or other basis for withholding the Document or Communication; and

    g.      the grounds for applying such privilege, doctrine or other basis to the Document or Communication withheld.

5.      With respect to the documents produced, you shall produce them as they are kept in the usual course of business.

6.      Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact, or pursuant to an agreement with Rio Tinto on the form of production of ESI.

7.      Documents shall be produced on a rolling basis as they become available.

8.      Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

9.      File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

10.     Pursuant to Fed. R. Civ. P. 45, you must produce entire documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

11.     A document with handwritten, typewritten or other recorded notes, editing marks, or other revisions is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy or copies of any document if there is no actual original.

12.     The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

13.     If You cannot respond fully to a document request after exercising due diligence to secure the information requested, or do not have information responsive to any part of a document request, you must so state and describe in full your efforts to obtain the information requested, and respond to the document request to the fullest extent possible.  If a qualified response to a document request must be given, you shall respond to the document request as directly and fully as possible and state fully the reason that such qualification is necessary.

14.     If Your response to a particular request is a statement that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any Person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

15.     If the identity of documents responding to a document request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in your possession, but is known or believed to be in the possession of another Person, then identify that Person and state the basis of your belief or knowledge that the requested information is in such Person's possession.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1.

All Communications between You and any government entity concerning Mahmoud Thiam.

### REQUEST NO. 2.

All Documents, including but not limited to account statements, wire transfer records and receipts, withdrawal receipts or records, deposit receipts or records, signature cards, cancelled checks, loan applications, loan disbursement documents, collateral agreements, tax withholding statements, trading records, safe deposit box rental information (including logs of dates and times of entries to the box), and copies of cashier's checks, money orders, or traveler's checks purchased, concerning the Accounts maintained by You that could be accessed by, or were within the control of, Mahmoud Thiam, any of his family members, or any business entities associated with Mr. Thiam, including but not limited to the account bearing the identification number AE90260 MT.[1]

---

[1]  Mahmoud Thiam, a named defendant in the above-captioned action, has designated this account number "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order in the underlying case.

Dated:       Washington, D.C.            QUINN EMANUEL URQUHART
                  September 3, 2015            & SULLIVAN, LLP

                                     *E.L. / MDB*

                                 William A. Burck
                                 Michael J. Lyle
                                 Eric C. Lyttle
                                 Stephen M. Hauss
                                 777 6th Street, NW, 11th Floor
                                 Washington, D.C. 20001
                                 Telephone: (202) 538-8000
                                 Facsimile: (202) 538-8100
                                 williamburck@quinnemanuel.com
                                 mikelyle@quinnemanuel.com
                                 ericlyttle@quinnemanuel.com
                                 stephenhauss@quinnemanuel.com

                                 *Attorneys for Rio Tinto plc*

6