# EXHIBIT F



Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

January 26, 2016

**VIA EMAIL**

Jonathan Blackman, Esq.
Cleary Gottlieb Steen & Hamilton LLP
City Place House
56 Basinghall Street
London EC2V 5EH
020-7614-2200

      Re: <u>Rio Tinto PLC v. Vale S.A. et al.</u>, C.A. No. 14-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Jonathan:

      This responds to Joaquin Terceno's e-mail of January 20, 2016 and your letter of January 25, 2016 (copies attached) regarding (1) Vale's refusal to return or destroy Mr. Thiam's Protected Material as required by the Protective Order in the above-captioned matter (the "New York Litigation"); and (2) Vale's request to use Mr. Thiam's Protected Material in Vale's arbitration against BSG Resources Limited ("BSGR") in the London Court of International Arbitration (the "LCIA Arbitration").

      First, as to Vale's refusal to return or destroy Mr. Thiam's Protected Material, your reading of the Protective Order is untenable. Judge Berman declined to exercise supplemental jurisdiction over Rio Tinto's state claims, but dismissed all claims over which he did have jurisdiction with prejudice. Thus, there has been a Final Disposition (as defined in the Protective Order). Moreover, Rio Tinto did not appeal Judge Berman's Decision and Order of November 20, 2015, thus fulfilling the second alternate prong of Final Disposition (completion and exhaustion of all appeals). Mr. Terceno's email alludes to unspecified public statements by Rio Tinto that it is "considering" pursuing the state law claims. Mr. Terceno asserts that such claims, if ever brought, would have "no merit." Is it truly Vale's contention that it can lawfully hold Mr. Thiam's Protected Material so long as it wishes, while Rio Tinto (supposedly) "considers" bringing frivolous claims?

      Vale must return or destroy Mr. Thiam's Protected Material by February 18, 2016.

      Second, we reject Vale's request to use Mr. Thiam's Protected Material in the LCIA Arbitration. As you know, Mr. Thiam has declined to produce documents in the LCIA Arbitration that pertain to "private, confidential information." Letter from Paul E. Summit to James Libson, Esq. (Mishcon de Reya LLP) of November 17, 2015. Of the 3,091 pages of documents that Vale has requested permission to use, over 2,225 pages consist of private bank records from the accounts of Mr. Thiam, his wife, and his business. Mr. Thiam is not a party to

Jonathan Blackman, Esq.
January 26, 2016
Page 2

the LCIA Arbitration. Vale now has his Protected Material in its possession for one reason only: its refusal to comply with the terms of the Protective Order in the New York Litigation.

Vale has no right to use the requested documents in the LCIA Arbitration and Mr. Thiam will not allow any exception to their designation as Protected Material under the Protective Order.

Please do not hesitate to call if you wish to discuss these matters.

Very truly yours,

*Paul Summit /ccf*

Paul E. Summit

Attachments

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
WASHINGTON, DC
PARIS
BRUSSELS
FRANKFURT
COLOGNE
MOSCOW

CITY PLACE HOUSE
55 BASINGHALL STREET
LONDON EC2V 5EH
020-7614-2200

FACSIMILE 020-7600-1698
WWW.CLEARYGOTTLIEB.COM

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

Writer's Direct Dial: +1 (212) 225-2490
E-Mail: jblackman@cgsh.com

January 25, 2016

BY EMAIL

Paul Summit
Sullivan & Worcester LLP
1 Post Office Square
Boston, MA 02109

Re: Rio Tinto PLC v. Vale S.A. et al., C.A. No. 14-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Paul:

We write concerning documents produced in this action, before it was dismissed by Judge Berman, by your client Mahmoud Thiam, or related to bank accounts of Mr. Thiam and affiliated persons.

As you know, Vale S.A. ("Vale") is the claimant in a confidential arbitration against BSG Resources Limited ("BSGR") in the London Court of International Arbitration, *Vale S.A. vs. BSG Resources Limited* (LCIA Arb. No. 142683) (the "Arbitration"). Mr. Thiam has voluntarily provided a witness statement on behalf of BSGR in that Arbitration.

Several of the documents produced in this action by Mr. Thiam, or by banks relating to accounts held by himself, his wife, or a company he owns, as specified in the attached Appendix I (the "Documents"), are directly relevant to the Arbitration, particularly as Mr. Thiam is now a witness there. Accordingly, Vale requests that you allow a limited exception to the Documents' designation as Protected Material under ¶ XII of the Protective Order in this action,[1] solely to allow Vale to use the Documents in the Arbitration. Any of the Documents used in the Arbitration will be kept confidential and will enjoy the substantial protections afforded by the LCIA rules and the confidentiality order in place in that proceeding, which strictly requires the parties to keep all documents in the Arbitration confidential and precludes them from using the

---

[1] Stipulated Protective Order at 16 (Nov. 12, 2014), ECF No. 81.

CLEARY GOTTLIEB STEEN & HAMILTON LLP IS A LIMITED LIABILITY PARTNERSHIP REGISTERED IN ENGLAND AND WALES NUMBER OC310280.
IT IS AUTHORISED AND REGULATED BY THE SOLICITORS REGULATION AUTHORITY. A LIST OF THE MEMBERS AND THEIR PROFESSIONAL
QUALIFICATIONS IS OPEN TO INSPECTION AT THE REGISTERED OFFICE, CITY PLACE HOUSE, 55 BASINGHALL STREET, LONDON EC2V 5EH.
CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

Paul Summit, p. 2

documents for any purpose other than the Arbitration. In short, the only use that would be made of the Documents is in a strictly confidential, non-public arbitration proceeding between Vale and BSGR.

As you know, Mr. Thiam has in fact already agreed to allow the production of certain documents in the Arbitration by BSGR in response to document requests made by Vale to BSGR, with the understanding that they are afforded the same confidential status in the Arbitration as in this action. Letter from Paul Summit to James Libson, Mishcon de Reya LLP (November 17, 2015) (referring to Vale Request No. 69 in the Arbitration). We are simply asking that Mr. Thiam consent to the limited use of the Documents in Appendix I, all of which we as Vale's counsel already have, for use in the Arbitration as well, and to amend the Protective Order in this action accordingly. This will entail no burden or prejudice to Mr. Thiam, who has voluntarily chosen to take part as a witness in the Arbitration, and who has already produced the Documents in question, or whose banks have produced such Documents. In the latter case, we understand that the banks will have no objection to their use in the Arbitration with Mr. Thiam's consent.

We again stress that the LCIA arbitration is a confidential proceeding. Given your client's past indication that he would be willing to produce documents for use in the Arbitration subject to the same confidentiality restrictions imposed in this action, we assume Mr. Thiam will have no objection. Given the impending deadline for Vale's Reply in the Arbitration, however, and in order to allow time for an application to Judge Peck in the event that Mr. Thiam does not consent, Vale requests that you respond to this letter by close of business on January 27, 2016.

Yours sincerely,

Jonathan I. Blackman

## APPENDIX I

| | |
|---|---|
| MT000951 | MT017704-MT017706 |
| MT001240-MT001241 | MT017713-MT017716 |
| MT001586-MT001590 | MT017815-MT017817 |
| MT001595-MT001596 | MT017834 |
| MT001605-MT001606 | MT019540-MT019541 |
| MT001607-MT001608 | MT019970 |
| MT005538-MT005561 | MT020041-MT020042 |
| MT005846-MT005847 | MT020047 |
| MT005932-MT005936 | RT_CB_0000001-RT_CB_0000004 |
| MT007190 | RT_CB_0000005-RT_CB_0000010 |
| MT007191-MT007193 | RT_CB_0000011-RT_CB_0000131 |
| MT007678-MT007681 | RT_CB_0000132-RT_CB_0000186 |
| MT010496-MT010498 | RT_CB_0000187-RT_CB_0000456 |
| MT011254 | RT_CB_0000459-RT_CB_0000839 |
| MT011299-MT011301 | RT_CB_0000840-RT_CB_0001465 |
| MT012383-MT012385 | RT_HSBC_00000001-RT_HSBC_00000124 |
| MT012392 | RT_HSBC_00000125-RT_HSBC_00000133 |
| MT012546 | RT_HSBC_00000134-RT_HSBC_00000142 |
| MT012549-MT012551 | RT_HSBC_00000147-RT_HSBC_00000170 |
| MT013043-MT013044 | RT_HSBC_00000173-RT_HSBC_00000211 |
| MT013048-MT013049 | RT_HSBC_00000212-RT_HSBC_00000215 |
| MT013050 | RT_JPMC_0000001-RT_JPMC_0000122 |
| MT013084-MT013087 | RT_JPMC_0000123-RT_JPMC_0000387 |
| MT013386-MT013389 | RT_JPMC_0000388-RT_JPMC_0000703 |
| MT013527-MT013528 | RT_JPMC_0000704-RT_JPMC_0000707 |
| MT013881 | RT_UBSFS_00000001-RT_UBSFS_00000024 |
| MT014213-MT014216 | RT_UBSFS_00000025-RT_UBSFS_00000120 |
| MT014980 | RT_UBSFS_00000121-RT_UBSFS_00000216 |
| MT014983 | RT_UBSFS_00000217-RT_UBSFS_00000312 |
| MT015029-MT015032 | RT_UBSFS_00000313-RT_UBSFS_00000376 |
| MT015045-MT015047 | RT_UBSFS_00000377-RT_UBSFS_00000408 |
| MT015110-MT015111 | RT_UBSFS_00000409-RT_UBSFS_00000472 |
| MT015233 | RT_UBSFS_00000473-RT_UBSFS_00000478 |
| MT015464-MT015465 | RT_UBSFS_00000479-RT_UBSFS_00000482 |
| MT015466-MT015467 | RT_UBSFS_00000689-RT_UBSFS_00000768 |
| MT015805 | RT_UBSFS_00000769-RT_UBSFS_00000771 |
| MT016877-MT016879 | RT_UBSFS_00000772-RT_UBSFS_00000782 |
| MT016880-MT016882 | RT_UBSFS_00000783-RT_UBSFS_00000786 |
| MT016883 | TC001271 |
| MT017452-MT017453 | |
| MT017459-MT017461 | |
| MT017699 | |
| MT017700-MT017701 | |

Andrade, Noemi

| | |
|---|---|
| **From:** | Terceno, Joaquin <jterceno@cgsh.com> |
| **Sent:** | Wednesday, January 20, 2016 1:36 PM |
| **To:** | Fahey, Caitlin C.; Summit, Paul E.; Solomon, Andrew T. |
| **Cc:** | Karlan, Matthew M.; Blackman, Jonathan I.; Liman, Lewis J.; Morag, Boaz S.; Tambay, Esti; Reents, Scott; Ellis, KC |
| **Subject:** | RE: Rio Tinto v. Vale, et al. - Thiam Protected Material |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

We write on behalf of Vale in response to your email of January 4, 2016 requesting the return or destruction of documents produced by Defendant Mahmoud Thiam or by certain third parties in the *Rio Tinto v Vale et al* litigation (the "Rio Tinto Action"). Section XII of the Stipulated Protective Order in the Rio Tinto Action provides for the return or destruction of documents within 90 days of the "Final Disposition" of the action, which is defined in Section I as "the later of (1) dismissal of all claims and defenses in this action, with prejudice; or (2) final judgment after the completion and exhaustion of all appeals, rehearings," etc. No Final Disposition has occurred in the Rio Tinto Action under these provisions, because Judge Berman dismissed Rio Tinto's state law claims *without* prejudice. While Rio Tinto's state law claims against Vale have no merit, the possibility that Rio Tinto might nonetheless seek to pursue them, which it has publicly stated it was considering, means there has been no "Final Disposition" yet. Thus, your request is premature, and Vale will not comply with it.

In any event, as you may be aware, a request is currently pending before the Tribunal in the *Vale v. BSGR* LCIA arbitration related to BSGR's requirement to use its best efforts to seek production of many of the documents that are the subject of your request, for Vale's use in the arbitration. Until that request is resolved, which may include Vale's seeking relief from the Stipulated Protective Order for this limited purpose from Judge Peck, Vale respectfully declines your request to return or destroy the documents in question.

Regards,

Jack

---

Joaquin Terceño
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ebritton@cgsh.com
One Liberty Plaza, New York NY 10006
t: 1 212 225 2258 | f: +1 212 225 3999
www.clearygottlieb.com | jterceno@cgsh.com

---

**From:** Fahey, Caitlin C. [mailto:cfahey@sandw.com]
**Sent:** Monday, January 04, 2016 11:32 AM
**To:** 'Daniel Koffmann'; Scott Lerner; Karlan, Matthew M.; 'Vincent.Filardo@Mishcon.com'; Meghan McCaffrey; 'Shauneida.Depeiza@Mishcon.com'; 'Elizabeth.Rotenberg-Schwartz@Mishcon.com'; 'Peter.D'Agostino@Mishcon.com'; Summit, Paul E.; auerbach@mjaesq.com; 'Tim.McCarthy@Mishcon.com'; 'Mark.Lee@Mishcon.com'; Eric Lyttle; Jaime Kaplan; Keith Forst; Mike Bonanno; Mike Lyle; Selina MacLaren; Stephen Hauss; William Burck; 'mtremonte@shertremonte.com'; 'appelman@mjaesq.com'; Blackman, Jonathan I.; Liman, Lewis J.; Morag, Boaz S.; Terceno, Joaquin; Tambay, Esti; Reents, Scott; Solomon, Andrew T.; Ellis, KC
**Subject:** Rio Tinto v. Vale, et al. - Thiam Protected Material

Counsel:

Pursuant to Section XII of the attached Protective Order (Dkt No. 81), Defendant Thiam requests that by February 18, 2016 all "Parties, Counsel and other persons who have received Protective Material" produced by Thiam in this action either (1) return such information to Thiam's counsel; or (2) destroy the Protected Material and certify its destruction.

Please note that Protected Material produced by Thiam in this action includes Thiam's productions of documents from third-parties Thiam & Co., LLC and Natural Resource Governance Institute (NRGI).

In addition, Thiam requests that by February 18, 2016 all "Parties, Counsel and other persons who have received [Thiam or Thiam & Co., LLC's] Protective Material" that was obtained (and produced) by Rio Tinto via subpoenas to: (a) Citibank; (b) HSBC; (c) JP Morgan; and (d) UBS either (1) return such information to Thiam's counsel; or (2) destroy the Protected Material and certify its destruction.

Thank you.

Kind regards,

Caitlin


**Caitlin C. Fahey**
**Attorney at Law**

**Sullivan & Worcester LLP**
1633 Broadway • New York, NY 10019

T  212 660 3038
F  212 660 3001
cfahey@sandw.com
www.sandw.com

LinkedIn Profile

This message is intended to be confidential and may be legally privileged. It is intended solely for the addressee. If you are not the intended recipient, please delete this message from your system and notify us immediately. Any disclosure, copying, distribution or action taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.