# EXHIBIT G



Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

January 28, 2016

**VIA EMAIL**

Jonathan Blackman, Esq.
Cleary Gottlieb Steen & Hamilton LLP
City Place House
56 Basinghall Street
London EC2V 5EH
020-7614-2200

Re: Rio Tinto PLC v. Vale S.A. et al., C.A. No. 14-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Jonathan:

This responds to your letter of January 27, 2016 (copy attached).

As to Vale's return or destruction of Mr. Thiam's Protected Material, we will agree as an accommodation to extend the deadline for return or destruction to May 20, 2016 (the last day that Rio Tinto has to commence an action in state court). Note, however, that the Protective Order would not authorize use of the Protected Materials in any state court proceeding in the (unlikely) event that Rio Tinto were to commence such a proceeding, and our extension of the date of return or destruction does not imply consent to use of the Protected Materials in a state proceeding.

Mr. Thiam does not agree to allow Vale to use his Protected Material in its arbitration against BSGR in London (the "LCIA Arbitration"). One of the "basic principles" of the Protective Order is that:

> A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation between the Parties. A Receiving Party may not use Protected Material in connection with any other case....

Protective Order Section VI, ¶ 1.

It is obviously "logical" that Mr. Thiam, as a defendant in an action in the United States, would comply with his document production obligations under the Federal Rules of Civil Procedure; but would not make his private, confidential information available in an international proceeding to which he is not a party. The supposed "stringent confidentiality protections" (whatever they may be) of the LCIA Arbitration are irrelevant. Vale's conduct with regard to the Protected Material is strictly governed by the Protective Order.

Jonathan Blackman, Esq.
January 28, 2016
Page 2

We remain available for a call should you wish to discuss this.

Very truly yours,

Paul Summit/ccf

Paul E. Summit

Attachment

CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
WASHINGTON, DC
PARIS
BRUSSELS
FRANKFURT
COLOGNE
MOSCOW

CITY PLACE HOUSE
55 BASINGHALL STREET
LONDON EC2V 5EH
020-7614-2200
FACSIMILE 020-7600-1698
WWW.CLEARYGOTTLIEB.COM

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

Writer's Direct Dial: +1 (212) 225-2490
E-Mail: jblackman@cgsh.com

January 27, 2016

BY EMAIL

Paul Summit
Sullivan & Worcester LLP
1 Post Office Square
Boston, MA 02109

Re: Rio Tinto PLC v. Vale S.A. et al., C.A. No. 14-3042 (RMB) (AJP) (S.D.N.Y.)

Dear Paul:

I am writing to respond briefly to your letter of January 26, 2016. As to the first point, we obviously disagree on the interpretation of the Protective Order. The Protective Order refers to the dismissal of all claims "with prejudice"; Judge Berman did not dismiss the purported state law claims with prejudice, and under CPLR 205(a), Rio Tinto potentially has six months from the date of Judge Berman's decision to commence an action on those claims in New York state court, which Sue Prevezer told Master Leslie in the U.K. proceedings that Rio Tinto was considering doing. Both of our clients obviously would prefer to avoid another round in state court, but until the deadline for Rio Tinto to commence such action passes, it would be irresponsible simply to discard the results of the discovery taken in this federal action before its dismissal – and the Protective Order does not require that we do so.

As to our request to use the documents that Mr. Thiam designated at confidential, for the limited purpose of the LCIA arbitration, I can only say that it is Mr. Thiam who chose to involve himself in that arbitration by submitting an extensive witness statement that refers to matters directly implicated by his "private, confidential [financial] information". There is no logical reason why, having produced this information in the U.S. lawsuit, Mr. Thiam should not agree to its use in the arbitration, under what are even more stringent confidentiality protections (where, *e.g.*, unlike in a U.S. lawsuit, there is no possibility of its ever being used in open court

CLEARY GOTTLIEB STEEN & HAMILTON LLP IS A LIMITED LIABILITY PARTNERSHIP REGISTERED IN ENGLAND AND WALES NUMBER OC310280
IT IS AUTHORISED AND REGULATED BY THE SOLICITORS REGULATION AUTHORITY. A LIST OF THE MEMBERS AND THEIR PROFESSIONAL QUALIFICATIONS IS OPEN TO INSPECTION AT THE REGISTERED OFFICE, CITY PLACE HOUSE, 55 BASINGHALL STREET, LONDON EC2V 5EH
CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

in a trial).

Let me know if you think any compromise is possible on this issue; otherwise, we will ask Judge Peck for a limited modification of the Stipulated Protective Order for this purpose.

Yours sincerely,

Jonathan I. Blackman