# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RIO TINTO PLC,

                Plaintiff,            14 Civ. 3042 (RMB)(AJP)

                **OPINION AND ORDER**

       -against-

VALE S.A., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        The issue before the Court concerns defendant Vale's application to use certain material produced by co-defendant Thiam (and his banks) pursuant to the "Stipulated Protective Order" (Dkt. No. 81), in the confidential LCIA arbitration between Vale and BSGR in London. By Memo Endorsed Orders dated February 1, 2016 and February 19, 2016 (Dkt. Nos. 416, 424 & 426), I allowed Vale to use the Thiam material in the London arbitration. Thiam filed objections (Dkt. Nos. 521-22), and Judge Berman referred the matter to me to address whether the Court retained jurisdiction to modify the Protective Order since the case has been dismissed (Dkt. No. 428). For the reasons set forth below, I hold that the Court has such jurisdiction.

### FACTS

**The Protective Order**

        By letter dated August 11, 2014, Vale's counsel informed the Court that the parties had agreed on a proposed Protective Order, with two disputed issues. (Dkt. No. 80.) Plaintiff Rio Tinto did not want its confidential material to be usable in the London arbitration between Vale and BSGR; the defendants - including Vale, BSGR and Thiam - took the opposite position. (Dkt. No.

Case 1:14-cv-03042-RMB-AJP Document 437-1 Filed 03/17/16 Page 3 of 7
Case 1:14-cv-03042-RMB Document 434 Filed 03/09/16 Page 2 of 6

2

80.)  The Court accepted defendants' language (with modification), including that a party could use "information derived from any Protected Material in any other matter" (without actually disclosing the Protected Material in such other matter).  (Dkt. No. 81: Protective Order, § VI(1).)

The Protective Order further provided that: "<u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any Party to seek its modification or relief from any of its provisions by the Court in the future."  (Dkt. No. 81: Protective Order, § XI(1).)  The Protective Order further provided that: "This Protective Order shall continue to be binding after the conclusion of this Litigation . . . ."  (<u>Id.</u> § XII(1); <u>see also</u> <u>id.</u> § III.)

## ANALYSIS

It is black letter law that the Court has jurisdiction over the Protective Order even after the case has been dismissed.  As the Second Circuit repeatedly has held: "It is undisputed that a district court retains the power to modify or lift protective orders that it has entered."  <u>In re Agent Orange Prod. Liab. Litig.</u>, 821 F.2d 139, 145  (2d Cir.) (citing cases), <u>cert. denied</u>, 484 U.S. 953, 108 S. Ct. 344 (1987).  This remains true even after judgment:

> "[A] protective order, like any ongoing injunction, is always subject to the <u>inherent power of the district court to relax or terminate the order, even after judgment</u>.
>
> This retained power in the court to alter its own ongoing directives provides a safety valve for public interest concerns, changed circumstances or any other basis that may reasonably be offered for later adjustment."

<u>Gambale</u> v. <u>Deutsche Bank AG</u>, 377 F.3d 133, 141 (2d Cir. 2004) (quoting <u>Poliquin</u> v. <u>Garden Way, Inc.</u>, 989 F.2d 527, 535 (1st Cir. 1993)).  The Second Circuit in <u>Gambale</u> reiterated that the "court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost."  <u>Gambale</u> v. <u>Deutsche Bank AG</u>, 377 F.3d at 141; <u>see, e.g.</u>, <u>Pub. Citizen</u> v. <u>Liggett Grp., Inc.</u>, 858 F.2d 775, 782 (1st Cir. 1988) ("[T]he courts and commentators seem unanimous in finding such

3

an inherent power to modify discovery-related protective orders, even after judgment, when circumstances justify." (citing cases & commentaries)), cert. denied, 488 U.S. 1030, 109 S. Ct. 838 (1989); 2 Silberberg, Spiro & Mogul, Civil Practice in the Southern District of New York § 23:15 ("It is within the discretion of the district court to modify a protective order . . . . A protective order may be modified even after settlement, final judgment on the merits, or dismissal."); 6 Moore's Federal Practice § 26.106[1](3d ed. 2015) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed.").[1]

      While Thiam concedes that the Court has jurisdiction over the Protective Order post-dismissal to enforce confidentiality, Thiam asserts that the Court lacks jurisdiction to modify the Protective Order. (See Dkt. No. 431: Thiam 3/7/16 Letter at 1-2.) Thiam cites no cases for this argument, and the case law is to the contrary. See, e.g., Westchester Radiological Ass'n P.C. v. Blue Cross/Blue Shield of Greater N.Y., Inc., 138 F.R.D. 33, 39 (S.D.N.Y. 1991) (Court exercises post-judgment authority to modify protective order based on paragraph allowing parties to seek modification, similar to § XI(1) in the Rio Tinto Protective Order). Thiam further concedes the Court's modification authority, stating:

> Rule 26(c) of the Federal Rules of Civil Procedure does not refer to modification of a protective order. Case law, however, recognizes that a court has inherit authority to enforce or modify those provisions while they remain in effect. [citing Agent Orange.] But this is not an unlimited grant of jurisdiction. Modification is only appropriate if there are changed circumstances or some compelling need.

---

[1]    See also, e.g., S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd., 11 Civ. 6500, 2014 WL 2158507 at *4 (S.D.N.Y. May 23, 2014); Eagle Star Ins. Co. v. Arrowood Indem. Co., 13 Civ. 3410, 2013 WL 5322573 at *1 (S.D.N.Y. Sept. 23, 2013).

4

(Thiam 3/7/16 Letter at 2; see also id. ("In summary, while a district court certainly has inherent authority to modify or enforce a protective order post-judgment, that grant of jurisdiction is not plenary or unlimited."); Dkt. No. 432: Thiam 3/9/16 Reply Letter at 1 ("Thiam does not contest that a District Court has jurisdiction to enforce or modify a protective order that remains in effect post-judgment. . .").)[2/]

Thus, the real issue is not jurisdictional but rather whether there are "changed circumstances" or "compelling need" to modify the Protective Order. The Court already has found that there is (Dkt. Nos. 416, 424 & 426), and further explains its decision.[3/]

Vale seeks to use only eighty-three Thiam documents in the London arbitration between Vale and BSGR. The number of documents is limited, BSGR already has seen these documents, so the only expansion is to allow the London arbitrators to see this material, under the strict confidentiality of such arbitration proceedings. Thus, the modification of the Protective Order is limited.

---

[2/] Judge Berman also raised the question of whether dismissal of the action terminated the order of reference. (See Dkt. No. 428 ¶ 2(1).) There was no order or docket entry "closing" or terminating the reference. While the reference is referred to in short hand as for "GPT," i.e., "general pretrial," such references also can include post-trial matters (e.g., discovery to enforce a money judgment) or other non-dispositive matters. In any event, since Judge Berman now referred the parties' disputes about the Protective Order to me (Dkt. No. 428, ¶ 1: "The parties' applications are referred to Judge Peck for consideration. See 28 U.S.C.A. § 636(b)(1)(a)."), that issue is moot.

[3/] Thiam asserts that Vale violated § XII of the Protective Order, requiring return or destruction of confidential material with 90 days of "Final Disposition" of the action. (Dkt. No. 431 at 4.) Vale correctly responds that "Final Disposition" is defined as "dismissal of all claims and defenses in this action, with prejudice" (Dkt. No. 81: Protective Order, § I(8)), and the Judgment dismissed Rio Tinto's state law claims without prejudice (Dkt. No. 408: Decision & Order; Dkt. No. 409: Judgment).

5

Second, the Protective Order was a "blanket" order and the Court never determined that these documents (or any others) satisfied the "good cause" standards of Rule 26(c). See, e.g., Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc., 287 F.R.D. 130, 132 (E.D.N.Y. 2012) ("an example of an 'extraordinary circumstance' [to modify a protective order exists] . . . when the '[d]efendants were never required to show good cause for sealing various documents'"); Fournier v. Erickson, 242 F. Supp. 2d 318, 341-42 (S.D.N.Y. 2003).

Third, it was plaintiff Rio Tinto that insisted that "confidential" documents in this case not be usable in the London arbitration. (See page 1 above.) The defendants – Vale, BSGR and Thiam – recognized that at least information derived from confidential material produced in this case might be used in the London arbitration. (See page 2 above.) Thus, Thiam had no or minimal reliance interest.

Fourth, there is a significant "changed circumstance." While Thiam is not a party to the Vale - BSGR arbitration, he voluntarily filed a fifty page single spaced Witness Statement in that arbitration on behalf of BSGR. (See Dkt. No. 430 at 3.) The LCIA tribunal found the Thiam documents at issue relevant to the arbitration, ordered BSGR to obtain Thiam's consent to their use in the arbitration, but Thiam refused. (Id. at 4 & n.9.) Modification of the Protective Order thus assists the LCIA arbitrators, not interferes (as Thiam claims). This Court's modification of the Protective Order does not allow new "discovery" or put any new obligations or any burden on Thiam; it merely allows Vale to submit these eighty-three documents to the LCIA tribunal, to contradict and impeach Thiam's Witness Statement. Thiam's submission of his Witness Statement on behalf of BSGR in the LCIA arbitration provides good cause and changed circumstance for this limited modification of the Protective Order.

6

Finally, and significantly, Thiam has not shown how he would be prejudiced by the proposed modification of the Protective Order.  See, e.g., S.E.C. v. Merrill Scott & Assocs., Ltd., 600 F.3d 1262, 1272 (10th Cir. 2010) ("Typically, when considering whether to modify a protective order, courts examine any tangible prejudice to the party opposing modification that outweighs the benefits of modification."); Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc., 287 F.R.D. at 134; Infineon Tech. AG v. Green Power Tech. Ltd., 247 F.R.D. 1, 3 (D.D.C. 2005).

## CONCLUSION

The Court has jurisdiction, even post-judgment, to modify the Protective Order.  There is good cause for the modification Vale requested, and Thiam has not shown any prejudice from the modification.  In the exercise of the Court's discretion, Vale's requested modification is approved.

Any objections to this Order must be filed by March 17, 2016.  If no objections are filed by that time, Vale can provide the Thiam documents to the LCIA arbitrators.

SO ORDERED.

Dated:   New York, New York
         March 9, 2016

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies **by ECF** to:   All Counsel
                        Judge Berman