# EXHIBIT E



Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

March 9, 2016

By ECF

Honorable Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

Re:   *Rio Tinto v. Vale et al.*, Civil Action No. 14-cv-03042 (RMB)(AJP)

Dear Judge Peck:

This firm represents Mahmoud Thiam ("Thiam").  We write to respond to Vale's arguments in its letter brief of March 7, 2016.

First, Vale is wrong when it argues that the original reference to this Court survived Judge Berman's November 20, 2015 Decision & Order.  The reference and the underlying statute refer to "Pretrial" matters only.  Pre-trial means acts that "occur *prior* to any part of the trial." *U.S. v. Diaz*, 922 F.2d 998, 1003 (2d Cir. 1990).  The Supreme Court is in accord, *see Gomez v. U.S.*, 490 U.S. 858, 871 (1990) ("The Act further details magistrates' functions regarding pretrial and post-trial matters, specifying two levels of review depending on the scope and significance of the magistrate's decision"); *see also Losacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. Conn. 1995)(doubting magistrate judge's jurisdiction derived from 28 U.S.C. § 636(b)(1)(A) because "[objection to bill of costs] was not a 'pretrial' matter").  Against that authority, Vale's argument based on *dicta* in a footnote in an unreported case from outside the Second Circuit is not credible.  *See* Vale Letter at 3, citing *Porter Bridge Loan Co. v. Hentges*, No. 09-CV-593-JED-FHM, 2013 WL 1412372, at *2 n.1 (N.D. Okla. Apr. 8, 2013).

Second, while Thiam does not contest that a District Court has jurisdiction to enforce or modify a protective order that remains in effect post-judgment, as noted in Thiam's initial letter, the scope of authority is not unlimited and, in the case of modification, a compelling case must be demonstrated.  The authorities cited in Vale's letter confirm this.  They all fall into one of three categories:  (1) a court exercising jurisdiction over documents in the court's own file (*i.e.*, public records); (2) instances where a strong public interest in publication of the protected documents exists; and (3) cases involving a material and profound change in circumstance.  None of this exists here.  Furthermore, Vale ignores Judge Berman's second jurisdictional question as to whether "the Court retained jurisdiction to consider Vale's February 1, 2016 letter application…*pursuant to Section XI, 1 [of the Protective Order]*" (which it did not).

Third, based on the standards established by the cases Vale itself cites, Vale fails to make the "compelling case" needed to reverse the "basic principles" governing "Access to and Use of

Hon. Andrew J. Peck
United States Magistrate Judge
March 7, 2016
Page 2

Protected Materials," which Vale itself proposed[1] and the Court accepted, as shown in Section VI of the Protective Order:

(a) Vale reminds this Court that Your Honor has ruled in Vale's favor two times already. But the District Court did not send the case to this Court for a rubber stamp, and a fresh consideration is warranted;

(b) Vale declares that Thiam's confidential information is either "highly relevant" or needed to "impeach" Thiam's witness statement, but offers no proof. In any event, relevance is not determinative. The standard is whether Vale has demonstrated a "compelling need" or "extraordinary circumstances," neither of which it has done. *Martindell v. Int'l Tel. & Tel. Corp*. 594 F.2d 291, 296 (2d Cir. 1979);

(c) Vale's statements regarding the LCIA Tribunal's determinations are similarly made without proof, *see* Vale Letter at 5 ("The LCIA Tribunal has found that the Thiam documents are relevant to the arbitration…[and] has blessed Vale's application to modify the Protective Order so that they may be used [in the Arbitration]."). Nor do they support Vale's position. The Tribunal authorized Vale to propound six document requests relating to Thiam. However, the majority of Thiam's Protected Material at issue is not responsive to those requests. *See* Thiam's March 7, 2016 Letter at n. 3; and

(d) Vale's claim that the LCIA Tribunal gave its "blessing" to Vale's application misstates the record. The Tribunal's latest decision merely reflects that Vale informed the Tribunal that it was no longer seeking relief from it with respect to Thiam's Protected Material.

Vale's argument regarding the LCIA's "absolute confidentiality" is misleading, and the supposed protections there are illusory. There are two huge holes. First, the LCIA rules provide for the confidentiality of materials in the proceedings "unless the parties agree to the contrary in writing." LCIA Rules, Art. 30.1. Thiam is not a party and has no recourse if "the parties agree…." Second, the LCIA confidentiality rule contains a huge exception, which permits parties to disclose confidential documents "*to the extent that disclosure may be required of a party by legal duty, to protect or pursue a legal right or to enforce or challenge an award in bona fide legal proceedings before state court or other judicial authority.*" *Id.* (emphasis added). Indeed, the confidentiality protections of the Protective Order are far more stringent than the confidentiality protections of the LCIA, yet that has not deterred Vale from its fevered effort to blast a hole through those provisions.

Finally, Vale does not dispute that it has failed to return or destroy discovery documents as required by Section XII of the Protective Order. Its spurious excuse, in footnote 4, is that the

---

[1] Note that both Plaintiff and Defendants proposed language in the Protective Order for "Access to and Use of Protected Materials," and the Court crossed out Plaintiff's language, so-ordered the proposal by Vale and the other Defendants and inserted additional language.

Hon. Andrew J. Peck
United States Magistrate Judge
March 7, 2016
Page 3

"Final Disposition" never occurred because the Court dismissed "Rio Tinto's state-law claims … without prejudice." This argument is based on an overly literal construction of the Protective Order, which is completely wrong.

As Learned Hand warned: "There is no more likely way to misapprehend the meaning of language—be it in a constitution, a statute, a will or a contract—than to read the words literally, forgetting the object which the document as a whole is meant to secure." (*Central Hanover Bank & Tr. v IRS*, 159 F2d 167, 169 (2d Cir 1947)). Here, the parties intended to cause the return or destruction of confidential materials after the claims in "this action" and any possible appeals concluded as a matter of finality. This occurred 90 days after the expiration of the appeal period following the District Court's November 20, 2015 Decision & Order, on February 18, 2016. It is true that the Court also dismissed the common law claims "without prejudice" because it lacked subject matter jurisdiction. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998). But that did not extend the Final Disposition date. These common law claims, all beyond the subject matter jurisdiction of the court, were not "in this action" as contemplated by the definition of "Final Disposition." Indeed, any other reading would delay "Final Disposition" indefinitely, which was clearly not the parties' intent. Vale has tried to justify its reading based on the theoretical possibility that Rio Tinto might commence a subsequent action in state court. First, that has not happened. Second, the possibility of a new action (not "this action") does not justify retention of the confidential materials. This is because the Protective Order unambiguously provides that the parties "may use Protected Material ... only for … this Litigation between the Parties." This "Litigation" is defined as "Civil Action No. 14-cv-3042 (RMB)(S.D.N.Y.)."

Thiam relied on rigorous confidentiality provisions of a heavily negotiated Protective Order. Now that those provisions have served their purpose for Vale, it seeks to change the rules on Thiam. For all the foregoing reasons and the reasons set forth in Thiam's Objections and his Letter of March 7, 2016, Vale's request must be denied.

Respectfully submitted,


/s/ Paul E. Summit
Paul E. Summit

cc: All counsel of record (via ECF)