**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
RIO TINTO PLC,                                        :
                                                     :
                          Plaintiff,                 :
                                                     :
            - against -                              :
                                                     :
VALE, S.A., et al.,                                  :
                                                     :
                          Defendant.  :
-------------------------------------------------------x

USDC SDNY
DOCUMENT
**ELECTRONICALLY FILED**
DOC #:
DATE FILED: **3/25/16**

14 Civ. 3042 (RMB) (AJP)

**DECISION & ORDER**

### I.   Background

On November 20, 2015, this Court issued a Decision & Order in the above-captioned matter granting Defendants' Motion to Dismiss the Amended Complaint filed by Plaintiff Rio Tinto ("Rio Tinto"). (See Decision & Order, dated Nov. 20, 2015.) Rio Tinto's Federal claims were dismissed "with prejudice," and its state law claims were dismissed "without prejudice." (Id. at 25.)

On February 1, 2016, Vale S.A. ("Vale") filed a letter application with Magistrate Judge Andrew J. Peck seeking to modify a Protective Order, which had been signed by Judge Peck and entered on August 12, 2014. (See Letter, dated Feb. 1, 2016.) The letter application sought Judge Peck's permission to use documents marked "confidential" by Mahmoud Thiam ("Thiam") in a separate proceeding before the London Court of International Arbitration ("LCIA") against BSGR Resources Limited ("BSGR"). (See Declaration of Paul E. Summit, dated Feb. 16, 2016 ("Summit Decl."), Ex. B; see also Vale S.A. v. BSG Resources Limited, LCIA Arb. No. 142683 (the "Arbitration").) That same day, and before Thiam was given the opportunity to respond, Magistrate Peck issued an ex parte order granting Vale's letter application and permitting the use of certain documents produced by Thiam in the LCIA arbitration. (See Order, dated Feb. 1, 2016, at 1 ("Vale's letter application (2/1/16 letter) to be

permitted to use certain documents produced by Mr. Thiam (Appendix A to the 2/1/16 letter) in the LCIA arbitration is GRANTED.").)

On February 16, 2016, Thiam filed a motion objecting to Judge Peck's February 1, 2016 Order. (See Def. Mahmoud Thiam's Objections to Magistrate Judge Andrew J. Peck's February 1, 2016 Order, dated Feb. 16, 2016 ("February 16, 2016 Objections").) Thiam argued that "(1) the Magistrate Judge issued his one-sentence Order ex parte, without giving Thiam an opportunity to respond, in violation of Thiam's due process rights; and (2) Vale failed to even approach the demanding standards in this Circuit for modification of the Protective Order." (February 16, 2016 Objections at 1.)

On February 18, 2016, this Court ordered that Vale respond by letter to Thiam's February 16, 2016 Objections, and that until the Court had ruled upon the Objections, "all further discovery is stayed and Vale is directed not to produce any of Thiam's documents before the LCIA." (See Order, dated Feb. 18, 2016, at 1.)

On February 22, 2016, Vale submitted a letter in opposition to Thiam's February 16, 2016 Objections, arguing, among other things, that (1) "the documents at issue are highly relevant to Thiam's statements in a 50-page (single spaced) Witness Statement he voluntarily submitted in the [LCIA] arbitration for BSGR"; (2) "the [Protective Order] is by its terms subject to modification in light of changed circumstances – such as Thiam's unforeseen decision to submit a Witness Statement in the [LCIA] arbitration"; (3) "the modification would not require any party to produce additional documents or incur any additional cost"; and (4) "no additional person or body – save for the LCIA Tribunal itself – would receive the documents, which would remain confidential under the [Protective Order] and the LCIA rules." (See Vale Letter, dated

2

Feb. 22, 2016, at 2.)  On March 2, 2016, this Court referred the parties' applications to Judge Peck for (re)consideration.  (See Order, dated March 2, 2016, at 1-2.)

On March 9, 2016, Judge Peck issued a Decision and Order ("March 9, 2016 Decision & Order") granting Vale's request for modification of the Protective Order to permit the submission of eighty-three of Thiam's documents to the LCIA tribunal, and finding that "the Court has jurisdiction, even post-judgment, to modify the Protective Order [and] there is good cause for the modification Vale requested, and Thiam has not shown any prejudice from the modification."  (See March 9, 2016 Decision & Order at 6.)

On March 17, 2016, Thiam filed Objections to Judge Peck's March 9, 2016 Order.  (See Def. Mahmoud Thiam's Objections to Magistrate Judge Andrew J. Peck's March 9, 2016 Order, dated March 17, 2016 ("March 17, 2016 Objections").)  Thiam argues, among other things, that "it is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied" and "Thiam has demonstrated [that] he would be prejudiced by the modification."  (See March 17, 2016 Objections at 6, 11.)

**For the reasons set forth below, Thiam's Objections are rejected and Judge Peck's March 9, 2016 Decision & Order is affirmed.**

## II.    Legal Standard

When considering objections to rulings issued by a magistrate judge, the reviewing court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Collens v. City of New York, 222 F .R.D. 249, 251 (S.D.N.Y. 2004).  An order is "clearly erroneous" when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v. Keane, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996).  "An order is

3

contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

**III. Analysis**

Judge Peck's March 9, 2016 Decision & Order is neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a); see also Weiss v. La Suisse, Societe d'Assurances Sur La Vie, 161 F. Supp. 2d 305, 322 (S.D.N.Y. 2001).

Judge Peck's Decision & Order noted that the Protective Order unequivocally provided that "[n]othing in this Order abridges the right of any Party to seek its modification or relief from any of its provisions by the Court in the future." (See March 9, 2016 Decision & Order at 2 (citing Protective Order, § XI(1)).) Judge Peck also found that the United States Court of Appeals for the Second Circuit has recognized that "a protective order, like any ongoing injunction, is always subject to the inherent power of the district court to relax or terminate the order, even after judgment." (Id. at 2 (quoting Gambale v. Deutsche Bank AG, 377 F.3d 133, 141 (2d Cir. 2004) ("This retained power in the court to alter its own ongoing directives provides a safety valve for public interest concerns, changed circumstances or any other basis that may reasonably be offered for later adjustment.").)

Judge Peck found that Thiam would not be prejudiced by the use of his own documents in the LCIA, and recognized that, in (originally) negotiating the Protective Order, "it was plaintiff Rio Tinto that insisted that 'confidential' documents in this case not be usable in the London arbitration. The defendants – Vale, BSGR, and Thiam – recognized that at least information derived from confidential material produced in this case might be used in the London arbitration." (Id. at 5 (citing Letter, dated Aug. 11, 2014, at 2-3).) Judge Peck also found that, while Thiam repeatedly argues that he should not be compelled to produce his

4

documents because he is not a party to the arbitration, (see, e.g., Thiam's March 17, 2016 Objections at 9-10), "he [Thiam] voluntarily filed a fifty-page single-spaced Witness Statement in that arbitration on behalf of BSGR [and] the LCIA tribunal found the Thiam documents at issue relevant to the arbitration, ordered BSGR to obtain Thiam's consent to their use in the arbitration, but Thiam refused." (March 9, 2016 Decision & Order at 5.) Thiam should not be permitted to "use the privilege both as a shield and a sword by partially disclosing privileged communications [or documents] or affirmatively relying on them to support [his] claim . . . and then shielding the underlying communications [or documents] from scrutiny." See Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A., 258 F.R.D. 95, 106 (S.D.N.Y. 2009) (citing In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000)).

Judge Peck's March 9, 2016 Decision & Order is neither "clearly erroneous" nor "contrary to law," and it finds "reasonable support in the record." See Weiss, 161 F. Supp. 2d at 321; Lyondell–Citgo Refining, LP v. Petroleos de Venezuela, 2004 WL 2698218, at *3 (S.D.N.Y. Nov. 19, 2004); Bogan v. Northwestern Mut. Life Ins. Co., 163 F.R.D. 460, 463 (S.D.N.Y. 1995); Flaherty v. Filardi, 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) (The "clearly erroneous" standard is "highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes").

5

**IV.     Conclusion & Order**

For the reasons set forth above, the Court denies Thiam's Objections, and affirms Judge

Peck's March 9, 2016 Decision & Order.

**To avoid confusion going forward, any further applications should be filed in the first**

**instance with the undersigned.**

Dated: New York, New York
          March 25, 2016

_____
RICHARD M. BERMAN, U.S.D.J.

6